**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

FILED
APR 6 2026
CLERK OF COURT
BY DEP. CLERK

**In the Matter of the Registration of**
**Discharge Orders Pursuant to Fed. R. Bankr. P. 4004(f)**

**Registrant:** JACK ABERMAN, individually, and GEA Seaside Investments, Inc.

**Original Cases:** 3:13-bk-00165-JAF; 3:13-bk-00167-JAF; 3:18-bk-00800-JAF (MDFL)

## MOTION TO REGISTER DISCHARGE ORDERS PURSUANT TO FED. R. BANKR. P. 4004(f)

**1.** Jack Aberman ("Registrant"), individually and as Owner of GEA Seaside Investments, Inc., respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 4004(f) to register three certified copies of final discharge/confirmation orders entered by the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (Hon. Jerry A. Funk, presiding).

**2.** The three Chapter 11 reorganizations and their discharge dates are as follows:

| Case Number | Debtor | Ch. | Confirmed | Discharged | Final Decree | J. |
|---|---|---|---|---|---|---|
| 3:13-bk-00165-JAF | GEA Seaside | 11 | 01/05/2016 | 03/27/2017 | 03/27/2017 | Funk |
| 3:13-bk-00167-JAF | Jack Aberman | 11 | 01/05/2016 | 03/27/2017 | 03/27/2017 | Funk |
| 3:18-bk-00800-JAF | GEA Seaside | 11 | 07/21/2020 | 03/27/2023 | 03/27/2023 | Funk |

**3.** Certified copies of all three orders are attached hereto as Exhibit A. These orders are final, not subject to pending appeal, and have not been modified, vacated, or reversed.

**4.** Federal Rule of Bankruptcy Procedure 4004(f) provides: "A discharge order that becomes final may be registered in another district by filing a certified copy with the clerk for that district. When registered, the order has the same effect as an order of the court where it is registered."

**5.** The Advisory Committee Notes confirm that "[r]egistration may facilitate the enforcement of the order of discharge in a district other than that in which it was entered."

**6.** Registration in this District is appropriate because Registrant's largest creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing (PHH Mortgage Corporation), is headquartered at 1100 Virginia Drive, Suite 125, Fort Washington, Montgomery County, Pennsylvania 19034, and twenty-one additional creditor entities are headquartered or maintain principal offices within this District.

**7.** A related civil action is pending in this District: Aberman v. NewRez LLC et al., Case No. 2:26-cv-00918-JDW (E.D. Pa.).

**RELIEF REQUESTED**

WHEREFORE, Registrant respectfully requests that this Court accept and register the three attached certified discharge/confirmation orders pursuant to Fed. R. Bankr. P. 4004(f), and enter them on this Court's docket with the same force and effect as orders of this Court.

Respectfully submitted,

**/s/ Jack Aberman**
JACK ABERMAN, Pro Se
428 N. Peninsula Drive
Daytona Beach, FL 32118
Phone: (407) 604-1457
Email: flrealestatemgt@gmail.com

DATED: April 1, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2026, a true and correct copy of the foregoing was served upon the following by first-class U.S. mail, postage prepaid:

**NewRez LLC d/b/a Shellpoint Mortgage Servicing**
1100 Virginia Drive, Suite 125
Fort Washington, PA 19034

United States Trustee, Region 3
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

**/s/ Jack Aberman**
JACK ABERMAN, Pro Se
DATED: April 1, 2026

**[D11fd]** [Ch 11 Final Decree]

ORDERED.

**Dated: March 24, 2017**

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Case No. 3:13–bk–00165–JAF
Chapter 11

GEA Seaside Investment, Inc.
aka GEA Seaside Investments, Inc.
dba Daytona Beach Property Management
dba Daytona Beachside Property Management

Debtor* /

***FINAL DECREE***

THIS CASE came on for consideration of the Debtor's motion for entry of a final decree (the "Motion"). The Court finds that the Debtor's confirmed plan of reorganization has been substantially consummated.

Accordingly it is

***ORDERED:***

1. The Motion is granted and the case is closed.

2. All motions/objections/applications that have not been resolved are denied as moot.

3. Pursuant to Local Rule 9070(g), the Clerk shall, without further notice, dispose of any exhibits in this case or any related adversary proceedings unless they are reclaimed by the appropriate party within 30 days.

Clerk's Office to Serve

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE
UNITED STATES BANKRUPTCY COURT
CLERK OF COURT.
K. Lee Tree
DEPUTY CLERK
3/24/2026

**[D11fd]** [Ch 11 Final Decree]

ORDERED.

**Dated: March 27, 2023**

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Case No. 3:18–bk–00800–JAF
Chapter 11

GEA Seaside Investment Inc.
dba GEA Seaside Investments Inc

________Debtor*________/

***FINAL DECREE***

THIS CASE came on for consideration of the Debtor's motion for entry of a final decree (the "Motion"). The Court finds that the Debtor's confirmed plan of reorganization has been substantially consummated.

Accordingly it is

***ORDERED:***

1. The Motion is granted and the case is closed.

2. All motions/objections/applications that have not been resolved are denied as moot.

3. Pursuant to Local Rule 9070–1(c)(3), the Clerk shall, without further notice, dispose of any exhibits in this case or any related adversary proceedings unless they are reclaimed by the appropriate party within 30 days.

The Clerk's Office is directed to serve a copy of this order on interested parties.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE
UNITED STATES BANKRUPTCY COURT
CLERK OF COURT.
DEPUTY CLERK

B18RI ( Form 18RI) (12/09)

# United States Bankruptcy Court

Middle District of Florida

**Case No. 3:13–bk–00167–JAF**

**Chapter 11**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Jack Aberman
PO Box 265302
Daytona Beach, FL 32126

Social Security / Individual Taxpayer ID No.:
xxx–xx–6356

Employer Tax ID / Other nos.:

## DISCHARGE OF INDIVIDUAL DEBTOR IN A CHAPTER 11 CASE

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1141(d) of title 11, United States Code, (the Bankruptcy Code).

Dated: March 27, 2017

Jerry A. Funk
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**B18RI ( Form 18RI) (12/09) – Cont.**

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 11 CASE

This court order grants a discharge to the person named as the debtor. The discharge is issued after the debtor has completed all payments under the chapter 11 plan or the court has determined, after notice and a hearing, that the debtor is entitled to a discharge pursuant to section 1141(d)(5)(B) of the Bankruptcy Code without completing the chapter 11 plan payments. The discharge is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect a discharged debt from the debtor. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

If a creditor has a lien, such as a mortgage or security interest, and the lien was not eliminated by the plan or by court order; the creditor may have the right to enforce the lien if the debtor fails to satisfy the lien claim as required by the plan. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged and Debts that are Not Discharged**

Except as otherwise specified in the chapter 11 plan, in the order confirming that plan, or in section 1141(d) of the Bankruptcy Code, the discharge eliminates the debtor's legal obligation to pay a debt which arose before confirmation of the plan.

Most, but not all, types of debts are discharged, but section 1141(d)(2) of the Code provides that certain types of debts are not discharged in an individual debtor's chapter 11 bankruptcy case. Some of the common tyhpes of debts what are not discharged are:

a. Debts for most taxes and debts incurred to pay nondischargeable taxes;

b. Debts that are domestic support obligations;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

f. Some debts which were not properly listed on the bankruptcy schedules by the debtor;

g. Debts that the bankruptcy court has specifically has decided in this case are not discharged; and

h. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans .

**This information is only a general summary. There are exceptions to the general rules. Because the law is complicated, you may want to consult an attorney to determine the effect of the discharge.**

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE
UNITED STATES BANKRUPTCY COURT
CLERK OF COURT
DEPUTY CLERK