# Exhibit G1

Filing # 237566157 E-Filed 12/11/2025 08:46:17 PM

Case 26-03002-amc    Doc 22-7    Filed 05/20/26    Entered 05/20/26 19:41:07    Desc
Exhibit G - Florida Emergency Motion re 101 Carolyn    Page 2 of 25

# IN THE SUPREME COURT OF FLORIDA

**Case No.: SC25-_____**

---

**JACK ABERMAN and GEA SEASIDE INVESTMENT INC.,**

Petitioners,

v.

**SEVENTH JUDICIAL CIRCUIT OF FLORIDA,**

Respondent.

---

# EMERGENCY MOTION FOR STAY OF ALL FORECLOSURE PROCEEDINGS AND SALES PENDING DISPOSITION OF PETITION FOR WRIT OF PROHIBITION

---

Petitioners Jack Aberman and GEA Seaside Investment Inc., appearing pro se, respectfully move this Court pursuant to Florida Rule of Appellate Procedure 9.310 for an emergency stay of all foreclosure proceedings and sales in the thirty-four (34) cases identified in the accompanying Petition for Writ of Prohibition. In support of this Motion, Petitioners state as follows:

---

## I. NATURE OF THE EMERGENCY

Seven (7) properties owned by Petitioners are currently subject to pending foreclosure sales in the Seventh Judicial Circuit, Volusia County. These sales are proceeding despite federal bankruptcy discharge orders that operate as permanent injunctions prohibiting such collection activities under 11 U.S.C. § 524(a)(2). Once completed, the sales will cause immediate, concrete, and irreparable harm that cannot be remedied by any subsequent judicial action.

**CRITICAL UPDATE:** On December 8, 2025, a new foreclosure action was filed against 428 North Peninsula Drive—Petitioner Jack Aberman's personal residence and primary business office. This escalation demonstrates the ongoing and accelerating nature of the violations.

## Properties at Immediate Risk of Sale:

| Property Address | Estimated Value | Presiding Judge |
| --- | --- | --- |
| 2711 N. Halifax Ave., Daytona Beach | $550,000 | Division 32 |
| 320 N. Peninsula Dr., Daytona Beach | $475,000 | Division 31 |
| 236 N. Peninsula Dr., Daytona Beach | $385,000 | Division 32 |
| 101 Carolyn Terrace, Port Orange | $325,000 | Division 32 |
| 508 Eastwood Ln., Daytona Beach | $295,000 | Division 32 |
| 229 N. Hollywood Ave., Daytona Beach | $310,000 | Division 32 |
| 330 N. Peninsula Dr., Daytona Beach | $465,000 | Division 32 |
| **TOTAL VALUE AT RISK** | **$2,805,000** | |

## Properties Already Sold in Violation of Federal Law:

Seven (7) properties have already been sold through void proceedings, resulting in losses of approximately $3,200,000:

1. 232 N. Peninsula Dr. - Sold 8/29/2025 ($112,600 - property worth $375,000)
2. 319 Hollywood Ave. - SOLD
3. 509 Harvey Ave. - SOLD
4. 25 S. Peninsula Dr. - Sold 11/12/2025
5. 311 N. Hollywood Dr. - Sold 6/25/2025
6. 231 N. Hollywood Ave. - Sold 11/12/2025
7. 817 Big Tree Road - Sold 7/13/2022

Petitioners should not be required to suffer the loss of seven more properties while this Court considers the Petition.

---

# II. FEDERAL SUPREMACY REQUIRES THE STAY

## A. The Supremacy Clause Mandates State Court Compliance

The Supremacy Clause of the United States Constitution, Article VI, Clause 2, provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof... shall be the supreme Law of the Land; **and the Judges in every State shall be bound thereby**, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

The judges of the Seventh Judicial Circuit are constitutionally bound to recognize and honor federal bankruptcy discharge orders. Their systematic refusal to do so constitutes a direct violation of the Supremacy Clause.

## B. Federal Discharge Orders Create Permanent Injunctions

Under 11 U.S.C. § 524(a)(2), a bankruptcy discharge:

"operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."

Petitioners received discharge orders on **March 27, 2017**, in:

- Case No. 3:13-bk-00165-JAF (GEA Seaside Investment Inc.)
- Case No. 3:13-bk-00167-JAF (Jack Aberman)

These discharge orders remain in full force and effect. They operate as **permanent federal injunctions** that state courts are constitutionally required to honor.

## C. State Court Proceedings Are Void Under Controlling Precedent

The United States Supreme Court established in **Kalb v. Feuerstein, 308 U.S. 433, 440 (1940)**:

"[T]he action of the state court in this case in proceeding contrariwise, without the consent of the bankruptcy court, was not merely erroneous but was **beyond its power, VOID, and subject to collateral attack**."

The Eleventh Circuit has consistently applied this principle:

- **In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984)**: "acts taken in violation of the automatic stay are generally deemed **void and without effect**."
- **Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982)**: Actions taken in violation of bankruptcy protections are void.

## D. No Creditor Ever Obtained Relief from the Discharge Injunction

The critical fact is that **NO CREDITOR** in any of Petitioners' bankruptcy cases ever obtained relief from the automatic stay or the discharge injunction from the federal bankruptcy court.

The "smoking gun" evidence: In the 817 Big Tree Road foreclosure, attorney Craig Kelley of Kelley Kronenberg filed a motion for relief from stay in the bankruptcy court. **Judge Funk explicitly DENIED that motion.** Despite this denial, attorney Kelley proceeded with the state court foreclosure and obtained a sale of the property on July 13, 2022.

Under **Taggart v. Lorenzen, 139 S. Ct. 1795, 1801 (2019)**, contempt is appropriate when there is "no fair ground of doubt" about a discharge violation. Here, there is no doubt—the attorney knew bankruptcy court approval was required, sought it, was denied, and proceeded anyway.

---

# III. FLORIDA JUDICIAL CANON VIOLATIONS

The conduct of judges within the Seventh Judicial Circuit constitutes systematic violations of the Florida Code of Judicial Conduct:

## Canon 1 - Integrity of the Judiciary

"A judge shall uphold the integrity and independence of the judiciary."

Proceeding with foreclosures that the United States Supreme Court has declared "void" undermines the integrity of the entire judicial system and the constitutional relationship between state and federal courts.

## Canon 2A - Avoiding Impropriety

"A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Systematically ignoring federal law—which the Supremacy Clause declares "the supreme Law of the Land"—violates this Canon and destroys public confidence in the judiciary.

## Canon 3B(2) - Faithful to the Law

"A judge shall be faithful to the law."

The law is clear: federal bankruptcy discharge injunctions divest state courts of jurisdiction. Proceeding despite this legal reality is unfaithful to the law.

## Canon 3B(5) - Impartiality and Diligence

"A judge shall perform judicial duties without bias or prejudice."

The systematic pattern—34 foreclosure cases, 23 under one judge, 11 under another, 46 "recycled" cases manipulated through dismissal and reopening—demonstrates bias against Petitioners rather than impartial application of the law.

## Canon 3D(1) - Disciplinary Responsibility

"A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action."

Multiple judges within the Seventh Judicial Circuit have observed violations by their colleagues and failed to take appropriate action, creating a systematic pattern of Canon violations.

### Canon 3E - Disqualification

"A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."

Any judge who has previously ruled against Petitioners on these federal law issues—despite actual notice of the discharge orders—has demonstrated inability to impartially apply federal supremacy principles and should be disqualified.

---

# IV. THE 46 RECYCLED CASES DEMONSTRATE SYSTEMATIC MANIPULATION

The evidence reveals a pattern of case manipulation designed to circumvent judicial oversight and due process:

### Cases Originally Signed by Judge William A. Parsons (Division 32)

Now appearing under different judges:

| Original Case No. | Filed/Dismissed | Reopened As | Dormant Years | Current Status |
|---|---|---|---|---|
| 2012-32837-CICI | 2012/2013 | Recycled 2024 | 11 years | Under Jolley |
| 2008-30090-CICI | 2008/2008 | Recycled 2023 | 15 years | Under Jolley |
| 2012-31234-CICI | 2012/2012 | Recycled 2024 | 12 years | Under Jolley |

### Cases Originally Signed by Judge Terence R. Perkins (Division 32)

Now appearing under different judges:

| Original Case No. | Filed/Dismissed | Reopened As | Dormant Years | Notes |
|---|---|---|---|---|
| 2017-31259-CICI | 2017/2017 | Recycled 2024 | 7 years | Under Craig/Jolley |
| 2012-32534-CICI | 2012/2013 | Recycled 2024 | 11 years | Under Craig |
| 2010-33346-CICI | 2010/2011 | Recycled 2024 | 13 years | Under Jolley |

### Cases Originally Signed by Judge Michael S. Orfinger (Division 32)

Now appearing under Judge Jolley:

| Original Case No. | Filed During BK | Recycled As | Dormant Years | Notes |
|---|---|---|---|---|
| 2018-31334-CICI | 2018 Yes | Recycled 2024 | 6 years | Signed by Orfinger originally |
| 2018-30768-CICI | 2018 Yes | Recycled 2024 | 6 years | Bankruptcy stay applied |
| 2018-30969-CICI | 2018 Yes | Recycled 2025 | 7 years | Under Jolley now |

## Cases Originally Signed by Judge Richard S. Graham (Division 31)

Now appearing under Judge Craig:

| Original Case No. | Filed/Dismissed | Notes |
|---|---|---|
| 2008-30158-CICI | 2008 | Now under Craig (231 N Hollywood) |
| 2008-30184-CICI | 2008 | Now under Craig (232 N Peninsula) |
| Multiple others | 2007-2012 | Pattern of reassignment |

This "recycling" pattern—dismissing cases then reopening them 6-17 years later under original case numbers with different judges—demonstrates coordinated manipulation of the judicial process.

---

# V. LIKELIHOOD OF SUCCESS ON THE MERITS

Petitioners are substantially likely to succeed on the merits because:

## A. Federal Discharge Orders Exist and Are Unambiguous

The discharge orders entered March 27, 2017, contain standard statutory language creating permanent injunctions under 11 U.S.C. § 524(a)(2).

## B. Actual Notice Was Provided

Suggestions of Bankruptcy were filed in all 34 state court foreclosure cases, providing actual notice of:

- Federal bankruptcy case numbers
- Dates of discharge orders (March 27, 2017)
- Federal statutory injunction under 11 U.S.C. § 524

- Request that foreclosure proceedings be stayed

## C. No Relief from Stay Was Ever Granted

No creditor obtained relief from the federal discharge injunction. The one case where relief was sought (817 Big Tree Road) resulted in explicit denial—yet the foreclosure proceeded anyway.

## D. Binding Precedent Declares These Proceedings Void

Under Kalb v. Feuerstein and its progeny, every foreclosure judgment and sale is void ab initio.

# VI. IRREPARABLE HARM ABSENT A STAY

## A. Properties Will Be Permanently Lost

Once a foreclosure sale is completed, the property transfers to a third-party purchaser who may claim bona fide purchaser status, making recovery difficult or impossible.

## B. Petitioners' Business Will Be Destroyed

Petitioners' twenty-five-year rental property business depends on these properties. The loss of seven more properties—including Petitioner's personal residence and business office at 428 N. Peninsula Drive now under attack—will complete the destruction of the business.

## C. Properties May Be Physically Altered

New owners may demolish structures, make substantial alterations, or encumber properties with additional liens, making restoration impossible.

## D. No Adequate Remedy at Law Exists

Monetary damages cannot compensate for the loss of a business built over twenty-five years or the loss of a personal residence.

# VII. BALANCE OF EQUITIES

**Harm to Petitioners if Stay Denied:**

- Loss of seven properties worth approximately $2.8 million
- Loss of personal residence and business office

- Complete destruction of twenty-five-year business
- Irreversible harm with no adequate remedy

**Harm to Creditors if Stay Granted:**

- Brief delay in sale proceedings
- No loss of any legal rights
- Creditors have waited years already; additional weeks cause no cognizable injury

The potential harm to Petitioners vastly outweighs any inconvenience to creditors.

---

# VIII. PUBLIC INTEREST

## A. Enforcement of Federal Supremacy

The Supremacy Clause requires state courts to honor federal law. Allowing systematic violation of federal discharge orders undermines the constitutional structure itself.

## B. Integrity of the Judicial System

Public confidence is destroyed when state courts conduct proceedings that the United States Supreme Court has declared "void."

## C. Protection of Debtors' Fresh Start

The purpose of bankruptcy discharge is to give honest debtors a "fresh start." Kalb v. Feuerstein, 308 U.S. at 439. Allowing circumvention defeats this fundamental federal policy.

## D. Accountability for Judicial Canon Violations

The systematic Canon violations documented herein require this Court's intervention to maintain the integrity of Florida's judiciary.

---

# IX. PETITIONER HAS EXHAUSTED ALL REMEDIES

Over eight years, Petitioner has attempted every available avenue:

1. **Federal Bankruptcy Court**: All motions to reopen denied
2. **Federal District Court**: Case 6:25-cv-01416-WWB-DCI dismissed as "shotgun pleading"

3. **Judicial Misconduct Complaints**: Seven complaints (11-25-90236 through 11-25-90243) dismissed November 25, 2025
4. **Attorney Representation**: 3,473 attorneys contacted—none will represent
5. **Federal Agencies**: 11 agencies contacted (U.S. Trustee, U.S. Attorney, FBI, etc.)—no substantive response

This Court is Petitioners' only remaining avenue for relief.

# X. DAMAGES SUMMARY

## A. Direct Property Losses - Properties Already Sold

| Property | Case No. | Sale Date | Sale Price | Market Value | Loss |
|---|---|---|---|---|---|
| 232 N. Peninsula Dr. | 2023-32827-CICI | 8/29/2025 | $112,600 | $375,000 | $262,400 |
| 319 Hollywood Ave. | — | — | — | $285,000 | $285,000 |
| 509 Harvey Ave. | — | — | — | $265,000 | $265,000 |
| 25 S. Peninsula Dr. | 2025-10715-CICI | 11/12/2025 | — | $425,000 | $425,000 |
| 311 N. Hollywood Dr. | 2024-11372-CICI | 6/25/2025 | — | $525,000 | $525,000 |
| 231 N. Hollywood Ave. | 2024-10867-CICI | 11/12/2025 | — | $310,000 | $310,000 |
| 817 Big Tree Road | 2018-30232-CICI | 7/13/2022 | $148,666 | $450,000 | $301,334 |
| **SUBTOTAL** | | | | | **$2,373,734** |

## B. Properties Facing Imminent Sale

| Property | Case No. | Estimated Value |
|---|---|---|
| 2711 N. Halifax Ave. | — | $550,000 |
| 320 N. Peninsula Dr. | 2017-31365-CICI | $475,000 |
| 236 N. Peninsula Dr. | 2024-12534-CICI | $385,000 |
| 101 Carolyn Terrace | 2024-12045-CICI | $325,000 |
| 508 Eastwood Ln. | 2024-11074-CICI | $295,000 |
| 229 N. Hollywood Ave. | 2024-11085-CICI | $310,000 |
| 330 N. Peninsula Dr. | 2024-13906-CICI | $465,000 |
| **SUBTOTAL** | **$2,805,000** | |

## C. Total Property Value at Issue

| Category | Amount |
|---|---|
| Properties Already Sold | $3,200,000 |
| Properties Facing Sale | $2,805,000 |

| Category | Amount |
|---|---|
| **TOTAL PROPERTY VALUE** | **$6,005,000** |

## D. Statutory Damages (Reserved for Separate Civil Action)

**11 U.S.C. § 524 Discharge Injunction Violations:**

- 34 active foreclosure cases × statutory damages
- 7 properties sold in violation
- Compensatory and punitive damages under Taggart v. Lorenzen

**Fair Debt Collection Practices Act (15 U.S.C. § 1692):**

- Up to $1,000 statutory damages per violation
- 104+ attorneys involved
- 30+ law firms

**Florida Bad Faith Penalties (Fla. Stat. § 624.155):**

- Extracontractual damages for bad faith conduct
- Attorney's fees and costs

**RICO Treble Damages (18 U.S.C. § 1964):**

- Pattern of racketeering activity
- Treble actual damages: $6,005,000 × 3 = $18,015,000

## E. Consequential Damages (Reserved)

| Category | Estimated Amount |
|---|---|
| Lost Rental Income (25 years × 14+ properties) | $2,500,000+ |
| Business Destruction | $5,000,000+ |
| Property Preservation Violations | $700,000+ |
| Legal Fees (pro se forced representation) | $500,000+ |
| Emotional Distress/Loss of Residence | TBD |

## F. Total Damages Summary

| Category | Amount |
|---|---|
| Direct Property Losses | $6,005,000 |
| Lost Rental Income | $2,500,000 |
| Business Destruction | $5,000,000 |
| Property Preservation Violations | $700,000 |

| Category | Amount |
|---|---|
| **BASE DAMAGES** | **$14,205,000** |
| RICO Treble (×3) | $42,615,000 |
| **POTENTIAL TOTAL** | **$42,615,000+** |

*Note: Petitioners reserve all damage claims for separate civil action as this Emergency Motion seeks only injunctive relief. Damages calculations are provided to demonstrate the magnitude of irreparable harm.*

# XI. RELIEF REQUESTED

WHEREFORE, Petitioners Jack Aberman and GEA Seaside Investment Inc. respectfully request that this Court:

1. **STAY all foreclosure sales** in the thirty-four (34) cases identified in the Petition, pending disposition of the Petition for Writ of Prohibition;
2. **STAY all other proceedings** in the thirty-four cases that would affect Petitioners' property rights, pending disposition of the Petition;
3. **STAY any proceedings** in the newly-filed foreclosure against 428 North Peninsula Drive (Petitioner's residence and business office);
4. **Grant such other and further relief** as this Court deems just and proper.

# XII. RESERVATION OF RIGHTS

Petitioners expressly reserve the right to:

1. **Amend this Motion** as a pro se litigant to correct any technical deficiencies;
2. **Supplement evidence** as additional violations occur or are discovered;
3. **Request referral to the Florida Judicial Qualifications Commission** for investigation of judicial canon violations;
4. **Request referral to The Florida Bar** for investigation of attorney misconduct;
5. **Pursue separate civil action for damages** including all statutory, compensatory, and punitive damages under federal and state law;
6. **Seek agency referrals** to the U.S. Trustee, U.S. Attorney, FBI, and other appropriate agencies for investigation of systematic violations.

# VERIFICATION

STATE OF FLORIDA COUNTY OF VOLUSIA

I, Jack Aberman, pursuant to Section 92.525, Florida Statutes, state under penalty of perjury:

1. I am the Petitioner in this action and am competent to testify to the matters stated herein.
2. I have read the foregoing Emergency Motion for Stay and know the contents thereof.
3. The facts stated in this Motion are true and correct to the best of my knowledge, information, and belief.
4. I am not an attorney. I am appearing pro se because, despite contacting over 3,473 attorneys, not a single attorney has agreed to represent me.
5. I understand that a false statement may subject me to penalties for perjury.

Executed this 11th day of December, 2025, in Volusia County, Florida.

---

JACK ABERMAN Petitioner, Pro Se 428 North Peninsula Drive Daytona Beach, Florida 32118 Telephone: (386) 761-1992 Email: flrealestatemgt@gmail.com

*Jack Aberman*

---

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, in compliance with Florida Rule of General Practice and Judicial Administration 2.516, a true and correct copy of the foregoing EMERGENCY MOTION FOR STAY OF ALL FORECLOSURE PROCEEDINGS AND SALES PENDING DISPOSITION OF PETITION FOR WRIT OF PROHIBITION has been furnished to the following on this 12th day of December, 2025:

**VIA CERTIFIED MAIL:**

Circuit Judges of the Seventh Judicial Circuit Volusia County Courthouse 101 North Alabama Avenue DeLand, Florida 32724

**VIA CERTIFIED MAIL AND EMAIL:**

Office of the Florida Attorney General The Capitol, PL-01 Tallahassee, Florida 32399-1050 Email: oag.civil.eserve@myfloridalegal.com

---

JACK ABERMAN Petitioner, Pro Se 428 North Peninsula Drive Daytona Beach, Florida 32118 Telephone: (386) 761-1992 Email: flrealestatemgt@gmail.com

*Jack Aberman*

# Exhibit G2

Filing # ████████ E-Filed 04/22/2025 08:32:10 AM

Case 26-03002-amc    Doc 22-7    Filed 05/20/26    Entered 05/20/26 19:41:07    Desc
Exhibit G - Florida Emergency Motion re 101 Carolyn    Page 15 of 25

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT IN AND FOR VOLUSIA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO. 2024 12045 CICI

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6,

    Plaintiff,

vs.

GEA SEASIDE INVESTMENTS, INC, et. al.,

    Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGEGENCY MOTION TO RECONSIDER, VACATE VOID SALE, CANCEL CERTIFICATE OF TITLE, AND MEMORANDUM OF LAW AND DEFENDANTS' MOTION FOR SEPARATE EVIDENTIARY HEARING ON ATTORNEY VIOLATIONS, DISCHARGE INJUNCTION ENFORCEMENT, <u>SANCTIONS UNDER FLA. STAT. § 57.105 AND CRIMINAL REFERRALS</u>

Plaintiff, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6, by and through the undersigned attorney hereby files this Response to Defendants JACK ABERMAN AND GEA SEASIDE INVESTIMENTS, INC.'s Emergency Motion to Reconsider, Vacate Void Sale, Cancel Certificate of Title, and Memorandum of Law ("Motion to Reconsider") and Defendants Motion for Separate Evidentiary Hearing on



████████ - VaS

Attorney Violations, Discharge Injunction Enforcement, Sanctions Under Fla. Stat. § 57.105

and Criminal Referrals ("Violations Motion"), and in support states as follows:

## INTRODUCTION

The issues raised by the Defendants in both of the Motions have been raised by the

Defendants already numerous times and have already been adjudicated by the Court. As shown

herein, there is no legal basis supporting any of the arguments made by the Defendants and thus,

both Motions should be denied.

## ARGUMENT

As an initial matter, Defendant JACK ABERMAN is not an attorney and therefore,

cannot represent the interests of GEA SEASIDE INVESTIMENTS, INC. "A corporation must

be represented by an attorney when it appears in the courts of the State of Florida[.]" *Punta

Gorda Pines Dev., Inc. v. Slack Excavating, Inc.*, 468 So. 2d 438, 439 (Fla. 2d DCA 1985). As a

result, the Motions as to GEA SEASIDE INVESTIMENTS, INC. are legal nullities. The only

property at issue in this case is 101 Carolyn Terrace, Daytona Beach, Florida 32119

("Property").

I.     **Motion to Reconsider**

The purpose of a motion for reconsideration "is to present to the court some point which

it overlooked or failed to consider, which renders the [order] inequitable and erroneous" or to

correct an "error of law apparent on the face of the record, [or] for obtaining the court's

permission to introduce newly discovered evidence." *Hollywood, Inc. v. Clark*, 15 So. 2d 175,

180 (Fla. 1943). Thus, a motion for reconsideration is improper where it simply reargues points

████████ - VaS

PAGE 2

previously ruled on and asks the court to reconsider facts already considered. See e.g. *Diamond Cab Co. of Miami v. King*, 146 So. 2d 889, 891 (Fla. 1962). There have already been countless Motions filed by Defendant relating to the exact same issue that has been raised again in the Motion to Reconsider and the relief has been denied by the Court each time. Most recently, the following motions were heard and all denied at a hearing held on April 1, 2026:

- Defendant's Omnibus Motion to Reconsider All Pending Orders, Judgments, and Scheduled Sales in All 12 Division 31 Cases.
- Defendant's Emergency Motion to Void Notice for Sales and Vacate All Proceedings and Incorporated Memorandum of Law.
- Defendant's Emergency Motion to Vacate Void Judgment, Void Sale, Stay Scheduled Sale of April 10, 2026, Claim of Right, Title, and Interest in Real Property, with Demand for Damages and Affirmative Relief.

Regardless, the allegations in the Motion to Reconsider are inaccurate and the relief requested is improper. Specifically, both cases Case No. 3:13-bk-00165-JAF had a final decree dated March 23, 2017 and Case No. 3:18-bk-00800-JAF had a final decree dates March 27, 2023. Thus, the automatic stay terminated at the time the cases were closed. Under the Plan, the Debtor was required to make payments for 360 months and was to pay his own taxes and insurance. The Debtor/Defendant made several Plan payments and then defaulted on or about June 1, 2023 (the date of default alleged in the Complaint). The Bankruptcy stipulation provides that the lien will be satisfied **only** after the debtor completes the payments. Since Defendant defaulted on the payments, the lien remained a valid encumbrance on the property and Plaintiff was entitled to proceed *in rem* against the Property. Due to the dismissal of the Bankruptcy, there was no requirement or even a need for Plaintiff to seek relief; it was already obtained via the closure of the Bankruptcy case.

23-153660 - VaS

PAGE 3

There is no violation of any Bankruptcy stay by the Plaintiff because the foreclosure complaint was not filed until June 18, 2024, after the final decrees in the Bankruptcy Courts had been issued. "[W]hile surrender and discharge in bankruptcy relieve the debtor's personal liability, bankruptcy does not eliminate *in rem* liability or bar subsequent foreclosure after subsequent or ongoing defaults. In short, a mortgagor's surrender and discharge in bankruptcy do not eliminate the debt itself, nor the mortgagee's future right to foreclose against the property to collect that debt. The debtor can be freed from the debt, but that does not convey a free house." *Terra Mar Prop. Mgmt., LLC v. Wilmington Sav. Fund Soc'y*, 334 So. 3d 363, 364 (Fla. 1st DCA 2022) (internal citation omitted).

The Consent Judgment was not void due to a lack of jurisdiction. This Court had subject matter jurisdiction to proceed *in rem* against the Property. Subject matter jurisdiction means "the power of the court to adjudicate the class of cases to which the particular case belongs." *VL Orlando Building Corp. v. AGD Hospitality Design & Purchasing, Inc.*, 762 So. 2d 956, 957 (Fla. 4th DCA 2000). For a court to have subject matter jurisdiction in a foreclosure action, the action must be brought in the county where the land lies, which it was. *See Cohen v. Century Ventures, Inc.*, 163 So. 2d 799 (Fla. 2d DCA 1964).

In addition, pursuant to the Final Judgment of Foreclosure, there was an agreement by the parties that Plaintiff agreed to waive rights to seek a deficiency and seek a 120 day sale date, and also agreed to pay the Defendant $5,000 as cash for keys made payable to Defendant's attorney's Trust account on behalf of the Defendants. This agreement was signed off by the Court. Defendants obtained the benefit of the bargain and cannot now attempt to back out of the

███████ - VaS

PAGE 4

deal. In subsection (b), Defendants admit that they agreed to the consent and the argument that they were unaware that the debt was discharged in Bankruptcy is contrary to Defendants' understanding in every single Motion filed with this Court. Defendant JACK ABERMAN is an investor who has filed numerous Bankruptcies for numerous properties and he is by no means an unsophisticated litigant.

As to the amounts under the Bankruptcy Order, the principal balance under the BK stipulation was $214,833.69. The charges that Defendant complains of are post-bankruptcy confirmation and post-default amounts, so these charges do not relate to the bankruptcy and are permissible. The bankruptcy terms, which were complied with by Plaintiff were: (1) $214,833.69 principal balance (2) 6% interest; and (3) 30 year term. All of the post-confirmation payments were accounted for and the post-default amounts are accurate.

Defendant incorrectly argues that a discharge injunction prevents Plaintiff from proceeding *in rem* against the property. While a discharge injunction protects the debtor's persona liability, it does not extinguish a valid lien on the property. If a creditor hold a secured interest in the property, its in rem rights survive the discharge and remain enforceable against the property itself.

11 U.S.C.A. § 524 provides in relevant part as follows:

> (j) Subsection (a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if--
> (1) such creditor retains a security interest in real property that is the principal residence of the debtor;
> (2) such act is in the ordinary course of business between the creditor and the debtor; and
> (3) such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.

23-153660 - VaS

Subsection (a)(2) states that "[a] discharge in a case under this title -- ... (2) operates as and injunction against the commencement or continuation of an action ... or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]"  As stated before, and as reflected in the Final Judgment of Foreclosure, Plaintiff is not seeking personal liability on the debt from the Defendants. It is proceeding against the property, which it is entitled to do under 11 U.S.C.A. § 524(j).

None of the other arguments made by Defendants in their Motion for Reconsideration are new arguments or are arguments that are substantiated by the law or facts.  As a result, the Motion for Reconsideration should be denied.

**II.    Violations Motion**

As stated above, the Defendants' arguments have no legal merit regarding the Bankruptcy and therefore, the Violations Motion is moot and Defendants have no grounds for an evidentiary hearing. The Bankruptcy documents speak for themselves and the law is clear. This Court has subject matter over the Property because it is located in Volusia County, Florida and there was no bar to the enforcement of the mortgage against the Property.  While the Plans were confirmed, Defendants defaulted under the Plans permitting Plaintiff to proceed. Thus, there are no legal or factual grounds supporting the request for sanctions against Plaintiff's law firm or its attorneys.

███████ - VaS

**Issue 1:** As stated above, even if there was a discharge injunction, Plaintiff is entitled to proceed *in rem* against the property pursuant to 11 U.S.C.A. § 524. As such, there was no violation by Plaintiff.

**Issue 2:** A sham pleading has been defined as "one that while in good form is false in fact, or one good in form but false in fact and not pleaded in good faith". *St. John Med. Plans, Inc. v. Physician Corp. of Am.*, 711 So. 2d 1329, 1331 (Fla. 3d DCA 1998). The Complaint was not a sham pleading because Plaintiff was entitled to file an in rem action against the Property due to the default by the Defendant in the payments under the Plan.

**Issue 3: Improper Parties.** Plaintiff is unclear what Defendant is alleging in this issue. The plaintiff is said to be the "master of its complaint." *See Am. Int'l Grp., Inc. v. Cornerstone Bus., Inc.*, 872 So. 2d 333, 338 (Fla. 2d DCA 2004). "That is, the plaintiff will generally have the discretion to decide who it wants—or does not want—to sue and the scope of relief the plaintiff wants to pursue against the defendants it decides to name." *Tillman Nature Preserve, LLC v. Babush*, 413 So. 3d 227 (Fla. 2d DCA 2025). Even if there was a misjoinder of a party, this would not give rise to the sanctions Defendants are seeking.

**Issue 4: Fla. Stat. § 57.105.** Defendants cannot seek fees under Fla. Stat. § 57.105 because they failed to send a safe harbor letter to Plaintiff and/or its counsel. In addition, as further stated herein, the foreclosure complaint and the allegations contained therein were supported by the facts and law at the time of filing.

**Issue 5: Bar Rules.** It is improper for Defendants to threaten Plaintiff's counsel with Bar violations in a civil action in order to attempt to obtain a tactical advantage. While

████████ - VaS

PAGE 7

Defendants are pro se and are not bound by the Florida Bar Rules, they are held to the same standard of professionalism in an action as attorneys are and their conduct in making such threats is sanctionable. Making idle threats not supported by the facts or the law is egregious behavior and should not be tolerated by the Court. See e.g. *Hamza v. McLemore*, 421 So. 3d 742, 744 (Fla. 5th DCA 2025) (the fact that parties are pro se " in no way relaxes the clear requirements of the rule. 'In Florida, *pro se* litigants are bound by the same rules that apply to counsel.'"). In *Robinson v. Farah & Farah, Inc.*, 295 So. 3d 316 (Fla. 1st DCA 2020), the Court warned the pro se parties that " any future filings containing such malignant allegations will subject Petitioner to further and more serious sanctions, up to and including barring Petitioner from filing pleadings in this Court unless signed by a member of the Florida Bar."

**Issue 6: Criminal Referral.** This is a civil action and any threat of criminal referral is similarly improper, especially in light of the fact that Defendants allegations themselves are false and misstatements of the law.

**Issue 7: Civil Theft.** There is no civil theft in this case and any claim of civil theft by Defendants is insufficiently pled. "In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent. Where the property at issue is also the subject of a contract between the parties, a civil theft claim requires additional proof of 'an intricate sophisticated scheme of deceit and theft.'" *Gersh v. Cofman*, 769 So. 2d 407, 409 (Fla. 4th DCA 2000). Defendants have made no such allegations.

██████ - VaS

Because there is no basis in law or fact for the claims made by Defendants, no evidentiary hearing is required and all of the relief sought by Defendants should be denied and/or stricke.

**WHEREFORE**, Plaintiff THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA6 respectfully requests this Court enter an Order denying Defendants  JACK ABERMAN AND GEA SEASIDE INVESTIMENTS, INC.'s Emergency Motion to Reconsider, Vacate Void Sale, Cancel Certificate of Title, and Memorandum of Law and Defendants Motion for Separate Evidentiary Hearing on Attorney Violations, Discharge Injunction Enforcement, Sanctions Under Fla. Stat. § 57.105 and Criminal Referrals, and grant Plaintiff any such further relief this Court deems just and proper, including its attorneys' fees and costs incurred in having to defend these duplicative and frivolous motions pursuant to the Court's inherent authority.

████████ - VaS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties listed on the attached service list via Mail and/or E-mail in accordance with the corresponding addresses listed therein on this 21 day of April, 2026.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: flmail@raslg.com

By: _\S\Vanessa D. Sloat-Rogers_
    Vanessa D. Sloat-Rogers, Esquire
    Florida Bar No. 353530
    Communication Email: vrogers@raslg.com

## SERVICE LIST

JACK ABERMAN
442 N PENINSULA DR
DAYTONA BEACH, FL 32118
PRIMARY EMAIL: DAYTONAPROMGT@AOL.COM
JACK ABERMAN
428 N. PENINSULA DR
DAYTONA BEACH, FL 32118


JACK ABERMAN
428 N. PENINSULA DR
DAYTONA BEACH, FL 32118


███████ - VaS

PAGE 10

VOSE LAW FIRM, LLP
PAUL WATERS, ESQ.
ATTORNEY FOR CITY OF SOUTH DAYTONA, FLORIDA
C/O VOSE LAW FIRM, LLP
324 W. MORSE BLVD.

WINTER PARK, FL 32789
PRIMARY EMAIL: PAUL@VOSELAW.COM


ASSISTANT COUNTY ATTORNEY
MORGAN B. SWENK
ATTORNEY FOR COUNTY OF VOLUSIA, FLORIDA
C/O ASSISTANT COUNTY ATTORNEY
123 WEST INDIANA AVENUE
DELAND, FL 32720
PRIMARY EMAIL: MSWENK@VOLUSIA.ORG
SECONDARY EMAIL: JKANE@VOLUSIA.ORG

GEA SEASIDE INVESTMENTS, INC A/K/A GEA SEASIDE INVESTMENT INC
C/O JACK ABERMAN 442 N PENINSULA DR
DAYTONA BEACH, FL 32118
PRIMARY EMAIL: DAYTONAPROPMGT@AOL.COM

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST
HORIZON HOME LOAN CORPORATION
C/O CT CORPORATION SYSTEM 1200 S. PINE ISLAND RD.
PLANTATION, FL 33324


THE CITY OF DAYTONA BEACH
ANTHONY E. JACKSON, ESQ
ATTORNEY FOR CITY OF DAYTONA BEACH, FLORIDA
C/O THE CITY OF DAYTONA BEACH
P.O. BOX 2451
DAYTONA BEACH, FL 32115
PRIMARY EMAIL: JACKSONANTHONY@CODB.US
SECONDARY EMAIL: HAMPTONAIMEE@CODB.US


███████ - VaS