# Exhibit H

IN THE SUPREME COURT OF FLORIDA

Case No.: SC25-_____

JACK ABERMAN and GEA SEASIDE INVESTMENT INC.,

Petitioners,

v.

SEVENTH JUDICIAL CIRCUIT OF FLORIDA,

Respondent.

---

# PETITION FOR WRIT OF PROHIBITION AND MANDAMUS

---

**Jack Aberman** Petitioner, Pro Se 428 North Peninsula Drive Daytona Beach, Florida 32118
Telephone: (386) 761-1992 Email: flrealestatemgt@gmail.com

---

# TABLE OF CONTENTS

| Section | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| BASIS FOR INVOKING JURISDICTION | 3 |
| STATEMENT OF THE FACTS | 5 |
| A. Petitioners' Real Estate Business | 5 |
| B. The Federal Bankruptcy Cases and Discharge Orders | 6 |
| C. The 46 Recycled Foreclosure Cases | 8 |
| D. The 34 Active Foreclosure Cases | 12 |
| E. Document 139: The Smoking Gun Evidence | 16 |
| F. Properties Sold in Violation of Federal Law | 18 |
| G. Properties Facing Imminent Sale | 20 |
| H. December 8, 2025 Attack on Petitioner's Home | 21 |

| Section | Page |
|---|---|
| I. Exhaustion of All Remedies | 22 |
| ARGUMENT | 24 |
| I. Standard for Writs of Prohibition and Mandamus | 24 |
| II. Federal Bankruptcy Law Divests State Courts of Jurisdiction | 26 |
| III. No Creditor Ever Obtained Relief from the Discharge Injunction | 30 |
| IV. All State Court Proceedings Are Void Ab Initio | 32 |
| V. The Pattern of Case Recycling Demonstrates Systematic Manipulation | 35 |
| VI. Violations of Florida Code of Judicial Conduct | 38 |
| VII. Emergency Relief Is Required | 42 |
| RESERVATION OF RIGHTS | 44 |
| CONCLUSION AND RELIEF REQUESTED | 45 |
| SERVICE LIST | 47 |
| VERIFICATION | 49 |
| CERTIFICATE OF SERVICE | 50 |

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

| Case | Citation | Pages |
|---|---|---|
| Kalb v. Feuerstein | 308 U.S. 433 (1940) | 3, 26, 27, 28, 32, 33, 45 |
| Taggart v. Lorenzen | 139 S. Ct. 1795 (2019) | 17, 30, 31, 32 |
| Tennessee Student Assistance Corp. v. Hood | 541 U.S. 440 (2004) | 27 |
| United Student Aid Funds, Inc. v. Espinosa | 559 U.S. 260 (2010) | 28 |

## UNITED STATES COURT OF APPEALS CASES

| Case | Citation | Pages |
|---|---|---|
| In re Albany Partners, Ltd. | 749 F.2d 670 (11th Cir. 1984) | 27, 32, 33, 34 |
| Borg-Warner Acceptance Corp. v. Hall | 685 F.2d 1306 (11th Cir. 1982) | 27, 32, 33 |
| In re Hardy | 97 F.3d 1384 (11th Cir. 1996) | 31 |

## FLORIDA CASES

| Case | Citation | Pages |
|---|---|---|
| English v. McCrary | 348 So. 2d 293 (Fla. 1977) | 3, 24, 25 |
| Mandico v. Taos Constr., Inc. | 605 So. 2d 850 (Fla. 1992) | 3, 24, 25 |

| Case | Citation | Pages |
|------|----------|-------|
| State ex rel. Dep't of Gen. Servs. v. Willis | 344 So. 2d 580 (Fla. 1st DCA 1977) | 25 |

## CONSTITUTIONAL PROVISIONS

| Provision | Pages |
|-----------|-------|
| U.S. Const. art. VI, cl. 2 (Supremacy Clause) | 3, 26, 27 |
| Fla. Const. art. V, § 3(b)(7) | 3 |

## FEDERAL STATUTES

| Statute | Description | Pages |
|---------|-------------|-------|
| 11 U.S.C. § 362(a) | Automatic Stay | 6, 27, 30 |
| 11 U.S.C. § 524(a)(2) | Discharge Injunction | 6, 26, 27, 30, 31 |
| 28 U.S.C. § 1334 | Bankruptcy Jurisdiction | 26 |

## FLORIDA CODE OF JUDICIAL CONDUCT

| Canon | Description | Pages |
|-------|-------------|-------|
| Canon 1 | Integrity of Judiciary | 38, 39 |
| Canon 2A | Avoiding Impropriety | 38, 39 |
| Canon 3B(2) | Faithful to Law | 38, 40 |
| Canon 3B(5) | Impartiality and Diligence | 38, 40 |
| Canon 3D(1) | Disciplinary Responsibility | 38, 41 |
| Canon 3E | Disqualification | 38, 41 |

## FLORIDA RULES

| Rule | Pages |
|------|-------|
| Fla. R. App. P. 9.030(a)(3) | 3 |
| Fla. R. App. P. 9.100 | 3 |
| Fla. R. App. P. 9.220 | 3 |
| Fla. R. Gen. Prac. & Jud. Admin. 2.516 | 47 |

# PRELIMINARY STATEMENT

Petitioners Jack Aberman and GEA Seaside Investment Inc., appearing pro se, respectfully petition this Court for writs of prohibition and mandamus directed to the Seventh Judicial Circuit of Florida.

This petition presents an extraordinary circumstance requiring this Court's immediate intervention: Over a period of twenty years (2005-2025), the Seventh Judicial Circuit has conducted **one hundred forty-six (146) foreclosure proceedings** against Petitioners, including **forty-six (46) "recycled" cases** where dismissed foreclosures were strategically reopened under their original case numbers after dormancy periods of six to seventeen years, reassigned to different judges, and prosecuted anew—all despite the existence of **federal bankruptcy discharge orders entered March 27, 2017**, that expressly prohibit such actions.

Under the Supremacy Clause of the United States Constitution and binding precedent from the United States Supreme Court, these state court proceedings are **void ab initio**, and the circuit court judges lack jurisdiction to continue them.

**THE SCOPE OF VIOLATIONS:**

The violations involve:

- **146 total foreclosure cases** spanning 18 years (2007-2025)
- **46 "recycled" cases** dismissed then reopened 6-17 years later under original case numbers
- **34 currently active foreclosure cases** (23 under Judge Mary G. Jolley, Division 32; 11 under Judge Dennis Craig, Division 31)
- **7 properties already sold** (~$3.2 million in value)
- **7 properties facing imminent sale** (~$2.8 million in value)
- **104+ attorneys** from **30+ law firms** participating in the violations
- **8 judges** involved across multiple judicial reassignments
- **December 8, 2025**: New foreclosure filed against Petitioner's **personal residence and business office** at 428 North Peninsula Drive

**THE CRITICAL EVIDENCE:**

The most compelling evidence is **Document 139** from the 817 Big Tree Road foreclosure (Case No. 2018-30232-CICI). In that case, attorney Craig Kelley of Kelley Kronenberg filed a motion for relief from stay in the federal bankruptcy court. **Judge Jerry A. Funk explicitly DENIED that motion.** Despite this explicit denial, attorney Kelley proceeded with the state court foreclosure and obtained a sale of the property on July 13, 2022. This demonstrates willful violation under *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), where the Supreme Court held that contempt is appropriate when there is "no fair ground of doubt" about the violation.

**NO CREDITOR EVER OBTAINED RELIEF FROM THE FEDERAL DISCHARGE INJUNCTION.** The foreclosures proceeded entirely without federal court authorization.

**PRO SE NECESSITY:**

Petitioners appear pro se not by choice but by necessity. Despite contacting over **3,473 attorneys**, not a single attorney has agreed to represent them. The properties at issue exceed **$6 million in total value**. This Court is Petitioners' only remaining avenue for relief.

# BASIS FOR INVOKING JURISDICTION

This Court has original jurisdiction to issue writs of prohibition and mandamus pursuant to **Article V, Section 3(b)(7) of the Florida Constitution** and **Florida Rule of Appellate Procedure 9.030(a)(3)**.

A writ of prohibition is an extraordinary remedy that lies to prevent a lower court from acting without jurisdiction or in excess of its jurisdiction. *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977). The writ is appropriate when:

1. The lower court is proceeding without jurisdiction or in excess of its jurisdiction; and
2. The petitioner has no adequate remedy at law.

*Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 853 (Fla. 1992).

A writ of mandamus is appropriate to compel a lower court to perform a ministerial duty that it has refused to perform. Here, the circuit court has a ministerial duty under federal law to recognize and honor federal bankruptcy discharge orders.

**Both elements for extraordinary relief are satisfied:**

**First**, the Seventh Judicial Circuit is proceeding without jurisdiction because federal bankruptcy law has divested it of power over Petitioners' protected properties. As the United States Supreme Court held in *Kalb v. Feuerstein*, 308 U.S. 433, 440 (1940):

"[T]he action of the state court in this case in proceeding contrariwise, without the consent of the bankruptcy court, was not merely erroneous but was beyond its power, **VOID**, and subject to collateral attack."

**Second**, Petitioners have no adequate remedy at law. They cannot prosecute thirty-four separate appeals pro se, and no attorney will represent them despite contacting 3,473 attorneys. The federal courts have denied all motions to enforce the discharge injunctions. The federal district court dismissed Petitioners' civil action (Case No. 6:25-cv-01416-WWB-DCI) as a "shotgun pleading" without leave to amend. Eleven federal agencies have been contacted with zero substantive responses.

This Court is the only court with power to arrest the unauthorized exercise of judicial power by the Seventh Judicial Circuit and restore the rule of law.

# STATEMENT OF THE FACTS

## A. Petitioners' Real Estate Business

Petitioner Jack Aberman is the President of GEA Seaside Investment Inc., a Florida corporation engaged in the real estate rental business in Volusia County, Florida. For **twenty-five years**, Petitioner built and operated a rental property business, acquiring and managing dozens of residential properties in the Daytona Beach area.

This business represented Petitioner's life's work and provided housing to numerous families in the community. The systematic destruction of this business through void foreclosure proceedings has caused devastating harm not only to Petitioners but to their tenants and the community.

## B. The Federal Bankruptcy Cases and Discharge Orders

Due to financial difficulties during and after the Great Recession, Petitioners filed the following bankruptcy cases in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, all assigned to the Honorable Jerry A. Funk:

**Case No. 3:13-bk-00165-JAF**

- Debtor: GEA Seaside Investment Inc.
- Chapter: 11
- Filed: January 10, 2013
- Plan Confirmed: January 5, 2016
- **DISCHARGE ORDER ENTERED: March 27, 2017**
- Judge: Hon. Jerry A. Funk

**Case No. 3:13-bk-00167-JAF (Joint Case)**

- Debtor: Jack Aberman
- Chapter: 11
- Filed: January 10, 2013
- Plan Confirmed: January 5, 2016
- **DISCHARGE ORDER ENTERED: March 27, 2017**
- Judge: Hon. Jerry A. Funk

**Case No. 3:18-bk-00800-JAF**

- Debtor: GEA Seaside Investment Inc.
- Chapter: 11
- Filed: March 12, 2018
- Closed: March 27, 2023
- Judge: Hon. Jerry A. Funk

The discharge orders entered on March 27, 2017, contain the standard language mandated by federal law. Under **11 U.S.C. § 524(a)(2)**, a discharge:

"operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."

This injunction is **permanent**. It does not expire. It cannot be waived by the debtor. A creditor who wishes to proceed against property of a discharged debtor **must** obtain relief from the bankruptcy court. **No such relief was ever granted in any of Petitioners' bankruptcy cases.**

## C. The 46 Recycled Foreclosure Cases

One of the most egregious patterns in this case is the systematic "recycling" of foreclosure cases. Forty-six (46) foreclosure cases that were dismissed years ago have been strategically reopened under their **original case numbers** after dormancy periods of **six to seventeen years**, reassigned to different judges, and prosecuted anew.

This manipulation of the court system creates duplicate tracks of litigation, violates due process, and demonstrates a coordinated effort to circumvent federal bankruptcy protections.

### CASES ORIGINALLY SIGNED BY JUDGE WILLIAM A. PARSONS (DIVISION 32)

*Now appearing under Judge Mary G. Jolley*

| Original Case No. | Filed/Dismissed | Reopened As | Year | Dormant Years | Notes |
|---|---|---|---|---|---|
| 2012-32837-CICI | 2012/2013 | Recycled 2024 | 2024 | 11 | Original dismissal by Parsons; appears under Jolley now |
| 2008-30090-CICI | 2008/2008 | Recycled 2023 | 2023 | 15 | 115 Ogden Blvd; appears under Jolley now |
| 2012-31234-CICI | 2012/2012 | Recycled 2024 | 2024 | 12 | Reopened long after closure |
| 2007-33156-CICI | 2007/2008 | Recycled 2017 | 2017 | 9 | 428 N. Peninsula Dr (Petitioner's home) |
| 2007-33316-CICI | 2007/2008 | Recycled 2017 | 2017 | 9 | 2800 N Atlantic Ave Unit 801 |
| 2008-30157-CICI | 2008/2008 | Recycled 2024 | 2024 | 16 | 312 N Hollywood |
| 2007-33171-CICI | 2007/2008 | Recycled 2017 | 2017 | 9 | 2800 N Atlantic Ave Unit 1202 |
| 2008-30258-CICI | 2008/2008 | Recycled 2017 | 2017 | 9 | 2800 N Atlantic Ave Apt 511 |
| 2015-30618-CICI | 2015/2015 | Recycled 2024 | 2024 | 9 | 2800 N Atlantic Ave #409 |
| 2008-30124-CICI | 2008/2008 | Recycled 2017 | 2017 | 9 | 38 S Grandview Ave |

| Original Case No. | Filed/Dismissed | Reopened As | Year | Dormant Years | Notes |
|---|---|---|---|---|---|
| 2009-31877-CICI | 2009/2009 | Recycled 2024 | 2024 | 15 | 129 S Wild Olive Ave |

*[18 additional Parsons cases documented]*

## CASES ORIGINALLY SIGNED BY JUDGE TERENCE R. PERKINS (DIVISION 32)

*Now appearing under Judge Craig or Judge Jolley*

| Original Case No. | Filed/Dismissed | Reopened As | Year | Dormant Years | Notes |
|---|---|---|---|---|---|
| 2017-31259-CICI | 2017/2017 | Recycled 2024 | 2024 | 7 | 320 N Peninsula Dr; case used again for 2024 filing |
| 2012-32534-CICI | 2012/2013 | Recycled 2024 | 2024 | 11 | Now under Judge Craig |
| 2010-33346-CICI | 2010/2011 | Recycled 2024 | 2024 | 13 | 232 N Peninsula Dr; appears under Jolley |
| 2012-31318-CICI | 2012/2013 | Recycled 2024 | 2024 | 11 | 244-1 Poinciana Ave |
| 2008-30510-CICI | 2008/2012 | Recycled 2024 | 2024 | 12 | 312 N Peninsula Dr |

*[6 additional Perkins cases documented]*

## CASES ORIGINALLY SIGNED BY JUDGE MICHAEL S. ORFINGER (DIVISION 32)

*Now appearing under Judge Jolley*

| Original Case No. | Filed | During BK | Recycled As | Year | Dormant Years | Notes |
|---|---|---|---|---|---|---|
| 2018-31334-CICI | 2018 | Yes | Recycled 2024 | 2024 | 6 | Signed by Orfinger originally |
| 2018-30768-CICI | 2018 | Yes | Recycled 2024 | 2024 | 6 | Bankruptcy stay applied during original filing |
| 2018-30969-CICI | 2018 | Yes | Recycled 2025 | 2025 | 7 | Appears now under Jolley |
| 2017-31025-CICI | 2017 | Yes | Recycled 2024 | 2024 | 7 | 316 Butler Blvd |
| 2017-31601-CICI | 2017 | Yes | Recycled 2024 | 2024 | 7 | Multiple properties |

| Original Case No. | Filed | During BK | Recycled As | Year | Dormant Years | Notes |
|---|---|---|---|---|---|---|
| 2018-31007-CICI | 2018 | Yes | Recycled 2025 | 2025 | 7 | 216 Morningside Dr |
| 2019-31868-CICI | 2019 | Yes | Recycled 2024 | 2024 | 5 | 433 N Peninsula Dr |

*[9 additional Orfinger cases documented]*

## CASES ORIGINALLY SIGNED BY JUDGE RICHARD S. GRAHAM (DIVISION 31)

*Now appearing under Judge Craig*

| Original Case No. | Filed/Dismissed | Recycled | Year | Dormant Years | Notes |
|---|---|---|---|---|---|
| 2007-33161-CICI | 2007/2008 | 2017 | 2017 | 9 | 316 Butler Blvd |
| 2008-30158-CICI | 2008/2008 | 2024 | 2024 | 16 | 231 N Hollywood |
| 2008-30369-CICI | 2008/2008 | 2024 | 2024 | 16 | 2800 N Atlantic Ave Apt 201 |
| 2008-31281-CICI | 2008/2012 | 2024 | 2024 | 12 | 2800 N Atlantic Ave #409 |
| 2012-31268-CICI | 2012/2016 | 2024 | 2024 | 8 | 428 N Peninsula Dr (Petitioner's home) |
| 2012-32584-CICI | 2012/2017 | 2024 | 2024 | 7 | 433 N Peninsula Dr |
| 2007-33228-CICI | 2007/2017 | 2024 | 2024 | 7 | 13 S Peninsula Dr |
| 2007-32991-CICI | 2007/2008 | 2025 | 2025 | 17 | 216 Morningside Dr |
| 2012-31379-CICI | 2012/2012 | 2024 | 2024 | 12 | 434 N Halifax Ave |

*[Additional Graham cases documented]*

## CASES ORIGINALLY SIGNED BY JUDGE CHRISTOPHER A. FRANCE (DIVISION 31)

| Original Case No. | Filed | Reopened | Year | Dormant Years | Notes |
|---|---|---|---|---|---|
| 2007-33193-CICI | 2007 | 2017 | 2017 | 10 | 514 Phoenix Ave |
| 2007-33193-CICI | 2007 | 2025 | 2025 | 18 | Same case recycled multiple times |

**CASES ORIGINALLY SIGNED BY JUDGE LEAH R. CASE (DIVISION 31)**

| Original Case No. | Filed During BK | | Notes |
|---|---|---|---|
| 2017-31369-CICI | 2017 | Yes | City of Daytona Beach case; S. Grandview Ave |
| 2017-31365-CICI | 2017 | Yes | 100 Carolyn Terrace |
| 2012-31371-CICI | 2012 | Before BK | 509 Harvey Ave |

**THE RECYCLING PATTERN DEMONSTRATES:**

1. Cases are dismissed or closed, often during active bankruptcy proceedings
2. After dormancy periods of 6-17 years, the same case numbers are reopened
3. Cases are reassigned to different judges than the original presiding judge
4. New foreclosure complaints are filed under the recycled case numbers
5. This creates duplicate judicial tracks and obscures the litigation history
6. The pattern circumvents federal bankruptcy protections by treating old discharged debts as new claims

## D. The 34 Active Foreclosure Cases

Despite the federal discharge orders, the Seventh Judicial Circuit continues to preside over **thirty-four (34) active foreclosure cases** against properties owned by Petitioners.

**JUDGE MARY G. JOLLEY — DIVISION 32 — 23 CASES**

| No. | Case Number | Property Address | Status | Filed |
|---|---|---|---|---|
| 1 | 2023-32827-CICI | 232 N. Peninsula Dr. | **SOLD** 9/9/2025 | 11/29/2023 |
| 2 | 2024-10867-CICI | 231 N. Hollywood Ave. | Active | 3/6/2024 |
| 3 | 2024-10693-CICI | 324 N. Peninsula Dr. | Active | 2/27/2024 |
| 4 | 2024-11074-CICI | 508 Eastwood Ave. | Reopened | 3/27/2024 |
| 5 | 2024-11085-CICI | 229 N. Hollywood Ave. | Active | 3/27/2024 |
| 6 | 2024-12534-CICI | 236 N. Peninsula Dr. | Active | 7/31/2024 |
| 7 | 2024-13169-CICI | 358 Nautilus Ave. | Active | 9/26/2024 |
| 8 | 2024-13860-CICI | 433 N. Peninsula Dr. | Reopened | 11/27/2024 |
| 9 | 2024-13906-CICI | 330 N. Peninsula Dr. | Active | 12/4/2024 |
| 10 | 2025-10715-CICI | 25 S. Peninsula Dr. | **SOLD** 11/12/2025 | 3/7/2025 |
| 11 | 2025-11023-CICI | 615 Wisteria Rd. | Active | 3/31/2025 |
| 12 | 2025-11035-CICI | 216 Morningside Dr. | Active | 4/2/2025 |
| 13 | 2025-11192-CICI | 244-1 Poinciana Ave. | Active | 4/17/2025 |
| 14 | 2025-11589-CICI | 317 N. Hollywood Ave. | Active | 5/12/2025 |
| 15 | 2025-11758-CICI | 1928 Marilyn St. | Active | 5/23/2025 |
| 16 | 2025-12017-CICI | 318 Butler Blvd. | Active | 6/17/2025 |

| No. | Case Number | Property Address | Status | Filed |
|---|---|---|---|---|
| 17 | 2025-12945-CICI | 433 N. Peninsula Dr. | Active | 8/18/2025 |
| 18 | 2024-10486-CICI | 507 Phoenix Ave. | Active | 2/7/2024 |
| 19 | 2024-11372-CICI | 311 N. Hollywood Dr. | Active | 4/2/2024 |
| 20 | 2023-32436-CICI | 319 Hollywood Ave. | **SOLD** 9/26/2025 | 9/5/2023 |
| 21 | 2024-11013-CICI | 509 Harvey Ave. | **SOLD** 10/24/2025 | 3/28/2025 |
| 22 | 2017-31025-CICI | 316 Butler Blvd. | Active | 6/14/2017 |
| 23 | 2018-31186-CICI | 232 N. Peninsula Dr. | **SOLD** | 7/18/2018 |

**JUDGE DENNIS CRAIG — DIVISION 31 — 11 CASES**

| No. | Case Number | Property Address | Status | Filed |
|---|---|---|---|---|
| 1 | 2024-12045-CICI | 101 Carolyn Terrace | Active | 6/18/2024 |
| 2 | 2024-13667-CICI | 320 N. Peninsula Dr. | Active | 11/8/2024 |
| 3 | 2025-10450-CICI | 514 Phoenix Ave. | Active | 2/14/2025 |
| 4 | 2025-11013-CICI | 509 Harvey Ave. | Closed | 3/28/2025 |
| 5 | 2025-11220-CICI | 109 Raymond Ave. | Active | 4/17/2025 |
| 6 | 2025-11590-CICI | 308 N. Peninsula Dr. | Active | 5/12/2025 |
| 7 | 2025-11795-CICI | 2711 N. Halifax Ave. | Active | 5/28/2025 |
| 8 | 2025-12908-CICI | 121 S. Grandview Ave. | Active | 8/20/2025 |
| 9 | 2025-13221-CICI | 115 Ogden Blvd. | Active | 9/10/2025 |
| 10 | 2018-30232-CICI | 817 Big Tree Rd. | **SOLD** 7/13/2022 | 2/8/2018 |
| 11 | 2017-31365-CICI | 100 Carolyn Terrace | Active | 8/9/2017 |

**SUMMARY:**

| Category | Judge Jolley | Judge Craig | TOTAL |
|---|---|---|---|
| Properties Sold | 5 | 2 | **7** |
| Sales Pending | 6 | 1 | **7** |
| Active Cases | 12 | 8 | **20** |
| **TOTAL CASES** | **23** | **11** | **34** |

**Estimated Value of Properties Sold:** $3,200,000 **Estimated Value of Properties with Pending Sales:** $2,805,000 **TOTAL PROPERTY VALUE AT ISSUE:** $6,005,000+

## E. Document 139: The Smoking Gun Evidence

The most compelling evidence of willful discharge violation comes from the **817 Big Tree Road foreclosure** (Volusia County Case No. 2018-30232-CICI).

**THE CHRONOLOGY:**

1. **February 8, 2018:** AVAIL 2 LLC, through attorney Andrew Fulton IV (Bar #833487) of Kelley & Fulton, P.L., filed a foreclosure complaint for 817 Big Tree Road, South Daytona, FL 32119.
2. **[Date]:** Attorney Craig Kelley of Kelley Kronenberg filed a **Motion for Relief from Stay** in the federal bankruptcy court, Case No. 3:13-bk-00165-JAF, seeking permission to proceed with the foreclosure.
3. **[Date]:** Judge Jerry A. Funk **EXPLICITLY DENIED** the motion for relief from stay.
4. **Despite the explicit denial**, attorney Kelley proceeded with the state court foreclosure.
5. **July 13, 2022:** The property was sold at foreclosure sale.
6. **September 18, 2025:** Document 139 was filed in Case 3:13-bk-00165-JAF, containing:
   - The motion for relief from stay
   - The order DENYING relief from stay
   - The subsequent state court foreclosure proceedings
   - The certificate of title showing sale

**THIS IS NOT A CASE OF IGNORANCE.** The attorney:

- **KNEW** that bankruptcy court approval was required
- **SOUGHT** that approval from Judge Funk
- **WAS DENIED**
- **PROCEEDED ANYWAY**

Under *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019), the Supreme Court held that civil contempt for violating a discharge injunction is appropriate when there is "no fair ground of doubt" about the violation.

**Here, there is no doubt.** The attorney had actual knowledge that relief was denied and proceeded anyway. This demonstrates the willfulness that pervades the entire pattern of violations in this case.

**ADDITIONAL EVIDENCE FROM 817 BIG TREE ROAD:**

- **Amount Extracted:** $148,666.63 was extracted through the void judgment
- **Relief Order Manipulation:** An expired relief order from dismissed case 3:17-bk-03911-JAF was improperly applied to the 2018 proceedings
- **Mortgage Company:** Planet Home Lending
- **Judge:** Division 32 – Mary G. Jolley (case information); originally under Judge Michael S. Orfinger (shown on documents)

## F. Properties Sold in Violation of Federal Law

Seven (7) properties have been sold through foreclosure proceedings conducted in violation of the federal discharge injunctions:

| Property | Case No. | Judge | Sale Date | Sale Amount | Market Value |
|---|---|---|---|---|---|
| 232 N. Peninsula Dr. | 2023-32827-CICI | Craig | 9/9/2025 | $112,600 | $375,000 |
| 319 Hollywood Ave. | 2023-32436-CICI | Craig | 9/26/2025 | [Amount] | $285,000 |
| 509 Harvey Ave. | 2025-11013-CICI | Craig | 10/24/2025 | [Amount] | $265,000 |
| 25 S. Peninsula Dr. | 2025-10715-CICI | Jolley | 11/12/2025 | $39,100 | $425,000 |
| 311 N. Hollywood Dr. | 2024-11372-CICI | Jolley | [Date] | [Amount] | $525,000 |
| 231 N. Hollywood Ave. | 2024-10867-CICI | Jolley | [Date] | [Amount] | $310,000 |
| 817 Big Tree Road | 2018-30232-CICI | Jolley | 7/13/2022 | $148,666 | $450,000 |

**TOTAL MARKET VALUE LOST: Approximately $2,635,000**

**CRITICAL FACTS ABOUT EACH SALE:**

**232 N. Peninsula Drive (Sold September 9, 2025):**

- Case No.: 2023-32827-CICI
- Recycled from Case No. 2010-33346-CICI (dismissed in 2011)
- Judge shown in docket: Division 31 - Terence R. Perkins
- Judge currently assigned: Division 31 - Dennis Craig
- Buyer: Rivera Investors LLC
- Certificate of Title Issued: September 9, 2025
- Certificate of Disbursement: September 15, 2025 — $103,876.19 disbursed
- Quiet Title Action: Case No. 2025-13771-CICI filed October 16, 2025
- **Violations:**
  - Filed and sold after March 27, 2017 federal discharge order
  - No relief from stay ever granted
  - Hearing irregularities (August 29, 2025 Zoom hearing; Petitioner disconnected)
  - Evidence destruction — clerks claimed no recording existed

**817 Big Tree Road (Sold July 13, 2022):**

- Case No.: 2018-30232-CICI
- **Attorney sought relief from stay — DENIED by Judge Funk — proceeded anyway**
- Amount extracted: $148,666.63
- Demonstrates willful violation under *Taggart v. Lorenzen*

**25 S. Peninsula Drive (Sold November 12, 2025):**

- Case No.: 2025-10715-CICI
- Recycled from Cases: 2023-32771-CICI; 2018-31334-CICI; 2012-32837-CICI; 2007-33089-CICI
- Four times recycled over 18 years
- Sold for $39,100 — property worth $425,000
- Buyer: Bank of New York Mellon Trust Company (credit bid)

## G. Properties Facing Imminent Sale

Seven (7) additional properties face imminent foreclosure sale:

| Property Address | Estimated Value | Presiding Judge | Case No. |
|---|---|---|---|
| 2711 N. Halifax Ave. | $550,000 | Craig | 2025-11795-CICI |
| 320 N. Peninsula Dr. | $475,000 | Craig | 2024-13667-CICI |
| 236 N. Peninsula Dr. | $385,000 | Jolley | 2024-12534-CICI |
| 101 Carolyn Terrace | $325,000 | Craig | 2024-12045-CICI |
| 508 Eastwood Ln. | $295,000 | Jolley | 2024-11074-CICI |
| 229 N. Hollywood Ave. | $310,000 | Jolley | 2024-11085-CICI |
| 330 N. Peninsula Dr. | $465,000 | Jolley | 2024-13906-CICI |

**TOTAL VALUE AT RISK: $2,805,000**

## H. December 8, 2025 Attack on Petitioner's Home

On **December 8, 2025**, a new foreclosure was filed against **428 North Peninsula Drive, Daytona Beach, FL 32118** — Petitioner's **personal residence and business office**.

This filing represents the most direct attack yet on Petitioner. This is not merely investment property — it is where Petitioner lives and operates his business.

**Historical Case Information for 428 N. Peninsula Drive:**

The property at 428 N. Peninsula Drive has been the subject of multiple recycled foreclosure cases:

| Case Number | Original Filed | Reopened | Judge |
|---|---|---|---|
| 2007-33156-CICI | 12/13/2007 | 8/1/2017 | Parsons → Jolley |
| 2012-31268-CICI | 5/7/2012 | 2/15/2016 | Graham → Craig |

The mortgage servicer is **Specialized Loan Servicing** (purchased by NewRez/Shellpoint in 2025).

This filing, while Petitioner is actively seeking relief from this Court, demonstrates the ongoing and escalating nature of the violations.

## I. Exhaustion of All Remedies

Over eight years, Petitioners have attempted to obtain relief through every available channel:

**1. Federal Bankruptcy Court:**

- All motions to reopen cases to enforce discharge injunctions have been **DENIED**
- 100% denial rate over eight years
- No stated legal basis for denials

## 2. Federal District Court:

- Case No. 6:25-cv-01416-WWB-DCI
- Dismissed as a "shotgun pleading" without leave to amend
- Emergency Motion for Temporary Restraining Order **DENIED** August 4, 2025
- Report and Recommendation issued September 8, 2025 recommending dismissal

## 3. Judicial Misconduct Complaints:

- Seven complaints (Nos. 11-25-90236 through 11-25-90243)
- All dismissed by Chief Judge Pryor on November 25, 2025
- Dismissed as challenging "merits" of decisions

## 4. Attorney Representation:

- **3,473+ attorneys contacted**
- Zero willing to accept representation
- Includes entire Jacksonville bankruptcy bar
- All Jacksonville legal aid denied due to corporate structure technicality

## 5. Federal Agencies:

- **Eleven (11) agencies contacted**
- U.S. Trustee, Orlando Division — No response
- U.S. Attorney, Middle District of Florida — No response
- FBI — No response
- Department of Justice — No response
- Consumer Financial Protection Bureau — No response
- [Additional agencies] — No responses

## 6. Chief Judge Jacob A. Brown:

- Emergency request for assistance sent
- Response from Deputy-in-Charge Seth Bowe on October 2, 2025
- Warned against "ex parte" contact under Federal Bankruptcy Rule 9003
- No substantive assistance provided

## 7. Bankruptcy Court Orders:

- June 17, 2025: Order requiring GEA Seaside to obtain attorney, holding Emergency Motion in abeyance

- February 20, 2025: Application for Pro Bono Counsel **STRICKEN** because case was closed

**This Court is Petitioners' only remaining avenue for relief.**

---

# ARGUMENT

## I. Standard for Writs of Prohibition and Mandamus

A writ of prohibition is an extraordinary remedy that lies to prevent a lower court from acting without jurisdiction or in excess of its jurisdiction. *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977).

The writ is appropriate when two elements are satisfied:

**First Element:** The lower court is proceeding without jurisdiction or in excess of its jurisdiction.

**Second Element:** The petitioner has no adequate remedy at law.

*Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 853 (Fla. 1992).

When federal law divests a state court of subject matter jurisdiction—as occurs under federal bankruptcy law—prohibition lies to arrest the unauthorized exercise of judicial power. *State ex rel. Dep't of Gen. Servs. v. Willis*, 344 So. 2d 580, 589 (Fla. 1st DCA 1977).

**Both elements are satisfied here:**

**FIRST ELEMENT — LACK OF JURISDICTION:**

The Seventh Judicial Circuit is proceeding without jurisdiction because federal bankruptcy law has permanently divested it of power over Petitioners' protected properties. The discharge orders entered March 27, 2017, operate as permanent injunctions under 11 U.S.C. § 524(a)(2). No creditor ever obtained relief from these injunctions. Therefore, any state court action to collect on discharged debts is void for lack of jurisdiction.

**SECOND ELEMENT — NO ADEQUATE REMEDY:**

Petitioners have exhausted every conceivable alternative remedy:

- **Appeals:** Cannot prosecute 34 separate appeals pro se
- **Federal Court:** All motions denied; civil action dismissed
- **Attorneys:** 3,473 attorneys contacted; none will represent
- **Federal Agencies:** 11 agencies contacted; zero responses
- **Judicial Complaints:** All dismissed

No ordinary appellate review can address violations of this magnitude involving 146 cases, 46 recycled proceedings, 8 judges, 104 attorneys, and 18 years of systematic violations.

## II. Federal Bankruptcy Law Divests State Courts of Jurisdiction

The Supremacy Clause of the United States Constitution, Article VI, Clause 2, provides that federal law "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby."

Under federal bankruptcy law, a bankruptcy discharge:

"operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."

11 U.S.C. § 524(a)(2).

The United States Supreme Court made the jurisdictional consequences clear in **Kalb v. Feuerstein**, 308 U.S. 433 (1940):

"[T]he action of the state court in this case in proceeding contrariwise, without the consent of the bankruptcy court, was not merely erroneous but was **beyond its power, VOID, and subject to collateral attack.**"

*Id.* at 440 (emphasis added).

The Eleventh Circuit has consistently applied this principle:

**Borg-Warner Acceptance Corp. v. Hall**, 685 F.2d 1306, 1308 (11th Cir. 1982): The court held that actions taken in violation of the automatic stay are void.

**In re Albany Partners, Ltd.**, 749 F.2d 670, 675 (11th Cir. 1984): The court stated that "acts taken in violation of the automatic stay are generally deemed void and without effect."

**Application to This Case:**

The discharge orders entered March 27, 2017, created permanent injunctions against all collection activity on Petitioners' discharged debts. Every foreclosure proceeding and every sale conducted after that date was void from inception because:

1. The discharge injunction prohibited such proceedings
2. No creditor ever obtained relief from the bankruptcy court
3. The state courts proceeded "contrariwise, without the consent of the bankruptcy court"

Under *Kalb*, these proceedings are not merely erroneous—they are void and subject to collateral attack. The Seventh Judicial Circuit has been and continues to act beyond its jurisdiction.

## III. No Creditor Ever Obtained Relief from the Discharge Injunction

The critical fact distinguishing this case is that **NO CREDITOR** in any of Petitioners' bankruptcy cases ever obtained relief from the automatic stay or the discharge injunction from the federal bankruptcy court.

The state court foreclosures proceeded **entirely without federal court authorization**.

Under **Taggart v. Lorenzen**, 139 S. Ct. 1795 (2019), the Supreme Court held that civil contempt for violating a discharge injunction is appropriate when there is "no fair ground of doubt" about the violation. *Id.* at 1801.

**Here, there is no fair ground of doubt:**

1. **The discharge orders are clear and unambiguous** — They contain the standard statutory language prohibiting collection activity.
2. **The circuit court received actual notice** — Suggestions of Bankruptcy were filed in all 34 active foreclosure cases identifying the federal bankruptcy case numbers, stating the dates of the discharge orders, citing the federal statutory injunction, and requesting that foreclosure proceedings be stayed.
3. **No creditor sought or obtained relief from the discharge** — The bankruptcy court docket contains no order granting relief from the discharge injunction to any of the foreclosing creditors.
4. **In the one case where relief was sought, it was explicitly denied** — Attorney Craig Kelley sought relief from stay for 817 Big Tree Road, Judge Funk denied the motion, and Kelley proceeded anyway.

The 817 Big Tree Road case proves the rule: At least some creditors **knew** they needed bankruptcy court approval. They sought it. They were denied. They proceeded anyway. This demonstrates willful violation.

## IV. All State Court Proceedings Are Void Ab Initio

Under *Kalb* and its progeny, state court proceedings conducted in violation of federal bankruptcy protections are **void ab initio**—void from the beginning. This means:

1. **The foreclosure complaints are void** — They should never have been filed
2. **The foreclosure judgments are void** — They have no legal effect
3. **The property sales are void** — They transferred no valid title
4. **The certificates of title are void** — They are legal nullities
5. **Any eviction orders are void** — They cannot be enforced

As the Eleventh Circuit stated in *In re Albany Partners, Ltd.*, 749 F.2d at 675:

"acts taken in violation of the automatic stay are generally deemed void and without effect."

**The Void Ab Initio Doctrine Applies Because:**

1. Federal law withdrew state court jurisdiction over collection of discharged debts
2. The state courts had actual notice of this jurisdictional limitation
3. The state courts proceeded anyway
4. Their actions were therefore beyond their power

This is not a case of technical error subject to harmless error analysis. When a court acts beyond its jurisdiction, its actions are void regardless of the merits and regardless of the outcome that might otherwise result.

## V. The Pattern of Case Recycling Demonstrates Systematic Manipulation

The forty-six (46) recycled cases demonstrate a systematic pattern of manipulation that goes beyond simple procedural error. This pattern includes:

**1. Strategic Reopening:** Cases dismissed 6-17 years ago are reopened under their original case numbers, creating the appearance of continuous litigation while actually initiating new collection attempts on discharged debts.

**2. Judge Reassignment:** When cases are reopened, they are assigned to different judges than the original presiding judge:

- Cases originally under Judge Parsons → Now under Judge Jolley
- Cases originally under Judge Perkins → Now under Judge Craig or Jolley
- Cases originally under Judge Orfinger → Now under Judge Jolley
- Cases originally under Judge Graham → Now under Judge Craig

**3. Pattern of Original Judges:**

| Original Judge | Division | Cases Recycled | Cases Now Under |
|---|---|---|---|
| William A. Parsons | 32 | 18+ | Jolley |
| Terence R. Perkins | 32 | 6+ | Craig, Jolley |
| Michael S. Orfinger | 32 | 9+ | Jolley |
| Richard S. Graham | 31 | 9+ | Craig |
| Christopher A. France | 31 | 2+ | Craig |
| Leah R. Case | 31 | 3+ | Craig |

**4. Bankruptcy Timeline Violations:**

Many of the recycled cases involve actions taken:

- **BEFORE** bankruptcy filing (2007-2012)
- **DURING** active bankruptcy (2013-2018)
- **AFTER** discharge (post-March 27, 2017)

All post-discharge actions are void under federal law, but even pre-discharge actions that were not properly prosecuted during bankruptcy cannot be resurrected years later under the same case numbers.

**5. The Mathematical Impossibility:**

If 46 cases were legitimately dismissed and then legitimately reopened years later:

- Why were they all assigned to only two judges (Jolley and Craig)?
- Why did all the reopenings occur after the discharge orders?
- Why did none of the creditors seek relief from the bankruptcy court?

The answer is that this is not legitimate litigation—it is systematic manipulation designed to circumvent federal bankruptcy protections.

## VI. Violations of Florida Code of Judicial Conduct

The conduct of the circuit court judges violates multiple provisions of the Florida Code of Judicial Conduct:

**CANON 1 — A JUDGE SHALL UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY**

Judges Jolley and Craig have undermined the integrity of the judiciary by:

- Proceeding with foreclosure cases despite actual notice of federal discharge orders
- Allowing void judgments to be entered
- Authorizing sales of protected property
- Participating in the recycling of dismissed cases

The integrity of the judiciary requires that judges recognize and honor federal law. When state court judges systematically ignore federal injunctions, they undermine public confidence in the judicial system.

**CANON 2A — A JUDGE SHALL RESPECT AND COMPLY WITH THE LAW AND SHALL ACT AT ALL TIMES IN A MANNER THAT PROMOTES PUBLIC CONFIDENCE IN THE INTEGRITY AND IMPARTIALITY OF THE JUDICIARY**

The Supremacy Clause requires state court judges to honor federal law. The judges' conduct violates this requirement by:

- Treating federal discharge orders as optional rather than binding
- Proceeding with collection activity prohibited by federal statute
- Entering judgments that federal law declares void

**CANON 3B(2) — A JUDGE SHALL BE FAITHFUL TO THE LAW AND MAINTAIN PROFESSIONAL COMPETENCE IN IT**

Faithfulness to the law requires recognizing that:

- Federal bankruptcy discharge orders are permanent injunctions
- State courts lack jurisdiction to collect discharged debts
- *Kalb v. Feuerstein* declares such proceedings void

A judge who proceeds with foreclosure despite a Suggestion of Bankruptcy citing the discharge orders is not being faithful to the law.

**CANON 3B(5) — A JUDGE SHALL PERFORM JUDICIAL DUTIES WITHOUT BIAS OR PREJUDICE**

The concentration of 34 foreclosure cases against a single family—with 23 cases under one judge and 11 under another—combined with the 100% adverse ruling rate, raises serious questions about bias.

The recycling pattern—where cases dismissed by other judges are reopened and reassigned to Judges Jolley and Craig—suggests coordination rather than random assignment.

**CANON 3D(1) — A JUDGE WHO RECEIVES INFORMATION INDICATING A SUBSTANTIAL LIKELIHOOD THAT ANOTHER JUDGE HAS COMMITTED A SUBSTANTIAL VIOLATION OF THIS CODE SHALL TAKE APPROPRIATE ACTION**

The judges involved in these cases have failed to take appropriate action despite:

- Actual notice of federal discharge orders
- Awareness that no relief from stay was granted
- Knowledge that other judges are participating in similar violations

**CANON 3E — DISQUALIFICATION**

A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. Here:

- Judge Jolley has presided over 23 cases against the same defendants
- Judge Craig has presided over 11 cases against the same defendants
- Both judges have inherited recycled cases from other judges
- Both judges have ruled adversely in 100% of motions

A reasonable person would question whether judges who have presided over this many cases against the same parties can be impartial.

## VII. Emergency Relief Is Required

Seven properties valued at approximately **$2.8 million** face imminent foreclosure sale. Unless this Court acts promptly, these properties will be irretrievably lost.

**THE URGENCY IS DEMONSTRATED BY:**

1. **Ongoing Property Losses:** Seven properties worth $3.2 million have already been sold in 2022-2025.
2. **Accelerating Activity:** New foreclosures continue to be filed, including against Petitioner's home on December 8, 2025.
3. **Irreversible Harm:** Once a sale is completed, the property is transferred to a third-party purchaser who may claim bona fide purchaser status. Years of additional litigation may be required to unwind the transaction. The property may be demolished or substantially altered.
4. **Business Destruction:** Petitioners' twenty-five-year rental property business depends on these properties. The loss of seven more properties will complete the destruction of their business.
5. **No Adequate Remedy After Sale:** Even if this Court ultimately rules in Petitioners' favor, the harm from completed sales cannot be fully remedied. Monetary damages cannot restore:
   o The properties themselves
   o Years of lost rental income
   o Business relationships with tenants
   o Petitioners' life's work

**THE BALANCE OF EQUITIES FAVORS PETITIONERS:**

- **Harm to Petitioners if no stay:** Loss of $2.8 million in property; destruction of 25-year business; irreversible harm
- **Harm to creditors if stay granted:** Brief delay in sale proceedings; no loss of legal rights; creditors have waited years already

The potential harm to Petitioners vastly outweighs any inconvenience to creditors from a brief delay.

---

# RESERVATION OF RIGHTS

Petitioners expressly reserve the following rights:

**1. Right to Amend:** As pro se litigants, Petitioners reserve the right to amend this Petition to correct any procedural deficiencies, add additional evidence, or clarify arguments.

**2. Right to Supplement Evidence:** Petitioners reserve the right to supplement the evidence presented in this Petition as additional documentation becomes available, including from pending public records requests and discovery in related proceedings.

**3. Right to Request Referral to Florida Judicial Qualifications Commission:** Petitioners reserve the right to request that this Court refer the conduct of the circuit court judges to the Florida Judicial Qualifications Commission for investigation of potential judicial misconduct.

**4. Right to Request Referral to The Florida Bar:** Petitioners reserve the right to request that this Court refer the conduct of the attorneys participating in these void proceedings to The Florida Bar for investigation of potential ethical violations.

**5. Right to Pursue Separate Civil Action for Damages:** Petitioners acknowledge that monetary damages are not available through a writ of prohibition. Petitioners reserve the right to pursue separate civil actions for:

- Violations of the Fair Debt Collection Practices Act (FDCPA)
- RICO violations
- Florida bad faith penalties
- Intentional interference with business relations
- Conversion
- Civil conspiracy
- Other applicable claims

The damages in such actions may include treble damages under RICO and FDCPA, and may exceed **$950 million** based on calculations of actual damages, statutory penalties, and multipliers.

**6. Right to Request Agency Referrals:** Petitioners reserve the right to request that this Court refer matters to:

- U.S. Department of Justice
- U.S. Trustee Program
- Consumer Financial Protection Bureau
- Florida Attorney General
- Other appropriate agencies

---

# CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Petitioners Jack Aberman and GEA Seaside Investment Inc. respectfully request that this Court:

**1. ISSUE A WRIT OF PROHIBITION** directed to the Seventh Judicial Circuit of Florida, prohibiting it from conducting any further proceedings in the thirty-four (34) active foreclosure cases identified in this Petition;

**2. ISSUE A WRIT OF MANDAMUS** compelling the Seventh Judicial Circuit to recognize and honor the federal bankruptcy discharge orders entered March 27, 2017, in Cases 3:13-bk-00165-JAF and 3:13-bk-00167-JAF;

**3. STAY ALL PENDING FORECLOSURE SALES** immediately pending resolution of this Petition;

**4. DECLARE VOID AB INITIO** all judgments and sales entered in the thirty-four foreclosure cases, and in any of the forty-six recycled cases, as having been entered without subject matter jurisdiction under *Kalb v. Feuerstein*, 308 U.S. 433 (1940);

**5. DECLARE** that no foreclosure action may proceed against any property owned by Petitioners without the foreclosing party first obtaining relief from the discharge injunction from the United States Bankruptcy Court;

**6. GRANT SUCH OTHER AND FURTHER RELIEF** as this Court deems just and proper.

---

# SERVICE LIST

Pursuant to Clerk John Tomasino's guidance and Florida Rule of Appellate Procedure 9.100, the following will be served with this Petition via **CERTIFIED MAIL**:

**SEVENTH JUDICIAL CIRCUIT JUDGES:**

The Honorable Mary G. Jolley Circuit Judge, Seventh Judicial Circuit, Division 32 Volusia County Courthouse 101 North Alabama Avenue DeLand, Florida 32724

The Honorable Dennis Craig Circuit Judge, Seventh Judicial Circuit, Division 31 Volusia County Courthouse 101 North Alabama Avenue DeLand, Florida 32724

**FLORIDA ATTORNEY GENERAL:**

The Honorable Ashley Moody Florida Attorney General The Capitol, PL-01 Tallahassee, Florida 32399-1050 (Via Certified Mail AND Email)

---

# VERIFICATION

STATE OF FLORIDA COUNTY OF VOLUSIA

I, Jack Aberman, pursuant to Section 92.525, Florida Statutes, state under penalty of perjury:

1. I am the Petitioner in this action and the President of GEA Seaside Investment Inc. I am competent to testify to the matters stated herein.
2. I have read the foregoing Petition for Writ of Prohibition and Mandamus and know the contents thereof.
3. The facts stated in this Petition are true and correct to the best of my knowledge, information, and belief.
4. I am not an attorney. I am appearing pro se because, despite contacting over 3,473 attorneys, not a single attorney has agreed to represent me or GEA Seaside Investment Inc. in this matter.
5. The documents referenced in this Petition are true and accurate copies of the originals.
6. I understand that a false statement may subject me to penalties for perjury.

Executed this 11 day of December, 2025, in Volusia County, Florida.

---

JACK ABERMAN Petitioner, Pro Se 428 North Peninsula Drive Daytona Beach, Florida 32118
Telephone: (386) 761-1992 Email: flrealestatemgt@gmail.com

*Jack Aberman*

---

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, in compliance with Florida Rule of General Practice and Judicial Administration 2.516 and per the guidance of Clerk John Tomasino, a true and correct copy of the foregoing PETITION FOR WRIT OF PROHIBITION AND MANDAMUS has been furnished to the following via CERTIFIED MAIL on this _____ day of December, 2025:

The Honorable Mary G. Jolley Circuit Judge, Seventh Judicial Circuit, Division 32 Volusia County Courthouse 101 North Alabama Avenue DeLand, Florida 32724

The Honorable Dennis Craig Circuit Judge, Seventh Judicial Circuit, Division 31 Volusia County Courthouse 101 North Alabama Avenue DeLand, Florida 32724

The Honorable Ashley Moody Florida Attorney General The Capitol, PL-01 Tallahassee, Florida 32399-1050

---

JACK ABERMAN Petitioner, Pro Se 428 North Peninsula Drive Daytona Beach, Florida 32118
Telephone: (386) 761-1992 Email: flrealestatemgt@gmail.com

*Jack Aberman*