# Exhibit I

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 12, 2026

Clerk - Middle District of Florida
U.S. District Court
401 W CENTRAL BLVD
ORLANDO, FL 32801

Appeal Number:  25-14406-B
Case Style:  In re: Jack Aberman
District Court Docket No:  6:25-cv-01416-AGM-DCI

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
General Information:   404-335-6100     Attorney Admissions:        404-335-6122
Case Administration:  404-335-6135     Capital Cases:              404-335-6200
CM/ECF Help Desk:     404-335-6125     Cases Set for Oral Argument: 404-335-6141

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14406
_____

In re: JACK ABERMAN,

*Petitioner.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida
D.C. Docket No. 6:25-cv-01416-AGM-DCI
_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

BY THE COURT:

Jack Aberman, proceeding pro se, petitions this Court for a writ of mandamus/prohibition arising out of proceedings in the U.S. Bankruptcy Court for the Middle District of Florida, Jacksonville Division, and U.S. District Court for the Middle District of Florida, Orlando Division. In his mandamus/prohibition petition,

2                          Order of the Court                        25-14406

Aberman argues that a Florida state court has ignored discharge injunctions entered by the U.S. Bankruptcy Court for the Middle District of Florida and improperly allowed his properties to be foreclosed.

As relief, Aberman requests that this Court compel the bankruptcy court to reopen his bankruptcy cases and enforce the discharge injunctions. He further requests that this Court order the transfer of his bankruptcy cases to the Orlando Division of the U.S. Bankruptcy Court for the Middle District of Florida. He additionally requests that this Court order the recusal of judges presiding over his cases. Finally, he also asks this Court to stay state-court foreclosure proceedings against him, void foreclosures of his properties, award him damages, and take action to punish the parties who have participated in the foreclosure proceedings.

Aberman has also filed two "emergency" motions and one "emergency" petition in this Court, in which he reiterates his argument that the foreclosure of his properties violates the bankruptcy court's discharge injunctions and reasserts the same requests for relief included in his initial petition.

Writs of prohibition and mandamus, both authorized under 28 U.S.C. § 1651, are "two sides of the same coin with interchangeable standards." *United States v. Pleau*, 680 F.3d 1, 4 (1st Cir. 2012) (en banc) (persuasive authority). They are used to compel a lower court to exercise its authority when duty demands it, or to confine a lower court to "a lawful exercise of its prescribed jurisdiction." *United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017)

25-14406                Order of the Court                3

(quotation marks omitted).  These writs are available only in dras-
tic situations, when no other adequate means are available to rem-
edy a clear usurpation of power or abuse of discretion.  *Id.* at 1259;
*Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir.
1997) (quotation marks omitted).  The petitioner has the burden of
showing that he has no other avenue of relief, and that his right to
relief is clear and indisputable.  *See Mallard v. U.S. Dist. Court*, 490
U.S. 296, 309 (1989); *see also In re Wainwright*, 678 F.2d 951, 953
(11th Cir. 1982) (applying the same standard to writs of prohibi-
tion).  These writs may not be used as a substitute for appeal or to
control decisions of the district court in discretionary matters.  *Jack-
son*, 130 F.3d at 1004; *Wainwright*, 678 F.2d at 953.  When an alter-
native remedy exists, even if it is unlikely to provide relief, manda-
mus relief is not proper.  *Lifestar Ambulance Serv., Inc. v. United
States*, 365 F.3d 1293, 1298 (11th Cir. 2004).

Under 28 U.S.C. § 455, a judge must "disqualify himself in
any proceeding in which his impartiality might reasonably be ques-
tioned" or in any circumstances "[w]here he has a personal bias or
prejudice concerning a party, or personal knowledge of disputed
evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a),
(b)(1).  Similarly, under § 144, a judge must recuse himself if a party
to the proceeding makes a timely and sufficient showing by affida-
vit that the judge "has a personal bias or prejudice" against him.
*Id.* § 144.  Disqualification is only required when the alleged bias is
personal in nature, that is, stemming from an extra-judicial
source.  *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994).  Ju-
dicial rulings alone almost never constitute a valid basis for a bias

4                    Order of the Court                    25-14406

or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. This Court has held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation omitted).

A district court's pre-judgment ruling on recusal or disqualification is reviewable upon appeal after issuance of a final judgment. *Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960–62 (5th Cir. 1980). Accordingly, such a ruling is not reviewable on appeal until the litigation is final, though a writ of mandamus may issue to correct such a decision in "exceptional circumstances amounting to a judicial usurpation of power." *Id*. at 960-62 & n.4 (quotation marks omitted); *see id*. at 961-62 (declining to grant mandamus relief relating to a district court judge's refusal to recuse himself where full review of the issue was available on appeal); *see also Moody*, 755 F.3d at 897 (explaining that review of district court judge's refusal to recuse under mandamus authority was "even more stringent" than the ordinary abuse-of-discretion standard applicable to review on appeal of recusal issue, because the drastic remedy of mandamus was available only in exceptional circumstances). Where a judge's duty to recuse himself either is debatable or non-existent, a writ of

25-14406               Order of the Court                    5

mandamus will not issue to compel recusal. *Corrugated Container*, 614 F.2d at 962.

"A bankruptcy judge's disqualification is governed by 28 U.S.C. §455." Fed. R. Bankr. P. 5004(a).

A bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350. The district court has jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1).

Here, as an initial matter, Aberman's pro se emergency motions and petition are construed as supplemental filings to his mandamus/prohibition petition.

Aberman is not entitled to mandamus or prohibition relief. As to Aberman's request that we compel the bankruptcy court to reopen his cases and enforce discharge injunctions, he had, and exercised, the adequate alternative remedy of moving the bankruptcy court to reopen his cases. He also had the adequate alternative remedy of appealing the bankruptcy court's denials of his motions to reopen.

As to his request that we order the transfer of his bankruptcy cases to the Orlando Division of the U.S. Bankruptcy Court for the Middle District of Florida, he had the adequate alternative remedy of moving the bankruptcy court to transfer his cases.

In addition, Aberman is not entitled to recusal through mandamus/prohibition, as he has not shown that any of the judges

6                          Order of the Court                          25-14406

listed in his supplemented petition have a non-debatable duty to recuse themselves such that mandamus or prohibition is an appropriate remedy.

Aberman's remaining requests are not cognizable because a writ of mandamus or prohibition may not be issued to direct or confine the actions of a state court, private individual, or this Court itself.

Accordingly, Aberman's supplemented petition is hereby **DENIED**.