**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

|  |  |
|---|---|
| In re:<br><br>**Jack Aberman,**<br>          Plaintiff.<br><br>**Robertson, Anschutz, Schneid,<br>Crane & Partners, PLLC,**<br>          Respondent. | Miscellaneous Proceeding No.: 26-03002-amc<br><br>Related to Doc. Nos. **1, 2** |

<u>**RESPONSE TO DEBTOR'S MISCELLANEOUS PROCEEDING FILED BY IN THE
MATTER OF THE REGISTRATION OF DISCHARGE ORDERS AND VERIFIED
ADVERSARY COMPLAINT TO ENFORCE DISCHARGE INJUNCTION AND FOR
DAMAGES**</u>

COMES NOW, Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("Respondent") and files its Response to Debtor's Miscellaneous Proceeding Filed by In the Matter of the Registration of Discharge Orders and Verified Adversary Complaint to Enforce Discharge Injunction and For Damages (Related to Doc. Nos. 1, 2) filed by Jack Aberman ("Aberman"). For the reasons stated below, Respondent requests that the relief sought by Aberman in this pleading be denied in its entirety, for lack of jurisdiction and failure to state a claim upon which any relief can be granted by this Court, or alternatively, to dismiss Respondent as a "defendant" in the matter, and states as follows:

1.  This Response is filed to expressly dispute that any jurisdiction of this Court is properly invoked, and expressly without conceding that the pleadings filed pro se by Jack Aberman on either his own behalf or purportedly on behalf of corporate entity GEA Seaside Investment, Inc. (without counsel) are properly filed in the Eastern District of Pennsylvania Bankruptcy Court.

2. The gravamen of the allegations asserted by Aberman is that by engaging in various foreclosure proceedings in Florida state courts involving real property located in Florida and owned by Aberman and/or his affiliated corporate entity GEA Seaside Investment, Inc., Respondent violated the discharge injunctions entered in Middle District Florida Chapter 11 bankruptcy cases 13-00167 (filed by Jack Aberman), and 13-00165 and 18-00800 (filed by GEA Seaside).

3. But as a pro se litigant Aberman fails to recognize the well settled axiom that only the bankruptcy court who issued a bankruptcy discharge has the jurisdictional power to enforce the discharge injunction.  See *In Re McClean*, 794.F.3d 1313 (11th Circ. 2015).  Under that rule this Court lacks any power to enforce the discharges entered by the Middle District Florida bankruptcy court.

4. Aberman also fails to properly otherwise invoke the jurisdiction of this Court.  A bankruptcy court is not a court of general jurisdiction, and its jurisdictional authority to adjudicate matters are limited to those specifically stated in the Bankruptcy Code.  *In Re Thorpe*, 597 B.R. 252, (Eastern Pa. 2019).

5. The statutes Aberman cites to invoke jurisdiction are 28 U.S.C. Sections 157 and 1334. Section 157 states that "the bankruptcy judge… shall constitute a unit of the district court to be known as the bankruptcy court *for that district*. " (emphasis added).   Section 1334 (e) states "The district court *in which a case under title 11 is commenced or is pending* shall have exclusive jurisdiction…" (emphasis added).

6. Not only does the subject matter of an adversary complaint need to be within the scope of the bankruptcy court's jurisdiction, but there must also be an underlying bankruptcy petition for a bankruptcy court to exercise jurisdiction.  Here there is no underlying bankruptcy petition filed in this jurisdiction, and without that this Court cannot exercise any jurisdiction over the allegations in the adversary.  See *In Re Scarborough*, 2009 WL 2916971 (Eastern Pa. 2009).

7. In other words, the sole courts with any jurisdictional authority over anything asserted by Aberman is the Middle District Florida federal district court, Middle District Florida bankruptcy court, and the state courts of Florida.  There is good reason why Aberman has

filed this deficient pleading in this Court rather than the other courts that arguably have actual jurisdiction – he has already done so on multiple occasions, and *he has lost each and every time*.  The history of Aberman's failed efforts to prevail on his meritless claims is documented in the response filed on behalf of Select Portfolio Servicing, Inc. at docket entry 21, and the Objection filed on behalf of Nationstar Mortgage filed on docket entry 22.  Counsel for Respondent herein joins in each argument raised in those two responsive pleadings.

8.  As set forth in those pleadings the courts with sole and exclusive actual jurisdiction of the claims asserted by Aberman have repeatedly rejected his claims.  Under the *Rooker-Feldman* doctrine this Court has no jurisdiction to make any finding upsetting those prior findings by the other courts.  Contrary to what Aberman says in docket entry 3, what he is attempting here is the very definition of "forum shopping," which Black's Law Dictionary says "occurs when a party attempts to have his action tried in a particular court or jurisdiction…"  Aberman here has made all of these exact same claims and assertions in Florida, and he has *lost*.

9.  Respondent reserves the right to amend or supplement this Response at any time prior to a scheduled hearing.

**WHEREFORE**, Respondent respectfully requests this Honorable Court to either dismiss this matter entirely, or in the alternative to dismiss Respondent as a named defendant, on the basis that the pleadings as filed do not properly invoke the jurisdiction of this Court

Respectfully submitted,

Dated: May 26, 2026

**Robertson, Anschutz, Schneid,
Crane & Partners, PLLC**
Attorneys for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA   30004
Telephone: (470) 321-7112

By: /s/  Jordan Katz
Jordan Katz, Esquire
PA Bar Number 334053
Email: jkatz@raslg.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>**Jack Aberman,**<br>     Plaintiff.<br><br>**Robertson, Anschutz, Schneid,**<br>**Crane & Partners, PLLC,**<br>     Respondent. | Miscellaneous Proceeding No.: 26-03002-amc<br><br>Related to Doc. Nos. **1, 2** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 26, 2026, I caused to be electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, and also caused a true and correct copy to be

served via First Class Mail, postage prepaid and/or electronic mail to the following parties:

Jack Aberman
428 N. Peninsula Drive
Daytona Beach, FL 32118

GEA Seaside Investment, Inc.
c/o Jack Aberman, Registered Agent and CEO
428 N. Peninsula Drive
Daytona Beach, FL 32118

Office of the United States Trustee
Robert N.C. Nix Sr. Federal Building
900 Market Street
Suite 320
Philadelphia, PA 17107

**Robertson, Anschutz, Schneid,
Crane & Partners, PLLC**
Attorneys for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA   30004
Telephone: (470) 321-7112

By: /s/ Jordan Katz
Jordan Katz, Esquire
PA Bar Number 334053
Email: jkatz@raslg.com