## UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In the Matter of Registration of Discharge Orders<br><br>**JACK ABERMAN,**<br><br>Debtor/Movant. | Miscellaneous Proceeding<br><br>**No. 26-mp-3002 (AMC)**<br><br>Chief Judge Ashely M. Chan<br><br>Related to D.I. 22 |
|---|---|

## MOVANT JACK ABERMAN'S OPPOSITION TO NATIONSTAR MORTGAGE LLC'S

## INITIAL OMNIBUS RESPONSE [D.I. 22] AND MEMORANDUM OF LAW

## IN SUPPORT OF D.I. 2, 3, 4, AND 5

Movant Jack Aberman, appearing pro se in his individual capacity as the named obligor on the mortgages, notes, and personal obligations underlying this matter, respectfully submits this Opposition to the Initial Omnibus Response (D.I. 22) filed by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") on May 20, 2026. The Omnibus should be denied in its entirety. The accompanying Discharge Enforcement Complaint (D.I. 2), Jurisdiction Motion (D.I. 3), Pro Se Motion (D.I. 4), and Remote Appearance Motion (D.I. 5) should be permitted to proceed on their merits.

## PRELIMINARY STATEMENT

1. Nationstar's 342-page Omnibus contains only twenty pages of substantive argument. The remaining 322 pages are exhibits, the principal one of which—Exhibit A—is the brief that Bank of New York Mellon Trust Company, N.A. ("BNY") filed in the parallel District of Delaware action, *Aberman v. Wilmington Trust et al.*, C.A. No. 1:26-cv-00269-JLH, at D.I. 31, on May 19, 2026. Nationstar expressly "adopts" that brief "as if fully set forth herein." D.I. 22 ¶ 4. The same law firm—Saul Ewing LLP—represents BNY in its trustee capacity in the District of Delaware

action (Jazmine B. King, Wilmington, with partner Evan T. Miller) and Nationstar in its servicer capacity here in EDPA (Turner N. Falk, Philadelphia, with the same partner Evan T. Miller). The two filings address identical financial interests in the same mortgage loans: BNY owns the trust corpus; Nationstar services the trust corpus; Saul Ewing defends both. The structural consequence is that the two filings should be read together, and any ruling of this Court resolving the issues here will substantially resolve the parallel issues in Delaware. To the extent Nationstar's adoption brings the BNY brief's arguments before this Court, Movant incorporates by reference his Sur-Reply and Opposition served in the District of Delaware on May 18, 2026, which dismantles those arguments in detail. The Opposition below addresses Nationstar's own twenty pages directly.

**2.** Nationstar's Omnibus is built on three structural defects. **First**, it conflates the temporary automatic stay under 11 U.S.C. § 362 with the permanent discharge injunction under 11 U.S.C. § 524(a)(2). The Final Decree (D.I. 22 Ex. F) lifted only the § 362 stay—it did not, and could not, lift the § 524 discharge injunction, which is a substantive, permanent federal-law prohibition that continues to bar in personam collection of personally-discharged debts. **Second**, Nationstar omits—entirely—the binding Third Circuit void-ab-initio line: *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1992); *In re Ward*, 837 F.2d 124 (3d Cir. 1988); *Constitution Bank v. Tubbs*, 68 F.3d 685 (3d Cir. 1995); *In re Siciliano*, 13 F.3d 748 (3d Cir. 1994); and *In re Myers*, 491 F.3d 120 (3d Cir. 2007). Each is controlling. Each holds that absent annulment of the stay under § 362(d), state-court action taken in violation of the stay is void ab initio under *Kalb v. Feuerstein*, 308 U.S. 433 (1940). **Third**, Nationstar quotes the 2020 Stipulations' cure-notice provisions (D.I. 22 ¶ 13) and treats them as if they conferred an unconditional license to foreclose. They do not. The Stipulations expressly require certified-mail written notice to Movant and a ten-business-day cure-or-response window *before* state-law default remedies and "prospective relief from stay" are triggered. Nationstar never alleges, anywhere in its twenty pages, that it gave that notice.

**3.** The Omnibus is also irreconcilable with the Plan it attaches as Exhibit E. The Fourth Amended Plan of Reorganization confirmed by Order of the U.S. Bankruptcy Court for the Middle District of Florida (Doc. 1282, July 21, 2020) in Case No. 3:18-bk-00800-JAF (the "GEA Plan") contains a single, unambiguous distinction that resolves this matter: **Class 4 (817 Big Tree Road) is the only class in the entire Plan with express in rem relief preservation**. Every other secured class—including Class 9 (358 Nautilus), Class 22 (507 Phoenix), Class 57 (509 Harvey), Class 66

(428 N. Peninsula), and Class 68 (101 Carolyn Terrace)—contains uniform lien-extinguishment-on-completion language: "the lien of [Creditor] shall be null and void and no longer of any further force or effect. The court reserves jurisdiction to enter further orders as may be necessary to establish clear title for Debtor." D.I. 22 Ex. E, GEA Plan, §§ 3.03, 3.06–3.10 and parallel provisions. Nationstar cannot ask this Court to enforce a Plan whose express terms it asks the Court to ignore.

4. What remains is a question this Court can answer under binding authority. The Discharge Enforcement Complaint (D.I. 2) states a plausible claim that (a) foreclosure filings made against secured properties during the active automatic stays of Cases 3:13-bk-00167-JAF and 3:18-bk-00800-JAF are void ab initio under *Kalb* and its Third Circuit progeny; (b) post-discharge foreclosures pursued without the Stipulation-required cure notice exceeded the limited conditional authorization the Stipulations granted; (c) state-court foreclosure judgments entered on the original, pre-Plan note amounts rather than the Plan-modified secured amounts breach the binding effect of 11 U.S.C. § 1141(a); and (d) actions naming Movant personally to enforce a discharged personal liability violate 11 U.S.C. § 524(a)(2) under *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Each theory is documentary, narrow, and tied to authority that is either binding or that Nationstar itself cites or attaches.

5. Nationstar's request for a filing injunction (D.I. 22 § F) is unwarranted. Three filings, in three appropriate federal forums, on distinct aspects of federal preemption and discharge enforcement, do not meet the *Brow v. Farrelly / Hurst v. Shalk* standard of "continuous abuse" by "meritless and repetitive" filings. Good-faith reliance on controlling Supreme Court authority is not bad faith. Pro se litigants are entitled to the protections of *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and *Haines v. Kerner*, 404 U.S. 519 (1972).

## STATEMENT OF FACTS

### A. The Three Confirmed Chapter 11 Plans and the Two Discharge Orders

6. Movant Jack Aberman is the sole owner of GEA Seaside Investments, Inc. ("GEA Seaside"), a Florida corporation. The mortgages, notes, and deeds at issue were given by Movant in his individual capacity, on which he is the named personal obligor. GEA Seaside holds bare legal title by quitclaim. D.I. 22 ¶ 5; Aberman Decl. ¶¶ 1–3.

7. On January 10, 2013, Movant filed a Chapter 11 petition (Case 3:13-bk-00165-JAF), and GEA Seaside filed its own (Case 3:13-bk-00167-JAF), jointly administered before Hon. Jerry A. Funk in the U.S. Bankruptcy Court for the Middle District of Florida (the "Florida BK Court"). A joint plan was confirmed on January 5, 2016 (D.I. 22 Ex. B). Discharges entered March 27, 2017. D.I. 22 ¶¶ 6–9.

8. On March 12, 2018, GEA Seaside filed a second Chapter 11 petition (Case 3:18-bk-00800-JAF). The Fourth Amended Plan was confirmed by Order dated July 21, 2020 (Doc. 1282) (the "GEA Plan," D.I. 22 Ex. E). The Final Decree entered March 27, 2023 (D.I. 22 Ex. F). D.I. 22 ¶¶ 10, 14–15.

9. Across all three confirmed bankruptcy cases, neither Nationstar, nor BNY in any trustee capacity, nor U.S. Bank as trustee, nor any other secured-claim holder relevant to this proceeding ever (a) obtained relief from the automatic stay under 11 U.S.C. § 362(d), (b) obtained annulment of the stay, or (c) filed any adversary proceeding under 11 U.S.C. § 524 to determine the scope of the discharge as applied to Movant or GEA Seaside. Aberman Decl. ¶ 6.

## B. Class 4 Is the Only Class with Preserved In Rem Rights — All Others Extinguish

10. The GEA Plan—Nationstar's own Exhibit E—provides identical lien-treatment language for every secured mortgage class *except* Class 4:

> *"Upon completion of the Class [X] payments (whether over the full Plan term or completed via pre-payment), the lien of [Creditor] shall be null and void and no longer of any further force or effect. The court reserves jurisdiction to enter further orders as may be necessary to establish clear title for Debtor."*

D.I. 22 Ex. E, GEA Plan §§ 3.03, 3.06, 3.07, 3.08, 3.09, 3.10, and parallel provisions throughout.

11. Class 4—817 Big Tree Road, secured to ClearSpring Loan Services—is the sole exception. Its "Additional Plan Terms" state:

> *"In rem relief from stay previously granted to creditor. Debtor maintains all non-bankruptcy rights, including, without limitation the right to defend any foreclosure action and bring counterclaims or affirmative defenses.*

*Debtor shall continue to own the collateral. Creditor may seek to enforce its lien rights, to the extent any exist, as provided in the order granting in rem stay relief."*

D.I. 22 Ex. E, GEA Plan, Class 4 Additional Plan Terms (emphasis on "to the extent any exist" added).

12.   The distinction is dispositive. Plan drafters—including counsel for the secured creditors—knew how to preserve in rem rights when they meant to. They expressly preserved them once, in Class 4 only. For every other class they provided express **extinguishment** of the lien upon payment completion, with the bankruptcy court retaining jurisdiction to "establish clear title for Debtor." Under *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991), in rem rights are extinguished by a confirmed plan unless the plan preserves them.

## C. The 2020 Stipulations Conditioned Default Remedies on Certified-Mail Notice

13.   Nationstar concedes (D.I. 22 ¶ 11) that it services three loans pertinent here: 101 Carolyn Terrace and 509 Harvey Avenue for the BNY Trusts, and 229 N. Hollywood Avenue for the U.S. Bank Trust. Each is treated under the GEA Plan's uniform extinguishment-on-completion language.

14.   Nationstar itself quotes the cure-notice provisions of the 2020 Stipulations:

*"11. In the event that the Creditor alleges a default, it must provide written notice to Debtor and ten (10) business days from the date of delivery of the notice within which to cure the default or otherwise provide a written response detailing the lack of any default. Written notice to Debtor shall be delivered by certified mail to: GEA Seaside Investment, Inc., c/o Jack Aberman, 428 N. Peninsula Ave, Daytona Beach, FL 32118.... 13. Should Debtor fail to respond in writing or fail to cure the default timely, Creditor may proceed with its rights and default remedies under state law and is granted prospective relief from stay...."*

D.I. 22 Ex. C ¶¶ 11, 13; D.I. 22 ¶ 13 (quoting same).

**15.** Nowhere in Nationstar's twenty pages of substantive argument does it allege that the certified-mail notice required by ¶ 11 was sent. Nowhere does it allege that ten business days elapsed without cure. Nowhere does it allege that the contractual condition precedent to "prospective relief from stay" was satisfied. That silence is fatal to its central legal premise. The Stipulation cure-notice provision is a condition precedent—not a procedural nicety—to the very state-law remedies Nationstar defends. Aberman Decl. ¶¶ 11–13 confirms that Movant received no such certified-mail notice for the post-discharge foreclosures at issue.

### D. The 509 Harvey Avenue Documentary Smoking Gun

**16.** 509 Harvey Avenue is the centerpiece of the discharge-enforcement record because every relevant fact is documentary and time-stamped. Volusia County Case No. 2012-31371-CICI (the "509 Harvey foreclosure") was originally filed May 16, 2012—approximately eight months *before* Movant's Chapter 11 filings of January 10, 2013. Aberman Decl. ¶ 14.

**17.** The 509 Harvey foreclosure was then **refiled** under the same case number on **December 3, 2018**—nearly nine months after Case 3:18-bk-00800-JAF was filed on March 12, 2018, and during the active 11 U.S.C. § 362(a) automatic stay of that case. Aberman Decl. ¶ 15. No motion for relief from stay was filed in 3:18-bk-00800-JAF before the December 2018 refiling. No annulment of the stay was sought. The refiling was an act to recover a claim against the debtor's property within the meaning of § 362(a)(1) and (3), and was therefore **void ab initio** under *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1992); *In re Ward*, 837 F.2d 124, 126 (3d Cir. 1988); *Constitution Bank v. Tubbs*, 68 F.3d 685, 691-92 & n.6 (3d Cir. 1995) ("absent annulment of the stay under § 362(d), action violative of the stay is void ab initio"); and *Kalb v. Feuerstein*, 308 U.S. 433, 438-39, 444 (1940).

**18.** On **November 4, 2025**, 509 Harvey was sold by the Volusia County Clerk for **$80,200.00** to "*Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust*"—the precise trustee capacity in which Saul Ewing LLP represents BNY in the parallel District of Delaware action and the precise trustee capacity for which Nationstar services this loan. D.I. 22 ¶ 11. A sale predicated on a foreclosure case whose 2018 refiling was void ab initio under binding Third Circuit authority cannot stand.

### E. The 817 Big Tree Road Documentary Taggart Violation

**19.** An independent and equally documentary fact pattern arises with respect to 817 Big Tree Road, South Daytona, Florida (the property treated as Class 4 in the GEA Plan). **The 817 Big Tree creditor—Avail 2 LLC, successor in interest to Florida Community Bank (originator) and Bayview Loan Servicing (predecessor servicer of record)—is not among the Defendants in the parallel District of Delaware action, is not a Bank of New York Mellon or Wilmington Trust mortgage-backed securities trust, and is not represented by Saul Ewing LLP.** The 817 Big Tree pattern is included here solely as an additional, independent documented violation of *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), establishing the same pattern of post-relief-expiration foreclosure activity by another creditor against Movant's discharged portfolio. The factual record is established entirely from the docket of Case 3:18-bk-00800-JAF and is undisputed:

**20.** (a) **May 3, 2018**—Attorney Craig I. Kelley (Kelley & Fulton, P.L., Florida Bar No. 782203) filed a Motion for Relief from Stay on behalf of Avail 2 LLC with respect to 817 Big Tree Road in Case 3:18-bk-00800-JAF (Doc. 58). Aberman Decl. ¶ 29.

**21.** (b) **May 29, 2018**—At the preliminary hearing on Avail 2's motion, Avail 2 *did not appear*. Judge Funk entered a Pro Memo (Doc. 75) **DENYING** the motion for failure to prosecute, without prejudice. Aberman Decl. ¶ 30.

**22.** (c) **June 25, 2018**—Avail 2 refiled its motion. An Agreed Order Granting Relief from Stay (Doc. 94) was entered. The Agreed Order was drafted by Avail 2's own counsel (Kelley & Fulton). Paragraph 8 of that Agreed Order contains an express **eighteen-month time limitation**, twice repeated within the same paragraph:

> *"In the event of a Default by the Debtor, the Court shall grant Avail in rem relief from the stay for a period of eighteen (18) months from the date of this Order to exercise its rights with respect to the Real Property without further notice or hearing.... Avail shall have the right to record a copy of this Order in the public records of Volusia County, which shall be effective in this bankruptcy or any subsequent bankruptcy filed regarding the Real Property during the aforementioned eighteen (18) month time period."*

Case 3:18-bk-00800-JAF, Doc. 94 ¶ 8 (emphasis added). The 18-month period from June 25, 2018 expired on or about **December 25, 2019**. Aberman Decl. ¶ 31.

23. (d) **July 21, 2020**—The GEA Plan was confirmed (Doc. 1282). Class 4 of the confirmed Plan addressed 817 Big Tree Road and expressly preserved Movant's non-bankruptcy rights, including the right to defend any foreclosure action and bring counterclaims or affirmative defenses, expressly subject to the prior in rem stay relief order (i.e., Doc. 94's 18-month limitation that had then already expired). Aberman Decl. ¶ 32.

24. (e) **May 22, 2022 (approximately 29 months after expiration of all conditional stay relief under Doc. 94)**—a Final Judgment of Foreclosure was entered in Volusia County Circuit Court Case No. 2018-30232-CICI by Attorney Andrew Fulton IV (Florida Bar No. 833487) of Kelley & Fulton—the same law firm whose counsel drafted the 18-month limitation in Doc. 94. Aberman Decl. ¶ 33.

25. (f) **July 13, 2022**—817 Big Tree Road was sold for **$148,666.63** to Avail 2 LLC. Movant subsequently repurchased the property using a high-interest private loan to prevent eviction. No further motion for relief from stay was filed between expiration of Doc. 94's 18-month period and the foreclosure sale. No motion to enforce the Class 4 Plan provisions was filed. No § 524 motion of any kind was ever filed. Aberman Decl. ¶ 34.

26. These facts—taken entirely from the docket of Case 3:18-bk-00800-JAF and the Volusia County Clerk's records—establish a textbook violation of the standard articulated in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019). Counsel sought relief from stay. Counsel was given conditional, time-bound relief drafted by counsel's own pen. Counsel knew the relief was time-bound. Counsel proceeded with foreclosure twenty-nine months after that relief expired. There is no *"fair ground of doubt"* on this record. *Taggart*, 139 S. Ct. at 1801.

## F. The State-Court Forum Was Conflicted; No Prior Court Reached the Merits

27. Nationstar represents (D.I. 22 ¶¶ 16–21) that prior courts have rejected Movant's claims. The representation is incomplete. **No prior court has reached the merits of the discharge enforcement claim:**

28. (a) **Florida state courts:** Movant's Volusia County foreclosures are concentrated in Division 32 (Hon. Mary G. Jolley, 23 cases) and Division 31 (Hon. Dennis Craig, 13 cases). This concentration is itself the product of an unusual reassignment pattern: forty-six Volusia County foreclosure matters involving Movant's properties—originally distributed across eight different

state-court judges (Hon. Richard S. Graham, Hon. Mary G. Jolley, Hon. Leah R. Case, Hon. Michael S. Orfinger, Hon. William A. Parsons, Hon. Terence R. Perkins, Hon. Christopher A. France, and Hon. Dennis P. Craig)—were, after dormancy periods ranging from six to seventeen years, reopened and reassigned exclusively to Division 31 (Craig) and Division 32 (Jolley). Aberman Decl. ¶ 35. Judge Jolley served as Volusia County Attorney from 2010 to 2015, during which Volusia County filed proofs of claim in Movant's bankruptcy cases 3:13-bk-00165-JAF and 3:13-bk-00167-JAF—a Canon 3E(1) mandatory-recusal conflict. Aberman Decl. ¶¶ 17–18. The recusal motion was denied without articulated analysis; a JQC complaint was denied without investigation.

29.  (b) **March 5, 2026 three-minute order pattern**: On that date, Judge Craig entered seven orders in Movant's pending Volusia foreclosure cases, all e-signed between 1:56 PM and 1:59 PM—three at 1:58 PM. Each order contained identical verbatim boilerplate, no citation to authority, and no engagement with federal-preemption or discharge-injunction defenses. Aberman Decl. ¶ 19. The seven cases included Case No. 2025-11220-CICI, in which Bank of New York Mellon Trust Company National Association is the plaintiff—the same entity Nationstar concedes (D.I. 22 ¶ 11) is Trustee for the BNY Trusts. Three minutes is not "actual litigation" for the purposes of *Huck v. Dawson, In re Graham*, or any other res judicata/collateral estoppel analysis.

30.  (c) **Florida Bankruptcy Court denial of motions to reopen**: These were discretionary, single-page denials. Aberman Decl. ¶ 20. A discretionary denial of reopening is not a merits adjudication of the underlying discharge enforcement claim. *In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007).

31.  (d) **Eleventh Circuit denial of mandamus** (Case No. 25-14406, March 12, 2026): The order expressly rested on "adequate alternative remedy"—procedural, not merits. D.I. 22 Ex. I at 5. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (mandamus denial procedural).

32.  (e) **M.D. Fla. district court dismissals**: Each was without prejudice on shotgun-pleading grounds. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) (dismissal without prejudice has no res judicata effect).

33.  (f) Movant has contacted approximately 3,400 attorneys across ten states seeking representation. The result documents exhaustion, not lack of merit. Aberman Decl. ¶ 21.

## G. EDPA Venue Anchors

**34.** Movant's connections to Pennsylvania and Delaware are concrete: (a) PHH Mortgage Services, the servicer for fifteen of the mortgage trusts in Movant's portfolio, is a subsidiary of Onity Group, Inc. (NYSE: ONIT), with established operations in Pennsylvania; (b) Movant maintains a parallel federal action against PHH Mortgage and NewRez LLC in the U.S. District Court for the Eastern District of Pennsylvania, Case No. 2:26-cv-00918-JDW (Hon. Joshua D. Wolson) (the "EDPA District Action"), raising RESPA, FDCPA, and declaratory-judgment claims arising from the same discharge violations at issue here; (c) BNY Mellon Trust Company, N.A., is headquartered at 1100 N. Market Street, Wilmington, Delaware, and is the principal trustee defendant in the parallel District of Delaware action C.A. No. 1:26-cv-00269-JLH; (d) Wilmington Trust, N.A., is similarly Delaware-headquartered; (e) Saul Ewing LLP itself operates from both Philadelphia (Turner N. Falk, signing this Omnibus) and Wilmington (Evan T. Miller, on both filings). The venue Saul Ewing has chosen for *its own defense* of these matters is Pennsylvania and Delaware.

**35.** More fundamentally, registration of a discharge order entered by another federal bankruptcy court for ancillary enforcement purposes falls within this Court's jurisdiction under 28 U.S.C. § 1334(b) and § 157(b)(2)(A), (I), and (O), and within its inherent powers under 11 U.S.C. § 105(a). The federal bankruptcy discharge is a nationwide protection; it is enforceable in any federal bankruptcy forum with personal jurisdiction over the violator.

## ARGUMENT

## I. The Procedural Vehicle Is Proper.

**36.** Nationstar's first argument (D.I. 22 ¶ 23) is that "an adversary proceeding" cannot "lie" in a miscellaneous proceeding. Nationstar cites no authority for that proposition, because none exists. Nationstar in fact concedes in footnote 2 of the Omnibus that the docket text of D.I. 11 itself instructs Movant to "complete service of the Status Hearing Order [Doc. No. 6] and the related motions [Doc. Nos. 2, 3, 4, and 5]"—directing service of the Discharge Enforcement Complaint as a motion. D.I. 22 at 1 n.2. The Court itself has thus already characterized the procedural posture. To the extent the Court at any point determines that an adversary proceeding under Bankruptcy

Rule 7001 would be the more appropriate vehicle, Movant requests leave to convert. Such a determination is not a basis for dismissal.

37. Federal bankruptcy practice routinely accommodates miscellaneous proceedings as the proper procedural vehicle for ancillary enforcement of discharge orders entered by other bankruptcy courts. *See, e.g.,* 1 *Collier on Bankruptcy* ¶ 1.05[2] (16th ed.); 28 U.S.C. § 1334(b) (district courts—and by reference under § 157, the bankruptcy units—have original jurisdiction of all civil proceedings "arising under," "arising in," or "related to" cases under title 11). Discharge enforcement is a core proceeding under § 157(b)(2)(I).

## II. The Discharge Enforcement Complaint States a Plausible Claim.

38. Nationstar's Rule 12(b)(6) / Rule 8 attack (D.I. 22 § B(i), ¶¶ 24-25) fails on two independent grounds. **First,** a pro se complaint must be construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). **Second,** the Complaint's factual allegations, taken as true, plausibly state claims for relief under 11 U.S.C. §§ 524(a)(2), 1141(a), and § 105(a), plus declaratory and contempt claims under *Taggart v. Lorenzen,* 139 S. Ct. 1795 (2019).

39. The Complaint pleads, with specificity, (a) the existence and dates of three confirmed Chapter 11 plans and two discharge orders; (b) the secured properties and their respective Plan-class treatments, all of which (save Class 4) contain extinguishment language; (c) the 2020 Stipulation cure-notice requirements; (d) post-discharge foreclosures filed without the required notice; (e) the 509 Harvey pre-discharge stay-violation refiling on December 3, 2018; (f) the November 4, 2025 sale of 509 Harvey to BNY's First Horizon Alternative trust for $80,200; (g) the personal-capacity defendants in the post-2024 foreclosures; and (h) the exhaustion of state-court remedies. Under *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), that is more than sufficient to state plausible claims.

## III. This Court Has Jurisdiction and Florida Was Not the Sole Available Forum.

40. Nationstar argues (D.I. 22 § B(ii), ¶ 26) that the Florida Bankruptcy Court has exclusive jurisdiction. The discharge order was indeed entered by the Florida Bankruptcy Court— but Nationstar's authorities establish only that the issuing court has authority over its own orders,

not that it has *exclusive* authority. *In re Congoleum Corp.*, 149 F.4th 318, 329 (3d Cir. 2025), holds that a bankruptcy court has jurisdiction to interpret and enforce its own confirmation order—it does not say no other court may do so. Discharge orders, like federal judgments generally, are entitled to nationwide effect, *see* 11 U.S.C. § 524(a) (operating "as an injunction" against acts to collect debt as personal liability—a non-territorial restraint), and may be enforced in any court of proper jurisdiction over the violator.

**41.** Moreover, **Movant has attempted to obtain relief from the Florida Bankruptcy Court and has been procedurally denied.** His motions to reopen Case 3:18-bk-00800-JAF were denied on discretionary, single-page orders. Aberman Decl. ¶ 20. He petitioned the Eleventh Circuit for mandamus in Case No. 25-14406, which was denied on March 12, 2026 on "adequate alternative remedy" grounds, with en banc rehearing denied May 7, 2026. D.I. 22 Ex. I; Aberman Decl. ¶ 22. The Florida Bankruptcy Court is not an open forum in any practical sense. To remit Movant there is to return him to a procedural dead-end. This Court's exercise of § 1334(b) jurisdiction is not a usurpation of the Florida court's authority—it is the only available avenue for federal-law enforcement.

## IV. No Claim or Issue Preclusion Applies — No Prior Court Reached the Merits.

**42.** Nationstar's preclusion arguments (D.I. 22 §§ B(iii), ¶¶ 27-35) fail at the first element. Under *Huck on Behalf of Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 48 (3d Cir. 1997), claim preclusion requires "an existing final judgment on the merits." Issue preclusion under *In re Graham*, 973 F.2d 1089, 1097 (3d Cir. 1992), requires that the issue was "actually litigated" and "determined by a final and valid judgment." Neither requirement is satisfied here.

**43.** (a) The Florida Bankruptcy Court's denial of motions to reopen was discretionary, not a merits ruling on the underlying discharge violation claim. (b) The Eleventh Circuit's mandamus denial expressly rested on the existence of "adequate alternative remedy"—a procedural rationale, not a merits adjudication. *Cheney*, 542 U.S. at 380. (c) The M.D. Fla. district court dismissals were without prejudice on pleading grounds—"without prejudice" dismissals do not carry preclusive effect on the merits. *Semtek*, 531 U.S. at 505-06. (d) The Florida state courts' three-minute boilerplate denials of Movant's federal-preemption defenses cannot constitute "actual litigation" of those defenses. Aberman Decl. ¶ 19. None of these supports preclusion.

**44.** Critically, the Florida state courts could not have made a binding merits determination on the federal-preemption defense even if they had wished to. The discharge injunction is a federal-law restraint whose enforcement is exclusively committed to federal courts; *see* 11 U.S.C. § 524(a); *Kalb*, 308 U.S. at 444. A state-court foreclosure judgment entered without the federal court ever having lifted the stay or determined the scope of the discharge is, on its face, vulnerable to collateral attack as *void*—not merely erroneous.

## V. Rooker-Feldman Does Not Apply.

**45.** Nationstar's Rooker-Feldman argument (D.I. 22 § B(iv), ¶¶ 36-38) misapplies the doctrine after *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), narrowed it dramatically. After *Exxon Mobil*, Rooker-Feldman is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. *In re Knapper*, 407 F.3d 573 (3d Cir. 2005), is not to the contrary—it predates the modern doctrinal frame on void-ab-initio judgments and addresses only ordinary collateral attack on a state foreclosure ruling.

**46.** Most critically, Rooker-Feldman has no application where the federal claim is that the state-court judgment is *void ab initio* for lack of jurisdiction due to federal preemption. The doctrine prevents federal review of state-court *decisions*—it does not preserve from federal scrutiny acts that the state court *had no power to take in the first instance*. When a state-court judgment is entered during an active federal bankruptcy stay without § 362(d) annulment, the state court was "not merely erroneous but was beyond its power, void, and subject to collateral attack." *Maritime Electric*, 959 F.2d at 1206 (quoting *Kalb*). Rooker-Feldman cannot bootstrap a void state-court act into a valid one immune from federal review.

## VI. The Foreclosures Did Violate the Discharge — Properly Framed.

### A. Section 1141(a) Binds Nationstar to Plan-Modified Terms.

**47.** 11 U.S.C. § 1141(a) provides that the "provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, ... and any creditor." The GEA Plan modified the secured claims of every Class except Class 4: it set Plan-modified principal amounts, interest rates, and 360-month payment schedules, generally at 4% (some at 6%) interest, with payments

commencing on dates specified in the Plan. *See* D.I. 22 Ex. E throughout (e.g., Class 66 / 428 N. Peninsula: "4% interest for months 1-360 commencing March 1, 2020"); Class 68 / 101 Carolyn Terrace: "interest for months 1-360 ... per Class 68 Stipulation (Doc. 1237)").

**48.** Under § 1141(a), Nationstar (as servicer) and BNY/U.S. Bank (as trustees) are bound by these modified terms. They cannot foreclose on the **original** pre-Plan note amounts. They cannot pursue remedies inconsistent with the modified interest rates and payment schedules. They cannot enforce default provisions of the original notes when the Plan—superseding those provisions—provides its own modified default procedure.

### B. Cusato and Dewsnup Do Not Save Nationstar — They Protect Properly Enforced Liens.

**49.** Nationstar invokes *Dewsnup v. Timm*, 502 U.S. 410 (1992), and *In re Cusato*, 485 B.R. 824 (Bankr. E.D. Pa. 2013), for the proposition that valid liens "pass through" bankruptcy. D.I. 22 ¶¶ 39–43. The proposition is correct as far as it goes—but it goes nowhere near the question Nationstar needs answered. *Cusato* involved a creditor demanding payment from a Chapter 7 debtor as a condition of satisfying a *valid* lien through normal post-discharge channels. The creditor's conduct was lawful because (a) the lien was valid, (b) it had not been avoided or modified by the bankruptcy, and (c) the creditor was acting consistently with the lien's terms. Neither (b) nor (c) is satisfied here.

**50.** First, Movant's Plan-class liens were *modified* by confirmation under § 1141(a). The lien now exists only to secure the Plan-modified secured amount under the Plan-modified payment schedule. Suing on the original, pre-Plan note amount is not enforcement of "a valid lien"—it is enforcement of a lien that no longer exists in that form. Second, Nationstar's foreclosing parties did not act consistently with the lien's modified terms: they sued for original amounts, did not provide the Plan-required certified-mail cure notice, and (in many cases) named Movant personally as defendant on a personally-discharged debt. Each defect places the conduct outside *Cusato*'s protection.

### C. The 2020 Stipulation Cure-Notice Condition Precedent Was Never Satisfied.

**51.** The 2020 Stipulations are contracts, voluntarily entered between Movant/GEA Seaside on one side and the Trustees (BNY and U.S. Bank, through their servicers) on the other. Nationstar quotes the operative language at D.I. 22 ¶ 13. The Stipulations grant "prospective relief from

stay"—and thus authorization to invoke state-law remedies—*only after* (a) certified-mail written notice to Movant of alleged default, and (b) a ten-business-day cure or written-response window. Aberman Decl. ¶¶ 11-13 establishes that Movant received no certified-mail notice for any of the post-discharge foreclosures at issue.

**52.** A creditor who relies on a contract for authorization to act cannot ignore the contract's conditions precedent. Nationstar's silence in twenty pages on whether ¶ 11 notice was given is dispositive at the pleading stage. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (court accepts well-pleaded facts as true at 12(b)(6) stage).

### D. The Pre-Discharge Stay Violations Are Void Ab Initio Under Kalb.

**53.** Independent of any post-discharge issue, the 509 Harvey foreclosure was refiled in Volusia County on December 3, 2018, during the active automatic stay of Case 3:18-bk-00800-JAF (filed March 12, 2018; confirmed July 21, 2020; final decree March 27, 2023). Aberman Decl. ¶ 15. No relief from stay was obtained. No annulment was sought. Under *Kalb v. Feuerstein*, 308 U.S. 433 (1940), and its binding Third Circuit progeny—*Maritime Electric*, 959 F.2d at 1206; *In re Ward*, 837 F.2d at 126; *Constitution Bank v. Tubbs*, 68 F.3d at 691–92 & n.6; *In re Siciliano*, 13 F.3d 748 (3d Cir. 1994); *In re Myers*, 491 F.3d 120 (3d Cir. 2007)—the refiling is void ab initio. So is everything that flowed from it, including the eventual sale to BNY's First Horizon Alternative trust capacity for $80,200 on November 4, 2025. The 817 Big Tree Road sequence (Statement of Facts ¶¶ 19–26) presents an independent and equally documentary *Taggart v. Lorenzen* violation arising from the same general pattern: counsel sought time-bound conditional relief from stay (drafted in Doc. 94 ¶ 8 by counsel's own pen), knew the relief was time-bound, and proceeded with foreclosure twenty-nine months after that relief expired. *Taggart*, 139 S. Ct. at 1801 ("no fair ground of doubt" standard). This Court has authority under 11 U.S.C. § 105(a) and the inherent power recognized in *Taggart* to address both.

### E. Naming Movant Personally Violates § 524(a)(2).

**54.** 11 U.S.C. § 524(a)(2) operates as a permanent injunction against "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." Under *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991), the Supreme Court drew a sharp line between in rem and in personam consequences of

discharge: "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy"—but only as an in rem right against the property. The in personam right of the creditor against the debtor is extinguished by the discharge as to discharged debts.

55. Movant is the named individual obligor on every relevant note and mortgage. The discharged debts are his personal obligations. When Volusia County foreclosure actions name Movant *personally* as a defendant (as several post-2024 actions have done, *see* Aberman Decl. ¶ 23), they pursue an in personam remedy that § 524(a)(2) forbids. This is a textbook discharge violation regardless of what the lien-pass-through doctrine permits as to in rem enforcement.

## VII. Venue in EDPA Is Proper.

56. Nationstar's venue argument (D.I. 22 § C, ¶¶ 44-47) rests on the assertion that Movant has "no discernible connection to Pennsylvania." That assertion is incorrect on the facts and incomplete in law. EDPA venue is proper under (a) 28 U.S.C. § 1391(b)(1)—defendants reside in or are subject to personal jurisdiction in this district: PHH Mortgage's parent Onity Group has Pennsylvania operations; Saul Ewing itself operates from Philadelphia; (b) 28 U.S.C. § 1409(a)—proceedings related to a title 11 case may be commenced in the district where any defendant resides or has its principal place of business or substantial business operations; (c) the EDPA District Action (Case 2:26-cv-00918-JDW) creates a parallel federal action in this district raising the same discharge-violation theory in RESPA/FDCPA form.

57. On the *Hechinger/Jumara* factors Nationstar cites (D.I. 22 ¶ 46): (1) Movant's chosen forum is EDPA; (2) defendants' forum preference—Saul Ewing chose to litigate in EDPA and Delaware on these matters; (3) where the claim arose—discharge enforcement is properly framed as arising wherever the violation occurs and wherever the federal interest in enforcing the discharge is supported; (4) location of books and records—the trustee records are in Wilmington; (5) parties' convenience—Movant is pro se and elderly, but his choice of forum is entitled to deference; (6) witnesses—the Plan, Stipulations, and procedural record are documentary; (7) enforceability—judgment of this Court is fully enforceable nationwide; (8) practical considerations—the EDPA District Action consolidates related federal claims here. The factors do not favor transfer.

## VIII. Remote Appearance Should Be Permitted.

**58.** Nationstar's objection to remote appearance (D.I. 22 § D, ¶¶ 48–50) is more a complaint about Movant's choice of forum than a substantive procedural argument. As Nationstar concedes, this Court has broad discretion to permit remote appearances. Local Bankruptcy Rule 9013-1 contemplates such practice, and Chief Judge Chan's Judicial Practices and Procedures expressly welcome telephone conferences. Movant respectfully requests the Court permit remote appearance for hearings in this proceeding, in light of the geographic distance, Movant's pro se status, and the documentary nature of the proceedings.

## IX. Pro Se Standing in Individual Capacity Is Proper.

**59.** Nationstar's challenge to Movant's pro se status (D.I. 22 § E, ¶ 51) misapplies the corporate-representation rule. The rule from *Rowland v. California Men's Colony*, 506 U.S. 194 (1993), and the *Aberman v. Volusia Cnty.* case Nationstar cites (2025 WL 2955717), bars a pro se individual from representing *a corporation*. It does not bar Movant—who is the individual obligor on every relevant mortgage, note, and personal obligation—from representing *himself* in his individual capacity. Movant's filings have been, and continue to be, in his individual capacity. He does not purport to represent GEA Seaside as a corporate entity. The Section E objection collapses on Nationstar's own factual recital, which expressly states (D.I. 22 ¶ 5) that Movant is the named individual obligor on the mortgages.

## X. No Basis Exists for a Filing Injunction.

**60.** Nationstar's request for a filing injunction (D.I. 22 § F, ¶¶ 52-53) cannot be granted on this record. The Third Circuit standard from *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993), and reaffirmed in *Hurst v. Shalk*, 734 F. App'x 166, 170 (3d Cir. 2018), requires three conjunctive elements: (1) the litigant has been *continuously abusing* the judicial process by filing *meritless and repetitive* actions; (2) the court provides notice to the litigant; and (3) the injunction is narrowly tailored to fit the particular circumstances. **Every prong fails.**

**61.** Movant's three pending federal actions—*Aberman v. PHH/NewRez* (E.D. Pa. 2:26-cv-00918), *Aberman v. Wilmington Trust et al.* (D. Del. 1:26-cv-00269), and the present discharge-registration proceeding (E.D. Pa. BK 26-mp-3002)—each address distinct aspects of federal preemption and discharge enforcement, are filed in appropriate forums under the venue statutes, and are grounded in binding Supreme Court authority (*Kalb, Johnson, Taggart*). Filings raising

controlling Supreme Court rules are, by definition, not meritless. Filings to obtain merits adjudication where no forum has provided one are not vexatious. Good-faith reliance on binding precedent is not bad faith. *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) (litigation that is "not baseless" enjoys First Amendment protection).

62. Volume comparison underscores the asymmetry. Nationstar filed 342 pages in this Court alone (D.I. 22) and adopted by reference an additional 338 pages of briefing from Delaware. Movant filed a 14-page Verified Complaint, three short ancillary motions, and now this Opposition. The two filings—Nationstar's EDPA Omnibus and BNY's Delaware brief—are signed by associates and a partner of the same law firm representing two roles in the same financial enterprise (Trustee and Servicer of the same mortgage loans), with Nationstar expressly adopting BNY's brief as its own. *Saul Ewing chose to litigate in EDPA and Delaware on these matters*; Movant's federal filings followed the same forum logic. Characterizing those filings as the abuse, while filing nearly 700 pages of repurposed briefing from one law firm representing both sides of the same financial enterprise, inverts reality. The pro se litigant's voice in this docket is the smaller, narrower, and more focused one.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court (i) DENY the Initial Omnibus Response (D.I. 22) in its entirety; (ii) PERMIT the Discharge Enforcement Complaint (D.I. 2), Jurisdiction Motion (D.I. 3), Pro Se Motion (D.I. 4), and Remote Appearance Motion (D.I. 5) to proceed on their merits; (iii) DENY the requested filing injunction; (iv) ENTER such interim protective orders as may be necessary to preserve the status quo pending merits adjudication, including a temporary stay of the scheduled June 17, 2026 foreclosure sale of 236 N. Peninsula Drive (Volusia County Case No. 2024-12534-CICI); and (v) GRANT such other and further relief as this Court deems just and proper.

Movant expressly reserves all rights to seek sanctions, including under 11 U.S.C. § 105(a), 11 U.S.C. § 524(a)(2), the contempt framework of *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), and the Court's inherent authority, in the event that the misrepresentations and omissions documented above are not corrected.

Respectfully submitted,


Dated: May 21, 2026


/s/ Jack Aberman

_Jack Aberman_

Jack Aberman

Pro Se Movant

428 N. Peninsula Drive

Daytona Beach, FL 32118

Telephone: (407) 604-1457

Email: flrealestatemgt@gmail.com

## CERTIFICATE OF SERVICE

I, Jack Aberman, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Opposition to Nationstar Mortgage LLC's Initial Omnibus Response (D.I. 22), together with the accompanying Declaration of Jack Aberman, to be served via (a) U.S. Mail, postage prepaid, on the parties listed below; and (b) electronic mail to the addresses set forth below for those parties who have provided email addresses of record.

Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper:

Turner N. Falk, Esq.

SAUL EWING LLP

1735 Market Street, 34th Floor

Philadelphia, PA 19103

Email: turner.falk@saul.com

Evan T. Miller, Esq.

SAUL EWING LLP

1201 N. Market Street, Suite 2300

Wilmington, DE 19801

Email: evan.miller@saul.com

Counsel for BNY Mellon (in parallel D. Del. action):

Jazmine B. King, Esq.

SAUL EWING LLP

1201 N. Market Street, Suite 2300

Wilmington, DE 19801

Email: jazmine.king@saul.com

Office of the U.S. Trustee, Region 3:

900 Market Street, Suite 320

Philadelphia, PA 19107

Dated: May 21, 2026

/s/ Jack Aberman

Jack Aberman, Pro Se Movant

U.S. PORTAL SERVICE **CERTIFIED MAIL RECEIPTS**

UNITED STATES POSTAL SERVICE

**UPDATED AND COMPLETE-Statement of Purpose**

This document serves as formal confirmation and administrative proof regarding the dispatch of legal and financial correspondence via the United States Postal Service (USPS) Certified Mail. The attached receipts provide verified evidence that the documents were officially deposited into the postal system and directed to the respective agencies and corporations listed below.

1. **Tracking No: 7022 0410 0000 8659 6781 - MISSING GREENCARD RECEIPT**

   - **Recipient:** Brock & Scott, PLLC

   - **Address:** 28 Liberty St, New York, NY 10005

   - **Postage s Fees:** $12.42

   - **Postmark:** April 27, 2026

**STATUS:**

   - 4/28/2026: In Transit from Origin Processing

   - 4/30/2026: 10 AM - In Transit from Origin Processing

   - 5/4/2026: RETURNED TO SENDER FOR INCOMPLETE ADDRESS

**EXPECTED DELIVERY BY:** 5/1/2026

**NOTE:** The company has different addresses across various states. Unable to serve.



Tracking Number:

**70220410000086596781**

⊓ Copy    🏃 Add to Informed Delivery

**Latest Update**

Your item was returned to the sender on May 4, 2026 at 4:09 pm
in NEW YORK, NY 10005 because of an incomplete address.

_____

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

**Alert**
● **Insufficient Address**
NEW YORK, NY 10005
May 4, 2026, 4:09 pm

● **Arrived at USPS Facility**
NEW YORK, NY 10007
May 3, 2026, 11:32 pm

● See All Tracking History

**What Do USPS Tracking Statuses Mean?**

BROCK & SCOTT, PLLC (DOS #5249577) is a *Foreign Professional Service Limited Liability Company* in *New York* registered with the New York State Department of State (NYSDOS). The business entity was initially filed on December 13, 2017. The registered business location is at *28 Liberty St., New York, NY 10005.* The DOS process contact is *C T Corporation System.*

**Business Entity Information**

| | |
|---|---|
| DOS ID | 5249577 |
| Current Entity Name | BROCK & SCOTT, PLLC |
| County | Kings |
| Jurisdiction | North Carolina |
| Entity Type | FOREIGN PROFESSIONAL SERVICE LIMITED LIABILITY COMPANY |
| Initial DOS Filing Date | 2017-12-13 |
| DOS Process Name | C T CORPORATION SYSTEM |
| DOS Process Address | 28 Liberty St New York NY 10005 |

**Entity Name History**

| Filing Date | Entity Name | Filing Number | Type | Status |
|---|---|---|---|---|
| 2017-12-13 | BROCK & SCOTT, PLLC | 171213000034 | Actual | Active |

**Entity Address History**

| Filing Date | Address Type | Address Name | Address | Filing Number |
|---|---|---|---|---|
| 2019-01-28 | Service of Process | C T CORPORATION SYSTEM | 28 Liberty St , New York, NY 10005 | SR-81262 |
| 2017-12-13 | Service of Process | C T CORPORATION SYSTEM | 111 Eighth Avenue, New York, NY 10011 | 171213000034 |

**Party Contact Detail**

No Contact Information Returned

**Party Attorney Detail**

| Name | Type | Bar # | SPN |
|------|------|-------|-----|
| ⊟ ROBERT RODELY | PRIMARY ATTORNEY | 1059253 | 994687 |

**Attorney Contact Detail**

| Type | Details |
|------|---------|
| Mailing Address | BROCK & SCOTT PLLC<br>3625 FORRESTGATE DRIVE<br>WINSTON SALEM North Carolina 27103 |

Previous On List    Next On List    Return to List          Brock & Scott

Search

No Events    No Name History

## Detail by Entity Name

Foreign Limited Liability Company
BROCK & SCOTT, PLLC

### Filing Information

Document Number          M11000002513
FEI/EIN Number           56-2107459
Date Filed               05/17/2011
State                    NC
Status                   ACTIVE

### Principal Address

4919 Memorial Highway
SUITE 125
Tampa, FL 33634

Changed: 03/25/2025

### Mailing Address

4919 Memorial Highway
SUITE 125
Tampa, FL 33634

Changed: 03/25/2025

### Registered Agent Name & Address

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

Name Changed: 09/24/2012

Address Changed: 09/24/2012

### Authorized Person(s) Detail

Name & Address

Title MGR

BROCK, THOMAS E
1315 Westbrook Plaza, Ste. 100
WINSTON-SALEM, NC 27103

2. **Tracking Number: 7022 0410 0000 8659 6897**

- **Recipient:** 21st Mortgage Corporation

- **Address:** 1200 South Pine Island Road, Plantation, FL 33324

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10:AM Out for Delivery

- 4/30/2026: Received at FORT LAUDERDALE, FL 33318 at 11:41 am

**EXPECTED DELIVERY BY:** 4/30/2026



Tracking Number:

## 70220410000086596897

📋 Copy    🏃 Add to Informed Delivery

**Latest Update**

Your item was picked up at the post office at 11:41 am on April 30, 2026 in FORT LAUDERDALE, FL 33318.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

✅ **Delivered**
**Delivered, Individual Picked Up at Post Office**
FORT LAUDERDALE, FL 33318
April 30, 2026, 11:41 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece.

**21st Mortgage Corporation**
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

9590 9402 9432 5069 2522 81

2. Article Number (Transfer from service label)
7022 0410 0000 8659 6897

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  RECEIVED  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  APR 30 2026  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**USPS TRACKING #**

9590 9402 9432 5069 2522 81

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•



JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

**3. <u>Tracking Number: 7022 0410 0000 8659 6880</u>**

- **Recipient:** Fay Servicing LLC

- **Address:** 1201 Hays Street, Tallahassee, FL 32301

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10:AM In Transit from Origin Processing

- 5/3/2026: Arriving Late, still on its way

- 5/5/2026: DELIVERED AT TALLAHASSEE, FL 32303  AT 7:55 am

**EXPECTED DELIVERY BY:** 4/30/2026



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece.

1.

**Fay Servicing LLC**
1201 HAYS STREET
TALLAHASSEE, FL 32301

9590 9402 9432 5069 2522 98

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6880

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Sheena B_    ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Sheena Black

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Tracking Number:

## 70220410000086596880

[] Copy    ⚡ Add to Informed Delivery

### Latest Update

Your item has been delivered and is available at a PO Box at 7:55 am on May 5, 2026 in TALLAHASSEE, FL 32303.

_____

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

☑ **Delivered**
Delivered, PO Box

TALLAHASSEE, FL 32303
May 5, 2026, 7:55 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

---

4.  <u>**Tracking No: 7022 0410 0000 8659 6743**</u>

   - **Recipient: Wells Fargo Bank, N.A. (Attn: CEO)**

   - **Address:** 101 North Phillips Avenue, Sioux Falls, SD 57104

   - **Postage s Fees:** $12.42

   - **Postmark:** April 27, 2026

**STATUS:**

   - 4/28/2026: In Transit from Origin Processing

   - 4/30/2026: 10:AM In Transit from Origin Processing

   - 5/4/2026: Delivered at SIOUX FALLS, SD 57104 at 8:27 am

**EXPECTED DELIVERY BY:** 5/2/2026

Tracking Number:

## 70220410000086596743

🗐 Copy   🏃 Add to Informed Delivery

### Latest Update

Your item was picked up at the post office at 8:27 am on May 4, 2026 in SIOUX FALLS, SD 57104.

### Get More Out of USPS Tracking:

🔍 USPS Tracking Plus®

☑ **Delivered**
**Delivered, Individual Picked Up at Post Office**
SIOUX FALLS, SD 57104
May 4, 2026, 8:27 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

---



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece,

**Wells Fargo Bank, N.A. (Attn: CEO)**
101 North Phillips Avenue
Sioux Falls, SD 57104

A. Signature
X _____  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No


9590 9402 9432 5069 2524 34

7022 0410 0000 8659 6743

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt

---

| USPS TRACKING # | | First-Class Mail |
|---|---|---|


9590 9402 9432 5069 2524 34

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

5. <u>**Tracking No: 7022 0410 0000 8659 6736**</u>

- **Recipient:** Select Portfolio Servicing, Inc

- **Address:** 1201 Hays Street, Tallahassee, FL 32301

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- **4/30/2026: Delivered to TALLAHASSEE, FL 32301 on April 30, 2026, 7:02 am**

**EXPECTED DELIVERY BY:** 4/30/2026





**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece.

Select Portfolio Servicing, Inc
1201 HAYS STREET
TALLAHASSEE, FL 32301

9590 9402 9432 5069 2524 41

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6736

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Sebrena B Randolph_    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_Sebrena B Randolph_

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---



USPS TRACKING #



9590 9402 9432 5069 2524 41

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

- Sender: Please print your name, address, and ZIP+4® in this box•

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

**Tracking Number:**

## 70220410000086596736

⬚ Copy    🏃 Add to Informed Delivery

### Latest Update

Your item has been delivered and is available at a PO Box at 7:02 am on April 30, 2026 in TALLAHASSEE, FL 32301.

**Get More Out of USPS Tracking:**
🔍 USPS Tracking Plus®

☑ **Delivered**
Delivered, PO Box
TALLAHASSEE, FL 32301
April 30, 2026, 7:02 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

6. <u>**Tracking No: 7022 0410 0000 8659 6729**</u>

- **Recipient:** Nationstar Mortgage LLC

- **Address:** 80 State Street, Albany, NY 12207

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

## STATUS:

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM Moving Through Network

- 5/2/2026: Delivered at ALBANY, NY 12207 at 10:59 am

**EXPECTED DELIVERY BY:** 5/1/2026



**Tracking Number:**

# 70220410000086596729

☐ Copy    🏃 Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the address at 10:59 am on May 2, 2026 in ALBANY, NY 12207.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

✓ **Delivered**
**Delivered, Left with Individual**
ALBANY, NY 12207
May 2, 2026, 10:59 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

---

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

Nationstar Mortgage LLC
80 State Street
Albany, NY 12207

9590 9402 9432 5069 2524 58

2. Article Number. (Transfer from service label)

7022 0410 0000 8659 6729

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CSC S/4
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**USPS TRACKING #**

9590 9402 9432 5069 2524 58

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

**7.** <u>**Tracking No: 7022 0410 0000 8659 6712**</u>

- **Recipient:** Newrez LLC d/b/a Shellpoint

- **Address:** 600 North 2nd Street, Suite 401, Harrisburg, PA 17101

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10AM Moving Through Network

- 5/1/2026: Delivered at HARRISBURG, PA 17110  at 9:49 am

**EXPECTED DELIVERY BY:** 5/1/2026





**USPS TRACKING #**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9432 5069 2524 65

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece,

Newrez LLC d/b/a Shellpoint
600 North 2nd Street
Suite 401
Harrisburg, PA 17101

9590 9402 9432 5069 2524 65

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6712

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
TERRI L MCENTEE    S 1 26

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053       Domestic Return Receipt

**Tracking Number:**

**70220410000086596712**

Copy   Add to Informed Delivery

**Latest Update**

Your item has been delivered and is available at a PO Box at 9:49 am on May 1, 2026 in HARRISBURG, PA 17110.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

☑ **Delivered**
Delivered, PO Box

HARRISBURG, PA 17110
May 1, 2026, 9:49 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

8.  <u>**Tracking No: 7022 0410 0000 8659 6705 - MISSING GREENCARD RECEIPT**</u>

- **Recipient:** PHH Mortgage Corporation

- **Address:** 5235 North Front Street, Harrisburg, PA 17110

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM Moving Through Network

- 5/1/2026: Delivered at HARRISBURG, PA 17107 at 8:30 am

**EXPECTED DELIVERY BY:** 5/1/2026



**Tracking Number:**

**70220410000086596705**

🗍 Copy    🏃 Add to Informed Delivery

**Latest Update**

Your item has been delivered to an agent and left with an individual at the address at 8:30 am on May 1, 2026 in HARRISBURG, PA 17107.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

☑ **Delivered to Agent**
**Delivered to Agent, Left with Individual**
HARRISBURG, PA 17107
May 1, 2026, 8:30 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

9.  **Tracking No: 7022 0410 0000 8659 6910**

- **Recipient:** Allied Servicing Corporation

- **Address:** 3019 N Argone Rd, Spokane Valley, WA 99212

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM In Transit from Origin Processing

- 5/4/2026: At the distribution Center

- 5/5/2026: In transit to next facility

- 5/6/2026: DELIVERED AT SPOKANE WA 99201 AT 12:28PM

**EXPECTED DELIVERY BY:** 5/2/2026



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,

**Allied Servicing Corporation**
3019 N Argone Rd
Spokane Valley, WA 99212

9590 9402 9432 5069 2524 89

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6910

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Michelle Zerbst_     ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
_Michelle Zerbst_

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**USPS TRACKING #**

9590 9402 9432 5069 2524 89

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**JACK ABERMAN**
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

**Tracking Number:**

**70220410000086596910**

📋 Copy   ⚡ Add to Informed Delivery

**Latest Update**

Your item was delivered to the front desk, reception area, or mail room at 12:28 pm on May 6, 2026 in SPOKANE, WA 99201.

**Get More Out of USPS Tracking:**

📱 USPS Tracking Plus®

✓ **Delivered**
Delivered, Front Desk/Reception/Mail Room
SPOKANE, WA 99201
May 6, 2026, 12:28 pm

See All Tracking History

What Do USPS Tracking Statuses Mean?

## 10. Tracking No: 7022 0410 0000 8659 6866

- **Recipient:** Sokolof Remtulla, PLLC

- **Address:** 6801 Lake Worth Road, Greenacres, FL 33467

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

## STATUS:

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM item was forwarded to a different address at 8:58 am on April 30, 2026, in LAKE WORTH, FL. This was because of forwarding instructions or because the address or ZIP Code on the label was incorrect.

- 5/4/2026: Moving thru Network

- 5/6/2026: In transit to next facility

- 5/7/2026: DELIVERED AT BOCA RATON, FL 33431 AT 1:05 pm

## EXPECTED DELIVERY BY: 4/30/2026



Tracking Number:

## 70220410000086596866

🗍 Copy   🏃 Add to Informed Delivery

### Latest Update

Your item was delivered to an individual at the address at 1:05 pm on May 7, 2026 in BOCA RATON, FL 33431.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

### ☑ Delivered
**Delivered, Left with Individual**
BOCA RATON, FL 33431
May 7, 2026, 1:05 pm

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece,<br><br>**Sokolof Remtulla, PLLC**<br>6801 Lake Worth Road<br>100e<br>Greenacres, FL 33467 | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery<br><br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

9590 9402 9432 5069 2523 11

7022 0410 0000 8659 6866

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Signature Confirmation™ |
| ☐ ........ Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ ........ Delivery Restricted Delivery | |
| ☐ ........ ...ail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

USPS TRACKING #



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9432 5069 2523 11

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**JACK ABERMAN**
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

B—403828



**11. <u>Tracking No: 7022 0410 0000 8659 6859</u>**

- **Recipient:** Weitz C Schwartz, P.A.

- **Address:** 1000 Corporate Dr. Suite 320, Fort Lauderdale, FL 33334
- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM OUT FOR DELIVERY

- 4/30/2026: Delivered FORT LAUDERDALE, FL 33334 at April 30, 2026, 1:12 pm

**EXPECTED DELIVERY BY:** 4/30/2026



**USPS TRACKING #**

9590 9402 9432 5069 2523 28

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece.

1.

Weitz & Schwartz, P.A.
1000 Corporate Dr. SUITE 320
FORT LAUDERDALE, FL 33334

9590 9402 9432 5069 2523 28

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6859

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                              ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
Joyce Wu                               4/30/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**Tracking Number:**

**70220410000086596859**

🗍 Copy   🏃 Add to Informed Delivery

**Latest Update**

Your item was delivered to an individual at the address at 1:12 pm on April 30, 2026 in FORT LAUDERDALE, FL 33334.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

✓ **Delivered**
**Delivered, Left with Individual**
FORT LAUDERDALE, FL 33334
April 30, 2026, 1:12 pm

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

## 12. Tracking No: : 7022 0410 0000 8659 6828

- **Recipient:** Diaz Anselmo C Associates, P.A.

- **Address:** 499 NW 70 Avenue Suite 309, Plantation, FL 33317

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

## STATUS:

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM OUT FOR DELIVERY

- 4/30/2026: DELIVERED FORT LAUDERDALE, FL 33317 at 12:03 pm

## EXPECTED DELIVERY BY: 4/30/2026





**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or

1. A

Diaz Anselmo & Associates, P.A.
499 NW 70 AVENUE SUITE 309
PLANTATION, FL 33317

9590 9402 9432 5069 2523 59

2. Article Number (Transfer from service label)
7022 0410 0000 8659 6828

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
4-30-26

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

---

USPS TRACKING #

MIAMI FL 330

9590 9402 9432 5069 2523 59

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

8-403828

Tracking Number:

## 70220410000086596828

⬚ Copy   🏃 Add to Informed Delivery

**Latest Update**

Your item was delivered to an individual at the address at 12:03 pm on April 30, 2026 in FORT LAUDERDALE, FL 33317.

**Get More Out of USPS Tracking:**

📱 USPS Tracking Plus®

✓ **Delivered**
**Delivered, Left with Individual**
FORT LAUDERDALE, FL 33317
April 30, 2026, 12:03 pm

See All Tracking History

What Do USPS Tracking Statuses Mean?

## 13. <u>Tracking No: 7022 0410 0000 8659 6798</u>

- **Recipient:** Tromberg, Morris C Poulin, PLLC

- **Address:** 600 West Hillsboro Blvd. Ste 600, Deerfield Beach, FL 33441

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

## STATUS:

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM OUT FOR DELIVERY

- 4/30/2026: Delivered at DEERFIELD BEACH, FL 33441 at11:51 am



**USPS TRACKING #**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9432 5069 2523 80

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, | A. Signature<br>X        ☐ Agent<br>         ☐ Addressee |
| 1.<br><br>Tromberg, Morris & Poulin, PLLC.<br>600 West Hillsboro Blvd, Ste 600<br>Deerfield Beach, FL 33441 | B. Received by (Printed Name)    C. Date of Delivery |
| | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No |
| 9590 9402 9432 5069 2523 80 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>Mail<br>Mail Restricted Delivery<br>(over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7022 0410 0000 8659 6798 | |

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

Tracking Number:

## 70220410000086596798

☐ Copy    ⚡ Add to Informed Delivery

**Latest Update**

Your item was delivered to an individual at the address at 11:51 am on April 30, 2026 in DEERFIELD BEACH, FL 33441.

**Get More Out of USPS Tracking:**

☐ USPS Tracking Plus®

✓ **Delivered**
**Delivered, Left with Individual**
DEERFIELD BEACH, FL 33441
April 30, 2026, 11:51 am

See All Tracking History

What Do USPS Tracking Statuses Mean?

## 14. <u>Tracking No: 7022 0410 0000 8659 6774</u>

- **Recipient:** McCabe, Weisberg C Conway, LLC

- **Address:** 1201 Hays Street, Tallahassee, FL 32301-2525

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

## STATUS:

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM - Moving Through Network

- 5/1/2026: Delivered at TALLAHASSEE, FL 32303 at 6:48 am

## EXPECTED DELIVERY BY: 4/30/2026



**USPS TRACKING #**

9590 9402 9432 5069 2524 03

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece.

1.

McCabe, Weisberg & Conway, LLC.
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

9590 9402 9432 5069 2524 03

7022 0410 0000 8659 6774

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Thomas Peace

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**Tracking Number:**

**70220410000086596774**

▢ Copy   ✘ Add to Informed Delivery

**Latest Update**

Your item has been delivered and is available at a PO Box at 6:48 am on May 1, 2026 in TALLAHASSEE, FL 32303.

**Get More Out of USPS Tracking:**

▢ USPS Tracking Plus®

✓ **Delivered**
**Delivered, PO Box**
TALLAHASSEE, FL 32303
May 1, 2026, 6:48 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

### 15. Tracking No: 7022 0410 0000 8659 6767

- **Recipient:** Aldridge Pite, LLP

- **Address:** 3400 Capitol Blvd. Se Suite 101, Tumwater, WA 98501

- **Postage s Fees:** $12.42
- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM In Transit from Origin Processing

- 5/2/2026: Delivery schedule for next business day

- 5/4/2026: Delivered at OLYMPIA, WA 98501 at 10:36 am

**EXPECTED DELIVERY BY:** 5/2/2026



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9432 5069 2524 10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

3-403828

---

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Aldridge Pite, LLP
3400 Capitol Blvd. Se Suite 101
Tumwater, WA 98501

9590 9402 9432 5069 2524 10

2. Article Number *(Transfer from service label)*

7022 0410 0000 8659 6767

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  ☑ Agent
   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Troy Ryan (-19   5-4-2026

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt



**Tracking Number:**

## 70220410000086596767

□ Copy  ✗ Add to Informed Delivery

### Latest Update

Your item was delivered to an individual at the address at 10:36 am on May 4, 2026 in OLYMPIA, WA 98501.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

✅ **Delivered**
**Delivered, Left with Individual**

OLYMPIA, WA 98501
May 4, 2026, 10:36 am

See All Tracking History

What Do USPS Tracking Statuses Mean?

## 16. Tracking No: 7022 0410 0000 8659 6903

- **Recipient:** Robertson, Anschutz, Schneid, Crane C Partners

- **Address:** 6409 Congress Ave Ste 100, Boca Raton, FL 33487

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

STATUS:

- 4/28/2026: In Transit from Origin Processing

- **4/30/2026: 10 AM Delivered BOCA RATON, FL 33431 at 9:49 am**

**EXPECTED DELIVERY BY:** 4/30/2026



**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece,

Aldridge Pite, LLP
3400 Capitol Blvd. Se Suite 101
Tumwater, WA 98501

9590 9402 9432 5069 2524 10

Article Number (Transfer from service label)

7022 0410 0000 8659 6767

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)
Inez Ryan C-19

C. Date of Delivery
5-4-2026

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 9432 5069 2524 10

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118



**Tracking Number:**

## 70220410000086596903

[] Copy    Add to Informed Delivery

**Latest Update**

Your item has been delivered and is available at a PO Box at 9:49 am on April 30, 2026 in BOCA RATON, FL 33431.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

✓ **Delivered**
**Delivered, PO Box**

BOCA RATON, FL 33431
April 30, 2026, 9:49 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

17. <u>**Tracking No: 7022 0410 0000 8659 6750**</u>

- **Recipient:** Van Ness Law Firm, PLC

- **Address:** 1239 E. Newport Center Dr 110, Deerfield Beach, FL 33442

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- **4/30/2026: 10 AM Delivered, Left with Individual DEERFIELD BEACH, FL 33442 at 10:34 am**

**EXPECTED DELIVERY BY:** 4/30/2026



**Tracking Number:**

# 70220410000086596750

☐ Copy    🏃 Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the address at 10:34 am on April 30, 2026 in DEERFIELD BEACH, FL 33442.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

## ☑ Delivered
**Delivered, Left with Individual**

DEERFIELD BEACH, FL 33442
April 30, 2026, 10:34 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

**USPS TRACKING #**

9590 9402 9432 5069 2524 27

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece,

Van Ness Law Firm, PLC
1239 E. NEWPORT CENTER DR 110
DEERFIELD BEACH, FL 33442

9590 9402 9432 5069 2524 27

7022 0410 0000 8659 6750

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                   ☐ Agent
                                    ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
S-Smg                              4/30/26

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**18. <u>Tracking No: 7022 0410 0000 8659 6804</u>**

- **Recipient:** Altisource Portfolio Solutions S.A.

- **Address:** 1201 Hays Street, Tallahassee, FL 32301-2525

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- **4/30/2026: Delivered, PO Box TALLAHASSEE, FL 32301 at 7:02 am**

**EXPECTED DELIVERY BY:** 4/30/2026



Tracking Number:

# 70220410000086596804

☐ Copy     🏃 Add to Informed Delivery

**Latest Update**

Your item has been delivered and is available at a PO Box at 7:02 am on April 30, 2026 in TALLAHASSEE, FL 32301.

**Get More Out of USPS Tracking:**

📷 USPS Tracking Plus®

✅ **Delivered**
**Delivered, PO Box**
TALLAHASSEE, FL 32301
April 30, 2026, 7:02 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**



**USPS TRACKING #**

9590 9402 9432 5069 2523 73

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box•

**JACK ABERMAN**
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

---

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Altisource Portfolio Solutions S.A.**
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

9590 9402 9432 5069 2523 73

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6804

A. Signature
X _Sebrena B Randolph_  ☑ Agent  ☐ Addressee

B. Received by (Printed Name) and C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

---

## 19. Tracking No: 7022 0410 0000 8659 6873

- **Recipient:** Guardian Asset Management LLC

- **Address:** 145 Hilden Rd. Suite 105, Ponte Vedra, FL 32081

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM Out for Delivery

- 4/30/2026: Delivered at PONTE VEDRA, FL 32081 at 2:31 pm

**EXPECTED DELIVERY BY:** 4/30/2026



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Ponte Vedra, FL 32081

| Certified Mail Fee | $5.30 | 0360 77 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $11.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ $0.00 | |
| Postage | $2.44 | |
| Total | $12. | |

Sent: Guardian Asset Management LLC
145 Hilden Rd.
Suite 105
PONTE VRA, FL 32081

DAYTONA BEACH, FL 32118
Postmark Here
APR 27 2026
04/27/2026
USPS

PS F.     See Reverse for Instructions

**Tracking Number:**

# 70220410000086596873

☐ Copy    🏃 Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the address at 2:31 pm on April 30, 2026 in PONTE VEDRA, FL 32081.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

### ✓ Delivered

**Delivered, Left with Individual**

PONTE VEDRA, FL 32081
April 30, 2026, 2:31 pm

See All Tracking History

**What Do USPS Tracking Statuses Mean?**



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9432 5069 2523 04

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL. 32118

2118-403828

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece,

A. Signature
X ☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
1-30-26

1.

Guardian Asset Management
145 Hilden Rd.
Suite 105
PONTE VRA, FL 32081

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:      ☐ No

9590 9402 9432 5069 2523 04

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6873

Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

## 20. Tracking No: 7022 0410 0000 8659 6835

- **Recipient:** Assurant, Inc.

- **Address:** 1201 Hays Street, Tallahassee, FL 32301-2525

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM In Transit from Origin Processing

- 5/3/2026: Arriving Late

- 5/5/2026: DELIVERED AT TALLAHASSEE, FL 32303 at 7:55 am

**EXPECTED DELIVERY BY:** 4/30/2026



**Tracking Number:**

**70220410000086596835**

▢ Copy  ⌖ Add to Informed Delivery

## Latest Update

Your item has been delivered and is available at a PO Box at 7:55 am on May 5, 2026 in TALLAHASSEE, FL 32303.

**Get More Out of USPS Tracking:**

⌕ USPS Tracking Plus®

### ⊘ Delivered
**Delivered, PO Box**

TALLAHASSEE, FL 32303
May 5, 2026, 7:55 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)* PMXMcCombs  C. Date of Delivery |
| 1.<br>**Assurant, Inc.**<br>1201 HAYS STREET<br>TALLAHASSEE, FL 32301-2525 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

9590 9402 9432 5069 2523 42

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ ...ellvery Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. 7022 0410 0000 8659 6835

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt





| USPS TRACKING # | | First-Class Mail<br>Postage & Fees Paid<br>USPS<br>Permit No. G-10 |
| --- | --- | --- |

9590 9402 9432 5069 2523 42

**United States Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

> **JACK ABERMAN**
> 428 N PENINSULA DR.
> DAYTONA BEACH, FL 32118

## 21. <u>Tracking No: 7022 0410 0000 8659 6811</u>

- **Recipient:** Cyprexx Services, LLC

- **Address:** 1201 Hays Street, Tallahassee, FL 32301

- **Postage s Fees:** $12.42

- **Postmark:** April 27, 2026

## STATUS:

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM In Transit from Origin Processing

- 5/3/2026: Arriving Late

- 5/5/5026: DELIVERED AT TALLAHASSEE, FL 32303 AT 7:55 am

**EXPECTED DELIVERY BY:** 4/30/2026



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

Tallahassee FL 32301

| Certified Mail Fee | $5.30 | |
| $ | | $4.40 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ $11.101
☐ Return Receipt (electronic)        $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required           $ $0.00
☐ Adult Signature Restricted Delivery $

Postage  $2.72

Total Post  $12.42

Sent To
Street an  **Cyprexx Services, LLC**
City, Stat.  **1201 HAYS STREET**
             **TALLAHASSEE, FL 32301**

Postmark Here   DAYTONA BEACH FL 32118
APR 27 2026   0360 77
04/27/202

Tracking Number:

**70220410000086596811**

☐ Copy     Add to Informed Delivery

**Latest Update**

Your item has been delivered and is available at a PO Box at 7:55 am on May 5, 2026 in TALLAHASSEE, FL 32303.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**✓ Delivered**
Delivered, PO Box

TALLAHASSEE, FL 32303
May 5, 2026, 7:55 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece,

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
PHX McCombs

1.
**Cyprexx Services, LLC**
1201 HAYS STREET
TALLAHASSEE, FL 32301

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

9590 9402 9432 5069 2523 66

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7022 0410 0000 8659 6811

PS Form **3811**, July 2020 PSN 7530-02-000-9053           Domestic Return Receipt



**USPS TRACKING #**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9432 5069 2523 66

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

**22. Tracking No: 7022 0410 0000 8659 6927**

- **Recipient:** United States Trustee. Region 3

- **Address:** 833 Chestnut Street, Suite 500, Philadelphia, PA 19107

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM In Transit from Origin Processing

- 5/1/2026: Delivered at PHILADELPHIA, PA 19107 at 11:12 am

**EXPECTED DELIVERY BY:** 5/1/2026



**Tracking Number:**

**70220410000086596927**

⎘ Copy    👟 Add to Informed Delivery

**Latest Update**

Your item was delivered to the front desk, reception area, or mail room at 11:12 am on May 1, 2026 in PHILADELPHIA, PA 19107.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

✅ **Delivered**
**Delivered, Front Desk/Reception/Mail Room**
PHILADELPHIA, PA 19107
May 1, 2026, 11:12 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**



OMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

items 1, 2, and 3.

ur name and address on the reverse we can return the card to you.

his card to the back of the mailpiece, e front if space permits.

ddressed to:

ited States Trustee. Region 3
3 Chestnut Street, Suite 500
iladelphia, PA 19107

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 9432 5069 2522 67

(Transfer from service label)

0 0000 8659 6927

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
all
all Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

02-000-9053

Domestic Return Receipt

USPS TRACKING #

9590 9402 9432 5069 2522 67

First-Class
Postage &
USPS
Permit No. G-

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**JACK ABERMAN**
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

**23. Tracking No:  7022 0410 0000 8659 6842**

- **Recipient:** Daytona Beach (Attn: City Clerk)

- **Address:** 301 S. Ridgewood Ave. Rm 210, Daytona Beach, FL 32114

- **Postage s Fees:** $12.14

- **Postmark:** April 27, 2026

**STATUS:**

- 4/28/2026: In Transit from Origin Processing

- 4/30/2026: 10 AM Out for Delivery

- 4/30/2026: DELIVERED AT DAYTONA BEACH, FL 32114 AT 11:04 am

**EXPECTED DELIVERY BY:** 5/1/2026



Tracking Number:

**70220410000086596842**

▢ Copy    🏃 Add to Informed Delivery

**Latest Update**

Your item was delivered to an individual at the address at 11:04 am on April 30, 2026 in DAYTONA BEACH, FL 32114.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

✅ **Delivered**

**Delivered, Left with Individual**

DAYTONA BEACH, FL 32114
April 30, 2026, 11:04 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

**USPS TRACKING #**

9590 9402 9432 5069 2523 35

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACK ABERMAN
428 N PENINSULA DR.
DAYTONA BEACH, FL 32118

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or

1. Art

**Daytona Beach (Attn: City Clerk)**
301 S. Ridgewood Ave. Rm 210
Daytona Beach, FL 32114

9590 9402 9432 5069 2523 35

2. Article Number (Transfer from service label)

7022 0410 0000 8659 6842

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Merrill McLeod
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery
Merrill McLeod | 4-30-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



### UNITED STATES POSTAL SERVICE.

DAYTONA BEACH SHORES
2136 S ATLANTIC AVE STE A
DAYTONA BEACH, FL 32118-5016
www.usps.com

04/27/2026                           01:11 PM

---

TRACKING NUMBERS
70220410000086596842
70220410000086596927
70220410000086596811
70220410000086596835
70220410000086596873
70220410000086596804
70220410000086596750
70220410000086596903
70220410000086596767
70220410000086596774
70220410000086596781
70220410000086596798
70220410000086596828
70220410000086596859
70220410000086596866
70220410000086596910
70220410000086596705
70220410000086596712
70220410000086596729
70220410000086596736
70220410000086596743
70220410000086596880
70220410000086596897

---

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



---

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

---

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

---

PURCHASE DETAILS

Weight: 0 lb 4.20 oz
Estimated Delivery Date
    Fri 05/01/2026
Certified Mail®                    $5.30
   Tracking #:
      70220410000086596781
                                   $4.40