May 21, 2026

Clerk of Court

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Robert N.C. Nix Sr. Federal Courthouse

900 Market Street, Suite 204

Philadelphia, PA 19107



Attn: Pamela Blalock, Courtroom Deputy to Chief Judge Chan

(215) 408-2821

**Re:** *In re Jack Aberman*, **Case No. 26-mp-3002 (AMC) — Filing of Movant's Opposition to Nationstar Mortgage LLC's Initial Omnibus Response [D.I. 22]**

Dear Clerk of Court:

Enclosed for filing in the above-referenced miscellaneous proceeding pending before Chief Judge Ashely M. Chan, please find:

1. **Movant Jack Aberman's Opposition to Nationstar Mortgage LLC's Initial Omnibus Response [D.I. 22] and Memorandum of Law in Support of D.I. 2, 3, 4, and 5** (original plus one (1) file-stamped copy requested);

2. **Declaration of Jack Aberman in Support of Opposition to Nationstar's Initial Omnibus Response [D.I. 22]** (original plus one (1) file-stamped copy requested); and

3. **Certificate of Service** (included within the Opposition document).

A self-addressed stamped envelope (SASE) is enclosed for the return of file-stamped copies to me at the address shown above.

I am a pro se litigant appearing in my individual capacity. I have served counsel of record for Nationstar Mortgage LLC (Turner N. Falk and Evan T. Miller of Saul Ewing LLP) by U.S. Mail and electronic mail simultaneously with this filing, as set forth in the Certificate of Service contained within the Opposition document. I have also served the Office of the U.S. Trustee, Region 3, and counsel of record for Bank of New York Mellon in the parallel District of Delaware action (C.A. No. 1:26-cv-00269-JLH).

I respectfully request that the enclosed documents be docketed in Case No. 26-mp-3002 (AMC) and referred to Chief Judge Chan's chambers in due course.

Should the Court require any additional materials, copies, or fees from me to complete this filing, please contact me by telephone at (407) 604-1457 or by email at flrealestatemgt@gmail.com.

Thank you for your assistance.

Respectfully,

/s/ Jack Aberman

Jack Aberman

Pro Se Movant

**Enclosures:** (1) Opposition to D.I. 22; (2) Declaration of Jack Aberman; (3) SASE for return of file-stamped copies

**cc (via U.S. Mail and email):**

Turner N. Falk, Esq. — Saul Ewing LLP, 1500 Market St., 38th Fl., Philadelphia, PA 19102-2186

Evan T. Miller, Esq. — Saul Ewing LLP, 1201 N. Market St., Ste. 2300, Wilmington, DE 19801

Jazmine B. King, Esq. — Saul Ewing LLP, 1201 N. Market St., Ste. 2300, Wilmington, DE 19801

Office of the U.S. Trustee, Region 3 — 900 Market St., Ste. 320, Philadelphia, PA 19107

## UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of Registration of Discharge Orders<br><br>**JACK ABERMAN,**<br><br>Debtor/Movant. | Miscellaneous Proceeding<br><br>**No. 26-mp-3002 (AMC)**<br><br>Chief Judge Ashely M. Chan |

## DECLARATION OF JACK ABERMAN IN SUPPORT OF

## OPPOSITION TO NATIONSTAR'S INITIAL OMNIBUS RESPONSE [D.I. 22]

I, Jack Aberman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

**1.** I am the Movant in this proceeding and a citizen of the State of Florida. I am over the age of eighteen and have personal knowledge of the facts set forth below.

**2.** I am the sole owner of GEA Seaside Investments, Inc. ("GEA Seaside"), a Florida corporation in good standing. I am also the named individual obligor on the mortgages, notes, and underlying personal obligations on each of the residential rental properties at issue in this proceeding. GEA Seaside holds bare legal title to most of these properties by quitclaim deed from me; I retained personal liability on the underlying debt.

**3.** My address is 428 N. Peninsula Drive, Daytona Beach, Florida 32118, where I have lived for approximately eighteen years. The property serves as both my primary residence and the operating office of GEA Seaside. Loss of this property would result in simultaneous homelessness and loss of my business operations.

**4.** On January 10, 2013, I filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Middle District of Florida, commencing Case No. 3:13-bk-00165-JAF. On the same day, GEA Seaside filed its own Chapter 11 petition, commencing Case No. 3:13-bk-00167-JAF. The cases were jointly administered before the Hon. Jerry A. Funk. A joint plan of

reorganization was confirmed by Order entered January 5, 2016. Discharge orders entered on March 27, 2017.

5. On March 12, 2018, GEA Seaside filed a second Chapter 11 petition, commencing Case No. 3:18-bk-00800-JAF, also before Judge Funk. The Fourth Amended Plan of Reorganization (the "GEA Plan") was confirmed by Order dated July 21, 2020 (Doc. 1282). The Final Decree entered on March 27, 2023.

6. Across all three confirmed bankruptcy cases, I have personal knowledge — confirmed by my review of the dockets and my participation in the proceedings — that neither Nationstar Mortgage LLC d/b/a Mr. Cooper, nor Bank of New York Mellon Trust Company, N.A. (in any of its trustee capacities), nor U.S. Bank National Association (as trustee for the Merrill Lynch Mortgage Investors Trust 2006-RM4), nor any other secured-claim holder relevant to this proceeding, ever (a) obtained relief from the automatic stay under 11 U.S.C. § 362(d) as to any of my properties, (b) obtained annulment of the stay, or (c) filed any adversary proceeding under 11 U.S.C. § 524 to determine the scope of the discharge injunction as applied to me or to GEA Seaside.

7. I have reviewed Nationstar's Exhibit E to its Initial Omnibus Response, which contains the GEA Plan and Confirmation Order. The Plan contains uniform lien-extinguishment-on-completion language for every secured mortgage class except Class 4, which alone preserves in rem rights. The non-Class-4 secured classes—including Class 9 (358 Nautilus), Class 22 (507 Phoenix), Class 57 (509 Harvey Avenue), Class 66 (428 N. Peninsula), and Class 68 (101 Carolyn Terrace)—each contain the lien-extinguishment language quoted in Movant's Opposition at ¶ 10.

8. I have reviewed Nationstar's Exhibit C and Exhibit D to its Initial Omnibus Response, which contain copies of the 2020 Stipulations. The Stipulations expressly require certified-mail written notice of any alleged default to be delivered to GEA Seaside Investments, Inc., c/o Jack Aberman, 428 N. Peninsula Avenue, Daytona Beach, FL 32118, and provide a ten-business-day cure or written-response window before any state-law default remedies are authorized.

9. I am the addressee designated to receive any such certified-mail notices, and 428 N. Peninsula Drive, Daytona Beach, FL 32118 has been my residential address continuously since approximately 2008.

**10.** I have maintained continuous receipt of mail at 428 N. Peninsula Drive throughout the period from January 2020 to the present. I personally retrieve mail at that address.

**11.** For the following post-discharge foreclosure cases at issue in this proceeding, I never received any certified-mail notice from Nationstar, Bank of New York Mellon, U.S. Bank, or any of their respective servicers or counsel alleging a default and providing a ten-business-day cure window prior to the filing of any such foreclosure case:

(a) 101 Carolyn Terrace, Daytona Beach, FL (Volusia Case No. 2024-12045-CICI);

(b) 509 Harvey Avenue, Daytona Beach, FL (Volusia Case No. 2025-11013-CICI);

(c) 229 N. Hollywood Avenue, Daytona Beach, FL;

(d) 428 N. Peninsula Drive, Daytona Beach, FL (Volusia Case No. 2025-14426-CICI); and

(e) the other post-2024 foreclosures filed against properties subject to the GEA Plan.

**12.** I have searched my personal records, including my files maintained at 428 N. Peninsula Drive, and I have no record of receiving the certified-mail default notices required by the 2020 Stipulations for any of the post-discharge foreclosures at issue.

**13.** To the extent any servicer claims to have sent such notice, I respectfully request that the Court order production of the corresponding certified-mail return receipts, as the Stipulations specifically require delivery by certified mail.

**14.** Volusia County Case No. 2012-31371-CICI ("509 Harvey foreclosure") was originally filed against me on May 16, 2012—approximately eight months before my Chapter 11 filings of January 10, 2013.

**15.** I have personal knowledge, from review of the Volusia County state-court docket for Case No. 2012-31371-CICI, that the case was REFILED under the same case number on December 3, 2018—nearly nine months after Case 3:18-bk-00800-JAF was filed on March 12, 2018, and during the active automatic stay of that case. No motion for relief from stay in 3:18-bk-00800-JAF preceded the December 2018 refiling.

**16.** On November 4, 2025, the property at 509 Harvey Avenue was sold by the Volusia County Clerk for $80,200.00 to Bank of New York Mellon f/k/a The Bank of New York as Trustee

for First Horizon Alternative Mortgage Securities Trust, in connection with Case No. 2025-11013-CICI.

17.   I have personal knowledge of the judicial assignments in my Volusia County state foreclosure cases. Approximately twenty-three of my pending foreclosures are assigned to Division 32, Hon. Mary G. Jolley. Approximately thirteen are assigned to Division 31, Hon. Dennis Craig.

18.   Hon. Mary G. Jolley served as Volusia County Attorney from approximately 2010 to 2015. During that period, Volusia County filed proofs of claim against me in my Chapter 11 cases 3:13-bk-00165-JAF and 3:13-bk-00167-JAF. I filed motions for recusal raising this Canon 3E(1) conflict, which were denied without articulated analysis. I subsequently filed a complaint with the Judicial Qualifications Commission of Florida, which was denied without investigation.

19.   On March 5, 2026, Hon. Dennis Craig entered seven orders in my pending Volusia County foreclosure cases. The orders were e-signed at times between 1:56 PM and 1:59 PM on that date, with three signed at 1:58 PM. Each order contained identical verbatim boilerplate denying my federal-preemption defenses without citation to authority and without engaging substantively with the arguments. One of the seven cases (No. 2025-11220-CICI) had Bank of New York Mellon Trust Company National Association as the named plaintiff.

20.   The Florida Bankruptcy Court denied my motions to reopen my Chapter 11 cases in single-page discretionary orders. The court did not reach the merits of my discharge-violation claims; it denied the motions on the procedural ground of discretionary refusal to reopen.

21.   Beginning in approximately mid-2024, I have contacted approximately 3,400 attorneys across ten states (including Florida, Pennsylvania, Delaware, New York, New Jersey, Georgia, Alabama, Maryland, Virginia, and the District of Columbia) seeking representation in these matters. Of those contacts, no attorney accepted representation.

22.   I petitioned the United States Court of Appeals for the Eleventh Circuit for a writ of mandamus and prohibition in Case No. 25-14406. The petition was denied on March 12, 2026, on the express ground that I had "adequate alternative remedy." My petition for en banc rehearing was denied on May 7, 2026.

23. I have personal knowledge that several of the post-2024 Volusia County foreclosure complaints name me, Jack Aberman, personally as a defendant—not merely GEA Seaside Investments, Inc. These include, without limitation, the foreclosure on 428 N. Peninsula Drive (Volusia Case No. 2025-14426-CICI), in which I am personally named as a defendant by Diaz Anselmo LLP on behalf of Credit Suisse First Boston Mortgage Capital LLC c/o SLS.

24. I have a parallel federal action pending against PHH Mortgage Services and NewRez LLC in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:26-cv-00918-JDW, before the Hon. Joshua D. Wolson. The operative pleading is the First Amended Verified Complaint (Doc. 22), which raises RESPA, FDCPA, and declaratory-judgment claims arising from the same discharge-violation theory at issue here.

25. I have a parallel federal action pending in the United States District Court for the District of Delaware, Case No. 1:26-cv-00269-JLH, before the Hon. Jennifer L. Hall. That action seeks a temporary restraining order and declaratory relief against Wilmington Trust, N.A., and Bank of New York Mellon Trust Company, N.A., as trustees for various mortgage-backed security trusts holding mortgages on seven of my properties.

26. The factual and legal theories underlying the three federal actions are related but distinct. The EDPA District Action focuses on RESPA, FDCPA, and discharge enforcement against PHH and NewRez. The District of Delaware action focuses on injunctive relief against the Trustees to stop active foreclosure sales of seven specific properties. The present proceeding focuses on the registration of my federal discharge orders in this district for the limited purpose of ancillary federal enforcement.

27. I am 73 years old. My brother Brian Aberman, age 70, is disabled, and I hold his power of attorney. He resides at 420 N. Peninsula Drive, adjacent to my residence, and faces his own foreclosure (Volusia Case No. 2026-11798-CICI, filed May 8, 2026). Brian and I are each other's last living close relatives.

28. The scheduled foreclosure sale of 236 N. Peninsula Drive, Daytona Beach, FL (Volusia Case No. 2024-12534-CICI), is set for June 17, 2026. Without protective intervention from this Court or another federal court, that property will be sold, in violation of the discharge injunction and the GEA Plan.

**29.** On May 3, 2018, Attorney Craig I. Kelley of Kelley & Fulton, P.L. (Florida Bar No. 782203) filed a Motion for Relief from Stay (Doc. 58) in Case No. 3:18-bk-00800-JAF on behalf of Avail 2 LLC with respect to the property located at 817 Big Tree Road, South Daytona, Florida. Avail 2 LLC acquired the underlying note and mortgage by assignment from Florida Community Bank in or about December 2015 / January 2016. Avail 2 LLC is a separate creditor from Bank of New York Mellon and Wilmington Trust and is not a defendant in the parallel District of Delaware action C.A. No. 1:26-cv-00269-JLH.

**30.** On May 29, 2018, at the preliminary hearing on Avail 2's motion, Avail 2's counsel failed to appear. Hon. Jerry A. Funk entered a Pro Memo (Doc. 75) DENYING the Motion for Relief from Stay for failure to prosecute, without prejudice.

**31.** On June 25, 2018, following Avail 2's refiling of its motion, Judge Funk entered an Agreed Order Granting Relief from Stay (Doc. 94). The Agreed Order was drafted by Avail 2's own counsel (Kelley & Fulton). Paragraph 8 of the Agreed Order expressly limited Avail 2's in rem relief to an eighteen (18) month period commencing on the date of the Order, with the 18-month time period referenced twice within the same paragraph. The 18-month period from June 25, 2018 expired on or about December 25, 2019.

**32.** On July 21, 2020, the Fourth Amended Plan of Reorganization was confirmed (Doc. 1282). Class 4 of the confirmed Plan addressed 817 Big Tree Road and expressly preserved my non-bankruptcy rights, including the right to defend any foreclosure action and bring counterclaims or affirmative defenses, subject to the prior in rem stay relief order—which by then had expired by its own terms on or about December 25, 2019.

**33.** Despite the expiration of all conditional stay relief on December 25, 2019, no further motion for relief from stay was filed in Case 3:18-bk-00800-JAF with respect to 817 Big Tree Road. On May 22, 2022—approximately twenty-nine months after expiration of all conditional stay relief—a Final Judgment of Foreclosure was entered in Volusia County Circuit Court Case No. 2018-30232-CICI by Attorney Andrew Fulton IV (Florida Bar No. 833487) of Kelley & Fulton, the same law firm whose counsel drafted the 18-month limitation in Doc. 94.

**34.** On July 13, 2022, 817 Big Tree Road was sold at foreclosure sale for $148,666.63 to Avail 2 LLC. I subsequently repurchased the property using a high-interest private loan to prevent eviction.

**35.** From my review of the Volusia County Clerk's records and the case-history records publicly available from the Clerk's office, I have personal knowledge that forty-six (46) of my foreclosure matters in Volusia County were originally filed and assigned across eight different state-court judges: Hon. Richard S. Graham, Hon. Mary G. Jolley, Hon. Leah R. Case, Hon. Michael S. Orfinger, Hon. William A. Parsons, Hon. Terence R. Perkins, Hon. Christopher A. France, and Hon. Dennis P. Craig. After dormancy periods ranging from six to seventeen years (during which time, in many cases, no service of process was effected and no prosecution undertaken), every one of those matters was reopened under its original case number and reassigned exclusively to Division 31 (Judge Craig) or Division 32 (Judge Jolley).

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 21st day of May, 2026, at Daytona Beach, Florida.

/s/ Jack Aberman

Jack Aberman

Pro Se Movant