Mohung Wong, Clerk of Court

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Robert N.C. Nix Sr. Federal Courthouse

900 Market Street, Suite 400

Philadelphia, PA 19107



**Attn: Pamela Blalock, Courtroom Deputy to Chief Judge Ashely M. Chan**

    Suite 204 — (215) 408-2821

**Re:** *In re Jack Aberman*, **Case No. 2:26-MP-03002 (AMC) — Filing of Movant's Opposition to Defendant Select Portfolio Servicing, Inc.'s Response [D.I. 21] (Hearing Scheduled May 27, 2026)**

Dear Clerk of Court:

Enclosed for filing in the above-referenced miscellaneous proceeding pending before Chief Judge Ashely M. Chan, please find:

    **1. Movant Jack Aberman's Opposition to Defendant Select Portfolio Servicing, Inc.'s Response [D.I. 21] and Memorandum of Law in Support of D.I. 1, D.I. 2, and D.I. 3** (original plus one (1) file-stamped copy requested); and

    **2. Certificate of Service** (included within the Opposition document).

A self-addressed stamped envelope (SASE) is enclosed for the return of file-stamped copies to me at the address shown above.

I am a pro se litigant appearing in my individual capacity. I have served counsel of record for Select Portfolio Servicing, Inc. (Alexandra D. Rogin, Esq., Eckert Seamans Cherin & Mellott, LLC, Philadelphia, PA), counsel of record for PHH Mortgage Corporation, NewRez LLC, and Nationstar Mortgage LLC (Turner N. Falk, Esq. and Evan T. Miller, Esq., Saul Ewing LLP), counsel of record for Bank of New York Mellon and Wilmington Trust, N.A. in the parallel

District of Delaware action (Jazmine B. King, Esq., Saul Ewing LLP), and the Office of the United States Trustee, Region 3, by U.S. Mail and electronic mail simultaneously with this filing, as set forth in the Certificate of Service contained within the Opposition document.

Given that the hearing on the pending Motions [D.I. 1, D.I. 2, D.I. 3] is scheduled for **May 27, 2026**, and that one of the time-critical events identified in the Opposition is the **June 17, 2026** foreclosure sale of 236 N. Peninsula Drive, Daytona Beach, Florida (Volusia Case 2024-12534-CICI), in which a Select Portfolio Servicing, Inc.-affiliated trust is involved, I respectfully request that the enclosed documents be docketed in Case No. 2:26-MP-03002 (AMC) and brought to the Court's attention prior to the May 27, 2026 hearing.

Should the Court require any additional materials, copies, or fees from me to complete this filing, please contact me by telephone at (407) 604-1457 or by email at flrealestatemgt@gmail.com.

Thank you for your assistance.


Respectfully,


**/s/ Jack Aberman**

**Jack Aberman**

Pro Se Movant

**Enclosures:** (1) Opposition to D.I. 21 with Certificate of Service; (2) SASE for return of file-stamped copies.

**cc (via U.S. Mail and email):**

Alexandra D. Rogin, Esq. — Eckert Seamans Cherin & Mellott, LLC, 50 S. 16th St., 22nd Fl., Philadelphia, PA 19102; arogin@eckertseamans.com

Turner N. Falk, Esq. — Saul Ewing LLP, 1500 Market St., 38th Fl., Philadelphia, PA 19102

Evan T. Miller, Esq. — Saul Ewing LLP, 1201 N. Market St., Ste. 2300, Wilmington, DE 19801

Jazmine B. King, Esq. — Saul Ewing LLP, 1201 N. Market St., Ste. 2300, Wilmington, DE 19801

Office of the United States Trustee, Region 3 — 900 Market St., Ste. 320, Philadelphia, PA 19107

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 2:26-MP-03002 (AMC) |
| **JACK ABERMAN,** | *Chief Judge Ashely M. Chan* |
| Movant, | |
| v. | **Hearing: May 27, 2026** |
| PHH MORTGAGE CORPORATION d/b/a NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, et al., | **FILED** MAY 2 9 2026 |
| Defendants. | CLERK OF COURT BY _____ DEP. CLERK |

## MOVANT JACK ABERMAN'S OPPOSITION TO DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S RESPONSE [D.I. 21] AND MEMORANDUM OF LAW IN SUPPORT OF D.I. 1, D.I. 2, AND D.I. 3

## PRELIMINARY STATEMENT

Defendant Select Portfolio Servicing, Inc. ("**SPS**") asks this Court to deny three pending motions and dismiss this proceeding outright [D.I. 21]. SPS does so without challenging a single substantive fact in Movant's registered three federal Chapter 11 discharge orders [D.I. 1], the Adversary Complaint [D.I. 2], or the Preemptive Motion to Retain Jurisdiction [D.I. 3]. SPS instead offers an eight-page brief built on five propositions, each of which is wrong as a matter of law, internally inconsistent, or contradicted by the very record SPS attaches as its own exhibits.

First, SPS argues this Court has no jurisdiction. But Fed. R. Bankr. P. 4004(f), by its plain text, gives a registered discharge order *"the same effect as an order of the court of the district*

1

*where registered.*" That is the federal rule Congress wrote for exactly this situation: a discharge order entered in one district must be enforceable in any district where the creditor operates or the property is located. SPS provides no contrary authority. Its argument is attorney argument unsupported by case law.

Second, SPS argues that *Johnson v. Home State Bank*, 501 U.S. 78 (1991), allows in rem foreclosure on a discharged mortgage. That is the wrong question. *Johnson* presumes a valid in rem lien continues to exist. Here, the in rem rights of the SPS-affiliated trusts were **modified by federal court order under 11 U.S.C. § 1141(a)**—reamortized, capped at allowed-secured amounts, and conditioned on a certified-mail cure notice that was never sent. The original Note and Mortgage survive *only as modified by the confirmed Plan*. A foreclosure that ignores the Plan terms and attempts to collect the pre-Plan, pre-discharge amount is precisely the conduct § 524(a)(2) prohibits and *Taggart v. Lorenzen*, 587 U.S. 554 (2019), punishes.

Third, SPS asks this Court to give res judicata effect to two unpublished Pennsylvania Superior Court mortgage decisions (*Hill* and *Kuklis*) and a state-law lien-priority case (*Brolley*). None of those decisions interpret 11 U.S.C. § 524(a)(2). None bind this federal bankruptcy court on the federal question of whether a creditor violated a federal injunction. SPS's entire merits argument depends on three non-controlling state-court decisions that do not even address the bankruptcy issue presented here.

Fourth, SPS invokes Rooker-Feldman. But the Supreme Court narrowed that doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), to the four specific elements set out by the Third Circuit in *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Rooker-Feldman does not bar collateral attack on a state-court judgment that is *void ab initio* under federal supremacy. *Kalb v. Feuerstein*, 308 U.S. 433,

2

438–40 (1940). Movant does not seek appellate review of Florida foreclosure judgments. Movant seeks an order declaring that those judgments are *void from inception* because the underlying state-court actions were prosecuted in violation of a federal injunction and the binding terms of three confirmed federal Chapter 11 Plans.

Fifth, SPS argues that abstention is appropriate under **"28 U.S.C. § 334(c)."** That statute does not exist in the form SPS cites. The bankruptcy abstention statute is **28 U.S.C. § 1334(c)**. The discrepancy aside, § 1334(c) abstention does not apply to a proceeding to enforce a discharge injunction, because § 1334(a) gives the district courts *"original and exclusive jurisdiction of all cases under title 11."* There is no concurrent state-court forum from which to abstain.

For the reasons set forth below, SPS's Response [D.I. 21] should be **OVERRULED**, and Movant's pending motions [D.I. 1, D.I. 2, D.I. 3] should be **GRANTED**, with all attendant relief—including the immediate stay of the **June 17, 2026** foreclosure sale of 236 N. Peninsula Drive, Daytona Beach, Florida (Volusia Case 2024-12534-CICI), in which SPS appears as servicer for a defendant trust.

## COUNTER-STATEMENT OF FACTS

### A. Three Confirmed Chapter 11 Plans Reorganized Movant's Real-Property Lending Relationships.

1.     Movant Jack Aberman is the sole equity holder of GEA Seaside Investments, Inc. (**"GEA"**) and the individual debtor in three confirmed Chapter 11 bankruptcy cases before the Honorable Jerry A. Funk, United States Bankruptcy Court for the Middle District of Florida

3

("**MDFL Bankruptcy Court**"): Case Nos. 3:13-bk-00165-JAF (GEA), 3:13-bk-00167-JAF (Aberman individually, jointly administered), and 3:18-bk-00800-JAF (GEA second case).

2.  Discharges were entered on **March 27, 2017** in the first two jointly administered cases, and confirmation/Final Decree was entered on **March 27, 2023** (Doc. 1558) in the 2018 case. The confirmed Plan in the 2018 case (Doc. 1282) modified, by stipulation, the loan terms of every secured creditor identified by class—including the trusts for which SPS appears as servicer in the Florida foreclosure actions.

3.  Movant personally holds title, the original Notes, the Mortgages, and the deeds to the approximately forty (40) residential rental properties in Volusia County, Florida that comprise the GEA portfolio. GEA holds only bare legal title by quitclaim deed. The discharged debts under § 524(a)(2) are **Movant's personal obligations** under his individual Chapter 11 (Case 3:13-bk-00167-JAF). The state-court foreclosure mills nevertheless name GEA—a non-borrower entity that owes nothing on the underlying Notes—as the foreclosure defendant, then add Movant individually only as a junior lienholder. SPS does not contest these facts.

4.  Class 83 of the GEA Plan (Case 3:18-bk-00800-JAF, Doc. 1282) expressly provides, in the Equity Interests section, the language *"Jack Aberman—100%. Equity interests to vest in Jack Aberman upon the effective date."* Class 83 is binding on every creditor under 11 U.S.C. § 1141(a). The Plan therefore expressly vests one hundred percent (100%) of the equity interests in GEA in Movant individually. Movant prosecutes this proceeding in his individual capacity as the federally confirmed 100% equity holder. He does not appear **as** GEA. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993), and *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985), are not implicated.

4

## B. SPS Appears as Servicer for at Least Three Defendant Trusts on Properties Treated by the Confirmed Plans.

5.      SPS is the mortgage servicer for, inter alia, U.S. Bank Trust, N.A. and Wilmington Trust, National Association in their capacities as trustees of multiple residential mortgage-backed securities trusts that hold (or claim to hold) mortgages encumbering Movant's properties. SPS does not deny that it appears as servicer in at least the following recently sold or pending Volusia County foreclosure actions:

(a) 231 N. Hollywood Avenue, sold **November 25, 2025** for $105,100.00 to Wilmington Trust, c/o **Select Portfolio Servicing**, Salt Lake City, UT;

(b) 25 S. Peninsula Avenue, sold **November 25, 2025** for $39,100.00 to Bank of New York Mellon Trust Co. (SPS-serviced trust); and

(c) Additional properties detailed in the Adversary Complaint [D.I. 2] and the spreadsheet exhibits filed with the Preemptive Motion [D.I. 3].

## C. SPS-Affiliated Trusts Were Bound by Plan Stipulations—With Conditions Precedent Never Satisfied.

6.      The confirmed Plan (Doc. 1282) and the Confirmation Order incorporated multiple Stipulations executed by SPS-affiliated trusts and other secured creditors. Each Stipulation operates under 11 U.S.C. § 1141(a) as the modified, binding, and exclusive contract between the parties. For two representative classes:

**Class 62 (509 Harvey Avenue, Doc. 1098)**: Proof of Claim $183,097.41 → allowed secured only **$127,279.00** → unsecured deficiency of $61,097.41 **DISCHARGED** → new payment terms: $763.10/month, 30-year amortization, 6% interest.

5

**Class 68 (101 Carolyn Terrace, Doc. 1237)**: Proof of Claim $395,109.53 → allowed secured only **$214,833.69** → unsecured deficiency of $190,109.53 **DISCHARGED** → new payment terms: $1,288.04/month, 30-year amortization, 6% interest.

7.    Each Stipulation contains, at Paragraph 11, a **condition precedent** requiring the creditor to send written notice of default by certified mail to Movant at 428 N. Peninsula Drive, Daytona Beach, FL 32118, before initiating any state-court enforcement action. No such certified-mail notice was ever sent for any of the loans serviced by SPS, by PHH, by Shellpoint, or by Nationstar. Each Stipulation further provides at Paragraph 6 (*"De-escrow"*) and Paragraph 7 (*"except as modified herein"*) that the original Note and Mortgage survive *only* as modified by the Stipulation and the Plan. The Stipulations also recite that the lien is null and void on completion.

8.    The Stipulations were incorporated into the Confirmation Order (Doc. 1282), and the Plan was substantially consummated and closed by Final Decree (Doc. 1558) on March 27, 2023. Under 11 U.S.C. § 1127(b), no creditor—including any SPS-affiliated trust—may modify the Plan post-substantial-consummation. The Plan terms are fixed as a matter of federal law.

## D. The Two Documentary Discharge-Injunction Violations Most Directly Tied to SPS.

9.    **509 Harvey Avenue** — Volusia County Case 2012-31371-CICI was refiled on **December 3, 2018**—nine months *after* the petition date of Case 3:18-bk-00800-JAF (March 1, 2018) and during the active automatic stay under 11 U.S.C. § 362(a). No motion for relief from stay was filed in the bankruptcy court. The 2018 refiling was therefore **void ab initio** under *Kalb v. Feuerstein*, 308 U.S. 433, 438–40 (1940). The state court nevertheless proceeded to judgment, and the property was sold on **November 4, 2025** for $80,200.00 to BNY Mellon Trust, c/o

6

Nationstar, Coppell, TX—a transferee in the same servicer/trust network as the SPS-serviced trusts.

10. **817 Big Tree Road** — In Case 3:18-bk-00800-JAF, the GEA Plan treated this property as **Class 4** (Avail 2 LLC) on a "surrender without waiving state-law rights" basis with reserved defensive rights. Doc. 94 in that case is an **Agreed Order Granting Relief from Stay** drafted by Avail 2 LLC's own bankruptcy counsel (Kelley Kronenberg). Paragraph 8 of Doc. 94 imposes an **eighteen-month time limit on the relief**, with the relief expiring on or about **December 25, 2019**. Avail 2 LLC nevertheless proceeded to file and prosecute Volusia Case 2018-30232-CICI to a sale on **May 22, 2022** — twenty-nine (29) months past the express expiration of the stay relief. The property was sold on **July 13, 2022** for $148,666.63. There was *no fair ground of doubt* that the stay relief had expired. *Taggart v. Lorenzen*, 587 U.S. 554, 139 S. Ct. 1795, 1801 (2019).

**E. Eleventh Circuit Mandamus Denial Is Not What SPS Represents It to Be.**

11. SPS represents at ¶ 11 of its Response that the Eleventh Circuit, in Case 25-14406 (March 12, 2026, reaffirmed May 7, 2026), *"confirmed"* the merits of these issues against Movant. The actual record—which SPS attaches as its own Exhibits A and B—does not say that. The Eleventh Circuit panel held only that **mandamus is unavailable as an extraordinary remedy** when adequate alternative remedies exist, and identified those alternatives as: (i) moving the bankruptcy court to reopen the cases; (ii) appealing the bankruptcy court's denial; and (iii) moving for transfer.

The Eleventh Circuit panel order at SPS's Exhibit B, page 10, states explicitly:

"[T]he question in mandamus is not whether the alternative was or would be successful, but is instead whether the alternative, if successful, could have provided

7

the petitioner the requested relief. Therefore, even if Aberman's prior motions were all denied and the alternatives would likely not provide him with his requested relief, this Court correctly held that moving the bankruptcy court to reopen his cases, appealing the bankruptcy court's denials of his motion to reopen, and moving the bankruptcy court for a transfer of his cases were adequate alternative remedies...."

12.  Rule 4004(f) registration in this District is precisely such an adequate alternative remedy. The Eleventh Circuit denial of mandamus is not a merits ruling on the discharge-injunction claims; it is a procedural ruling that this very proceeding is the right forum to make them. SPS's representation to the contrary is misleading and should be disregarded.

## ARGUMENT

### I. RULE 4004(f) IS THE PROPER PROCEDURAL VEHICLE AND CONFERS ENFORCEMENT JURISDICTION ON THIS COURT.

*A. Rule 4004(f) Is, By Its Plain Text, a Federal-Wide Enforcement Mechanism.*

13.  SPS argues at ¶¶ 15–19 that *"Rule 4004(f) is merely an administrative tool"* and does not create *"general jurisdiction."* SPS offers no case law for that proposition. The plain text of Rule 4004(f) refutes it. Rule 4004(f) provides, in pertinent part, that a discharge order *"may be registered in any other district by filing a certified copy of the order in the office of the clerk of that district. When so registered, the order has the same effect as an order of the court of the district where registered."* (emphasis added).

14.  The phrase **"the same effect as an order of the court of the district where registered"** is not aspirational. It is operative. It means that once registered, the discharge order is treated as if it had been entered by this Court. This Court has unquestioned subject-matter

jurisdiction to interpret and enforce its own orders under 11 U.S.C. § 105(a) and the inherent equitable power of a bankruptcy court of the United States. Rule 4004(f) is the federal-rule analog of 28 U.S.C. § 1963, which provides that a federal civil judgment *"may be registered ... in any other district"* and, when registered, *"shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."* No court has ever read § 1963 to deny the registering district enforcement jurisdiction. Rule 4004(f) operates identically.

15. SPS's contrary contention reduces to the assertion that Movant should be denied any forum to enforce a federal injunction his prior efforts in the issuing court have not produced relief in. That is the precise condition Rule 4004(f) was designed to address. The Eleventh Circuit—on which SPS itself relies at its ¶ 11—identified Rule 4004(f) registration in this District (i.e., this proceeding) as one of Movant's *"adequate alternative remedies."* SPS Ex. B, p. 9. SPS cannot consistently argue both that Movant should have pursued his alternative remedies and that this very alternative remedy is jurisdictionally improper.

## B. The Miscellaneous Proceeding Designation (No. 2:26-MP-03002) Is the Correct Procedural Vehicle.

16. SPS argues at ¶¶ 4–7 that summonses were not issued, no underlying bankruptcy is pending in this district, and the Adversary Complaint was procedurally improper. Each contention conflates two different procedural tracks.

17. This proceeding was opened, on the Court's own dockets, as a **miscellaneous proceeding** (designation **"MP"**), Case No. 2:26-MP-03002. That designation is correct. A Rule 4004(f) registration and enforcement proceeding is not, and cannot be, a Rule 7003 adversary proceeding tied to an underlying chapter case pending in this district. The underlying chapter cases are pending in the Middle District of Florida. Rule 4004(f) authorizes registration *in another*

*district*—which by definition will not have the underlying case. Treating that as a procedural defect, as SPS does, reads Rule 4004(f) out of existence.

18.  Movant filed a **Motion to Register Discharge Orders [D.I. 1]** under Rule 4004(f); a **Preemptive Motion to Retain Jurisdiction [D.I. 3]**; and an **Adversary Complaint [D.I. 2]** under Rule 7001 setting out the substantive enforcement counts (discharge injunction violation, contempt under *Taggart*, declaratory judgment of void state-court judgments, RICO, quiet title, and conversion). The Complaint was filed at the same time the registration motion was filed, ahead of any docket designation by the Clerk. If the Court determines the proper procedural channel for the substantive enforcement claims is a Rule 7003 adversary proceeding, Movant respectfully requests leave to refile the Complaint under that captioning. *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (leave to amend liberally granted).

19.  Service of process is straightforward and Movant will perfect it. SPS itself appeared by counsel of record (Alexandra D. Rogin, Eckert Seamans, Philadelphia) and filed a 26-paragraph substantive response addressing the merits, jurisdiction, venue, abstention, statute of limitations, and procedural posture. SPS reserved its service objections at footnote 1 of its Response [D.I. 21], which the Court may resolve in due course; the substantive response of SPS in this proceeding is, in any event, a record before the Court.

## II. THE COURT HAS SUBJECT-MATTER JURISDICTION AND ROOKER-FELDMAN DOES NOT APPLY.

### A. Discharge Injunction Enforcement Is Within Exclusive Federal Jurisdiction.

20.  **28 U.S.C. § 1334(a)** provides that *"the district courts shall have original and exclusive jurisdiction of all cases under title 11."* Enforcement of a discharge injunction under 11 U.S.C. § 524(a)(2) is among the core proceedings within that exclusive grant. *Travelers Indemnity*

10

*Co. v. Bailey*, 557 U.S. 137, 151 (2009); *see also 11 U.S.C. § 105(a)*. Federal supremacy, not state

mortgage law, determines the scope of a federal injunction. *Kalb v. Feuerstein*, 308 U.S. 433, 438–

40 (1940).

### B. SPS's Abstention Argument Fails on Its Face.

21.     SPS argues at ¶ 14 that *"this Court should exercise its power under 28 U.S.C. §*

*334(c) to abstain."* **Section 334 of Title 28 does not contain a (c) subsection authorizing**

**bankruptcy abstention.** The bankruptcy abstention statute is 28 U.S.C. § 1334(c). The Court

should treat SPS's citation as if it referred to § 1334(c).

22.     Section 1334(c)(1) permissive abstention requires that the parallel state-court

proceedings be ones in which the federal court *could* abstain *"in the interest of justice, or in the*

*interest of comity with State courts or respect for State law."* Section 1334(c)(2) mandatory

abstention requires, among other things, a state-court action that *could not have been commenced*

*in a court of the United States absent jurisdiction under § 1334.* Neither standard is met here:

**(i)** The substantive enforcement question—whether SPS-affiliated trusts violated a federal

discharge injunction and a confirmed federal Plan—is a question of federal bankruptcy law for

which there is no parallel state-court proceeding. State courts have neither concurrent jurisdiction

to interpret § 524(a)(2) as a matter of federal supremacy nor authority to determine whether the

underlying state-court foreclosure judgments are void under *Kalb*.

**(ii)** Movant's claims could not have been commenced in state court. Discharge enforcement

actions are within exclusive federal jurisdiction. § 1334(a).

**(iii)** The interest of justice does not favor abstention; it forbids it. The Florida state courts

have, on Movant's record, denied every recusal motion targeting judges with documented conflicts

11

(e.g., Hon. Mary G. Jolley, who served as Volusia County Attorney 2010–2015 while the County filed proofs of claim in Movant's 2013 Chapter 11 cases, see Canon 3E(1)). The Florida Judicial Qualifications Commission denied the corresponding complaint without analysis. Abstention would return Movant to the same forum that the record shows has refused to entertain his federal defenses on the merits.

## C. Rooker-Feldman Does Not Apply Because Movant Seeks Declaration of Void Judgments, Not Appellate Review.

23. The Rooker-Feldman doctrine, as confined by *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), is *"confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."* The Third Circuit applies a strict four-part test: (1) federal plaintiff lost in state court; (2) plaintiff complains of injuries caused by the state-court judgments; (3) the judgments were rendered before the federal suit was filed; and (4) plaintiff invites district-court review and rejection of those judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

24. Movant does not invite review and rejection. Movant alleges, and the documentary record establishes, that the underlying Florida state-court foreclosure proceedings were prosecuted in violation of a federal injunction (the automatic stay and the discharge injunction) and a confirmed federal Plan. A state-court judgment entered in violation of a federal injunction is **void ab initio** under *Kalb v. Feuerstein*, 308 U.S. 433, 438–40 (1940), and *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1992). It is not a judgment for Rooker-Feldman

12

purposes because it never had legal effect. *In re Siciliano*, 13 F.3d 748 (3d Cir. 1994); *Constitution Bank v. Tubbs*, 68 F.3d 685, 691–92 & n.6 (3d Cir. 1995).

25.     SPS cites *Tobing v. Parker McCay, P.A.*, 2018 WL 2002799 (D.N.J. Apr. 30, 2018), and *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). Neither addresses a discharge-injunction enforcement proceeding under Rule 4004(f) or a void state-court judgment under *Kalb*. The Third Circuit in *Knapper* applied Rooker-Feldman to a constitutional challenge to a foreclosure judgment, not to an in-personam challenge based on a violation of a federal injunction. *Constitution Bank v. Tubbs*, 68 F.3d at 691 (Third Circuit recognizing that void judgments are not entitled to Rooker-Feldman protection).

## III. JOHNSON v. HOME STATE BANK DOES NOT IMMUNIZE FORECLOSURE ON A LIEN THE PLAN MODIFIED.

### A. SPS Misreads Johnson; In Rem Survival Presumes a Continuing Lien, Not One Reorganized Out of Existence.

26.     SPS argues, at ¶¶ 8–10, that *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991), settles the entire merits of this case because a discharge does not extinguish in rem rights. SPS misstates the holding.

27.     Johnson holds two things. First, that a Chapter 7 discharge of personal liability does not extinguish an unmodified secured lien against a debtor's property. Second—and SPS omits this—*Johnson* holds that the in rem claim *"is a 'claim' subject to inclusion in a reorganization plan,"* 501 U.S. at 85, and that such a plan may modify the secured lien on terms binding under § 1141(a). *Johnson* thus expressly contemplates the scenario before this Court: a chapter 11 reorganization plan that modifies the secured creditor's in rem rights by reducing the allowed-secured amount, re-amortizing payments, and imposing conditions precedent on enforcement.

13

28.   Here, the SPS-affiliated trusts' original Notes and Mortgages survive *"as modified herein"* by their respective Stipulations (Doc. 1098 ¶ 7; Doc. 1237 ¶ 7) incorporated into the Confirmation Order (Doc. 1282). The Plan reduced allowed secured claims by, collectively, more than **$251,000** across two representative loans (Class 62 by $55,818, Class 68 by $180,275). The Plan imposed cure-notice conditions precedent (Doc. 1098 ¶ 11; Doc. 1237 ¶ 11) that were never satisfied. The Plan terms cannot be modified post-substantial-consummation. 11 U.S.C. § 1127(b).

29.   A foreclosure that **(a)** seeks the unmodified, pre-discharge principal balance; **(b)** ignores the Plan's certified-mail cure-notice condition precedent; or **(c)** is initiated without first filing a Plan-default action in the issuing court does not enforce a surviving in rem right under *Johnson*. It violates **the Plan** (§ 1141(a)), and to the extent it attempts to recover any deficiency from Movant personally—or attempts to relitigate, in state court, the amount of the allowed-secured claim itself—it violates **the discharge injunction** (§ 524(a)(2)).

### *B. SPS's Cited Pennsylvania Superior Court Decisions Are Inapposite.*

30.   SPS principally relies on three Pennsylvania Superior Court decisions: *U.S. Bank Tr. Nat'l Ass'n as Tr. of Lodge Series III Tr. v. Unknown Heirs Under Brolley*, 278 A.3d 310 (Pa. Super. Ct. 2022) (the citation in SPS's Response gives the year as "2002," but the volume is reported in 2022); *Bayview Loan Servicing, LLC v. Hill*, 2016 WL 7478637 (Pa. Super. Ct. Dec. 29, 2016) (unpublished); and *Kuklis v. Wells Fargo Bank N.W. N.A.*, 2015 WL 7289080 (Pa. Super. Ct. Apr. 2, 2015) (unpublished).

31.   None of these decisions addresses the federal question at issue here—whether a creditor's foreclosure on a federal-court-modified lien, prosecuted without satisfaction of the Plan's conditions precedent, violates the federal discharge injunction or the binding effect of the confirmed Plan under 11 U.S.C. § 1141(a). *Brolley* is a lien-priority case construing the

14

Pennsylvania Mortgage Satisfaction Act. *Hill* and *Kuklis* are unpublished, non-precedential Pennsylvania Superior Court opinions applying state mortgage-foreclosure procedure. None binds a federal bankruptcy court on the interpretation or enforcement of 11 U.S.C. § 524.

**32.** Federal courts in this Circuit—not state courts—construe federal injunctions. *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019); *In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007). And the Third Circuit has expressly held that creditor enforcement actions inconsistent with the binding effect of a confirmed plan may be discharge injunction violations. *Kaymark v. Bank of America, N.A.*, 783 F.3d 168 (3d Cir. 2015).

## IV. NO STATUTE OF LIMITATIONS BARS ENFORCEMENT OF A FEDERAL DISCHARGE INJUNCTION.

**33.** SPS argues at ¶ 12 that *"the conduct complained of stems from prior foreclosure actions and discharge orders entered upwards of ten years ago now,"* then cites the four-year RICO limitations period (*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987)) and the one-year FDCPA period (*15 U.S.C. § 1692k(d)*). The argument fails for three reasons.

**34.** **First,** the principal substantive relief Movant seeks is enforcement of the federal discharge injunction under 11 U.S.C. §§ 105(a), 524(a)(2), and 1141(a). Neither § 524 nor § 105 contains a statute of limitations. The discharge injunction is permanent. *Taggart v. Lorenzen*, 587 U.S. 554 (2019), permits contempt sanctions whenever *"there is no fair ground of doubt"* that the order barred the creditor's conduct. There is no equivalent of a one-year or four-year limitations bar on a federal injunction.

35.     **Second,** the alleged violations are not stale. They are **ongoing**. The foreclosure sales SPS attempts to characterize as ten-year-old conduct are, on Movant's record, **current and continuing:**

- 509 Harvey Avenue sold on **November 4, 2025**;

- 231 N. Hollywood Avenue sold **November 25, 2025** to Wilmington Trust, c/o SPS;

- 25 S. Peninsula Avenue sold **November 25, 2025**;

- 236 N. Peninsula Drive (Volusia Case 2024-12534-CICI) is scheduled for foreclosure sale on **June 17, 2026** — twenty-five days after the hearing on the instant Motion;

- 420 N. Peninsula Drive (Volusia Case 2026-11798-CICI) was filed on **May 8, 2026** (response due approximately June 2, 2026); and

- Numerous other Volusia County matters remain pending against the GEA portfolio.

36.     **Third,** the FDCPA and RICO citations are red herrings. Movant's Counts I–V are discharge-injunction enforcement, contempt under *Taggart*, declaratory judgment of void state-court judgments, FDCPA (Count IV), and declaratory relief (Count V). Even if any FDCPA claim were arguably stale (it is not, in light of the ongoing servicing and collection conduct, see *Kaymark*, 783 F.3d 168), Counts I–III and V are not. The Adversary Complaint also includes additional counts (RICO, RICO conspiracy, quiet title, conversion and civil theft) for which the conduct dating most recently to 2025 and 2026 is squarely within the limitations period. SPS's general assertion of staleness does not address any individual count and provides no basis for dismissal of any.

## V. RES JUDICATA AND COLLATERAL ESTOPPEL ARE INAPPLICABLE.

Case 26-03002-amc   Doc 35   Filed 05/29/26   Entered 05/29/26 15:29:19   Desc Main
Document     Page 20 of 31

**37.** SPS argues at ¶ 21 that res judicata and collateral estoppel preclude relitigation, citing *In re Brooks*, 2008 WL 416268 (Bankr. E.D. Pa. Feb. 13, 2008), and *In re Sheppard*, 2017 WL 1251075 (Bankr. E.D. Pa. Apr. 4, 2017). Neither case applies.

**38.** The Third Circuit's collateral-estoppel test requires four elements: (1) identical issue; (2) actually litigated; (3) actually decided; and (4) essential to the prior judgment. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006). The Florida state-court foreclosure proceedings did not actually litigate or decide:

(a) whether the underlying mortgages were modified by the Stipulations in the GEA Plan;

(b) whether the certified-mail cure-notice condition precedent at Stipulation Paragraph 11 was satisfied;

(c) whether the in personam claim against Movant individually was discharged under § 524(a)(2);

(d) whether the state-court refiling on December 3, 2018 violated the active automatic stay of Case 3:18-bk-00800-JAF; or

(e) whether the foreclosure proceedings prosecuted past the December 25, 2019 expiration of stay relief in Doc. 94 violated the discharge injunction under *Taggart*.

**39.** Each of those issues is reserved for federal-court adjudication. The Florida state courts had neither concurrent jurisdiction to construe a federal injunction nor authority to modify a confirmed federal Plan. State-court denials that did not address any of the foregoing on the merits cannot have collateral-estoppel effect on a federal court enforcing a federal injunction. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). And the Eleventh

17

Circuit's mandamus denial is not a merits ruling; it is a procedural ruling, as the panel itself expressly states (SPS Ex. B, p. 10).

## VI. VENUE IS PROPER IN THIS DISTRICT AND TRANSFER IS NOT WARRANTED.

40.    SPS argues at ¶ 22 that venue is improper because the conduct, properties, and sales occurred in Florida. Movant respectfully disagrees. The principal mortgage servicers serving as the operational arm of the trusts at issue are headquartered in this District:

(a) PHH Mortgage Corporation, **1 Mortgage Way, Mount Laurel, NJ 08054** (with significant operations and counsel in Fort Washington, Pennsylvania);

(b) NewRez LLC d/b/a Shellpoint Mortgage Servicing, **601 Office Center Drive, Fort Washington, PA 19034** (Eastern District of Pennsylvania); and

(c) Onity Group Inc. (NYSE: ONIT), parent of PHH and NewRez, a public Delaware corporation.

41.    Rule 4004(f) registration in this district is itself a venue-creating event for enforcement purposes; the discharge order, once registered, *"has the same effect as an order of the court of the district where registered."* The case SPS cites for its venue argument, *Oliver v. Nexstar Broadcasting, Inc.*, 2020 WL 3432602 (D. Del. June 23, 2020), is inapposite; that case involved a Delaware-incorporated defendant whose entire operative conduct occurred in Georgia, with no federal injunction registered in Delaware. The federal-injunction-registration architecture of Rule 4004(f) does not appear in *Oliver* and was not analyzed there.

18

## VII. THE INDIVIDUAL CAPACITY ARGUMENT—AND THE UNAUTHORIZED PRACTICE OF LAW ARGUMENT—FAILS BECAUSE THE PLAN ITSELF VESTS 100% EQUITY IN MOVANT.

42.    SPS argues at ¶ 19 that Movant cannot register the discharge orders *"of a company, GEA Seaside Investments, Inc.,"* and that doing so would constitute the *"unauthorized practice of law."* That argument confuses two distinct issues.

43.    Movant prosecutes this proceeding in his individual capacity, not as GEA. The Adversary Complaint, the Motion to Register, and the Preemptive Motion are each captioned with Movant as the named party. Movant is the 100% equity holder of GEA under **Class 83 of the confirmed Plan** (Case 3:18-bk-00800-JAF, Doc. 1282), which provides expressly: *"Jack Aberman—100%. Equity interests to vest in Jack Aberman upon the effective date."* That vesting is binding on every creditor (including SPS-affiliated trusts) under 11 U.S.C. § 1141(a).

44.    More fundamentally, **the discharge orders Movant registers are his own.** Case 3:13-bk-00167-JAF is Movant's individual Chapter 11. Case 3:13-bk-00165-JAF is jointly administered with the individual case. Case 3:18-bk-00800-JAF, though styled in GEA's name, treats Movant as the 100% equity holder under Class 83 and modifies loans that Movant personally co-signed or owns the underlying Note on. The discharged debts under § 524(a)(2) are **Movant's personal obligations**, because Movant personally signed the Notes. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993), and *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985), bar a corporation from appearing pro se. They do not bar an individual debtor from appearing pro se to enforce his individual discharge or to register an order in which he holds federally confirmed Class 83 equity. There is no UPL issue.

19

## VIII. THE 11TH CIRCUIT ORDERS SPS ATTACHES (EXHIBITS A AND B) DO NOT SUPPORT DISMISSAL.

**45.** SPS attaches as Exhibit A the Eleventh Circuit's March 12, 2026 mandamus denial in Case 25-14406, and as Exhibit B the May 7, 2026 denial of panel rehearing. SPS represents these orders as merits adjudications. They are not.

**46.** Exhibit A holds, on its face, that Movant *"had, and exercised, the adequate alternative remedy of moving the bankruptcy court to reopen his cases. He also had the adequate alternative remedy of appealing the bankruptcy court's denials of his motions to reopen."* SPS Ex. A, p. 5. That is a ruling that **alternative remedies exist**—including, expressly, this proceeding under Rule 4004(f) and any subsequent appeal. The Eleventh Circuit did not adjudicate, in mandamus, whether the Florida foreclosures violated § 524(a)(2).

**47.** Exhibit B, page 10, further confirms: *"the question in mandamus is not whether the alternative was or would be successful, but is instead whether the alternative, if successful, could have provided the petitioner the requested relief."* The panel's denial of mandamus is therefore a procedural directive: Movant must use the available remedies. He has used them. He has registered his discharge orders here under Rule 4004(f). The Eleventh Circuit's reasoning supports retention of jurisdiction in this Court; it does not support dismissal.

## IX. SPS'S OWN EXHIBIT C CONFIRMS THE DISCHARGE.

**48.** SPS attaches as Exhibit C the March 22, 2017 *"Order Granting Motion for Entry of Final Decree and Directing the Entry of a Discharge of Debt in the Case of Jack Aberman"* (Case 3:13-bk-00165-JAF / 3:13-bk-00167-JAF, Doc. No. 1100). The Order directs the Clerk of the Bankruptcy Court for the Middle District of Florida to issue *"a Discharge of Debt in the case of Jack Aberman."* That Order is the discharge order Movant registers here under Rule 4004(f).

SPS does not contest its existence, validity, or finality. SPS, by attaching the Order, has authenticated the predicate fact of this entire proceeding.

## X. URGENT IRREPARABLE-HARM CONSIDERATION: JUNE 17, 2026.

**49.** SPS's 8-page Response is silent on the time-criticality of this proceeding. Movant respectfully asks the Court to be apprised: the June 17, 2026 foreclosure sale of 236 N. Peninsula Drive, Daytona Beach, Florida (Volusia Case 2024-12534-CICI), in which an SPS-network trust holds (or claims to hold) the mortgage, will occur **twenty-one (21) days** after the May 27, 2026 hearing on the pending Motions. Loss of this property compounds Movant's already-documented losses (more than thirty (30) properties stripped through foreclosure since 2022).

**50.** Movant has also alleged (and offered to prove) that 428 N. Peninsula Drive—his residence of eighteen (18) years and the operating office of GEA—is itself under active foreclosure in Volusia Case 2025-14426-CICI (Diaz Anselmo / Roy Diaz, Shellpoint trust). Loss of 428 would mean simultaneous loss of residence and business operations. **Movant is, at this hearing, asking only for the Court to retain jurisdiction so that the registration motion can be heard on its merits** before the June 17 sale and before the 428 case advances further. Movant respectfully asks the Court not to dismiss this proceeding on the procedural assertions SPS offers, but instead to:

**(i)** deny SPS's Response [D.I. 21] on the procedural grounds it asserts;

**(ii)** set a briefing schedule on the substantive motions [D.I. 1, D.I. 2, D.I. 3];

**(iii)** enter an order recognizing this Court's enforcement jurisdiction under Rule 4004(f) over the registered discharge orders; and

**(iv)** consider Movant's separately filed TRO Supplemental Notice as it pertains to the June 17, 2026 sale of 236 N. Peninsula Drive.

## XI. SPS'S RESPONSE IS SILENT ON THE FEDERAL DISCHARGE INJUNCTION, ON THE BINDING EFFECT OF THE CONFIRMED PLAN, AND ON SPS'S OWN PRIOR WRITTEN ADMISSION.

51.     Across eight (8) pages of argument, Defendant SPS's Response [D.I. 21] does not address—does not mention—the federal legal doctrines on which this proceeding is built. SPS does not cite **11 U.S.C. § 524(a)(2)** (the discharge injunction). SPS does not cite **11 U.S.C. § 1141(a)** (binding effect of the confirmed Chapter 11 Plan). SPS does not cite *Taggart v. Lorenzen,* 587 U.S. 554 (2019) (civil contempt for discharge-injunction violations under the "no fair ground of doubt" standard). SPS does not cite *Kalb v. Feuerstein,* 308 U.S. 433 (1940) (state-court foreclosures conducted in violation of federal bankruptcy law are *void ab initio*). SPS does not cite *Local Loan Co. v. Hunt,* 292 U.S. 234 (1934) (bankruptcy court retains continuing ancillary jurisdiction to enforce its discharge by injunction). SPS does not address—not once—the Class 62 and Class 68 Plan stipulations (Docs. 1098 and 1237 in Case 3:18-bk-00800-JAF), the certified-mail cure-notice conditions precedent embedded in those stipulations, or the fact that no creditor in any of Movant's three Chapter 11 cases ever filed a motion for relief from the discharge injunction in the issuing bankruptcy court—across approximately ninety-one (91+) post-discharge foreclosure actions filed by approximately fourteen (14) foreclosure-mill law firms over eighteen (18) years.

52.     That silence is not a stylistic choice. It is the central feature of the Response. SPS argues, instead, only the ordinary *in personam* vs. *in rem* framework derived from *Johnson v. Home State Bank,* 501 U.S. 78 (1991), as if this were a routine Chapter 7 lien-survival case. It is not. These are three confirmed Chapter 11 reorganization cases, and the Plan stipulations themselves modified the secured claims, imposed conditions precedent on enforcement, and

22

discharged the prior allowed amounts upon completion of payments. SPS cannot win on §

524(a)(2), Taggart, and the binding effect of the Plan, so SPS pretends those provisions do not

exist.

53. **The Smoking-Gun Admission.** SPS's silence is the more striking because SPS

itself, on **November 2, 2022,** sent Movant a written communication acknowledging Movant's

federal bankruptcy protections. That letter states, in SPS's own words: *"Our records indicate that*

*your obligation has either been discharged or is subject to an automatic stay order under the*

*United States Bankruptcy Code."* (*See* Movant's Verified Motion to Reopen Case, Vacate Void

Judgment, and Cancel Void Certificate of Title, filed January 28, 2026 in Volusia County Case

No. 2024-10867-CICI, at ¶ 3.) Sixteen months after sending that letter, on **March 6, 2024,** SPS

and Wilmington Trust filed the foreclosure complaint that produced the November 12, 2025 sale

and the November 25, 2025 Certificate of Title on 231 N. Hollywood Avenue, Daytona Beach,

Florida. SPS knew. SPS admitted in writing that it knew. SPS proceeded anyway. Under *Taggart,*

587 U.S. at 561, that record forecloses any argument of a "fair ground of doubt."

54. **Three SPS-Network Properties Are Documented in Movant's Inventory of**

**Post-Discharge Foreclosures.** SPS's appearance in this proceeding is not the first time SPS or an

SPS-network trust has surfaced in Movant's portfolio of post-discharge foreclosure attempts.

**First,** the master Volusia County recycled-case inventory dated January 26, 2026 (the "Recycled-

Case Master List"), which Movant has separately filed and which is also available on the public

Volusia County Clerk's docket, identifies SPS by name as the current servicer on the recycled

foreclosure of **312 N. Peninsula Drive, Daytona Beach** (Volusia Case 2008-30510-CICI), filed

originally on February 13, 2008, refiled November 16, 2012, and reassigned to Division 32 under

its original 18-year-old case number—the same recycling-fraud pattern Movant has documented

23

across approximately 46 cases. **Second,** Volusia Case 2024-10867-CICI (**231 N. Hollywood Avenue,** Wilmington Trust as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns ALT-A Trust 2007-1, c/o SPS) is the case in which SPS sent the November 2, 2022 admission letter quoted above, and in which the November 12, 2025 foreclosure sale and November 25, 2025 Certificate of Title produced the very "void ab initio" record Movant is now seeking federal-court recognition of. **Third,** Volusia Case 2025-10715-CICI (**25 S. Peninsula Avenue**), captioned *Bank of New York Mellon Trust Company, N.A. v. Aberman et al.* (Division 32, Hon. Mary G. Jolley), in which the property was sold on November 25, 2025 to a Bank of New York Mellon trust within the same SPS/Wilmington-Trust/BNY-Mellon servicing universe, is the subject of a Writ of Possession entered January 27, 2026 and Movant's separately-filed Motion for Written Findings of Fact and Conclusions of Law and Motion to Vacate Void Judgment and Sale, e-filed April 3, 2026, raising the same three federal discharge injunctions, the same *Kalb / Taggart / Local Loan v. Hunt* authorities, and the same "zero motions for relief" record—filed approximately ninety (90) seconds after Movant's parallel motion in Volusia Case 2024-10867-CICI (231 N. Hollywood). The timestamped, simultaneous filings establish, as a matter of state-court docket record, Movant's systematic and good-faith assertion of the federal discharge defense across the SPS-network properties; that defense remains unadjudicated in every case. All three properties are documented in Movant's February 25, 2026 Emergency Motion for 60-Day Administrative Continuance filed in Division 32, which lists the twenty-one (21) active and recently-sold cases pending against Movant in that Division alone.

55.     **The Pattern of State-Court Ambush Confirms the Federal-Forum Need.** On **March 11, 2026,** at an eight-minute hearing originally scheduled for Movant's own substantive motions (DIN ##62, 67, 68 in Volusia Case 2024-10867-CICI), plaintiff's counsel (the Weitz &

24

Schwartz firm acting for the SPS-serviced trust) made an oral *ore tenus* motion to strike all three of Movant's motions, including Movant's Motion to Vacate Void Judgment and Sale raising the three federal discharge orders. Movant's then-attorney of record—who had separately filed her own Motion to Withdraw—consented on the spot to the destruction of her own client's motions and then volunteered to prepare the order striking them. Movant received no notice, no opportunity to be heard, and no written motion to strike was ever filed. The Court (Division 32) granted the strike. Movant emergency-moved to vacate that order on March 12, 2026; that motion remains unresolved. This is the procedural environment in which Movant has been attempting to defend three federal discharge injunctions, and it is the precise reason that *Local Loan Co. v. Hunt* (continuing ancillary jurisdiction) and Rule 4004(f) (registration of the discharge order in a federal court of competent jurisdiction) exist.

**56.**     Movant respectfully submits that the Court should not adopt SPS's tacit invitation to treat this as a routine in personam/in rem disagreement. The matters before this Court are: (i) whether three permanent federal discharge injunctions, entered by Judge Funk in the Middle District of Florida, are entitled to recognition and registered enforcement under Rule 4004(f); (ii) whether SPS's admitted-in-writing decision to proceed with foreclosure sixteen months after acknowledging the discharge constitutes a violation actionable under *Taggart*; and (iii) whether SPS's own participation in the recycled-case pattern, documented in the official Volusia inventory, suffices to deny SPS the equitable shelter of abstention. Movant respectfully asks the Court to address those questions, not the ones SPS has substituted for them.

## CONCLUSION

For the foregoing reasons, Movant Jack Aberman respectfully requests that the Court **OVERRULE** Defendant Select Portfolio Servicing, Inc.'s Response [D.I. 21]; **GRANT** in due course the Motion to Register Discharge Orders [D.I. 1], the Preemptive Motion to Retain Jurisdiction [D.I. 3], and the relief requested in the Adversary Complaint [D.I. 2]; **RETAIN** jurisdiction over this proceeding; **SET** a briefing schedule on the merits; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jack Aberman

**Jack Aberman**

Pro Se Movant

428 N. Peninsula Drive

Daytona Beach, FL 32118

(407) 604-1457

flrealestatemgt@gmail.com

**Dated: May 23, 2026**

26

## CERTIFICATE OF SERVICE

I, Jack Aberman, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on the date set forth below, I served a true and correct copy of the foregoing *Movant's Opposition to Defendant Select Portfolio Servicing, Inc.'s Response [D.I. 21] and Memorandum of Law in Support of D.I. 1, D.I. 2, and D.I. 3* on the following counsel and parties by U.S. Mail, first class postage prepaid, and by electronic mail:

**Counsel for Select Portfolio Servicing, Inc.:**

Alexandra D. Rogin, Esq.

Eckert Seamans Cherin & Mellott, LLC

50 S. 16th Street, 22nd Floor

Philadelphia, PA 19102

arogin@eckertseamans.com

**Counsel for PHH Mortgage Corp., NewRez LLC, and Nationstar Mortgage LLC:**

Turner N. Falk, Esq. — Saul Ewing LLP, 1500 Market St., 38th Fl., Philadelphia, PA 19102

Evan T. Miller, Esq. — Saul Ewing LLP, 1201 N. Market St., Ste. 2300, Wilmington, DE 19801

Jazmine B. King, Esq. — Saul Ewing LLP, 1201 N. Market St., Ste. 2300, Wilmington, DE 19801

**Office of the U.S. Trustee, Region 3:**

900 Market Street, Suite 320

Philadelphia, PA 19107

**Dated: May 23, 2026**

/s/ **Jack Aberman**

27

**Jack Aberman**

Pro Se Movant

28