**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of Registration of Discharge Orders | ) Miscellaneous Proceeding |
| | ) |
| | ) No. 26-3002 (AMC) |
| JACK ABERMAN, | ) |
| | ) Chief Judge Ashely M. Chan |
| Debtor/Movant | ) |

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S RESPONSE IN
OPPOSITION TO NUNC PRO TUNC MOTION TO RESCHEDULE STATUS
CONFERENCE [D.I. 33]**

Nationstar Mortgage LLC d/b/a Mr. Cooper ("**Nationstar**"),[1] by and through undersigned counsel, files this response in opposition to the *Nunc Pro Tunc Motion to Reschedule Status Conference* [D.I. 33] (the "**Status Conference Motion**") filed by Jack Aberman, and states as follows:

**PRELIMINARY STATEMENT[2]**

1.      Mr. Aberman failed to attend the Hearing regarding the very Pleadings he filed to initiate this case.  He did so with no notice to the Court, let alone any other attendees, and the only post hac excuse he has offered is that he failed to properly calendar it.  Given his Court-ordered obligation to provide notice of the Hearing—which he presumably complied with—his excuse is simply implausible.  The Status Conference Motion should be denied and the door should remain closed on this particular chapter of his multi-court litigation.

2.      As previously set forth in the Nationstar Response, Mr. Aberman is a vexatious litigant, engaged in a years-long campaign of frivolous litigation against various secured mortgage creditors seeking foreclosures on the properties held by GEA Seaside Investments, Inc.

---

[1] Effective February 2, 2026, Rocket Mortgage, LLC is the successor by merger to Nationstar Mortgage LLC d/b/a Mr. Cooper.

[2] Capitalized terms in the Preliminary Statement have the same meaning as elsewhere in this Response.

("**GEA Seaside**"), Mr. Aberman's company and a former Florida debtor in its own right. Per his own pleadings, Mr. Aberman filed numerous actions in state, district and bankruptcy courts seeking to enjoin these foreclosures, and lost them all.

3. After Mr. Aberman failed to attend the May 27th Hearing, this Court properly denied all Pleadings, and no new substantive motions of any kind have been filed since then. The Status Conference Motion is thus inherently moot because it seeks a status conference when there are no pending motions.

4. It follows that Mr. Aberman cannot obtain any of the relief he desires in this case without seeking reconsideration of the denied Pleadings. The Status Conference Motion specifically pleads facts showing that reconsideration is not appropriate here. There is no change in controlling law, and Mr. Aberman asserts none. There is no new evidence.

5. There was likewise no excusable neglect. To repeat, Mr. Aberman specifically failed to appear for a hearing he requested. Any assertion of mistake is further belied by his own contemporaneous conduct in other courts—namely, Mr. Aberman was also expected to appear before the Seventh Judicial Circuit Court (Volusia County) of Florida ("**Florida State Court**") on May 28, 2026, when his *Motions for Separate Evidentiary Hearing on Attorney Violations, Discharge Injunction Enforcement, Sanctions Under Fla. Stat. 57.105, and Criminal Referrals, as well as an Emergency Motion to Reconsider, Vacate Void Sale, Cancel Certificate of Title, and Memorandum of Law* were being heard.[3] According to the case's public docket, however, he simply failed to attend, and a ruling was entered accordingly. This conduct—*the very day after the Hearing before this Court*— demonstrates the pattern of wasted time and abuse of the

---

[3] *See* Florida State Court Case No. 2024-12045.

judicial process that Nationstar has previously brought to this Court's attention,[4] and certainly undermines any plausible claims of excusable neglect.

6. At bottom, Mr. Aberman has no pending request for any relief, and cannot make any successful request for relief from this Court. The Status Conference Motion will merely waste more of the parties' time (including the Court), drag out this already concluded matter, and cause Nationstar to incur further unnecessary costs, to its great prejudice. It must be denied.

## BACKGROUND

7. On April 6, 2026, Mr. Aberman filed the *Verified Adversary Complaint to Enforce Discharge Injunction and for Damages* [D.I. 2] (the "**Discharge Enforcement Complaint**")[5], the *Motion to Retain Jurisdiction and Preemptive Opposition to Transfer Under 28 U.S.C. § 1412* [D.I. 3] (the "**Jurisdiction Motion**"), the *Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing* [D.I. 4] (the "**Pro Se Motion**") and the *Motion for Leave to File Electronically and for Remote Appearance by Video/Telephone* [D.I. 5] (the "**Remote Appearance Motion**", together with the Discharge Enforcement Complaint, the Pro Se Motion, and the Jurisdiction Motion, the "**Pleadings**").

8. On April 15, 2026, this Court issued an order setting a status hearing ("**Hearing**") for April 29, 2026, and directed Mr. Aberman to serve the order on all parties. *See* D.I. 6.

9. On April 22, 2026, Mr. Aberman moved for a continuance of the Hearing. *See* D.I. 10. The Court granted this continuance on the same day, entering an order setting the Hearing for June 27, 2026 and directing Mr. Aberman to serve all parties with the Pleadings and

---

[4] *See* Nationstar Response, defined *infra*. D.I. 22.

[5] Notwithstanding its characterization as a "Complaint," the docket of this proceeding indicates the Discharge Enforcement Complaint is being treated as a motion. *See* Docket Text, D.I. 11 ("Debtor shall complete service of the Status Hearing Order [Doc. No. 6] and the related **motions** [Doc. Nos. *2*, 3, 4, and 5]") (emphasis added).

the second order. *See* D.I. 11.  It is unclear whether Mr. Aberman ever did so, as no certification of service of this second order appears on the docket.

10.     On May 20, 2026, Nationstar filed *Nationstar Mortgage LLC D/B/A Mr. Cooper's Initial Omnibus Response in Opposition to Debtors' Verified Adversary Complaint to Enforce Discharge Injunction and for Damages [D.I. 2]; Motion to Retain Jurisdiction and Preeptive Opposition to Transfer Under 28 U.S.C. § 1412 [D.I. 3]; Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing [D.I. 4] and Motion for Leave to File Electronically and for Remote Appearance by Video/Telephone [D.I. 5]* [D.I. 22] (the "**Nationstar Response**"), opposing all relief in the Pleadings on substantive grounds.[6]

11.     Nationstar's counsel attended the May 27, 2026 Hearing, as did a number of other parties in interest.  Without any explanation or notice to any party in interest, Mr. Aberman did not appear, so this Court denied all of his Pleadings.  An order to that effect was entered on May 28, 2026. *See* D.I. 34.

12.     On May 28, 2026, after the conclusion of the Hearing, counsel for Mr. Aberman filed the Status Conference Motion.  The original Status Conference Motion did not include a notice, hearing date or certification of service.  Mr. Aberman waited twenty-five days, then noticed the Status Conference Motion for July 15, 2026.  No certification of service is yet on file for the motion or associated notice.

13.     Nationstar responds in opposition to the Status Conference Motion, which must be denied because there are no pending motions for relief, and this Court cannot grant effective relief even if a motion for reconsideration is properly made.

---

[6] Bank of New York Mellon Trust Company, N.A. ("**BNY**") and U.S. Bank National Association ("**USB**", and together with BNY, the "**Trustees**"), solely in their capacities as trustees for certain mortgage-backed security trusts, are beneficiaries of certain mortgages in favor of the trusts. Nationstar is the servicer of those mortgages. Mr. Aberman does not clearly identify which mortgages or properties are implicated in this matter.

## ARGUMENT

### A.  The Status Conference Motion Seeks a Status About Nothing

14.    A status conference is an opportunity for parties to a case to discuss future case events, to address scheduling, discovery and other logistics.  The entire purpose of a status conference is to deal with pending matters in an open case.  Indeed, the Hearing, as originally set on April 15th, was to address the Pleadings.  Yet the Pleadings have already been resolved, and the only pending motion before this Court is the Status Conference Motion itself.

15.    Said differently, the Discharge Enforcement Complaint asserts alleged claims for violation of  a bankruptcy discharge injunction, contempt of that same injunction, a declaratory judgment finding that sales violating the injunction are void, RICO claims based on a conspiracy to violate the injunction, quiet title based on foreclosures in violation of the injunction, and conversion based on wrongful foreclosures in violation of the injunction.  Every claim raised in the Discharge Enforcement Complaint relies on the argument that a foreclosure on Mr. Aberman's real properties violates the discharge injunction.  The other Pleadings seek mere procedural relief.

16.    It follows, then, that Mr. Aberman cannot obtain any form of effective relief from this Court unless he is able to pursue the claims and arguments in the Discharge Enforcement Complaint.  As noted above, the Discharge Enforcement Complaint was denied by this Court's May 28, 2026 order, which is now final and unappealable.  The Status Conference Motion thus seeks a hearing that can only be about an as-of-yet unfiled motion.  Such a hearing cannot accomplish any useful goal aside from prolonging proceedings and causing delay, so the motion must be denied as moot for that reason alone.

**B. A Status Conference Is Unnecessary Because Mr. Aberman Cannot Obtain Effective Relief**

17.     For the reasons set forth in the Nationstar Response (which is incorporated in full) and those that follow, a status conference is a waste of all parties' time and resources. As an initial matter, the relief sought in the Pleadings is hopelessly and impermissibly duplicative of relief Mr. Aberman already seeks (and has sought) in several other courts. Regardless, the only valid means to revive the Pleadings at this point is via reconsideration. For the reasons set forth *infra*, reconsideration is inappropriate.

18.     Per Fed. R. Civ. P. 60, applicable pursuant to Fed. R. Bankr. P. 9024,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In the context of reconsideration, "mistake" and "inadvertence" mean a legal or factual mistake made by the Court. *See In re Bryan Rd., LLC*, 389 B.R. 297, 300 (Bankr. S.D. Fla. 2008). Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (analyzing "excusable neglect" concept under Fed. R. Bankr. P. 9006). Whether neglect is excusable is an equitable determination that should be made after consideration of all relevant factors including "(1) 'the danger of prejudice [to the non-moving party]'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the

reason for the delay, including whether it was within the reasonable control of the movant'; and

(4) 'whether the movant acted in good faith.'" *In re DeMartino*, 484 B.R. 550, 556 (Bankr.

E.D.N.Y. 2012), *aff'd*, 2014 WL 1572580 (E.D.N.Y. Apr. 17, 2014) (applying *Pioneer* to Fed. R.

Civ. P. 60 reconsideration analysis) *quoting Pioneer*, 507 U.S. at 388.

19. Certain kinds of neglect are presumptively not excusable. When a failure to appear at a pretrial conference due to a calendaring error resulted in a default judgment against a debtor, the court held that "an error in Defendant's counsel's scheduling and calendaring process" was not excusable neglect. *In re Cavendish*, 608 B.R. 802, 804 (Bankr. E.D. Mich. 2019) (denying reconsideration of order entered because of debtor's failure to appear due to calendaring error).

20. In another case, a litigious pro se party failed to appear for a scheduling conference, and the court entered judgment against him. The pro se plaintiff alleged that an injury to his leg prevented him for getting his mail, so he did not learn of the scheduled date. That court denied the pro se plaintiff's reconsideration motion, finding there was no excusable neglect:

> The fact that Flaherty has commenced more than 20 actions in the Eastern District over the past 15 years, reveals that Flaherty is no stranger to the Court and its rules. The fact that Flaherty failed to appear for two court conferences of which he had adequate notice demonstrates a blatant disrespect to the Court and to his adversaries. The Court finds that the defendants were forced to incur unnecessary time and expense for the two court appearances at issue. Moreover, Flaherty has failed to offer a convincing explanation or exceptional circumstances which warrant relief from the dismissal of this action. Because the circumstances of this case do not present grounds justifying relief, the Court need not examine the merits of Flaherty's claims.

*Flaherty v. Hackeling*, 221 F.R.D. 383, 387 (E.D.N.Y. 2004).

21. In the present case, there is obviously no pending motion for reconsideration. Yet the existing facts show that such a motion would be meritless, so a status conference to discuss

future case events would not aid any party or the Court.  First, there can be no "newly discovered evidence," since the Status Conference Motion was filed the day after the original Hearing that Mr. Aberman failed to attend.  There is – quite literally – no time for new facts to have been discovered.

22.     Second, there is no fraud by any party opposing Mr. Aberman.  By his own admission in the Status Conference Motion, Mr. Aberman simply failed to appear, and this led to the entry of the order denying his Pleadings.  No party deceived him—indeed, Mr. Aberman *did the exact same thing in the Florida State Court the very next day.*

23.     Third, the order denying the Pleadings is not void, and has not been satisfied, released or discharged.

24.     Thus, the only potential ground for reconsideration is Mr. Aberman's "mistake, inadvertence, surprise, or excusable neglect."[7]  The Court made no legal or factual mistake in denying the Pleadings, because it is beyond dispute that Mr. Aberman, the movant, inexplicably failed to appear for a hearing on his own Pleadings.

25.     The facts laid out in the Status Conference Motion are strikingly similar to those in *Flaherty* and *Cavendish*.  In this case, as in those cases, Mr. Aberman failed to appear in a proceeding where he was the party requesting relief.  He had notice of the Hearing date, because he himself requested that hearing.  He was under court order to serve notice of the Hearing date upon all parties, so he has no reasonable excuse to overlook same.  *Cavendish* demonstrates that a calendaring failure is not excusable neglect.  It likewise bears repeating he failed to appear for a scheduled hearing in Florida State Court the very next day.

---

[7] The catch-all provision of Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)." *United States v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala.* 920 F.2d 788, 791 (11th Cir. 1991).

26. In addition to the lack of excusable neglect in attending the status conference, Mr. Aberman cannot offer a good faith reason for his delay in seeking reconsideration. It is now over five weeks since his Pleadings were denied and he has not even requested reconsideration yet. This delay has caused material prejudice to Nationstar, as counsel has been forced to monitor this proceeding and respond to the instant Status Conference Motion, incurring costs to prevent Mr. Aberman from recommencing his frivolous litigation.

27. To be clear, the underlying litigation itself is clearly frivolous, as already extensively set forth in the Nationstar Response. In short, Mr. Aberman's entire argument relies on the false assumption that the applicable mortgages and their associated liens were discharged or satisfied in prior bankruptcy proceedings, and that this Court has any jurisdiction, authority, or interest in upending foreclosure proceedings occurring in the Florida State Court. He seeks simultaneous, identical relief in multiple different courts, including the U.S. District Court for the District of Delaware.[8] Even if one could look past the patent procedural deficiencies in Mr. Aberman's pleadings, their substance dooms them.

28. The Status Conference Motion can only function as a delaying tactic, leading towards an eventual substantive request that must satisfy the standard for reconsideration. Because the facts already known to the Court show reconsideration is inappropriate, and because the underlying substantive request is also meritless, the Status Conference Motion must be denied.

---

[8] As recently as June 27, 2026, Mr. Aberman filed a motion to seeking permission to file an amended complaint (*see* Case No. 26-269-JLH-CJB, D.I. 54), which motion was itself filed following multiple defendants' motions to dismiss. *See* Case No. 26-269-JLH-CJB, D.I. 30, 47, 50.

## JOINDER

29.    To the extent not inconsistent with this Response, Nationstar joins in the objections to the Status Conference Motion filed by other parties, including *Defendant Select Portfolio Servicing Inc's Response in Opposition to Plaintiff's Nunc Pro Tunc Motion to Reschedule Status Conference* [D.I. 40].

## CONCLUSION

The Court must deny the Status Conference Motion, which is moot and cannot lead to any meritorious request for relief.

Dated:  July 7, 2026                     By: */s/ Turner N. Falk*

                                   **SAUL EWING LLP**
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com

-and-

Evan T. Miller, Esq.
1201 N. Market St., Suite 2300
Wilmington, DE 19801
(302) 421-6800
Evan.miller@saul.com

*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of Registration of Discharge Orders | ) Miscellaneous Proceeding |
| | ) |
| | ) No. 26-3002 (AMC) |
| JACK ABERMAN, | ) |
| | ) Chief Judge Ashely M. Chan |
| Debtor/Movant | ) |

**CERTIFICATION OF SERVICE**

I, Turner N. Falk:, certify that on July 7, 2026, I did cause a true and correct copy of the documents described below to be served on all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- *Nationstar Mortgage LLC d/b/a Mr. Cooper's Response in Opposition to Nunc Pro Tunc Motion to Reschedule Status Conference [D.I. 33]*

Dated:  July 7, 2026

By: */s/ Turner N. Falk*
SAUL EWING LLP
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com
*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*