

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of the Registration of Discharge Orders | Miscellaneous Pro. No. 26-3002 (AMC) |
| | Chief Judge Ashely M. Chan |

**DEBTOR'S MOTION UNDER FED. R. BANKR. P. 9023 AND 9024 FOR**

**RECONSIDERATION AND VACATUR OF THE JULY 16, 2026 ORDER (DOC. 44)**

**AND FOR RELIEF FROM THE MAY 28, 2026 ORDER (DOC. 34)**

Jack Aberman ("Debtor"), appearing individually, respectfully moves this Court under Federal Rules of Bankruptcy Procedure 9023 and 9024, which make Federal Rules of Civil Procedure 59(e) and 60(b) applicable here, for reconsideration and vacatur of the Order entered July 16, 2026 (Doc. 44), including the injunction entered under 11 U.S.C. § 105(a), and for relief from the Order entered May 28, 2026 (Doc. 34). In support, Debtor states as follows:

**PRELIMINARY STATEMENT**

1. This motion is timely. The Order at Docket No. 44 was entered on July 16, 2026. Under Rule 9023, a motion to alter or amend must be filed no later than fourteen days after entry — here, July 30, 2026. This motion is filed within that period, and it tolls the time to appeal under Rule 8002(b)(1).

2. Nothing in this motion alleges that any foreclosure is void. This motion addresses only the July 16, 2026 Order itself and the circumstances of the two non-appearances on which it rests. It therefore does not fall within the terms of the injunction. Out of an abundance of caution, however, to the extent the Court deems leave to be required, Debtor respectfully requests such leave, and asks that this motion be deemed the application for it.

3. A word on Debtor's appearance. Bresset & Santora, LLC entered an appearance for Debtor on May 28, 2026 (Doc. 28) to seek rescheduling of the missed status conference. As set out below, counsel has since acknowledged in writing that the failure to appear at the July 15, 2026 hearing was counsel's own error — "we simply missed it. That's on us." (Ex. A.) Counsel has taken no corrective action in this Court. Facing a fourteen-day deadline, Debtor files this motion pro se and respectfully asks the Court to accept it notwithstanding the appearance of record.

## BACKGROUND

4. On April 6, 2026, Debtor filed the Notice of Registration of Discharge Orders under Fed. R. Bankr. P. 4004(f) (Doc. 1), a Verified Complaint to Enforce Discharge Injunction and for Damages (Doc. 2), a Motion to Retain Jurisdiction (Doc. 3), a Motion for Leave to Proceed Pro Se (Doc. 4), and a Motion for Leave to File Electronically and for Remote Appearance by Video/Telephone (Doc. 5) (collectively, the "Miscellaneous Matters").

5. A status hearing was set for April 29, 2026 (Doc. 6). Debtor moved in advance for a short continuance (Doc. 10), which the Court granted, resetting the hearing to May 27, 2026 (Doc. 11). Debtor served notice of the rescheduled hearing on all parties and filed a Certificate of Service (Doc. 18).

6. The matter was then actively briefed. Select Portfolio Servicing, Inc. ("SPS") opposed the Miscellaneous Matters (Doc. 21); Nationstar Mortgage LLC filed an omnibus opposition that requested a filing injunction (Doc. 22 ¶¶ 52–53); and the PHH defendants filed a motion to dismiss (Doc. 25). Debtor filed responses and a declaration (Docs. 24, 26, 27) and a further objection (Doc. 35).

7. Debtor did not appear at the May 27, 2026 status hearing. The hearing had been mistakenly entered on Debtor's calendar for May 29, 2026. (Doc. 33; Aberman Decl. ¶ 2.) The

mistake was addressed within one day: on May 28, 2026, Bresset & Santora, LLC entered an appearance for Debtor (Doc. 28) and filed a Nunc Pro Tunc Motion to Reschedule Status Conference (Doc. 33). That same day, the Court entered an Order denying the Miscellaneous Matters for lack of prosecution (Doc. 34).

8. The Clerk flagged a deficiency in counsel's notice practice on the rescheduling motion (Doc. 37), and a corrected notice was thereafter entered on the docket setting the motion for hearing on July 15, 2026 at 12:30 p.m. in Courtroom No. 4 (Docs. 38, 39). SPS opposed the motion (Doc. 40), and a response was filed (Doc. 41).

9. No one appeared on Debtor's behalf on July 15, 2026. Debtor, in Florida, was relying on his counsel of record to monitor the docket and appear; unbeknownst to Debtor, counsel had not calendared the hearing date inserted on the docketed notice. On July 22, 2026, Attorney Ronald V. Santora explained in writing: "When the Motion to reinstate the conference was filed, we thereafter received a notice that we needed to submit a proposed notice. We thereafter submitted a proposed notice. We didnt get any direction after that; however, the clerk and/or court entered the notice, inserted the date, and we simply missed it. That's on us." (Ex. A (emphasis added).) Throughout June and July, Debtor and his assistant repeatedly emailed and telephoned counsel seeking the status of the case; many of those communications went unanswered. (Ex. A; Aberman Decl. ¶¶ 4–5.)

10. On July 16, 2026 — the day after the hearing — the Court entered the Order at Docket No. 44. The Order denied the rescheduling motion and further enjoined Debtor "from filing any further proceedings, pleadings, or documents of any kind alleging that a foreclosure on the Properties is void, without first seeking leave of Court," based on "Debtor's apparent bad faith in continuing to request hearings on numerous filings and repeatedly not appearing." Debtor was

never ordered to show cause why an injunction should not issue on that ground, and the ground itself — repeated non-appearance — arose only at the July 15 hearing that counsel admittedly missed.

## ARGUMENT

### I. The Standards Under Rules 9023 and 9024

11. Rule 9023 (Fed. R. Civ. P. 59(e)) permits the Court to alter or amend an order to correct a clear error of fact or law or to prevent manifest injustice. Rule 9024 (Fed. R. Civ. P. 60(b)) permits relief for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). As SPS itself has noted in this proceeding, Rule 9024 relief is available where "extraordinary and special circumstances" justify it. In re Vascular Access Centers, L.P., 645 B.R. 804, 828 (Bankr. E.D. Pa. 2022) (cited at Doc. 40 ¶ 14). Those circumstances are present here.

### II. The Two Non-Appearances Were Excusable Neglect and Admitted Attorney Error — Not Bad Faith

12. Whether neglect is "excusable" is an equitable determination that accounts for the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay — including whether it was within the movant's reasonable control — and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Every factor favors Debtor.

13. First, there is no prejudice. Both hearings were status conferences. No party lost a deadline, no evidence was lost, and no merits ruling was disturbed; the defendants' oppositions are fully briefed and on the docket. Second, the delay was minimal: after the May 27 non-appearance, corrective papers were on file within one day (Docs. 28, 33), and this motion comes within fourteen

days of the July 16 Order. Third, the reasons for the non-appearances are documented and benign: an isolated calendaring error (May 27), and counsel of record's admitted failure to catch the hearing date the Clerk inserted on the docketed notice (July 15) — a failure entirely outside Debtor's control. Fourth, the record shows sustained good faith: Debtor sought his one continuance in advance and served notice of the new date on every party (Docs. 10, 18); he briefed the defendants' oppositions (Docs. 24, 26, 27, 35); and after the first missed hearing he engaged Pennsylvania counsel precisely so that it would not happen again — then spent weeks emailing and calling that counsel for status. (Ex. A.)

14. The Third Circuit has long held that a client is not chargeable with counsel's gross neglect in circumstances like these. In Boughner v. Secretary of Health, Education & Welfare, 572 F.2d 976 (3d Cir. 1978), the court vacated judgments under Rule 60(b)(6) where counsel's failures left his clients effectively unrepresented, holding that in such a setting the litigants "are not bound by the acts of their attorney." Here, counsel's written words — "we simply missed it. That's on us" — could not more squarely place the July 15 non-appearance on counsel rather than the client. A finding of "apparent bad faith" against Debtor personally cannot rest on his lawyer's admitted miss, and the Court did not have Exhibit A before it when it entered the July 16 Order. Reconsideration is warranted to correct the record and prevent manifest injustice.

### III. The § 105(a) Filing Injunction Cannot Stand on This Record

15. A filing injunction is an extreme remedy that must be "narrowly tailored and sparingly used." In re Oliver, 682 F.2d 443 (3d Cir. 1982). A court's authority to restrict filings is bounded by the litigant's rights to due process and access to the courts, and any restriction must fit the particular circumstances before the court. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) — the very authority the movant for the injunction relied upon (Doc. 22 ¶ 52).

16. Due process was absent here. The injunction issued the day after a hearing noticed only on a scheduling motion — a hearing Debtor's counsel admittedly missed. Debtor was never ordered to show cause why a filing injunction should not issue on the ground of repeated non-appearance, and he had no opportunity to be heard on that ground, which did not exist until the July 15 hearing itself. The only prior request for an injunction (Doc. 22) was among the very oppositions that were never adjudicated on the merits because the underlying motions were denied for lack of prosecution.

17. Nor does this record show the pattern of abusive, vexatious litigation that can support so extreme a remedy in this Court. What the docket shows is: four initiating papers; one continuance sought properly and in advance; responsive briefing invited by the Court's own scheduling order (see Doc. 25 at 1, filed "[i]n compliance with Paragraph 3 of Court's April 22, 2026 Order"); and two missed status conferences — the first cured within twenty-four hours, the second the admitted error of counsel. That is not a litigant abusing a court; it is a litigant failed by his calendar once and by his counsel once.

18. Finally, the injunction is not narrowly tailored. It bars "proceedings, pleadings, or documents of any kind" touching the subject matter, without limitation — language that, read literally, would reach even Debtor's responses to the defendants' own pending motions, applications for leave, or papers on reconsideration or appeal. Under Oliver and Brow, that breadth alone requires vacatur or, at minimum, substantial narrowing.

## IV. Relief From the May 28, 2026 Order (Doc. 34) Is Also Warranted

19. The May 28 Order denied the Miscellaneous Matters solely for non-appearance; no merits were reached. Rule 60(b)(1) and (b)(6) relief is sought within a reasonable time: Debtor moved to reschedule the conference the very next day, the Court set that motion for hearing, and

the interval since has been consumed by that motion practice — not by neglect. The same Pioneer

and Boughner analysis set out above applies with equal force. Debtor respectfully asks that Docket

Nos. 2 through 5 be reinstated and determined on their merits.

## V. Remote Appearance Will Prevent Any Recurrence

20.  Debtor resides in Daytona Beach, Florida, roughly one thousand miles from this Court

— a fact the opposing parties themselves have emphasized (Doc. 22 ¶ 49). His motion for leave to

appear by video or telephone (Doc. 5) was never decided on its merits. Debtor respectfully requests

that any rescheduled conference permit his appearance by Zoom or telephone, which will ensure

that no scheduling failure — his or anyone's — recurs.

## RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that the Court enter an Order: (a) granting this

motion; (b) vacating the July 16, 2026 Order (Doc. 44) in its entirety, including the injunction

entered under 11 U.S.C. § 105(a); (c) granting relief from the May 28, 2026 Order (Doc. 34) and

reinstating the matters at Docket Nos. 2 through 5 for determination on the merits; (d) rescheduling

the status conference; (e) permitting Debtor to appear at all further hearings by Zoom or telephone;

(f) accepting this filing pro se notwithstanding the appearance of counsel of record; and (g)

granting such other and further relief as is just.


Dated: July 29, 2026

Respectfully submitted,

*Jack Aberman*

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive
Daytona Beach, FL 32118
(407) 604-1457
flrealestatemgt@gmail.com

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of the Registration of Discharge Orders | Miscellaneous Pro. No. 26-3002 (AMC) |
| | Chief Judge Ashely M. Chan |

**DECLARATION OF JACK ABERMAN PURSUANT TO 28 U.S.C. § 1746**

I, Jack Aberman, declare under penalty of perjury as follows:

1. I am the Debtor and movant in this proceeding. I make this declaration from personal knowledge in support of my motion for reconsideration and vacatur of the July 16, 2026 Order (Doc. 44) and for relief from the May 28, 2026 Order (Doc. 34).

2. The status hearing held on May 27, 2026 had been mistakenly entered on my calendar for May 29, 2026. I did not learn of the mistake until after the hearing had occurred. The next day, May 28, 2026, attorneys Stephen G. Bresset and Ronald V. Santora of Bresset & Santora, LLC entered an appearance on my behalf (Doc. 28) and filed a motion to reschedule the conference (Doc. 33).

3. From May 28, 2026 forward, I relied on Bresset & Santora, LLC, as my counsel of record in this proceeding, to monitor the docket, advise me of hearing dates, and appear on my behalf.

4. I was never advised by counsel of the July 15, 2026 hearing date, and I first learned that no one had appeared on my behalf when the Court's July 16, 2026 Order appeared on the docket.

5. Throughout June and July 2026, I and my assistant repeatedly emailed and telephoned counsel seeking the status of my filings and of this case. Many of those calls and emails went unanswered.

FILED
AUG - 3 2026
BY _____ CLERK OF COURT
DEP. CLERK

6. On July 22, 2026, at 7:16 a.m., Attorney Santora wrote to me by email: "When the Motion to reinstate the conference was filed, we thereafter received a notice that we needed to submit a proposed notice. We thereafter submitted a proposed notice. We didnt get any direction after that; however, the clerk and/or court entered the notice, inserted the date, and we simply missed it. That's on us." Attached as Exhibit A is a true and correct copy of that email thread.

7. Attached as Exhibit B is a true and correct copy of the docket history for this proceeding obtained from PACER on July 27, 2026.

8. I have acted in good faith throughout this proceeding. I brought this matter to enforce federal discharge orders entered in my bankruptcy case, not to harass any party, and I have never intentionally failed to appear before this Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 29, 2026, at Daytona Beach, Florida.

/s/ Jack Aberman
Jack Aberman