

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of the Registration<br>of Discharge Orders | Miscellaneous Pro. No. 26-3002 (AMC)<br><br>Chief Judge Ashely M. Chan |

**DEBTOR'S APPLICATION FOR ELECTRONIC FILING AND ELECTRONIC**

**NOTICING PRIVILEGES PENDING DISPOSITION OF DEBTOR'S MOTION UNDER**

**RULES 9023 AND 9024**

Jack Aberman ("Debtor"), appearing individually and pro se, respectfully applies for leave to file documents electronically and to receive notices and orders electronically in this proceeding, pursuant to Federal Rules of Bankruptcy Procedure 5005(a)(2) and 9036 and this Court's local rules and electronic-filing procedures. In support, Debtor states:

1. This application is filed together with, and pending disposition of, Debtor's Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order (Doc. 44) and for Relief from the May 28, 2026 Order (Doc. 34). This application addresses only case administration — how Debtor sends and receives papers. It does not allege that any foreclosure is void, and it therefore does not fall within the terms of the July 16, 2026 Order; to the extent the Court deems leave required, Debtor respectfully requests such leave.

2. Debtor resides in Daytona Beach, Florida, roughly one thousand miles from this Court. Every party opposing Debtor in this proceeding is a registered CM/ECF user whose counsel receives each filing and order electronically the moment it is entered. Debtor, by contrast, receives court mailings by first-class mail, which routinely takes five to seven days to reach Florida —

meaning Debtor often learns of a filing or order a week after opposing counsel, out of any period the Court may set for response.

3. The disparity is not theoretical in this case. The hearing date at issue in Debtor's pending motion was inserted on a docketed notice and communicated through channels Debtor did not receive in time. Electronic noticing would have eliminated that failure point entirely.

4. Paper filing also imposes a real financial burden. Because the Court's deadline is the date of receipt, Debtor must use overnight express delivery for any time-sensitive filing, at a cost of approximately $30 to $60 per filing, plus printing and copying for service. Debtor is proceeding pro se precisely because of financial hardship.

5. Debtor is equipped to file and receive documents electronically. Debtor maintains an active PACER account in good standing, prepares all filings as text-searchable PDF documents, maintains a reliable email address (flrealestatemgt@gmail.com), and is able to comply with the Court's CM/ECF procedures and any conditions the Court may impose.

6. Rule 5005(a)(2) permits electronic filing as provided by court order or local rule, and Rule 9036 provides for electronic noticing and service to registered users or upon written consent. Debtor hereby gives his written consent to receive all notices, orders, and served papers by electronic means at the email address above.

7. Debtor requests relief in the alternative, so that the Court may grant the narrowest accommodation it deems appropriate: (a) leave to file electronically through CM/ECF as a limited filer in this proceeding; or, alternatively, leave to submit filings to the Clerk by email in PDF form; and (b) in any event, electronic noticing — that the Clerk transmit notices and orders to Debtor by email, and that all appearing parties serve Debtor by email — so that Debtor receives papers on the same day as every other party.

WHEREFORE, Debtor respectfully requests that the Court enter an Order granting Debtor electronic filing privileges in this proceeding or, at minimum, electronic noticing and service by email, and granting such other relief as is just.

Dated: July 29, 2026

Respectfully submitted,

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive
Daytona Beach, FL 32118
(407) 604-1457
flrealestatemgt@gmail.com

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF PENNSYLVANIA

In the Matter of the Registration
of Discharge Orders

Miscellaneous Pro. No. 26-3002 (AMC)

Chief Judge Ashely M. Chan

## ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Debtor's

Application for Electronic Filing and Electronic Noticing Privileges, and any responses thereto, it

is hereby ORDERED that:

1. The Application is GRANTED as set forth below.

2. Debtor is granted [  ] leave to file electronically through CM/ECF in this proceeding,

subject to the Court's electronic-filing procedures; [  ] leave to submit filings to the Clerk by email

in PDF form.

3. The Clerk shall transmit notices and orders in this proceeding to Debtor by email at

flrealestatemgt@gmail.com, and all appearing parties shall serve Debtor by email at that address.

BY THE COURT:

_____
ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of the Registration of Discharge Orders | Miscellaneous Pro. No. 26-3002 (AMC)<br><br>Chief Judge Ashely M. Chan |

**CERTIFICATE OF SERVICE**

I, Jack Aberman, certify that on July 29, 2026, I caused a true and correct copy of the foregoing Application and Proposed Order to be served by first-class U.S. mail, postage prepaid, and by electronic mail where an email address is listed, upon: Turner N. Falk, Esq., Saul Ewing LLP, 1735 Market Street, 34th Floor, Philadelphia, PA 19103 (turner.falk@saul.com); Alexandra D. Rogin, Esq., Eckert Seamans Cherin & Mellott, LLC, 50 S. 16th Street, 22nd Floor, Philadelphia, PA 19102 (arogin@eckertseamans.com); Gregory T. Sturges, Esq., Greenberg Traurig LLP, 1717 Arch Street, Suite 400, Philadelphia, PA 19103 (sturgesg@gtlaw.com); Office of the United States Trustee, Region 3, Attn: Frederic J. Baker, Esq., 900 Market Street, Suite 320, Philadelphia, PA 19107; and Ronald V. Santora, Esq. / Stephen G. Bresset, Esq., Bresset & Santora, LLC, 1188 Wyoming Avenue, Forty Fort, PA 18704 (rsantora@bressetsantora.com; sgbresset@bressetsantora.com).

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se