**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |
| | : | |

**DEBTOR'S MOTION TO EXTEND THE TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANKR. P. 8002(d)(1)(B)**

Jack Aberman ("Debtor"), appearing individually and pro se, respectfully moves under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) for an order extending the time to file a notice of appeal from the Order entered July 16, 2026 [Doc. 44]. In support, Debtor states:

## I. TIMELINESS OF THIS MOTION.

1. The Order at Doc. 44 was entered on July 16, 2026. The fourteen-day appeal period under Rule 8002(a)(1) expired on July 30, 2026. Rule 8002(d)(1)(B) permits this Court to extend the time to file a notice of appeal upon a motion filed "within 21 days after that time," upon a showing of excusable neglect. Twenty-one days after July 30, 2026 is August 20, 2026. This Motion is filed on or before that date and is therefore timely.

## II. BACKGROUND.

2. On August 3, 2026, the Clerk docketed Debtor's Motion under Rules 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order [Doc. 46], together with a Certificate of Service [Doc. 47], a motion concerning counsel of record [Doc. 48], and supporting exhibits [Docs. 50, 51], including the July 22, 2026 written admission of Debtor's counsel of record, Bresset & Santora, LLC, that the non-appearance underlying the Order was counsel's own error: "the clerk and/or court entered the notice, inserted the date, and we simply missed it. That's on us."

3. Debtor, proceeding pro se from Florida, deposited those papers in the U.S. mail before the July 30, 2026 deadline; they were received and docketed by the Clerk on August 3, 2026. Debtor recognizes that, for a non-incarcerated litigant, filing occurs upon the Clerk's receipt, and that a post-deadline motion does not toll the appeal period under Rule 8002(b)(1). Debtor

therefore brings this Motion to preserve appellate review while Doc. 46 — which remains properly before the Court under Rule 9024, to which the fourteen-day limit does not apply — is pending.

## III. EXCUSABLE NEGLECT EXISTS UNDER PIONEER.

4. Excusable neglect is an equitable determination accounting for the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Every factor favors Debtor.

5. *Reason for the delay.* The delay is directly traceable to the default and subsequent inaction of Debtor's counsel of record. Counsel entered an appearance on May 28, 2026 [Doc. 28], failed to appear at the July 15, 2026 hearing on their own motion [Doc. 43], admitted that failure in writing on July 22, 2026 [Doc. 50, Ex. A], and took no corrective action of any kind in this Court. Debtor — a Florida resident without CM/ECF privileges, whose motion for leave to file electronically was denied for lack of prosecution [Docs. 5, 34] — was left to prepare and mail the corrective filings himself while still nominally represented, and did so promptly, mailing before the deadline. A party should not lose appellate review because of an error his attorney has admitted in writing was "on us." Cf. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132, 135 (3d Cir. 2019) (vacating sanction attributed to party where delay was caused by error not the party's own).

6. *Length of delay and impact.* The delay is days, not months, and this Motion is filed within the precise window Rule 8002(d)(1)(B) provides. No hearing will be displaced and no schedule disturbed.

7. *Prejudice.* None. The parties opposing Debtor's filings retain every defense. An extension merely preserves the status quo while the Court considers Doc. 46.

8. *Good faith.* Debtor acted in good faith throughout: he retained counsel to prosecute this matter properly, mailed his corrective papers before the deadline once counsel's default

came to light, and seeks by this Motion only to preserve — not exercise prematurely — his right of review. Because the time prescribed by Rule 8002 is mandatory and jurisdictional in this Circuit, *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011), this Motion is the only mechanism by which that right can be preserved, and its denial would extinguish appellate review of a sanction order based entirely on counsel's admitted error.

## IV. SCOPE OF RELIEF.

9. Rule 8002(d)(3) provides that an extension of time "must not exceed 21 days after the time allowed by this rule, or 14 days after the order granting the motion to extend time is entered — whichever is later." Debtor accordingly requests the maximum extension the Rule permits: an extension of the time to file a notice of appeal from the July 16, 2026 Order [Doc. 44] to and including the date fourteen (14) days after entry of the Order granting this Motion. Debtor notes that if the Court grants Doc. 46 and vacates the July 16 Order, no appeal will be necessary and this Motion will be moot — an outcome Debtor would welcome.

10. Nothing in this Motion alleges that any foreclosure is void. It addresses only the preservation of appellate rights concerning Doc. 44 and therefore does not fall within the terms of the injunction; to the extent the Court deems leave required, Debtor respectfully requests it.

## V. CONCLUSION.

WHEREFORE, Debtor respectfully requests that the Court extend the time to file a notice of appeal from the July 16, 2026 Order [Doc. 44] as set forth above, and grant such other relief as is just.

Dated: August 19, 2026

Respectfully submitted,

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive, Daytona Beach, FL 32118
(407) 604-1457 | flrealestatemgt@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 19, 2026, a true and correct copy of the foregoing was served by first-class U.S. mail and/or electronic mail on: Alexandra D. Rogin, Esq., Eckert Seamans Cherin & Mellott, LLC, 50 S. 16th Street, 22nd Floor, Philadelphia, PA 19102, and by email to arogin@eckertseamans.com (Counsel for Select Portfolio Servicing, Inc.); Turner N. Falk, Esq. and Evan T. Miller, Esq., Saul Ewing LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103-7504, and by email to turner.falk@saul.com and evan.miller@saul.com (Counsel for Nationstar Mortgage LLC); Gregory T. Sturges, Esq., Greenberg Traurig, LLP, 1717 Arch Street, Suite 400, Philadelphia, PA 19103, and by email to sturgesg@gtlaw.com (Counsel for Ocwen Loan Servicing LLC and PHH Mortgage Corporation); Jordan M. Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487, and by email to jkatz@raslg.com; Office of the United States Trustee, 900 Market Street, Suite 320, Philadelphia, PA 19107; and Bresset & Santora, LLC, 1188 Wyoming Avenue, Forty Fort, PA 18704.

/s/ Jack Aberman
Jack Aberman, Pro Se

Jack Aberman