**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of Registration of Discharge Orders | ) | Miscellaneous Proceeding |
| | ) | |
| | ) | No. 26-3002 (AMC) |
| JACK ABERMAN, | ) | |
| | ) | Chief Judge Ashely M. Chan |
| Debtor/Movant | ) | |

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION UNDER FED. R. BANKR. P. 9023 AND 9024 FOR RECONSIDERATION AND VACATUR OF THE JULY 16, 2026 ORDER AND FOR RELIEF FROM THE MAY 28, 2026 ORDER [D.I. 46]**

Nationstar Mortgage LLC d/b/a Mr. Cooper ("**Nationstar**"),[1] by and through undersigned counsel, files this response in opposition to the *Debtor's Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order and for Relief from the May 28, 2026 Order* [D.I. 46] (the "**Reconsideration Motion**") filed by Jack Aberman, and states as follows:

## PRELIMINARY STATEMENT[2]

1. Mr. Aberman failed to attend the Hearing regarding the very Pleadings he filed to initiate this case, and the hearing he requested seeking a status conference aimed at reviving those Pleadings. He did so with no notice to the Court, let alone any other attendees, and the only post hac excuse he has offered is that he failed to properly calendar these hearings, and hired counsel who made the exact same calendaring error.

2. The Court properly entered a Bar Order requiring Mr. Aberman to obtain leave of Court – to make some initial showing on the merits – before his substantive arguments could be

---

[1] Effective February 2, 2026, Rocket Mortgage, LLC is the successor by merger to Nationstar Mortgage LLC d/b/a Mr. Cooper.

[2] Capitalized terms in the Preliminary Statement have the same meaning as elsewhere in this Response.

considered. He now moves, via the Reconsideration Motion, to vacate the Bar Order so that he will no longer have to make any showing on the merits before he files further frivolous or vexatious pleadings.

3. As previously set forth in the Nationstar Responses, Mr. Aberman is a vexatious litigant, engaged in a years-long campaign of frivolous litigation against various secured mortgage creditors seeking foreclosures on the properties held by GEA Seaside Investments, Inc. ("**GEA Seaside**"), Mr. Aberman's company and a former Florida debtor in its own right. Per his own pleadings, Mr. Aberman filed numerous actions in state, district and bankruptcy courts seeking to enjoin these foreclosures, and lost them all. By now, it is beyond self-evident that the ongoing waste Mr. Aberman seeks to sow through his constant duplicative filings is not simply a byproduct, it is the entire point.

4. It follows that Mr. Aberman cannot obtain any of the relief he desires in this case without seeking reconsideration of the denied Pleadings. The Status Conference Motion specifically pled facts showing that reconsideration is not appropriate here, and the Reconsideration Motion adds new facts showing **inexcusable** neglect, not excusable neglect meriting reconsideration. There is no change in controlling law, and Mr. Aberman asserts none. There is no new evidence.

5. After Mr. Aberman failed to attend the May 27th Hearing, this Court properly denied all Pleadings, and no new substantive motions of any kind have been filed since then. Mr. Aberman and his counsel then failed to attend the July 15th hearing on their request for a status conference. This second failure to appear warranted the Court's entry of the Bar Order.

6. Any assertion of mistake is further belied by his own contemporaneous conduct in other courts — namely, Mr. Aberman was also expected to appear before the Seventh Judicial

Circuit Court (Volusia County) of Florida ("**Florida State Court**") on May 28, 2026, when his *Motions for Separate Evidentiary Hearing on Attorney Violations, Discharge Injunction Enforcement, Sanctions Under Fla. Stat. 57.105, and Criminal Referrals, as well as an Emergency Motion to Reconsider, Vacate Void Sale, Cancel Certificate of Title, and Memorandum of Law* were being heard. According to the case's public docket, however, he simply failed to attend, and a ruling was entered accordingly. This conduct — *the very day after the May hearing before this Court*— demonstrates the pattern of wasted time and abuse of the judicial process that Nationstar has previously brought to this Court's attention,[3] and certainly undermines any plausible claims of excusable neglect.[4]

7. At bottom, Mr. Aberman's pending request for substantive relief is – at most – a single sentence in the Reconsideration Motion alleging that Mr. Aberman's arguments in the Pleadings should be heard on the merits. This request falls far short of the showing necessary for reconsideration.

8. The Bar Order should not be lifted, as doing so will merely waste more of the parties' time (including the Court), drag out this already concluded matter, and cause Nationstar to incur further unnecessary costs, to its great prejudice. The Reconsideration Motion must be denied.

## BACKGROUND

[3] *See* Nationstar Response, defined *infra*. D.I. 22.

[4] The Court should be aware that Mr. Aberman continues his improper parallel path seeking duplicative relief in Florida State Court, among others, most recently filing in July 2026 a motion to disqualify Judge Dennis Craig, the judge overseeing the Florida state proceedings and who approved the various foreclosure proceedings Mr. Aberman contested and lost. Mr. Aberman's motion for recusal was denied on August 14, 2026.

9. On April 6, 2026, Mr. Aberman filed the *Verified Adversary Complaint to Enforce Discharge Injunction and for Damages* [D.I. 2] (the "**Discharge Enforcement Complaint**")[5], the *Motion to Retain Jurisdiction and Preemptive Opposition to Transfer Under 28 U.S.C. § 1412* [D.I. 3] (the "**Jurisdiction Motion**"), the *Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing* [D.I. 4] (the "**Pro Se Motion**") and the *Motion for Leave to File Electronically and for Remote Appearance by Video/Telephone* [D.I. 5] (the "**Remote Appearance Motion**", together with the Discharge Enforcement Complaint, the Pro Se Motion, and the Jurisdiction Motion, the "**Pleadings**").

10. On April 15, 2026, this Court issued an order setting a status hearing ("**Hearing**") for April 29, 2026, and directed Mr. Aberman to serve the order on all parties. *See* D.I. 6.

11. On April 22, 2026, Mr. Aberman moved for a continuance of the Hearing. *See* D.I. 10. The Court granted this continuance on the same day, entering an order setting the Hearing for June 27, 2026 and directing Mr. Aberman to serve all parties with the Pleadings and the second order. *See* D.I. 11. It is unclear whether Mr. Aberman ever did so, as no certification of service of this second order appears on the docket.

12. On May 20, 2026, Nationstar filed *Nationstar Mortgage LLC D/B/A Mr. Cooper's Initial Omnibus Response in Opposition to Debtors' Verified Adversary Complaint to Enforce Discharge Injunction and for Damages [D.I. 2]; Motion to Retain Jurisdiction and Preeptive Opposition to Transfer Under 28 U.S.C. § 1412 [D.I. 3]; Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing [D.I. 4] and Motion for Leave to File*

---

[5] Notwithstanding its characterization as a "Complaint," the docket of this proceeding indicates the Discharge Enforcement Complaint is being treated as a motion. *See* Docket Text, D.I. 11 ("Debtor shall complete service of the Status Hearing Order [Doc. No. 6] and the related ***motions*** [Doc. Nos. ***2***, 3, 4, and 5]") (emphasis added).

*Electronically and for Remote Appearance by Video/Telephone [D.I. 5]* [D.I. 22] (the "**Nationstar Pleading Response**"), opposing all relief in the Pleadings on substantive grounds.[6]

13. Nationstar's counsel attended the May 27, 2026 Hearing, as did a number of other parties in interest. Without any explanation or notice to any party in interest, Mr. Aberman did not appear, so this Court denied all of his Pleadings. An order to that effect was entered on May 28, 2026 (the "**May 28 Order**"). *See* D.I. 34.

14. On May 28, 2026, after the conclusion of the Hearing, counsel for Mr. Aberman filed the *Nunc Pro Tunc Motion to Reschedule Status Conference* [D.I. 33] (the "**Status Conference Motion**"). The original Status Conference Motion did not include a notice, hearing date or certification of service. Mr. Aberman waited twenty-five days, then noticed the Status Conference Motion for July 15, 2026.

15. Nationstar filed *Nationstar Mortgage LLC D/B/A Mr. Cooper's Response in Opposition to Nunc Pro Tunc Motion to Reschedule Status Conference [D.I. 33]* (collectively with the Nationstar Pleading Response, the "**Nationstar Responses**"), noting that Mr. Aberman had no pending request for substantive relief that could be the subject of a status conference, and that there was no excusable neglect meriting reconsideration even if a substantive request was made. The Nationstar Responses are incorporated by reference in their entirety.

16. Nationstar's counsel once again attended the July 15, 2026 Hearing, as did (once again) a number of other parties in interest. Without any explanation or notice to any party in interest, neither Mr. Aberman nor his counsel appeared, so this Court denied the Status

6 Bank of New York Mellon Trust Company, N.A. ("**BNY**") and U.S. Bank National Association ("**USB**", and together with BNY, the "**Trustees**"), solely in their capacities as trustees for certain mortgage-backed security trusts, are beneficiaries of certain mortgages in favor of the trusts. Nationstar is the servicer of those mortgages. Mr. Aberman does not clearly identify which mortgages or properties are implicated in this matter.

Conference Motion and entered an order that barred Mr. Aberman from further filings seeking to enforce the discharge injunction, absent leave of the Court (the "**Bar Order**"). *See* D.I. 44.

17. Nearly three weeks later — and again, with no notice by Mr. Aberman (either through counsel or individually) to any of the parties prejudiced by his serial non-attendance — on August 3, 2026, Mr. Aberman filed the pro se Reconsideration Motion, without a hearing date or notice.

18. On August 5, 2026, the Court entered a *Notice to Take Action* [D.I. 52] requiring Mr. Aberman to notice the Reconsideration Motion on or before August 19, 2026.

19. On August 24, 2026, Mr. Aberman, acting pro se, filed a notice for the Reconsideration Motion, as well as motions seeking to extend his time to appeal the Bar Order, and seeking to discharge his counsel.

20. Nationstar responds in opposition to the Reconsideration Motion, which must be denied because the Bar Order was properly entered, there are no pending or contemplated motions for substantive relief, and this Court cannot grant effective relief even if a motion for reconsideration as to the Pleadings is properly made.[7]

## ARGUMENT

### A. Mr. Aberman's Filings Were Noncompliant and Untimely

21. Per the Notice to Take Action, Mr. Aberman was required to notice the Reconsideration Motion for a hearing date before August 19, 2026. Mr. Aberman's own filings indicate that the notice and associated filings were signed on August 19, 2026 and then mailed, in paper form, to the Clerk of Court. These filings were not **filed** by August 19, and were

[7] Nationstar notes that Mr. Aberman also filed motions to dismiss his counsel and extend the time period to appeal the entry of the Bar Order. Nationstar reserves all rights regarding these requests.

untimely. Usually, a technical fault, such as a delay in noticing a motion, does not necessarily merit denial of the motion.

22. However, this case is different: Mr. Aberman has repeatedly asked this Court to open a pathway for him to obtain immediate substantive relief, but does not actually request that substantive relief. Mr. Aberman and his counsel have now filed a series of deficient procedural motions, missed each and every Court-imposed deadline to correct these deficiencies, failed to certify service of the initial Pleadings for the hearing date Mr. Aberman requested, and failed to appear for hearings without reasonable excuse. As noted *supra*, the confusion and waste this causes appear to be the point.

23. Mr. Aberman now seeks to set aside the Bar Order, but does not propose any specific substantive relief he might pursue if it is set aside. The Court can now infer from Mr. Aberman's extensive filings before this Court that his main purpose is not to seek substantive relief in short order, it is to harass and delay. Because of Mr. Aberman's tactical abuse of process in this matter, the Court is well within its rights to deny the Reconsideration Motion as untimely or otherwise meritless, and in violation of the Notice to Take Action.

**B. Reconsideration of the Bar Order or May 28 Order is Not Warranted**

24. For the reasons set forth in the Nationstar Responses (incorporated in full) and those that follow, reconsideration of the Bar Order and/or the May 28 Order is a waste of all parties' time and resources, and not warranted by facts or law. As an initial matter, the relief sought in the Pleadings is hopelessly and impermissibly duplicative of relief Mr. Aberman already seeks (and has sought) in several other state and federal courts, which — as Nationstar

has long maintained— is in and of itself dispositive.[8] Regardless, reconsideration is inappropriate.

25. Per Fed. R. Civ. P. 60, applicable pursuant to Fed. R. Bankr. P. 9024,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In the context of reconsideration, "mistake" and "inadvertence" mean a legal or factual mistake made by the Court. *See In re Bryan Rd., LLC*, 389 B.R. 297, 300 (Bankr. S.D. Fla. 2008). Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (analyzing "excusable neglect" concept under Fed. R. Bankr. P. 9006). Whether neglect is excusable is an equitable determination that should be made after consideration of all relevant factors including "(1) 'the danger of prejudice [to the non-moving party]'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *In re DeMartino*, 484 B.R. 550, 556 (Bankr. E.D.N.Y. 2012), *aff'd*, 2014 WL 1572580 (E.D.N.Y. Apr. 17, 2014) (applying *Pioneer* to Fed. R. Civ. P. 60 reconsideration analysis) *quoting Pioneer*, 507 U.S. at 388.

---

[8] *See* Note 4, *supra*.

26. Certain kinds of neglect are presumptively not excusable. When a failure to appear at a pretrial conference due to a calendaring error resulted in a default judgment against a debtor, the court held that "an error in Defendant's counsel's scheduling and calendaring process" was not excusable neglect. *In re Cavendish*, 608 B.R. 802, 804 (Bankr. E.D. Mich. 2019) (denying reconsideration of order entered because of debtor's failure to appear due to calendaring error).

27. In another case, a litigious pro se party failed to appear for a scheduling conference, and the court entered judgment against him. The pro se plaintiff alleged that an injury to his leg prevented him from getting his mail, so he did not learn of the scheduled date. That court denied the pro se plaintiff's reconsideration motion, finding there was no excusable neglect:

> The fact that Flaherty has commenced more than 20 actions in the Eastern District over the past 15 years, reveals that Flaherty is no stranger to the Court and its rules. The fact that Flaherty failed to appear for two court conferences of which he had adequate notice demonstrates a blatant disrespect to the Court and to his adversaries. The Court finds that the defendants were forced to incur unnecessary time and expense for the two court appearances at issue. Moreover, Flaherty has failed to offer a convincing explanation or exceptional circumstances which warrant relief from the dismissal of this action. Because the circumstances of this case do not present grounds justifying relief, the Court need not examine the merits of Flaherty's claims.

*Flaherty v. Hackeling*, 221 F.R.D. 383, 387 (E.D.N.Y. 2004).

28. The Reconsideration Motion is thus meritless on its face. First, there is no "newly discovered evidence," and the Reconsideration Motion does not assert any.

29. Second, there is no fraud by any party opposing Mr. Aberman. By his own admission, Mr. Aberman and his counsel simply failed to appear, and this led to the entry of the Bar Order. No party deceived Mr. Aberman or his counsel. Nationstar notes that it is curious that Mr. Aberman and his counsel both failed to appear for hearings they themselves noticed, and

both allegedly "mis-calendared" the date in exactly the same manner. Mr. Aberman is a consistent no-show at hearings he has requested, scheduled and noticed, before this Court or otherwise. This is his responsibility and the responsibility of his counsel; his failure to calendar does not merit any relief.

30. Third, the Bar Order and May 28 Order are not void, and have not been satisfied, released or discharged.

31. Thus, the only potential ground for reconsideration is Mr. Aberman's "mistake, inadvertence, surprise, or excusable neglect."[9] The Court made no legal or factual mistake in denying the Pleadings via the May 28 Order, because it is beyond dispute that Mr. Aberman, the movant, inexplicably failed to appear for a hearing on his own Pleadings. Similarly, the Bar Order was properly entered after Mr. Aberman and his counsel both missed the July 15th hearing without explanation.

32. The facts laid out in the Reconsideration Motion are strikingly similar to those in *Flaherty* and *Cavendish*. In this case, as in those cases, Mr. Aberman failed to appear in a proceeding where he was the party requesting relief. He had notice of the hearing date, because he himself requested that hearing. He was under court order to serve notice of the hearing date upon all parties, so he has no reasonable excuse to overlook same. *Cavendish* demonstrates that a calendaring failure is not excusable neglect, and that counsel's error should be imputed to their client.

33. In addition to the lack of excusable neglect in attending the status conference, Mr. Aberman cannot offer a good faith reason for his delay in seeking reconsideration. The

---

[9] The catch-all provision of Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)." *United States v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala*. 920 F.2d 788, 791 (11th Cir. 1991).

Reconsideration Motion's cursory request for reconsideration of the May 28 Order was made nearly ten weeks after that order was entered, denying the Pleadings. This delay has caused material prejudice to Nationstar, as counsel has been forced to monitor this proceeding, respond to the Status Conference Motion and now the Reconsideration Motion, and attend two hearings in which Mr. Aberman completely failed to appear. While Mr. Aberman self-servingly dismisses all of this as non-prejudicial or even "cured," the reality is that the fees and costs being thrust upon Nationstar are anything but speculative.

34. Last, the moving party must set forth affirmative facts demonstrating that reconsideration is proper. Regarding Mr. Aberman's request to reconsider the May 28 Order, Mr. Aberman sets forth no facts at all. He merely asks that the order be vacated. Without any argument, facts or law in his favor, Mr. Aberman's request must fail.

35. To be clear, the underlying litigation itself is clearly frivolous, as already extensively set forth in the Nationstar Responses. In short, Mr. Aberman's entire argument relies on the false assumption that the applicable mortgages and their associated liens were discharged or satisfied in prior bankruptcy proceedings, and that this Court has any jurisdiction, authority, or interest in upending foreclosure proceedings occurring in the Florida State Court. He seeks simultaneous, identical relief in multiple different courts, including the U.S. District Courts for the District of Delaware and the Eastern District of Pennsylvania.[10] Even if one could look past the patent procedural deficiencies in Mr. Aberman's pleadings, their substance dooms them.

[10] As recently as June 27, 2026, Mr. Aberman filed a motion to seeking permission to file an amended complaint in the District of Delaware (*see* Case No. 26-269-JLH-CJB, D.I. 54), which motion was itself filed following multiple defendants' motions to dismiss. *See* Case No. 26-269-JLH-CJB, D.I. 30, 47, 50. Meanwhile, on August 10, 2026, the Eastern District of Pennsylvania dismissed his complaint on *Rooker-Feldman* grounds, among others (*see* Case No. 2:26-cv-00918-JDW, D.I. 43, 44).

36. The Reconsideration Motion can only function as yet another delaying tactic. Because the facts already known to the Court show reconsideration is inappropriate, and because the underlying substantive request is also meritless, the Reconsideration Motion must be denied.

**C. The Reconsideration Motion Seeks Relief to Undermine the Court's Bar Order**

37. The Reconsideration Motion seeks to vacate the Bar Order. The purpose of the Bar Order is to ensure that Mr. Aberman presents his substantive requests for relief to the Court, up-front, seeking leave based on specific arguments and evidence on the merits.

38. While the Reconsideration Motion does indirectly suggest some form of substantive relief – reconsideration of the May 28 Order denying the Pleadings – this request is made in a single sentence without any facts or reasoning. Mr. Aberman's assertion that the Pleadings should be heard because they should be "determined on their merits" is woefully insufficient. For the reasons set forth above, there is no excusable neglect that merits reviving the Pleadings.

39. The Bar Order required Mr. Aberman to seek leave of Court before pursuing substantive relief. The Court must enforce the Bar Order, and require Mr. Aberman to actually make such a request, with factual and legal support, before he can be allowed to request a determination on the merits.

40. He has not done so, and the only other relief he seeks is to have the Bar Order lifted. As shown by his conduct in this case (and others), Mr. Aberman does not act like he wants his day in Court. Mr. Aberman is a classic serial filer and vexatious litigant, wasting the time and resources of the Court and all parties in interest while blithely handwaving away the real costs and impact that has on the parties he seeks relief against.

41. Mr. Aberman asserts that remotely appearing will "prevent any recurrence." Unfortunately, his conduct suggests otherwise. He and his counsel had every opportunity to attend the May and July hearings remotely, to no avail. This leaves aside the fact that Mr. Aberman himself chose to initiate proceedings in a court one thousand miles away, instead of the one overseeing the Florida Bankruptcy Cases barely an hour from his home. Any prejudice is of his own creation.

42. In sum, without a pending request for leave to seek substantive relief, reconsideration of the Bar Order merely opens the door to more waste and delay. The Reconsideration Motion must be denied.

**JOINDER**

43. To the extent not inconsistent with this Response, Nationstar joins in any objections to the Reconsideration Motion filed by other parties.

**CONCLUSION**

The Court must deny the Reconsideration Motion.

Dated: September 1, 2026

By: */s/ Turner N. Falk*
**SAUL EWING LLP**
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com

-and-

Evan T. Miller, Esq.
1201 N. Market St., Suite 2300
Wilmington, DE 19801
(302) 421-6800
Evan.miller@saul.com

*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of Registration of Discharge Orders | ) | Miscellaneous Proceeding |
| | ) | No. 26-3002 (AMC) |
| JACK ABERMAN, | ) | |
| | ) | Chief Judge Ashely M. Chan |
| Debtor/Movant | ) | |

**CERTIFICATION OF SERVICE**

I, Turner N. Falk:, certify that on September 1, 2026, I did cause a true and correct copy of the documents described below to be served on all parties registered with the Clerk to receive electronic notice via the CM/ECF system, and via first class mail upon Jack Aberman, 428 N. Peninsula Drive, Daytona Beach, FL 32118:

- *Nationstar Mortgage LLC d/b/a Mr. Cooper's Response in Opposition to Debtor's Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order and for Relief from the May 28, 2026 Order* [D.I. 46]

Dated: September 1, 2026

By: */s/ Turner N. Falk*
**SAUL EWING LLP**
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com
*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*