FILED
SEP 21 2026
CLERK OF COURT
BY DEP. CLERK

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of the Registration of Discharge Orders<br><br>(In re: Jack Aberman, Case No. 3:13-bk-00167-JAF (M.D. Fla.), registered pursuant to Fed. R. Bankr. P. 4004(f)) | Miscellaneous Pro. No. 26-3002 (AMC)<br><br>Chief Judge Ashely M. Chan |

# DEBTOR'S MOTION TO CORRECT THE RECORD AND FOR RECONSIDERATION OF THE ORDER DENYING DOCKET NO. 46, AND REQUEST FOR DISPOSITION WITHOUT HEARING

Jack Aberman ("Debtor"), appearing individually, moves under Federal Rules of Bankruptcy Procedure 9023 and 9024 (Fed. R. Civ. P. 59(e) and 60(b)) and Federal Rule of Evidence 201 for correction of the record and reconsideration of the order denying Debtor's Motion for Reconsideration and Vacatur of the July 16, 2026 Order [Doc. No. 46], entered September 11, 2026 [Doc. No. 70] (the "September Order"), and for correction of the Order entered the same day denying Debtor's motion to extend the time to appeal [Doc. No. 71]. Debtor asks that this motion be decided on the papers. In support, Debtor states:

## I. Scope, Timeliness, and Request for Decision Without Hearing

1. Docket Nos. 70 and 71 were entered September 11, 2026. This motion is delivered to the Clerk on or before September 25, 2026, within fourteen days after entry. It is therefore timely under Rule 9023 and under Rule 8002(b)(1)(B) and (D) as to both orders.

2. Nothing in this motion alleges that any foreclosure is void. It concerns only the accuracy of the record on which the September Order rests. To the extent the Court deems leave under the July 16, 2026 Order [Doc. No. 44] to be required, Debtor requests that this motion be treated as the application for leave.

3. Debtor does not ask the Court for a hearing. Every ground below is established by docket entries of this Court and of two other federal courts, of which the Court may take judicial

notice. Fed. R. Evid. 201(b)(2); Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999). Because the Clerk's Notice to Take Action of August 5, 2026 (Doc. No. 52) identified a notice of motion as required for Debtor's prior motion to proceed, a notice under Local Rule 9014-3 and a proposed order accompany this motion. The notice is served only on counsel of record and the United States Trustee. The matters denied on September 9, 2026 were heard on a list of more than one hundred matters (Exhibit 3), and Debtor asks only that the exhibits attached here be reviewed before the Court rules. Debtor asks that the Court decide the motion on the papers, 11 U.S.C. § 102(1); Fed. R. Bankr. P. 9014(a), and vacate the hearing date.

## II. What Debtor Does Not Dispute

4. Debtor did not appear on May 27, 2026. Debtor served notice of that date on every party (Doc. No. 18) and then entered it incorrectly on his own calendar. That was Debtor's error alone. Debtor does not ask the Court to find it excusable and does not ask the Court to revisit that finding.

## III. Standard

5. A motion for reconsideration may be granted where necessary to correct a clear error of fact or law or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Rule 60(b)(1) reaches mistake and excusable neglect; Rule 60(b)(6) reaches any other reason that justifies relief. The grounds below are directed to facts on which the September Order rested and which the record contradicts.

## IV. Grounds

### A. The statement that Debtor missed a hearing before Judge Wolson is contradicted by that court's docket.

6. At the September 9, 2026 hearing, in response to the Court's inquiry whether there were other instances of non-appearance, counsel for a respondent stated that Debtor had failed to appear at a hearing before Judge Wolson in Aberman v. NewRez LLC, No. 2:26-cv-00918-JDW

(E.D. Pa.). Debtor has ordered the transcript (Form AO 435) and will file the relevant page by supplement so that the statement and its speaker are identified precisely.

7. The docket of that case, retrieved from CM/ECF on September 9, 2026 and attached as Exhibit 1, contains forty-five numbered entries and no hearing, conference, argument, or minute entry of any proceeding held. The only entry containing the word "Hearings" is the Clerk's "Set Deadlines/Hearings" entry of August 10, 2026, which accompanies the Court's Memorandum and Order of that date (ECF 43, 44) and records the deadline set for an amended pleading. Debtor met that deadline: his Motion to Amend/Correct was filed September 4, 2026 (ECF 45).

8. The docket of Aberman v. Wilmington Trust, N.A., No. 1:26-cv-00269-JLH-CJB (D. Del.), retrieved September 9, 2026 and attached as Exhibit 2, contains sixty numbered entries and likewise records no hearing or conference of any kind.

9. The two non-appearances in this proceeding are the only non-appearances by Debtor in any federal court. To the extent the September Order's finding of a "habit" of requesting hearings and not appearing rested in part on the Wolson statement, it rested on a proceeding that never occurred. That is a clear error of fact within Max's Seafood.

**B. The statement that no certificate of service is on the docket is contradicted by Docket No. 18.**

10. Nationstar's opposition asserted that no certification of service of the rescheduling order appears on the docket (Doc. No. 64 ¶ 11, Exhibit 9; see also Doc. No. 41 ¶ 9) and that Debtor "failed to certify service of the initial Pleadings" (Doc. No. 64 ¶ 22). Debtor's Certificate of Service of the Notice of Registration, the Verified Complaint, the Summons, and the Order granting the short continuance was filed May 8, 2026 and entered May 11, 2026 (Doc. No. 18; docket at Exhibit 8), and is linked on the docket to Docket No. 11. The certified-mail receipts were filed May 20, 2026 (Doc. No. 20). Select Portfolio Servicing, Inc. cited Docket No. 18 in its own filing (Doc. No. 40 ¶ 6). Debtor asks that the record reflect that service of the May 27 hearing date was made and certified.

**C. The cure of the Clerk's Notice to Take Action was timely measured from receipt.**

11. The Clerk's Notice to Take Action (Doc. No. 52; Exhibit 4) is dated August 5, 2026 and set a cure date of August 19, 2026. The envelope in which it was mailed, docketed with Debtor's letter at Doc. No. 62, bears a postage meter date of August 11, 2026 and a postmark of August 12, 2026. It was delivered to Debtor in Florida on August 19, 2026, the cure date itself. Debtor shipped the cure documents by USPS Priority Mail Express that afternoon; the receipt, time-stamped 3:36 p.m. on August 19, 2026, and the USPS tracking history showing delivery in Philadelphia at 3:47 p.m. on Friday, August 21, 2026, are attached as Exhibit 5. The documents were docketed on Monday, August 24, 2026 (Doc. Nos. 56-63).

12. The September Order treated the reconsideration motion as having been mailed and received late. The record shows that the Clerk's notice reached Debtor on the last day of the cure period and that Debtor acted the same day. Debtor asks that the record reflect these dates.

**D. The July 15, 2026 non-appearance was counsel's, and the personal-responsibility factor was never applied.**

13. On July 15, 2026, Bresset & Santora, LLC was Debtor's counsel of record (Doc. No. 28) and the hearing was on counsel's own motion (Doc. No. 33). The Clerk returned counsel's notice as deficient (Doc. No. 37), counsel's corrected notice (Doc. No. 38) was re-docketed by the Clerk as Doc. No. 39 to add the hearing date and time, and the date appearing on it was inserted by the Clerk. On July 22, 2026, six days after the July 16 Order, counsel wrote to Debtor: "the clerk and/or court entered the notice, inserted the date, and we simply missed it. That's on us." (Doc. No. 50, Ex. A; attached for convenience as Exhibit 7.) That admission did not exist when the July 16 Order was entered and was first placed before the Court by Doc. No. 46.

14. In the Third Circuit, the first consideration before a litigant is sanctioned for a default is "the extent of the party's personal responsibility." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Where counsel's neglect leaves the client effectively unrepresented, the client is not bound by it. Boughner v. Sec'y of Health, Educ. & Welfare, 572

F.2d 976, 978-79 (3d Cir. 1978). Debtor, in Florida, was relying on Pennsylvania counsel whom he had retained for the purpose of not missing another hearing, and whose written admission is on the docket. Debtor asks that the record reflect that the July 15 non-appearance was counsel's and not Debtor's.

**E. The July 16 injunction issued without notice on the ground that supports it.**

15. The July 16 Order enjoined Debtor under 11 U.S.C. § 105(a) "due to Debtor's apparent bad faith in continuing to request hearings on numerous filings and repeatedly not appearing." The ground of repeated non-appearance did not exist until the July 15 hearing that counsel missed. No order to show cause issued, and Debtor was never afforded an opportunity to respond to that ground before the injunction entered. A filing restriction requires notice and an opportunity to be heard, and must be tailored to the circumstances before the court. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993); In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982).

16. If the Court is not prepared to vacate the injunction outright, Debtor asks in the alternative that the Court issue an order to show cause with a written response deadline, so that whatever restriction remains rests on a record made with notice.

**F. The pre-hearing memorandum was served but, through Debtor's error, not filed.**

17. On September 8, 2026, Debtor served by electronic mail on counsel for every respondent and on the United States Trustee a Pre-Hearing Memorandum addressing the matters above, including the Poulis factors and a request for judicial notice. Through Debtor's own error it was not delivered to the Clerk and was not before the Court on September 9. It is attached as Exhibit 6 with its certificate of service, so that the record reflects what respondents had in hand at the hearing.

**G. The motion to discharge counsel was noticed but not docketed; it is filed with this motion.**

18. On August 24, 2026, Debtor's Notice of Motion (Doc. No. 58) and proposed order (Doc. No. 59) for a motion to discharge counsel of record were docketed; the Clerk annotated each "Motion has not been filed with court," and the Court's September 9 calendar (Exhibit 3)

carried the same annotation while listing Stephen G. Bresset as the moving attorney on all three of Debtor's matters. The motion itself did not reach the docket. Debtor files it now, with this motion, as a separate motion. Neither Mr. Bresset nor Mr. Santora appeared on September 9, 2026, and neither communicated with Debtor before or after that hearing; counsel has not appeared in this proceeding since July 15, 2026. Debtor appeared by telephone, having confirmed his appearance in advance with the Court's courtroom deputy.

**H. Debtor's application for electronic filing and noticing (Doc. No. 48) is pending and unruled, and mail-only access is the source of every timing problem in this proceeding.**

19. On April 6, 2026, Debtor moved for leave to file electronically and to appear remotely (Doc. No. 5). That motion was never decided on its merits; it was denied with the other Miscellaneous Matters for lack of prosecution on May 28, 2026 (Doc. No. 34). On August 3, 2026, Debtor filed his Application for Electronic Filing and Electronic Noticing Privileges Pending Disposition of Debtor's Motion Under Rules 9023 and 9024 (Doc. No. 48), with a proposed order and certificate of service (Doc. No. 49). The Clerk's Notice to Take Action (Doc. No. 52) identified Doc. No. 48 by number. It has not been ruled upon.

20. Since April every respondent has filed through CM/ECF and received every docket entry the moment it was made, while Debtor, in Florida, has filed by mail and learned of each order and Clerk's notice when the envelope arrived. The Clerk's Notice to Take Action reached Debtor fourteen days after it issued, on the cure date. The July 16 Order reached Debtor by mail with a fraction of the fourteen-day period remaining, and Debtor's reconsideration motion, mailed within that period, was docketed August 3. The fastest service the Postal Service offers from Daytona Beach to Philadelphia, Priority Mail Express, is scheduled as two-day delivery (Exhibit 5); a party who files by mail cannot meet a deadline that falls the day after a notice reaches him, however quickly he acts.

21. Debtor is bound by the same procedural rules as represented parties, McNeil v. United States, 508 U.S. 106, 113 (1993); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013), and does not ask to be excused from them. He asks for the tools the rules already

provide so that he can comply. Local Rule 5005-3(c) authorizes the Court, on request of an individual pro se party to a contested matter, to permit registration as a CM/ECF Filing User, and Local Rule 5005-3(e) permits any party in interest to register as a Non-Filing User for electronic notice. Debtor asks that the Court grant Doc. No. 48 to that extent, so that Debtor receives notice when respondents do and files when respondents do.

**I. Docket No. 71 recites a finding of excusable neglect and then denies the motion that finding would grant.**

22. Docket No. 71 states that, "the Court finding excusable neglect, it is hereby ORDERED that: 1. The Motion is DENIED for the reasons stated on the record in open Court." Under Rule 8002(d)(1)(B), excusable neglect is the criterion on which an extension is granted, so the order as written finds the criterion and denies the relief. Debtor understands the reason the relief could not be granted: Docket No. 60 had to be received by the Clerk by August 20, 2026, and it was delivered on August 21 (Exhibit 5), and Rule 9006(b)(3) confines the Court to the time Rule 8002 allows. Debtor does not ask the Court to extend a period it cannot extend. He asks only that the order state what the Court actually found and the actual ground of denial, so that the record is accurate: if the Court found excusable neglect and denied because the motion was received one day after the twenty-one-day period, the order should say so; if the recital is a clerical error, it should be corrected under Rule 9024 and Fed. R. Civ. P. 60(a). Either way, the order should reflect that the motion was shipped by Priority Mail Express on August 19, 2026 and delivered on August 21, 2026.

23. Debtor has served notice under Rule 9011(c)(1)(A) on the signers of Docket Nos. 41, 64, and 65 concerning the statements addressed in Ground B, and will file separately if they are not corrected. No sanction is sought in this motion.

**J. Meritoriousness.**

24. Because a filing restriction also turns on whether the enjoined filings are meritless, Debtor notes one fact only: as set out in the Verified Complaint (Doc. No. 2), no creditor,

servicer, or law firm ever moved for relief from any of the three discharge injunctions at issue. Debtor does not argue the merits here.

**V. Relief Requested**

25. Debtor respectfully requests that the Court, on the papers and without hearing:

(a) correct the record by finding that Debtor has not failed to appear at any proceeding in Aberman v. NewRez LLC, No. 2:26-cv-00918-JDW (E.D. Pa.), or in Aberman v. Wilmington Trust, N.A., No. 1:26-cv-00269 (D. Del.); that Docket No. 18 certifies service of the May 27, 2026 hearing date and of Docket Nos. 1, 2, and 11; and that the Clerk's Notice to Take Action (Doc. No. 52) was received August 19, 2026 and cured the same day;

(b) vacate the September Order and grant Docket No. 46 to the extent of vacating the injunction contained in the July 16, 2026 Order (Doc. No. 44); or, in the alternative, issue an order to show cause with a written response deadline before any filing restriction is maintained;

(c) grant Docket No. 48 and authorize Debtor to register as a CM/ECF Filing User under Local Rule 5005-3(c) for this proceeding, or at minimum as a Non-Filing User for electronic notice under Local Rule 5005-3(e);

(d) grant Debtor's Motion to Discharge Counsel of Record, filed herewith;

(e) correct Docket No. 71 under Rule 9024 and Fed. R. Civ. P. 60(a) to state the finding actually made and the ground of denial, including that Docket No. 60 was shipped August 19, 2026 and delivered August 21, 2026;

(f) to the extent leave is required under Docket No. 44, grant leave for the filing of this motion; and

(g) grant such other relief as is just.

**Verification**

I, Jack Aberman, declare under penalty of perjury under 28 U.S.C. § 1746 that the factual statements in paragraphs 4, 6 through 8, 11, 13, 17, 18, 19, 20, 22, and 23 concerning dates of receipt, mailing, retrieval of dockets, appearance, and service are true and correct to the best of my personal knowledge.

Dated: September 15, 2026

Respectfully submitted,

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive
Daytona Beach, FL 32118
(407) 604-1457
flrealestatemgt@gmail.com

**Exhibits**

Exhibit 1 — Docket, Aberman v. NewRez LLC, No. 2:26-cv-00918-JDW (E.D. Pa.), retrieved September 9, 2026, 2:49 p.m.
Exhibit 2 — Docket, Aberman v. Wilmington Trust, N.A., No. 1:26-cv-00269-JLH-CJB (D. Del.), retrieved September 9, 2026, 2:54 p.m.
Exhibit 3 — Court calendar, Hon. Ashely M. Chan, Wednesday, September 9, 2026, Courtroom 4 (12:30 p.m. list, items 48-50), and CM/ECF calendar event for September 9, 2026.
Exhibit 4 — Notice to Take Action dated August 5, 2026 (Doc. No. 52).
Exhibit 5 — USPS Priority Mail Express receipt, August 19, 2026, 3:36 p.m., and USPS tracking history showing delivery August 21, 2026, 3:47 p.m.
Exhibit 6 — Debtor's Pre-Hearing Memorandum dated September 8, 2026, with its certificate of service.
Exhibit 7 — Letter of Ronald V. Santora, Esq., July 22, 2026 (Doc. No. 50, Ex. A).
Exhibit 8 — Docket Report and History, Misc. Pro. No. 26-3002 (AMC), retrieved September 10 and 14, 2026, showing Doc. No. 18 (filed May 8, 2026), Doc. No. 20, Doc. No. 47, and Doc. No. 48.
Exhibit 9 — Nationstar Response, Doc. No. 41 (July 7, 2026); Nationstar Response in Opposition, Doc. No. 64 (September 1, 2026); and SPS Joinder, Doc. No. 65 (September 3, 2026).
Exhibit 10 — Orders entered September 11, 2026, Doc. Nos. 70 and 71.

FILED
SEP 21 2026
CLERK OF COURT
BY DEP. CLERK

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of the Registration of Discharge Orders<br><br>(In re: Jack Aberman, Case No. 3:13-bk-00167-JAF (M.D. Fla.), registered pursuant to Fed. R. Bankr. P. 4004(f)) | Miscellaneous Pro. No. 26-3002 (AMC)<br><br>Chief Judge Ashely M. Chan |

**CERTIFICATE OF SERVICE**

I, Jack Aberman, certify that on September 15, 2026, I caused true and correct copies of the foregoing Motion to Correct the Record and for Reconsideration, with Exhibits 1 through 10, the Notice of Motion, Response Deadline, and Hearing Date, and the proposed Order to be served by first-class United States mail, postage prepaid, and by electronic mail, upon the following:

Turner N. Falk, Esq., Saul Ewing LLP, 1735 Market Street, 34th Floor, Philadelphia, PA 19103 (turner.falk@saul.com) — counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper
Evan T. Miller, Esq., Saul Ewing LLP, 1201 N. Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899 (evan.miller@saul.com) — counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper
Alexandra D. Rogin, Esq., Eckert Seamans Cherin & Mellott, LLC, 50 S. 16th Street, 22nd Floor, Philadelphia, PA 19102 (arogin@eckertseamans.com) — counsel for Select Portfolio Servicing, Inc.
Gregory T. Sturges, Esq. and Lucy G. Sumner, Esq., Greenberg Traurig, LLP, 1717 Arch Street, Suite 400, Philadelphia, PA 19103 (sturgesg@gtlaw.com; lucy.sumner@gtlaw.com) — counsel for PHH Mortgage Corporation and Ocwen Loan Servicing LLC
Jordan M. Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 13010 Morris Road, Suite 450, Alpharetta, GA 30004 (jkatz@raslg.com)
Stephen G. Bresset, Esq., Bresset & Santora, LLC, 812 Court Street, Honesdale, PA 18431 (sbresset@bressetsantora.com), and Ronald V. Santora, Esq., Bresset & Santora, LLC, 1188 Wyoming Avenue, Forty Fort, PA 18704 (rsantora@bressetsantora.com)
Office of the United States Trustee, Region 3, 900 Market Street, Suite 320, Philadelphia, PA 19107

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2026

Respectfully submitted,
/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se