# EXHIBIT 1

Docket, Aberman v. NewRez LLC, No. 2:26-cv-00918-JDW (E.D. Pa.)
retrieved September 9, 2026, 2:49 p.m.

Query Reports Utilities Help Log Out

**2:26-cv-00918-JDW** ABERMAN v. NEWREZ LLC et al
JOSHUA D. WOLSON, presiding
**Date filed:** 02/17/2026
**Date of last filing:** 09/04/2026

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 45 | *Filed:*<br>*Entered:* | 09/04/2026<br>09/08/2026 | Motion to Amend/Correct |
| | *Filed & Entered:* | 08/10/2026 | Set Deadlines/Hearings |
| 43 | *Filed & Entered:* | 08/10/2026 | Memorandum and/or Opinion |
| 44 | *Filed & Entered:* | 08/10/2026 | Order (Memorandum and/or Opinion) |
| 42 | *Filed:*<br>*Entered:* | 08/07/2026<br>08/10/2026 | Response to Motion |
| 41 | *Filed & Entered:*<br>*Terminated:* | 08/06/2026<br>08/10/2026 | Motion for Leave to File |
| 40 | *Filed & Entered:* | 08/04/2026 | Order on Motion for Leave to File |
| 39 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/01/2026<br>08/03/2026<br>08/04/2026 | Motion for Leave to File |
| 38 | *Filed & Entered:* | 07/24/2026 | Pretrial Memorandum |
| 37 | *Filed & Entered:* | 07/14/2026 | Memorandum |
| 36 | *Filed & Entered:* | 07/10/2026 | Order |
| 35 | *Filed & Entered:* | 06/01/2026 | Notice of Appearance |
| 33 | *Filed:*<br>*Entered:* | 05/18/2026<br>05/19/2026 | Response in Opposition to Motion |
| 34 | *Filed:*<br>*Entered:* | 05/18/2026<br>05/19/2026 | Notice (Other) |
| 29 | *Filed & Entered:* | 05/13/2026 | Notice of Appearance |
| 30 | *Filed & Entered:*<br>*Terminated:* | 05/13/2026<br>08/10/2026 | Dismiss for Failure to State a Claim |
| 31 | *Filed & Entered:* | 05/13/2026 | Disclosure Statement Form |
| 32 | *Filed & Entered:* | 05/13/2026 | Disclosure Statement Form |
| 28 | *Filed & Entered:* | 05/11/2026 | Order on Motion for Order |
| 27 | *Filed:*<br>*Entered:* | 04/28/2026<br>04/29/2026 | Notice (Other) |
| 26 | *Filed & Entered:* | 04/27/2026 | Notice (Other) |
| 25 | *Filed & Entered:* | 04/23/2026 | Summons Returned Executed |
| 24 | *Filed:*<br>*Entered:* | 04/17/2026<br>04/20/2026 | Praecipe/Request |

| | | | |
|---|---|---|---|
| 22 | *Filed:*<br>*Entered:* | 04/14/2026<br>04/15/2026 | Amended Complaint |
| 23 | *Filed:*<br>*Entered:* | 04/14/2026<br>04/15/2026 | Summons Issued |
| 21 | *Filed & Entered:* | 04/06/2026 | Order on Motion for Reconsideration |
| 18 | *Filed & Entered:* | 03/26/2026 | Pro Se E-Notice Consent Form |
| 19 | *Filed & Entered:*<br>*Terminated:* | 03/26/2026<br>04/06/2026 | Motion for Reconsideration |
| 20 | *Filed & Entered:*<br>*Terminated:* | 03/26/2026<br>04/06/2026 | Motion for Order |
| 17 | *Filed & Entered:* | 03/11/2026 | Order to Unseal Case |
| 16 | *Filed:*<br>*Entered:* | 03/10/2026<br>03/11/2026 | Statement |
| 14 | *Filed & Entered:* | 03/06/2026 | Order on Motion for Order |
| 15 | *Filed & Entered:* | 03/06/2026 | Order on Motion for Leave to File |
| 13 | *Filed & Entered:* | 03/05/2026 | Order on Motion for Recusal |
| 12 | *Filed & Entered:*<br>*Terminated:* | 03/03/2026<br>03/06/2026 | Motion for Leave to File |
| 10 | *Filed & Entered:* | 02/27/2026 | Filing Fee Received |
| 11 | *Filed & Entered:*<br>*Terminated:* | 02/27/2026<br>03/06/2026 | Motion for Order |
| 8 | *Filed:*<br>*Entered:*<br>*Terminated:* | 02/24/2026<br>02/25/2026<br>03/05/2026 | Motion for Recusal |
| 9 | *Filed:*<br>*Entered:* | 02/24/2026<br>02/25/2026 | Letter |
| 5 | *Filed & Entered:* | 02/18/2026 | Notice re: Pro Se Guidelines |
| 6 | *Filed:*<br>*Entered:* | 02/18/2026<br>02/19/2026 | Order |
| 7 | *Filed:*<br>*Entered:* | 02/18/2026<br>02/24/2026 | Pro Se Civil Admin Order 5 |
| 1 | *Filed & Entered:* | 02/17/2026 | Complaint (Sealed) |
| 2 | *Filed & Entered:*<br>*Terminated:* | 02/17/2026<br>08/10/2026 | Motion for TRO |
| 3 | *Filed & Entered:*<br>*Terminated:* | 02/17/2026<br>05/11/2026 | Motion for Order |
| 4 | *Filed & Entered:* | 02/17/2026 | Notice re: Availability of Court-Annexed Mediation |

## PACER Service Center

### Transaction Receipt

09/09/2026 14:47:55

| | | | |
|---|---|---|---|
| **PACER Login:** | SAMSON2010 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:26-cv-00918-JDW |

| Billable Pages: | 2 | Cost: | 0.20 |
|---|---|---|---|

# EXHIBIT 2

Docket, Aberman v. Wilmington Trust, N.A., No. 1:26-cv-00269-JLH-CJB (D. Del.)
retrieved September 9, 2026, 2:54 p.m.

**1:26-cv-00269-JLH-CJB** Aberman v. Wilmington Trust, National Association et al
Jennifer L. Hall, presiding
Christopher J. Burke, referral
**Date filed:** 03/12/2026
**Date of last filing:** 07/14/2026

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 60 | *Filed & Entered:* 07/14/2026 | Reply to Response to Motion |
| 57 | *Filed & Entered:* 07/13/2026 | Answering Brief in Opposition |
| 58 | *Filed & Entered:* 07/13/2026 | Answering Brief in Opposition |
| 59 | *Filed & Entered:* 07/13/2026 | Answering Brief in Opposition |
| 56 | *Filed & Entered:* 07/02/2026 | Notice (Other) |
| | *Filed & Entered:* 06/29/2026 | Set Answering Brief Deadline |
| 55 | *Filed & Entered:* 06/29/2026 | Reply Brief |
| 54 | *Filed & Entered:* 06/27/2026 | Motion to Amend/Correct |
| 53 | *Filed & Entered:* 06/25/2026 | Sur-Reply Brief |
| | *Filed & Entered:* 06/23/2026 | CORRECTING ENTRY: |
| 51 | *Filed & Entered:* 06/23/2026 | Exhibit to a Document |
| 52 | *Filed & Entered:* 06/23/2026 | Answering Brief in Opposition |
| 49 | *Filed & Entered:* 06/22/2026 | Answering Brief in Opposition |
| 50 | *Filed & Entered:* 06/22/2026 | Joinder |
| 47 | *Filed & Entered:* 06/18/2026 | Motion to Dismiss for Failure to State a Claim |
| 48 | *Filed & Entered:* 06/18/2026 | Opening Brief in Support |
| 46 | *Filed & Entered:* 06/09/2026 | Motion for Leave to File |
| 45 | *Filed & Entered:* 06/05/2026 | Reply Brief |
| 43 | *Filed & Entered:* 05/29/2026 | Answering Brief in Opposition |
| 44 | *Filed & Entered:* 05/29/2026 | Declaration |
| | *Filed & Entered:* 05/28/2026 | CORRECTING ENTRY: |
| 41 | *Filed & Entered:* 05/27/2026 | Order on Motion to Expedite |
| 42 | *Filed & Entered:* 05/27/2026 | Order on Motion for Miscellaneous Relief |
| 40 | *Filed & Entered:* 05/26/2026<br>*Terminated:* 05/27/2026 | Motion to Expedite |
| 39 | *Filed & Entered:* 05/22/2026 | Amended Document |
| 38 | *Filed & Entered:* 05/21/2026 | Order |
| | *Filed & Entered:* 05/20/2026 | Deficiency Notice - No 7.1 Statement Filed |
| | *Filed & Entered:* 05/20/2026 | CORRECTING ENTRY: |
| 35 | *Filed & Entered:* 05/20/2026 | Disclosure Statement |
| 36 | *Filed & Entered:* 05/20/2026 | Order |

| | | |
|---|---|---|
| 37 | *Filed & Entered:* 05/20/2026 | Disclosure Statement |
| | *Filed & Entered:* 05/19/2026 | CORRECTING ENTRY: |
| | *Filed & Entered:* 05/19/2026 | Deficiency Notice |
| 26 | *Filed & Entered:* 05/19/2026 | Notice of Appearance |
| 27 | *Filed & Entered:* 05/19/2026 | Notice of Appearance |
| 28 | *Filed & Entered:* 05/19/2026<br>*Terminated:* 05/19/2026 | Motion for Extension of Time |
| 29 | *Filed & Entered:* 05/19/2026 | Order |
| 30 | *Filed & Entered:* 05/19/2026 | Motion to Dismiss for Failure to State a Claim |
| 31 | *Filed & Entered:* 05/19/2026 | Opening Brief in Support |
| 32 | *Filed & Entered:* 05/19/2026 | Certificate of Service |
| 34 | *Filed & Entered:* 05/19/2026<br>*Terminated:* 05/20/2026 | Motion for Extension of Time |
| 25 | *Filed & Entered:* 05/18/2026 | Reply Brief |
| | *Filed & Entered:* 05/15/2026 | CORRECTING ENTRY: |
| | *Filed & Entered:* 05/14/2026 | CORRECTING ENTRY: |
| | *Filed & Entered:* 05/14/2026 | SO ORDERED |
| | *Filed & Entered:* 05/14/2026 | Deficiency Notice |
| 19 | *Filed & Entered:* 05/14/2026 | Certificate of Service |
| 20 | *Filed & Entered:* 05/14/2026 | District Court Pro Hac Vice - Credit Card Payment for one |
| 21 | *Filed & Entered:* 05/14/2026<br>*Terminated:* 05/14/2026 | Motion for Leave to Appear Pro Hac Vice |
| 22 | *Filed & Entered:* 05/14/2026 | Letter |
| 23 | *Filed & Entered:* 05/14/2026 | Letter |
| 24 | *Filed & Entered:* 05/14/2026 | Disclosure Statement |
| | *Filed & Entered:* 05/13/2026 | Deficiency Notice - No 7.1 Statement Filed |
| 16 | *Filed & Entered:* 05/12/2026 | Answering Brief in Opposition |
| 17 | *Filed & Entered:* 05/12/2026 | Notice of Appearance |
| 18 | *Filed & Entered:* 05/12/2026 | Notice of Appearance |
| | *Filed & Entered:* 05/08/2026 | Remark |
| 13 | *Filed & Entered:* 05/08/2026 | Summons Returned Executed |
| 14 | *Filed & Entered:* 05/08/2026 | Summons Returned Executed |
| 15 | *Filed & Entered:* 05/08/2026 | Certificate of Service |
| 11 | *Filed & Entered:* 05/01/2026 | Notice (Other) |
| 12 | *Filed & Entered:* 05/01/2026 | Exhibit to a Document |
| 9 | *Filed & Entered:* 04/17/2026 | Acknowledgment of Receipt |
| 10 | *Filed & Entered:* 04/17/2026 | Summons Issued |
| | *Filed & Entered:* 03/24/2026 | Filing Fee Received |
| | *Filed & Entered:* 03/24/2026 | Remark |
| | *Filed & Entered:* 03/18/2026 | Case Assigned/Reassigned |
| 8 | *Filed & Entered:* 03/13/2026 | Clerk's Order |

| | | | |
|---|---|---|---|
| | *Filed:* <br> *Entered:* | 03/12/2026 <br> 03/13/2026 | Remark |
| 1 | *Filed:* <br> *Entered:* <br> *Terminated:* | 03/12/2026 <br> 03/13/2026 <br> 05/21/2026 | Motion for TRO |
| 2 | *Filed:* <br> *Entered:* | 03/12/2026 <br> 03/13/2026 | Declaration |
| 3 | *Filed:* <br> *Entered:* | 03/12/2026 <br> 03/13/2026 | Complaint (Pro Se) |
| 4 | *Filed:* <br> *Entered:* | 03/12/2026 <br> 03/13/2026 | Magistrate Consent Forms |
| 5 | *Filed:* <br> *Entered:* <br> *Terminated:* | 03/12/2026 <br> 03/13/2026 <br> 05/27/2026 | Motion for Miscellaneous Relief |
| 6 | *Filed:* <br> *Entered:* <br> *Terminated:* | 03/12/2026 <br> 03/13/2026 <br> 05/27/2026 | Motion for Miscellaneous Relief |
| 7 | *Filed:* <br> *Entered:* | 03/12/2026 <br> 03/13/2026 | Letter |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/09/2026 14:53:56 | | | |
| **PACER Login:** | SAMSON2010 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:26-cv-00269-JLH-CJB |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT 3

Court Calendar, Hon. Ashely M. Chan, Wednesday, September 9, 2026, Courtroom 4 (12:30 p.m. list, items 48-50), and CM/ECF calendar event

# U.S. BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Honorable Ashely M. Chan

## Wednesday, September 09, 2026

**Courtroom #4**

**Courtroom #4**
**900 Market Street**
**Philadelphia, PA 19107**

**09:30 AM**

**WED hearings are in-person but phone appearances are permitted.**

Matter: Please call 1-646-828-7666 and enter Meeting ID 160 6807 8081. No participant ID is necessary.

**10:00 AM**

1 **19-15871-AMC** **Carolyn D. Thompson** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: DAVID B. SPITOFSKY
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

2 **21-13079-AMC** **Hazel Williamson** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JOSEPH A DIORIO
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

3 **22-13410-AMC** **John Edward McKnight, III** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: MICHAEL A. CATALDO
Matter: Motion to Dismiss Case for Failure to Make Plan Payments WITH PREJUDICE Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

4 **23-11711-AMC** **Vincent R. Miller, Jr. and Jayne Miller** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

5 **24-12528-AMC** **Shemiah N. Bynes** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: DAVID M. OFFEN
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

6 24-12710-AMC **Frederick W. Repetsky, Jr. and Kimberly L Repetsky** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

7 25-10784-AMC **Mark A. Duhaney** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: DAVID B. SPITOFSKY
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

8 25-13655-AMC **Fiona L. McPhee** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: EUGENE A. CAMPOSANO
Matter: Motion to Dismiss Case. Delay Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

9 25-13655-AMC **Fiona L. McPhee** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: EUGENE A. CAMPOSANO
Matter: Confirmation Hearing

---

10 25-14066-AMC **Roger L. Stewart** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: PAUL H. YOUNG
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Motion to Modify Plan 4th Amended Filed by Roger L. Stewart Represented by PAUL H. YOUNG (Counsel).

---

11 25-14252-AMC **Roy P. Cooper** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: EUGENE A. CAMPOSANO
Matter: Confirmation Hearing

---

| | | | |
|---|---|---|---|
| 12 | 25-14558-AMC | **LaRonn Reid**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: JERMAINE D. HARRIS<br>Matter: Confirmation Hearing | **CH 13** |
| 13 | 25-14664-AMC | **KATHLEEN CIANFRANI**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: TIMOTHY ZEARFOSS<br>Matter: Confirmation Hearing | **CH 13** |
| 14 | 25-15166-AMC | **Gerald Fulton, Jr.**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: DAVID M. OFFEN<br>Matter: Confirmation Hearing | **CH 13** |
| 15 | 25-15166-AMC | **Gerald Fulton, Jr.**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: DAVID M. OFFEN<br>Matter: Motion to Dismiss Case. Delay Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel). | **CH 13** |
| 16 | 25-15285-AMC | **Dishon J. Dawson**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: DAVID B. SPITOFSKY<br>Matter: Confirmation Hearing | **CH 13** |
| 17 | 25-15285-AMC | **Dishon J. Dawson**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: DAVID B. SPITOFSKY<br>Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel). | **CH 13** |
| 18 | 26-10182-AMC | **Cassandra R. Felder**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: MICHAEL D. SAYLES<br>Matter: Motion to Dismiss Case. Delay Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel). | **CH 13** |

19 26-10182-AMC **Cassandra R. Felder** **CH 13**
Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: MICHAEL D. SAYLES
Matter: Confirmation Hearing

20 26-10212-AMC **Dallas R Williams, II** **CH 13**
Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

21 26-10258-AMC **Julinie Ulily Lawrence** **CH 13**
Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: CHRISTOPHER NUNEVILLER
Matter: Confirmation Hearing

22 26-10275-AMC **Mark Tyler** **CH 13**
Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JOHN M. KENNEY
Matter: Confirmation Hearing

23 26-10297-AMC **Jeff Bagdasarian** **CH 13**
Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Confirmation Hearing

24 26-10325-AMC **Christopher W Meyers** **CH 13**
Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JOSEPH L QUINN
Matter: Motion to Dismiss Case. Delay Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

25 26-10325-AMC **Christopher W Meyers** **CH 13**
Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JOSEPH L QUINN
Matter: Confirmation Hearing

| | | | |
|---|---|---|---|
| 26 | 26-10524-AMC | **Raven Brianna Sims-Worthy**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: JOSEPH L QUINN<br>Matter: Confirmation Hearing | **CH 13** |
| 27 | 26-10855-AMC | **Maria B. Espinal**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: MICHAEL A. CIBIK<br>Matter: Confirmation Hearing | **CH 13** |
| 28 | 26-10855-AMC | **Maria B. Espinal**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: MICHAEL A. CIBIK<br>Matter: Motion to Dismiss Case for Failure to Make Plan Payments , Motion to Dismiss Case. Payments and Delay Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel). | **CH 13** |
| 29 | 26-10915-AMC | **Crystal O Knight**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: BRAD J. SADEK<br>Matter: Confirmation Hearing | **CH 13** |
| 30 | 26-10972-AMC | **Jessica Le**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: MICHAEL D. SAYLES<br>Matter: Motion to Dismiss Case for Failure to Make Plan Payments , Motion to Dismiss Case. Payments and Feasibility Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel). | **CH 13** |
| 31 | 26-10972-AMC | **Jessica Le**<br>Trustee: WATERMAN [Chapter 13]<br>Moving: SCOTT F. WATERMAN [Chapter 13]<br>Opposing:<br>Debtor or Plaintiff Attorney: MICHAEL D. SAYLES<br>Matter: Confirmation Hearing | **CH 13** |
| 32 | 26-11075-AMC | **James W Buggy, Jr.**<br>Trustee: WATERMAN [Chapter 13] | **CH 13** |

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Motion to Dismiss Case for Failure to Make Plan Payments , Motion to Dismiss Case. Payments and Delay Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

**33** **26-11075-AMC** **James W Buggy, Jr.** **CH 13**

Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

---

**34** **26-11086-AMC** **Gabrielle J. Applebach** **CH 13**

Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

---

**35** **26-11116-AMC** **Branden Davis** **CH 13**

Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: DAVID M. OFFEN
Matter: Confirmation Hearing

---

**36** **26-11126-AMC** **Patrick M. Nipper and Michelle A. Nipper** **CH 13**

Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JEFFREY C. MCCULLOUGH
Matter: Confirmation Hearing

---

**37** **26-11138-AMC** **Milagros E Vargas** **CH 13**

Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

---

**38** **26-11178-AMC** **John E. Kane** **CH 13**

Trustee: WATERMAN [Chapter 13]
Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JOHN A. GAGLIARDI
Matter: Confirmation Hearing

---

**39** **26-11192-AMC** **Matthew Merriman and Donna Merriman** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

---

**40** **26-11215-AMC** **Javette L Stone and Lance E Stone** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JEANNE MARIE CELLA
Matter: Confirmation Hearing

---

**41** **26-11216-AMC** **Andre Lamont McMillan** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: DAVID M. OFFEN
Matter: Confirmation Hearing

---

**42** **26-11225-AMC** **Sean D Norman** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

---

**43** **26-11232-AMC** **Annmarie K. Johnson** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Confirmation Hearing

---

**44** **26-11242-AMC** **Wanda J Pagan** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: ALFONSO G. MADRID
Matter: Confirmation Hearing

---

**45** **26-11244-AMC** **Brandon R Brissett** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

---

**46** **26-11254-AMC** **Demetre J. Pough** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: MITCHELL CHAMBERS, JR.
Matter: Confirmation Hearing

---

47 **26-11318-AMC** **Meghan A. Wilt** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Confirmation Hearing

---

48 **26-11328-AMC** **Jared E Fineman and Sarah B Fineman** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

---

49 **26-11368-AMC** **Richard Dang** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: MICHAEL A. CIBIK
Matter: Confirmation Hearing

---

50 **26-11384-AMC** **Kellyann M. Kopp** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: MICHAEL A. LATZES
Matter: Confirmation Hearing

---

51 **26-11502-AMC** **Shyiena Marie Vales** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: TULLIO DELUCA
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

52 **26-11806-AMC** **Nunzio Gallo** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: DAVID M. OFFEN
Matter: Motion to Dismiss Case. Delay and Failure to File/Upload Tax Returns Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

53 **26-12255-AMC** **Sonja D. Shearer** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: DAVID B. SPITOFSKY
Matter: Motion to Dismiss Case for Failure to Make Plan Payments Filed by SCOTT F. WATERMAN [Chapter 13] Represented by SCOTT F. WATERMAN [Chapter 13] (Counsel).

---

**54** **26-12424-AMC** **Kyle B Hartman** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: TIMOTHY WILFONG
Matter: Confirmation Hearing

---

**55** **26-12445-AMC** **Michelle Lee Ashcraft** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: JOSEPH L QUINN
Matter: Confirmation Hearing

---

**56** **26-12448-AMC** **Radames Lopez, Jr. and Leah Lopez** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: SCOTT F. WATERMAN [Chapter 13]
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Confirmation Hearing

# U.S. BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## Honorable Ashely M. Chan

## Wednesday, September 09, 2026

**Courtroom #4**

**Courtroom #4**
**900 Market Street**
**Philadelphia, PA 19107**

11:00 AM

1 **21-11759-AMC** **Lawrence T Toomey** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MARY F. KENNEDY
Opposing:
Debtor or Plaintiff Attorney: DAVID H. LANG
Matter: Motion to Extend time to Respond to Trustees Notice of Disbursements Made, Motion to Expedite Hearing (related documents Trustees Notice of Disbursements Made) Filed by Citizens Bank, N.A. Represented by MARY F. KENNEDY (Counsel)

---

2 **22-13409-AMC** **Tira Moore** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MICHELLE LEE
Opposing:
Debtor or Plaintiff Attorney: MICHELLE LEE
Matter: Motion to Reinstate automatic stay Filed by Tira Moore Represented by MICHELLE LEE (Counsel).

---

3 **23-11942-AMC** **Ivan E Collins** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: JILL MANUEL-COUGHLIN
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Motion for Relief from Stay 114 Federal Street, Bensalem, PA 19020.Filed by PENNYMAC LOAN SERVICES, LLC Represented by JILL MANUEL-COUGHLIN (Counsel).

---

4 **23-12368-AMC** **Carolyn Inman** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: ANDREW M. LUBIN
Opposing:
Debtor or Plaintiff Attorney: MICHELLE LEE
Matter: Motion for Relief from Stay 8302 Old York Road, Elkins Park, Pennsylvania 19027.Filed by Lakeview Loan Servicing, LLC Represented by ANDREW M. LUBIN (Counsel).

---

5 **23-13599-AMC** **Rita B Smith** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: BRAD J. SADEK
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Motion to Sell Property Free and Clear of Liens under Section 363(f)Filed by Rita B Smith Represented by BRAD J. SADEK (Counsel).

---

6 **24-11736-AMC** **Anthony Turner** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: KAITLIN D. SHIRE
Opposing:
Debtor or Plaintiff Attorney: JONATHAN H. STANWOOD
Matter: Motion for Relief from Stay .Filed by NewRez LLC dba Shellpoint Mortgage Servicing as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for NRPL 2023-RPL1 Trust c/o Hill Wallack Represented by Self(Counsel).

---

7 **24-11846-AMC** **Nakarie Carter** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: ANDREW M. LUBIN
Opposing:
Debtor or Plaintiff Attorney: STEPHEN MATTHEW DUNNE
Matter: Motion for Relief from Stay 220 N Paxon Street, Philadelphia, Pennsylvania 19139.Filed by Citizens Bank, N.A. Represented by ANDREW M. LUBIN (Counsel).

---

8 **24-12128-AMC** **James M. Clark** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MICHAEL A. CATALDO
Opposing:
Debtor or Plaintiff Attorney: MICHAEL A. CATALDO
Matter: Motion to Compel Select Portfolio Servicing, Inc To Comply With Settlement Terms Or Alternatively For A Court Order Imposing The Terms That Were Agreed Upon Between The Debtor And The Mortgagee Filed by James M. Clark Represented by MICHAEL A. CATALDO (Counsel).

---

9 **24-12224-AMC** **Alvin Smith** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: BRAD J. SADEK
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Motion to Approve Post Confirmation Distribution Filed by Alvin Smith Represented by BRAD J. SADEK (Counsel).

---

10 **24-12532-AMC** **Kayla McTague** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: STEPHEN MATTHEW DUNNE
Opposing:
Debtor or Plaintiff Attorney: STEPHEN MATTHEW DUNNE
Matter: Motion to Sell Property Free and Clear of Liens under Section 363(f)Filed by Kayla McTague Represented by STEPHEN MATTHEW DUNNE (Counsel).

---

11 **24-13014-AMC** **Danielle Frederici** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: CHARLES LAPUTKA
Opposing:
Debtor or Plaintiff Attorney: CHARLES LAPUTKA
Matter: Objection to Certification of Default filed by Creditor Freedom Mortgage Corporation Filed by Danielle Frederici (related document(s)70).

---

12 **24-13072-AMC** **Alfred Gega** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: ANDREW M. LUBIN
Opposing:
Debtor or Plaintiff Attorney: DAVID B. SPITOFSKY
Matter: Certification of Default of Filed by ANDREW M. LUBIN on behalf of PENNYMAC LOAN SERVICES, LLC (related document(s)34, 33).

---

**13** **24-13549-AMC** **Dina Nord** **CH 13**

Trustee: WEST

Moving: ELLIOT H BERTON
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Motion for Relief from Stay Pursuant to 11 U.S.C. Section 362(d).Filed by SIENA PLACE COMMUNITY ASSOCIATION Represented by ELLIOT H BERTON (Counsel).

---

**14** **25-11966-AMC** **Evan Alexander Welsh** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: ALBERT J. SCARAFONE, JR.
Opposing:
Debtor or Plaintiff Attorney: ALBERT J. SCARAFONE, JR.
Matter: Objection to Certification of Default filed by Creditor American Neighborhood Mortgage Acceptance Company, LLC Filed by Evan Alexander Welsh (related document(s)53).

---

**15** **25-14360-AMC** **Arthur B. Sheffield** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MARK A. CRONIN
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Motion to Approve Loan Modification Filed by OneMain Financial Services, Inc. Represented by MARK A. CRONIN (Counsel).

---

**16** **25-14360-AMC** **Arthur B. Sheffield** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: DENISE ELIZABETH CARLON
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Motion to Approve Loan Modification Filed by OneMain Financial Services, Inc. Represented by MARK A. CRONIN (Counsel).

---

**17** **25-14622-AMC** **Natashia I Sanders** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: JOSHUA I. GOLDMAN
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Motion for Relief from Stay .Filed by U.S. BANK NATIONAL ASSOCIATION, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC3 as serviced by NewRez LLC d/b/a Shellpoint Mortgage Servicing Represented by JOSHUA I. GOLDMAN (Counsel).

---

**18** **26-10021-AMC** **Diane M. Jones** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: WILLIAM EDWARD CRAIG
Opposing:
Debtor or Plaintiff Attorney: ZACHARY PERLICK
Matter: Motion for Relief from Stay RE: 2022 Kia Sportage.Filed by Credit Acceptance Corporation Represented by

WILLIAM EDWARD CRAIG (Counsel).

---

**19** **26-10182-AMC** **Cassandra R. Felder** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MICHAEL D. SAYLES
Opposing:
Debtor or Plaintiff Attorney: MICHAEL D. SAYLES
Matter: Objection to Claim Number 6 by Claimant Lakeview Loan Servicing, LLC. Filed by Cassandra R. Felder.

---

**20** **26-10325-AMC** **Christopher W Meyers** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: JOSEPH L QUINN
Opposing:
Debtor or Plaintiff Attorney: JOSEPH L QUINN
Matter: Objection to Claim Number 3 by Claimant U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF Acquisition Trust. Filed by Christopher W Meyers.

---

**21** **26-10855-AMC** **Maria B. Espinal** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MATTHEW GREGORY BRUSHWOOD
Opposing:
Debtor or Plaintiff Attorney: MICHAEL A. CIBIK
Matter: Motion for Relief from Stay .Filed by Pennsylvania Housing Finance Agency Represented by MATTHEW GREGORY BRUSHWOOD (Counsel).

---

**22** **26-11392-AMC** **Vu Thai Nguyen** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving:
Opposing:
Debtor or Plaintiff Attorney: JEFFREY C. MCCULLOUGH
Matter: Motion for Relief from Stay re: 14 Delft Drive, Holland, PA 18966.Motion for Relief from Co-Debtor Stay Filed by Carrington Mortgage Services LLC as servicer for Wilmington Savings Fund Society, FSB, as trustee of Upland Mortgage Loan Trust B Represented by Self(Counsel).

---

**23** **26-11522-AMC** **Charisse Lowe** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: ANDREW L. SPIVACK
Opposing:
Debtor or Plaintiff Attorney: MICHAEL D. SAYLES
Matter: Motion for Relief from Stay 5854 North 4th Street, Philadelphia, Pennsylvania 19120.Filed by Wells Fargo Bank, N.A. Represented by ANDREW L. SPIVACK (Counsel).

---

**24** **26-11806-AMC** **Nunzio Gallo** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MICHELLE L. MCGOWAN
Opposing:
Debtor or Plaintiff Attorney: DAVID M. OFFEN
Matter: Motion for Relief from Stay for property located at 2418 South Carlisle Street, Philadelphia, Pennsylvania 19145.Motion for Relief from Co-Debtor Stay for property located at 2418 South Carlisle Street, Philadelphia, Pennsylvania 19145 Filed by U.S. Bank Trust National Association Represented by MICHELLE L. MCGOWAN (Counsel).

---

25 **26-12368-AMC** **Keith C Bunn** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: MAGGIE S SOBOLESKI
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Motion for Relief from Stay re: 2216 South 62nd Street, Philadelphia, PA 19142.Filed by Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Shorebreak NPL Trust Represented by MAGGIE S SOBOLESKI (Counsel).

---

26 **26-12905-AMC** **Mary Romana Gevorgyan** **CH 13**

Trustee: WATERMAN [Chapter 13]

Moving: ROBERT BRIAN SHEARER
Opposing:
Debtor or Plaintiff Attorney: ZACHARY PERLICK
Matter: Motion for Relief from Stay .Filed by SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST Represented by ROBERT BRIAN SHEARER (Counsel).

---

~~27 **26-13433-AMC** **Vladimir Pevzner and Rozaliya I Kravchenko** **CH 13**~~

Trustee: WATERMAN [Chapter 13]

Moving: PAUL H. YOUNG
Opposing:
Debtor or Plaintiff Attorney: PAUL H. YOUNG
Matter: Motion to Extend Automatic Stay Filed by Rozaliya I Kravchenko, Vladimir Pevzner Represented by PAUL H. YOUNG (Counsel).

---

**12:30 PM**

28 **17-11354-AMC** **E. Allen Reeves, Inc.** **CH 11**

Moving: JENNIFER C. MCENTEE
Opposing:
Debtor or Plaintiff Attorney: DANIEL R. UTAIN
Matter: Motion for Final Decree Filed by E. Allen Reeves, Inc. Represented by JENNIFER C. MCENTEE (Counsel).

---

29 **19-17117-AMC** **Vascular Access Centers, L.P.** **CH 7**

Trustee: FALANGA

Moving: STEPHEN V. FALANGA
Opposing:
Debtor or Plaintiff Attorney: LAWRENCE G. MCMICHAEL
ANNE M. AARONSON
JAMES M. MATOUR
Matter: Final Audit /Notice of Trustees Final Report Filed by STEPHEN V. FALANGA on behalf of STEPHEN V. FALANGA.

---

30 **20-12575-AMC** **Alexander S. Nicolas** **CH 7**

Trustee: HOLBER

Moving: Alexander S. Nicolas
Opposing:
Debtor or Plaintiff Attorney: ProSe / None
Matter: Motion For Summary Judgment Filed by Alexander S. Nicolas Represented by Self(Counsel).

---

31 **26-00136-AMC** **Nicolas v. Dept of Education/Advantage Loans et al** **†CH 7**

20-12575-amc Alexander S. Nicolas

Moving: CHRISTOPHER R PFAFF
Opposing:
Debtor or Plaintiff Attorney: ProSe / None
Matter: Motion to Dismiss Party MOHELA Filed by Dept of Education/Mohela Represented by CHRISTOPHER R PFAFF (Counsel).

---

32 23-10986-AMC **B AND C BROS, LLC** **CH 11**

Trustee: SMITH MILLER, ESQ.

Moving: HOLLY SMITH MILLER, ESQ.
Opposing:
Debtor or Plaintiff Attorney: MAGGIE S SOBOLESKI
Matter: Certification of Default of REGARDING DEBTORS PAYMENT OF SUBCHAPTER V TRUSTEE FEES Filed by HOLLY SMITH MILLER, ESQ. on behalf of HOLLY SMITH MILLER, ESQ.

---

33 24-11597-AMC **Cozette McAvoy** **CH 7**

Trustee: SEITZER

Moving: HOWARD GERSHMAN
Opposing:
Debtor or Plaintiff Attorney: COZETTE MARIE MCAVOY
George Meany Lutz
Matter: Motion For Contempt of Court Order of March 11, 2026 with Cert of Service Filed by Jason Zappacosta Represented by HOWARD GERSHMAN (Counsel).

---

34 24-11597-AMC **Cozette McAvoy** **CH 7**

Trustee: SEITZER

Moving: George Meany Lutz
Opposing:
Debtor or Plaintiff Attorney: COZETTE MARIE MCAVOY
George Meany Lutz
Matter: Motion to Abandon Property of the Estate.Filed by Cozette McAvoy Represented by George Meany Lutz (Counsel).

---

35 24-11597-AMC **Cozette McAvoy** **CH 7**

Trustee: SEITZER

Moving: CHARLES LAPUTKA
Opposing:
Debtor or Plaintiff Attorney: COZETTE MARIE MCAVOY
George Meany Lutz
Matter: Objection to Claim Number 2 by Claimant Jason Zappacosta and Joy Godowski. Filed by Cozette McAvoy.

---

36 24-12991-AMC **Republic First Bancorp, Inc.** **CH 11**

Moving: Benjamin R Wilson
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III
JENNIFER C. MCENTEE
Matter: Motion for Relief from Stay .Filed by Holland & Knight LLP Represented by Benjamin R Wilson (Counsel).

---

37 25-11775-AMC **Barry Jay Esterman** **CH 7**

Trustee: HOLBER

Moving: DENISE ELIZABETH CARLON
Opposing:
Debtor or Plaintiff Attorney: ROGER V. ASHODIAN
Matter: Motion for Relief from Stay (9164 OLD NEWTON, ROAD, PHILADELPHIA, PENNSYLVANIA 19115).Filed by Deutsche Bank National Trust Company, as trustee BCAP Trust LLC 2007-Aa2 Mortgage Pass Through Certificates Series 2007-A Represented by DENISE ELIZABETH CARLON (Counsel).

---

**38** **25-13119-AMC** **Kevin James Hysick and Elizabeth Eileen Hysick** **CH 11**

Moving: STEPHEN MATTHEW DUNNE
Opposing:
Debtor or Plaintiff Attorney: STEPHEN MATTHEW DUNNE
BRETT WEISS
Matter: Motion to Determine Value of Property Filed by Elizabeth Eileen Hysick, Kevin James Hysick Represented by STEPHEN MATTHEW DUNNE (Counsel).

---

**39** **25-13514-AMC** **WJH Construction, LLC** **CH 11**

Trustee: Furtek

Moving: JOHN HENRY SCHANNE
Opposing:
Debtor or Plaintiff Attorney: MAGGIE S SOBOLESKI
Matter: Objection to Application to Employ filed by Debtor WJH Construction, LLC Filed by United States Trustee (related document(s)75).

---

**40** **25-13595-AMC** **Streamline Solutions, LLC** **CH 7**

Trustee: FELDMAN

Moving: MELVIN R. SHUSTER
Opposing:
Debtor or Plaintiff Attorney: THOMAS DANIEL BIELLI
Matter: Motion for Relief from Stay PURSUANT TO 11 USC 362(d)(1) AS TO NON-DEBTOR MICHAEL STILLWELL.Filed by Michael Trumbo Represented by MELVIN R. SHUSTER (Counsel).

---

**41** **25-13595-AMC** **Streamline Solutions, LLC** **CH 7**

Trustee: FELDMAN

Moving: Ryan M. Lockman
Opposing:
Debtor or Plaintiff Attorney: THOMAS DANIEL BIELLI
Matter: Motion for Relief from Stay .Filed by Eugene and Annie Carelli, Lorna Khensouvann, Thomas Trinh Represented by Ryan M. Lockman (Counsel).

---

**42** **25-13595-AMC** **Streamline Solutions, LLC** **CH 7**

Trustee: FELDMAN

Moving: ROBERT W. SEITZER
Opposing:
Debtor or Plaintiff Attorney: THOMAS DANIEL BIELLI
Matter: Motion to Approve Compromise under Rule 9019 and 11 U.S.C. Section 105(a) between the Trustee and Michael Stillwell; Coulbee, LLC; 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Corner Property Group, LLC; Enduring Development, LLC and CVCM, LLC Filed by LYNN E. FELDMAN Represented by ROBERT W. SEITZER (Counsel).

---

**43** **25-13595-AMC** **Streamline Solutions, LLC** **CH 7**

Trustee: FELDMAN

Moving: Ryan M. Lockman
Opposing:
Debtor or Plaintiff Attorney: THOMAS DANIEL BIELLI
Matter: Motion for Relief from Stay .Filed by Amelia and Samuel Hardy Represented by Ryan M. Lockman (Counsel).

---

**44** **25-13595-AMC** **Streamline Solutions, LLC** **CH 7**

Trustee: FELDMAN

Moving: Ryan M. Lockman
Opposing:
Debtor or Plaintiff Attorney: THOMAS DANIEL BIELLI
Matter: Motion for Relief from Stay .Filed by Nickolas Auger, David Butera, Daniel and Clarisa Kirk, Matthew Selbovitz Represented by Ryan M. Lockman (Counsel).

---

**45** **25-14136-AMC** **In Home Program, Inc.** **CH 11**

Moving: DANIEL S. SIEDMAN
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III
DANIEL S. SIEDMAN
Matter: Motion for Final Decree Filed by In Home Program, Inc. Represented by DANIEL S. SIEDMAN (Counsel).

---

**46** **25-14688-AMC** **SDLOMO Partners, LLC** **CH 11**

Moving: MAGGIE S SOBOLESKI
Opposing:
Debtor or Plaintiff Attorney: MAGGIE S SOBOLESKI
Matter: Confirmation Hearing

---

**47** **25-15222-AMC** **Craig A. Shecter** **CH 7**

Trustee: SHUBERT

Moving: ALLEN B. DUBROFF
Opposing:
Debtor or Plaintiff Attorney: ALLEN B. DUBROFF
JOHN F. THOMAS, Jr.
Matter: Motion for Exemption or Waiver from Financial Management Course . Filed by Craig A. Shecter Represented by ALLEN B. DUBROFF

---

**48** **26-03002-AMC** **In the Matter of the Registration of Discharge Ord v. Select Portfolio Servicing, Inc.** **MP**

Moving: STEPHEN G. BRESSET
Opposing:
Debtor or Plaintiff Attorney: ALEXANDRA D. ROGIN
TURNER N. FALK
JORDAN MATTHEW KATZ
GREGORY T. STURGES
GREGORY T. STURGES
EVAN THOMAS MILLER
STEPHEN G. BRESSET
Matter: Motion to Extend time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B) Filed by Jack Aberman Represented by Self(Counsel).

---

**49** **26-03002-AMC** **In the Matter of the Registration of Discharge Ord v. Select Portfolio Servicing, Inc.** **MP**

Moving: STEPHEN G. BRESSET
Opposing:
Debtor or Plaintiff Attorney: ALEXANDRA D. ROGIN
TURNER N. FALK
JORDAN MATTHEW KATZ
GREGORY T. STURGES
GREGORY T. STURGES
EVAN THOMAS MILLER
STEPHEN G. BRESSET
Matter: Motion Under Fed.R.Bankr.P.9023 and 9024 For Reconsideration and Vacatur of the July 16, 2026 and For Relief From The May 28, 2026 Order Filed by Jack Aberman Represented by Self(Counsel)

---

**50** **26-03002-AMC** **In the Matter of the Registration of Discharge Ord v. Select Portfolio Servicing, Inc.** **MP**

Moving: STEPHEN G. BRESSET
Opposing:
Debtor or Plaintiff Attorney: ALEXANDRA D. ROGIN
TURNER N. FALK
JORDAN MATTHEW KATZ
GREGORY T. STURGES
GREGORY T. STURGES
EVAN THOMAS MILLER
STEPHEN G. BRESSET
Matter: Notice of Motion, Response Deadline, and Hearing Date Filed by Jack Aberman, Re: Motion to Discharge Counsel of Record....(Motion has not been filed with court) .

---

**51** **26-03003-AMC** **Eric Scott-Murphy Request for Pacer Fee Exemption** **MP**

Moving:
Opposing:
Debtor or Plaintiff Attorney: ProSe / None
Matter: Request for Pacer Fee Exemption from Pro Se Debtor Filed by Eric Scott-Murphy .

---

**52** **26-10161-AMC** **Glenn James Hall** **CH 7**

Trustee: GIACOMETTI

Moving: MAGGIE S SOBOLESKI
Opposing:
Debtor or Plaintiff Attorney: JOSEPH L QUINN
Matter: Motion for Relief from Stay re: 5 Little John Circle, Avondale, PA 19311.Filed by Wells Fargo Bank, National Association, as Trustee for Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2006-AR3, Mortgage Pass-Through Certificates, Series 2006-AR3 Represented by MAGGIE S SOBOLESKI (Counsel).

---

**53** **26-10431-AMC** **Stokes & Stokes Properties, LLC** **CH 11**

Trustee: SMITH MILLER, ESQ.

Moving: DEMETRIUS J. PARRISH
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Confirmation Hearing

---

**54** **26-11440-AMC** **Erie Kash Out Properties, LLC** **CH 11**

Trustee: SMITH MILLER, ESQ.

Moving: JOHN HENRY SCHANNE
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Motion to Dismiss Case. Motion Of The United States Trustee To Dismiss Debtors Case (With A Bar To

Refiling) Or Convert To Chapter 7 For Failure To (i) Demonstrate Viable Path To Reorganization And (ii) Comply With Court Order Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel).

---

55 26-11440-AMC **Erie Kash Out Properties, LLC** **CH 11**

Trustee: SMITH MILLER, ESQ.

Moving: DEMETRIUS J. PARRISH
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Motion for use of cash collateral filed by Erie Kash Out Properties represented by Demetrius Parrish

---

56 26-11608-AMC **PELCO BUILDERS, INC.** **CH 11**

Moving: JEFFREY KURTZMAN
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III
JENNIFER C. MCENTEE
Derek Michael Osei-Bonsu
SARAH ABIGAIL MOYNIHAN
JOHN H. KIEFEL
Matter: Motion to Approve Consent Order Granting Relief from the Automatic Stay Filed by Steven & Christine Mummert Represented by JEFFREY KURTZMAN (Counsel).

---

57 26-11608-AMC **PELCO BUILDERS, INC.** **CH 11**

Moving: JOSEPH L DITOMO, Jr
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III
JENNIFER C. MCENTEE
Derek Michael Osei-Bonsu
SARAH ABIGAIL MOYNIHAN
JOHN H. KIEFEL
Matter: Motion for Relief from Stay .Filed by 4890 Summerdale Associates LP Represented by JOSEPH L DITOMO Jr(Counsel).

---

58 26-11608-AMC **PELCO BUILDERS, INC.** **CH 11**

Moving: MARK D. PFEIFFER
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III
JENNIFER C. MCENTEE
Derek Michael Osei-Bonsu
SARAH ABIGAIL MOYNIHAN
JOHN H. KIEFEL
Matter: Motion for Relief from Stay .Filed by Caterpillar Financial Services Corporation Represented by MARK D. PFEIFFER (Counsel).

---

59 26-11608-AMC **PELCO BUILDERS, INC.** **CH 11**

Moving: JENNIFER C. MCENTEE
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III
JENNIFER C. MCENTEE
Derek Michael Osei-Bonsu
SARAH ABIGAIL MOYNIHAN
JOHN H. KIEFEL
Matter: Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by PELCO BUILDERS, INC. Represented by JENNIFER C. MCENTEE (Counsel).

60 **26-00163-AMC** **PELCO BUILDERS, INC. et al v. Selective Insurance Company of America** **†CH 11**

26-11608-amc PELCO BUILDERS, INC.

Moving: JAMES T. DIMARCO
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III
JENNIFER C. MCENTEE
SARAH ABIGAIL MOYNIHAN

Matter: Motion for Remand Filed by Selective Insurance Company of America Represented by JAMES T. DIMARCO (Counsel).

---

61 **26-00168-AMC** **PELCO BUILDERS, INC. v. CEDAR RUN CONSTRUCTION, LLC** **†CH 11**

26-11608-amc PELCO BUILDERS, INC.

Moving: JULIE M. MURPHY
Opposing:
Debtor or Plaintiff Attorney: Albert Anthony Ciardi, III

Matter: Motion for Remand Pursuant to 28 U.S.C. 1452 or Abstention Pursuant to 28 U.S.C. 1334(c) Filed by CEDAR RUN CONSTRUCTION, LLC Represented by JULIE M. MURPHY (Counsel).

---

62 **26-11662-AMC** **Christopher John Pierce** **CH 7**

Trustee: SHUBERT

Moving:
Opposing:
Debtor or Plaintiff Attorney: ProSe / None

Matter: Order to Appear and Show Cause for failure to pay the first, second, & third installment payment for a total amount of $253.50. and to pay the amendment fee of $34.00

---

63 **26-11954-AMC** **Ellis G. Guiles, Jr.** **CH 11**

Trustee: Furtek

Moving: HENRY J. JAFFE
Opposing:
Debtor or Plaintiff Attorney: HENRY J. JAFFE
JOSEPH C. BARSALONA, II
MICHAEL J. CUSTER
CAMERON S. KRAUSE

Matter: Motion to Set Hearing (related documents 55 Chapter 11 Plan Small Business Subchapter V) /Debtors Motion for Entry of an Order (I) Scheduling a Hearing on Plan Confirmation and (II) Establishing Deadlines and Notice Procedures in Connection with Confirmation of the Plan Filed by Ellis G. Guiles Jr. Represented by HENRY J. JAFFE (Counsel)

---

64 **26-12217-AMC** **Rabia Sulayman** **CH 7**

Trustee: HOLBER

Moving: GARRETT M. WILSON
Opposing:
Debtor or Plaintiff Attorney: MICHAEL A. CIBIK

Matter: Motion for Relief from Stay .Filed by Capital One Auto Finance, a division of Capital One, N.A. Represented by GARRETT M. WILSON (Counsel).

---

65 **26-12385-AMC** **Durty Devilz Property Investments, LLC** **CH 11**

Trustee: SMITH MILLER, ESQ.

Moving: HOLLY SMITH MILLER, ESQ.
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Certification of Default of REGARDING DEBTORS PAYMENT OF SUBCHAPTER V TRUSTEE FEES Filed by HOLLY SMITH MILLER, ESQ. on behalf of HOLLY SMITH MILLER, ESQ.

---

66 **26-12849-AMC** **Robert T. Joyce** **CH 7**

Trustee: HOLBER

Moving: ROBERT J. LOHR, II
Opposing:
Debtor or Plaintiff Attorney: ROBERT J. LOHR, II
Matter: Motion to Appoint Kristin Vickery as Next of Friend Filed by Robert T. Joyce Represented by ROBERT J. LOHR II(Counsel).

---

67 **26-13058-AMC** **Hago Pack Limited Liability Company** **CH 11**

Trustee: SMITH MILLER, ESQ.

Moving:
Opposing:
Debtor or Plaintiff Attorney: KEVIN D. MCGOWAN, Jr
Matter: Status Conference

---

68 **26-13058-AMC** **Hago Pack Limited Liability Company** **CH 11**

Trustee: SMITH MILLER, ESQ.

Moving: ZHAO LIU
Opposing:
Debtor or Plaintiff Attorney: KEVIN D. MCGOWAN, Jr
Matter: Motion for Relief from Stay // Motion by Landlord for an Order: (a) Directing Immediate Payment of Post-petition Rent Pursuant to 11 U.S.C. § 365(d)(3); and (b) Dismissing the Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b); or, in the Alternative, (c) Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d). Filed by Schwab Road BSD LLC Represented by ZHAO LIU

---

69 **26-13227-AMC** **David Hoover and Danielle Hoover** **CH 7**

Trustee: SHUBERT

Moving: GARRETT M. WILSON
Opposing:
Debtor or Plaintiff Attorney: BRAD J. SADEK
Matter: Motion for Relief from Stay .Filed by Capital One Auto Finance, a division of Capital One, N.A Represented by GARRETT M. WILSON (Counsel).

---

70 **26-13294-AMC** **Durty Devilz Property Investments, LLC** **CH 11**

Trustee: MOGAVERO, ESQ.

Moving: JOHN HENRY SCHANNE
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Motion For Sanctions Pursuant to Bankruptcy Rule 9011 and Bankrptucy Code Section 105 Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel).

---

71 **26-13294-AMC** **Durty Devilz Property Investments, LLC** **CH 11**

Trustee: MOGAVERO, ESQ.

Moving: JOHN HENRY SCHANNE
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Motion to Dismiss Debtor Case with a 120-Day Bar to Refiling, or in the alternative Motion to Convert Case

to Chapter 7 for Failure to (I) File Schedules and Statements, (II) Maintain Insurance and (III) Provide Debtor-in-Possession Bank Account Documents.Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel).

**72** **26-13668-AMC** **S.U. Real Estate, LLC** **CH 11**

Moving: DEMETRIUS J. PARRISH
Opposing:
Debtor or Plaintiff Attorney: DEMETRIUS J. PARRISH
Matter: Motion to Use Cash Collateral Filed by S.U. Real Estate, LLC Represented by DEMETRIUS J. PARRISH (Counsel).

**U.S. Bankruptcy Court**

**Eastern District of Pennsylvania**

**Calendar events set for 9/9/2026-9/10/2026**

**09/09/2026**

12:30 PM

1) 26-03002-amc In the Matter of the Registration of Discharge Ord (docket entries only)

Judge: Ashely M. Chan

(no aty) representing In the Matter of the Registration of Discharge Orders (In re:)

1-1) ⊞ 46 Motion Under Fed.R.Bankr.P.9023 and 9024 For Reconsideration and Vacatur of the July 16, 2026 and For Relief From The May 28, 2026 Order Filed by Jack Aberman Represented by Self(Counsel) (related document(s)44, 34) .

1-2) ⊞ 58 Notice of Motion, Response Deadline, and Hearing Date Filed by Jack Aberman, Re: Motion to Discharge Counsel of Record....(Motion has not been filed with court) . Hearing scheduled 9/9/2026 at 12:30 PM at Courtroom #4.

1-3) ⊞ 60 Motion to Extend time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B) Filed by Jack Aberman Represented by Self(Counsel). (Attachments: # 1 Proposed Order)

# EXHIBIT 4

Notice to Take Action dated August 5, 2026 (Doc. No. 52)

*Form 245* (3/23)–doc 52 – 46, 48

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Debtor(s)<br><br>, et al.<br>Plaintiff<br><br>v.<br><br>Select Portfolio Servicing, Inc.<br>Defendant | Case No.<br>Chapter<br><br>Adversary No. 26–03002–amc |

## Notice to Take Action

Re: Doc.# [46] Motion to Reconsider, [48] Generic Motion

The above pleading was filed in this office. Please be advised that the document(s) has (have) not been filed as required pursuant to the Federal Rules of Bankruptcy Procedure and/or the Local Rules of this court:

- ☐ Affidavit
- ☐ Certificate of Service
- ☐ Certification of no response
- ☐ Notice pursuant to Rule 9019
- ☐ Notice pursuant to Rule 2002
- ☐ Notice pursuant to Rule 3007.1
- ☐ Proof of Claim number not noted on objection pursuant to Rule 3007.1(a)
- ☐ Proposed Order
- ☐ Stipulation
- ☐ Certification of Default
- ☑ Other Notice of Motion

In order for this matter to proceed to disposition, please submit the above noted item(s) to this office on or before August 19, 2026. Otherwise, the matter will be referred to the Court.

Date: August 5, 2026

For The Court

Mohung Wong
Clerk of Court

# EXHIBIT 5

USPS Priority Mail Express receipt, August 19, 2026, 3:36 p.m.,
and USPS tracking history showing delivery August 21, 2026, 3:47 p.m.

# USPS Tracking®

AAAA >

Remove X

Tracking Number:

**420191074233957011324832623117 7307**

Copy Add to Informed Delivery

## Scheduled Delivery by

**FRIDAY**

**21** August 2026 ⓘ | by **6:00PM** ⓘ

Your item was delivered in or at the mailbox at 3:47 pm on August 21, 2026 in PHILADELPHIA, PA 19107.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

### Delivered

**Delivered, In/At Mailbox**

PHILADELPHIA, PA 19107
August 21, 2026 3:47 PM

**Available for Pickup**

PHILADELPHIA
3000 CHESTNUT ST
PHILADELPHIA PA 19104-9998
Mon-Sat 8:00 AM-5:00 PM
Sun 12:00 PM-5:00 PM

August 21, 2026 1:21 PM

**Out for Delivery**

PHILADELPHIA, PA 19107
August 21, 2026 11:00 AM

**Arrived at Post Office**

PHILADELPHIA, PA 19104
August 21, 2026 10:49 AM

**Arrived at USPS Facility**

PHILADELPHIA PA DISTRIBUTION CENTER
August 21, 2026 8:18 AM

**Arrived at USPS Facility**

ORLANDO FL DISTRIBUTION CENTER
August 20, 2026 5:55 PM

**Departed Post Office**

DAYTONA BEACH, FL 32118
August 19, 2026 4:31 PM

**USPS in possession of item**

DAYTONA BEACH, FL 32118
August 19, 2026 3:32 PM

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**

**Text & Email Updates**

**Proof of Delivery**

**USPS Tracking Plus®**

**Product Information**

**See Less ^**

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

UNITED STATES POSTAL SERVICE.

DAYTONA BEACH PENINSULA
19 N ATLANTIC AVE
DAYTONA BEACH, FL 32118-4201
www.usps.com

08/19/2026 03:36 PM

TRACKING NUMBERS
9570 1132 4832 6231 1773 07

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| PM Express Flat Rate Env | 1 | | $35.90 |
| Philadelphia, PA 19107 | | | |
| Flat Rate | | | |
| Signature Waiver | | | |
| Scheduled Delivery Date Fri 08/21/2026 06:00 PM | | | |
| Money Back Guarantee | | | |
| Tracking #: 9570 1132 4832 6231 1773 07 | | | |
| Insurance Up to $100.00 included | | | $0.00 |
| Total | | | $35.90 |

Grand Total: $35.90

Credit Card Remit $35.90
Card Name: VISA
Account #: XXXXXXXXXXXX2999
Approval #: 029740

# EXHIBIT 6

---

Debtor's Pre-Hearing Memorandum dated September 8, 2026,
with its certificate of service

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |
| | : | Hearing: September 9, 2026 at 12:30 p.m. |

**DEBTOR'S PRE-HEARING MEMORANDUM IN SUPPORT OF MOTION [DOC. 46] AND IN RESPONSE TO NATIONSTAR'S OPPOSITION [DOC. 64] AND SELECT PORTFOLIO SERVICING'S JOINDER [DOC. 65]**

Debtor Jack Aberman, pro se, submits this pre-hearing memorandum in support of his Motion under Rules 9023 and 9024 [Doc. 46], set for hearing September 9, 2026, and in response to Nationstar's Response in Opposition [Doc. 64] and SPS's Joinder [Doc. 65]. It is submitted as a pre-hearing brief under Section 1(a) of the Court's Judicial Practices and Procedures (Contested Matter Practice) and has been served on all parties in interest; to the extent the Court regards it as a reply, Debtor respectfully requests permission to file it. Debtor will appear at the hearing by Zoom audio in accordance with the Court's published procedure, or in person if the Court so directs.

## I. PRELIMINARY STATEMENT.

1. Nationstar's Response does not engage the motion actually before the Court. It does not address the three requirements for a filing injunction that Nationstar itself placed before this Court — notice, a pattern of meritless filings, and narrow tailoring. It does not cite a single Third Circuit decision on the sanctions or excusable-neglect standards. It does not mention this Court's own precedent granting reconsideration where counsel missed an electronically noticed hearing. And it does not confront the only piece of new evidence in the record: counsel's written admission that the July 15 non-appearance was counsel's error. What the Response offers instead is a narrative, and the narrative contains errors that the docket itself refutes.

**II. CORRECTIONS TO THE RECORD.**

2. *The hearing date.* Nationstar states that the Court's April 22 order reset the status hearing for "June 27, 2026." Doc. 64 ¶ 11. The order reset it for May 27, 2026 [Doc. 11] — as Nationstar itself states two paragraphs later. Doc. 64 ¶ 13.

3. *Service of the reset order.* Nationstar asserts that "no certification of service of this second order appears on the docket" and that it is "unclear whether Mr. Aberman ever did so." Doc. 64 ¶ 11. The Certificate of Service is Doc. 18, filed May 8, 2026 — nineteen days before the hearing Nationstar's counsel attended.

4. *"Without any explanation."* Nationstar states Debtor missed the May 27 hearing "[w]ithout any explanation." Doc. 64 ¶ 13. Counsel filed the explanation the next day. Doc. 33. The Response's own ¶ 14 acknowledges that filing.

5. *"Mr. Aberman waited twenty-five days."* Doc. 64 ¶ 14. Debtor filed nothing in that period; counsel of record did. The sequence was: counsel's motion May 28 [Doc. 33]; the Clerk's notice of deficiency June 8 [Doc. 37]; counsel's notice fourteen days later, June 22 [Doc. 38]; and the Clerk's re-docketing to supply the date and time counsel omitted [Doc. 39]. Every step was counsel's.

6. *"The exact same calendaring error."* Nationstar twice asserts that Debtor and counsel "mis-calendared the date in exactly the same manner" and calls this "curious." Doc. 64 ¶¶ 1, 29. The record shows two different events. Debtor's May error was a calendar entry of May 29 for a May 27 hearing. Doc. 46 ¶ 7; Aberman Decl. ¶ 2. Counsel's July error, in counsel's own words, was that after the Clerk entered the notice and inserted the date, "we simply missed it. That's on us." Doc. 50, Ex. A. Nothing in the record supports the insinuation of coordinated conduct, and Nationstar cites nothing.

7. *Timeliness of the cure.* Nationstar argues the Notices of Motion were "untimely" because they were "signed on August 19, 2026 and then mailed." Doc. 64 ¶ 21. The Response omits Doc. 62: the Clerk's Notice to Take Action, though dated August 5, bears a postage-meter

date of August 11 and a postmark of August 12, and reached Debtor in Florida on August 19 — the deadline stated on its face. Debtor dispatched the complete cure package by Priority Mail Express that same afternoon; the Postal Service's own receipt, attached as Exhibit 1, shows dispatch at 3:36 p.m. on August 19 with a scheduled delivery of August 21. Debtor has no CM/ECF access; his motion for electronic filing was among those denied for lack of prosecution [Docs. 5, 34]. Nationstar concedes that "a delay in noticing a motion[] does not necessarily merit denial of the motion." Doc. 64 ¶ 21. On these facts it merits nothing at all. To the extent the Court considers any enlargement of the August 19 date necessary, Debtor requests it under Rule 9006(b)(1); a cure window consumed by the Clerk's own mailing time is excusable neglect by any measure.

8. *Matters outside the record.* Nationstar's ¶ 6 and footnotes 4 and 10 describe proceedings in other courts. Nationstar attaches no docket, order, or exhibit for any of them; the assertions are unsworn and outside this record, and the Court should disregard them. They are also irrelevant: the Pioneer inquiry concerns the reason for the delay in this proceeding, not counsel's characterization of litigation elsewhere.

9. *"A court one thousand miles away."* Doc. 64 ¶ 41. Congress wrote Rule 4004(f) to permit a discharge order to be registered in any other district. Debtor used the procedure the Rules provide. Every counsel opposing him is in Philadelphia or Wilmington.

10. *The responding party.* Nationstar states that, effective February 2, 2026, Rocket Mortgage, LLC is its successor by merger. Doc. 64 n.1. No substitution or notice under Rule 7025 appears on the docket. The Response is filed in the name of an entity that, by its own account, ceased to exist seven months ago.

## III. NATIONSTAR CITES NO THIRD CIRCUIT AUTHORITY AND IGNORES THE CONTROLLING STANDARD.

11. Nationstar's authorities are *In re Cavendish* (Bankr. E.D. Mich.), *Flaherty v. Hackeling* (E.D.N.Y.), *In re Bryan Road* (Bankr. S.D. Fla.), *In re DeMartino* (Bankr. E.D.N.Y.),

and an Eleventh Circuit forfeiture case. Not one is from this Circuit. The controlling law is the law Debtor's motion cited and Nationstar does not mention. Before imposing a severe sanction, the court must weigh "the extent of the party's personal responsibility" separately from counsel's. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Third Circuit vacated a sanction where the court treated the party as "personally responsible for the delay when no record evidence exist[ed] to support that notion" and the delay was caused by clerical error. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132, 135 (3d Cir. 2019). The *Pioneer* factors govern Rule 60(b) motions. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 n.7 (3d Cir. 1999).

12. Nationstar's central proposition — that "counsel's error should be imputed to their client" and that Rule 60(b)(6) is unavailable, Doc. 64 ¶ 32 & n.9 — is contrary to binding Third Circuit precedent. In *Boughner v. Secretary of Health, Education & Welfare*, 572 F.2d 976, 977–78 (3d Cir. 1978), the Third Circuit reversed the denial of Rule 60(b) relief and held that counsel's "neglect so gross that it is inexcusable" warranted relief under Rule 60(b)(6) for the clients, because Rule 60 balances finality against the principle "that justice must be done." Counsel's written admission here — "we simply missed it. That's on us" — is exactly the showing *Boughner* contemplates. Nationstar's further premise — that "mistake" under Rule 60(b)(1) is limited as stated in *In re Bryan Road* — was overtaken by *Kemp v. United States*, 596 U.S. 528 (2022), which holds that Rule 60(b)(1) "mistake" includes a judge's error of law. An order attributing to the Debtor personally a non-appearance that counsel has admitted in writing was counsel's is precisely such a mistake.

13. This Court has already decided the question Nationstar presents. In *In re NuNet, Inc.*, No. 05-21633 (Bankr. E.D. Pa. Jan. 27, 2006) (Twardowski, J.), counsel failed to access the electronic notice of a hearing and did not appear. This Court granted reconsideration, concluding "as a matter of law" that the failure constituted excusable neglect and that it would be "too draconian to deprive these Movants of their day in court." That is this case. *Cavendish*, by

contrast, is a non-binding decision from another circuit involving a garden-variety scheduling slip with no written admission of fault and no filing injunction. It does not displace this Court's own precedent or the Third Circuit's.

## IV. NATIONSTAR DOES NOT ADDRESS THE REQUIREMENTS FOR A FILING INJUNCTION.

14. Nationstar asked this Court for the injunction and cited *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993), and *Hurst v. Shalk*, 734 F. App'x 166, 170 (3d Cir. 2018), for the standard. Doc. 22. Those cases require (1) a continuous pattern of meritless, repetitive filings by the litigant, (2) notice to the litigant before the injunction issues, and (3) narrow tailoring. Debtor's motion showed that none was satisfied: no notice preceded the July 16 Order; the "pattern" consists of one motion filed by counsel; and the injunction is not tailored to any adjudicated abuse. Doc. 46 ¶¶ 14–15. The Response says nothing about any of the three. Nationstar cannot invoke *Brow* to obtain the injunction and then decline to defend it under *Brow*.

15. Nationstar's alternative argument — that Debtor must first "seek leave based on specific arguments and evidence on the merits," Doc. 64 ¶ 37 — concedes the point. A litigant cannot be required to satisfy a sanction as the price of challenging whether the sanction was lawfully imposed. The motion seeks removal of a sanction entered without notice on the basis of counsel's admitted error; it does not seek to file anything the Order restrains. Doc. 46 ¶ 2.

## V. THE PIONEER FACTORS.

16. *Prejudice.* Nationstar identifies as prejudice the cost of "monitor[ing] this proceeding" and responding to motions. Doc. 64 ¶ 33. Attorney time spent opposing a two-page notice of motion is not prejudice to a party's position; it is litigation. Nationstar retains every defense it has.

17. *Length of delay.* The cure package was dispatched the day the Clerk's notice arrived and was docketed within the week. Docs. 56–63. No hearing was displaced.

18. *Reason and good faith.* The reason for the July 15 non-appearance is established by counsel's own writing. Doc. 50, Ex. A. The reason for the timing of the cure is established by the Clerk's envelope and the Postal Service's receipt. Doc. 62; Ex. 1. A litigant who retains counsel, mails corrective papers the day a deficiency notice reaches him, and moves to discharge the counsel who defaulted [Doc. 48] is acting in good faith by any measure.

## VI. THE SPS JOINDER.

19. SPS adds two points. First, it quotes counsel's emailed opinion about this Court's authority. Doc. 65 n.1. Counsel's opinion is not law, is not before the Court on this motion, and is the reason Debtor has moved to discharge that counsel [Doc. 48]. It has no bearing on whether a sanction premised on counsel's own default should stand. Second, SPS asks that "costs [be] assessed Aberman for any future filings." Doc. 65 at 2. SPS cites no rule and no authority. A prospective cost-shifting order entered without notice or findings would repeat, in a second form, the defect in the Order now under review.

## VII. REQUEST FOR JUDICIAL NOTICE.

20. Pursuant to Federal Rule of Evidence 201(b)(2) and (c)(2), made applicable by Fed. R. Bankr. P. 9017, Debtor requests that the Court take judicial notice of the following records, whose accuracy cannot reasonably be questioned: (a) this Court's docket entries at Docs. 11, 18, 33, 37, 38, 39, 44, 46, 50, 52, and 62, and the dates of their entry; and (b) the Memorandum and Order of the United States District Court for the Eastern District of Pennsylvania entered August 10, 2026 in *Aberman v. NewRez LLC*, No. 2:26-cv-00918-JDW, ECF Nos. 43 and 44, true copies of which are attached as Exhibit 2. Judicial notice is requested of the existence, dates, and contents of these records, which establish the facts stated in Sections II and III above.

## VIII. CONCLUSION.

For these reasons and those stated in Doc. 46, Debtor respectfully requests that the Court vacate the July 16, 2026 Order [Doc. 44], grant relief from the May 28, 2026 Order [Doc. 34] to the extent set forth in Doc. 46, and grant such other relief as is just.

Dated: September 8, 2026

Respectfully submitted,

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive, Daytona Beach, FL 32118
(407) 604-1457 | flrealestatemgt@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 8, 2026, a true and correct copy of the foregoing Pre-Hearing Memorandum, with Exhibits 1 and 2, was served by email, and on the same date deposited for service by first-class U.S. mail, upon: Turner N. Falk, Esq., Saul Ewing LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103-7504 (turner.falk@saul.com) and Evan T. Miller, Esq., Saul Ewing LLP, 1201 N. Market St., Suite 2300, Wilmington, DE 19801 (evan.miller@saul.com), Counsel for Nationstar Mortgage LLC; Alexandra D. Rogin, Esq., Eckert Seamans Cherin & Mellott, LLC, 50 S. 16th Street, 22nd Floor, Philadelphia, PA 19102 (arogin@eckertseamans.com), Counsel for Select Portfolio Servicing, Inc.; Gregory T. Sturges, Esq., Greenberg Traurig, LLP, 1717 Arch Street, Suite 400, Philadelphia, PA 19103 (sturgesg@gtlaw.com), Counsel for Ocwen Loan Servicing LLC and PHH Mortgage Corporation; Jordan M. Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487 (jkatz@raslg.com); Office of the United States Trustee, 900 Market Street, Suite 320, Philadelphia, PA 19107 (ustpregion03.ph.ecf@usdoj.gov); and Bresset & Santora, LLC, 1188 Wyoming Avenue, Forty Fort, PA 18704 (sbresset@bressetsantora.com).

/s/ Jack Aberman
Jack Aberman, Pro Se

# EXHIBIT 1

United States Postal Service Priority Mail Express Receipt
Daytona Beach, Florida — August 19, 2026, 3:36 p.m.
Tracking No. 9570 1132 4832 6231 1773 07 — Scheduled Delivery August 21, 2026

UNITED STATES POSTAL SERVICE.

DAYTONA BEACH PENINSULA
19 N ATLANTIC AVE
DAYTONA BEACH, FL 32118-4201
www.usps.com

08/19/2026 03:36 PM

TRACKING NUMBERS
9570 1132 4832 6231 1773 07

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| PM Express Flat Rate Env | 1 | | $35.90 |
| Philadelphia, PA 19107 | | | |
| Flat Rate | | | |
| Signature Waiver | | | |
| Scheduled Delivery Date | | | |
| Fri 08/21/2026 06:00 PM | | | |
| Money Back Guarantee | | | |
| Tracking #: | | | |
| 9570 1132 4832 6231 1773 07 | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Total | | | $35.90 |

Grand Total: $35.90

Credit Card Remit $35.90
Card Name: VISA
Account #: XXXXXXXXXXXX2999

# EXHIBIT 2

Memorandum and Order of the United States District Court
for the Eastern District of Pennsylvania, entered August 10, 2026
Aberman v. NewRez LLC, No. 2:26-cv-00918-JDW, ECF Nos. 43 and 44

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JACK ABERMAN**<br>*Plaintiff,*<br>v.<br>**NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING et al.,**<br>*Defendants.* | **Case No. 2:26-cv-00918-JDW** |

## MEMORANDUM

A bankruptcy discharge changes what a creditor may collect from a debtor personally. It does not necessarily eliminate the creditor's rights against a property. And when a state court decides that a creditor may foreclose, the borrower's remedy is an appeal in that court system, not a new lawsuit in federal court. Jack Aberman nevertheless asks me to intervene in state court foreclosure proceedings. He alleges that various mortgage servicers that serviced loans relating to dozens of properties that he owned or controlled had no authority to continue servicing his loans or foreclose on those properties after his bankruptcy proceedings. He packages those allegations as claims under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Declaratory Judgment Act.

Those claims, however, do not all stand on the same footing. RESPA imposes independent duties on mortgage servicers, so alleged violations of those duties do not necessarily call the foreclosure judgments into question. By contrast, Mr. Aberman's FDCPA and declaratory judgment claims depend on the premise that the companies servicing his mortgages lacked authority to foreclose and that state courts should never have entered the foreclosure judgments in the first place. Although Mr. Aberman's RESPA claims are not jurisdictionally barred, he has not plausibly pled them. His remaining claims ask me to second-guess state-court foreclosure judgments, something the *Rooker-Feldman* doctrine forbids. I will therefore dismiss the Amended Complaint.

## I. BACKGROUND

Mr. Aberman owns or controls residential rental properties in Volusia County, Florida, through GEA Seaside Investments, Inc. He alleges that NewRez, LLC d/b/a Shellpoint Mortgage Servicing and Onity Mortgage Corporation (the "Servicers") serviced mortgage loans that those properties secured. Between 2013 and 2018, Mr. Aberman and related entities commenced Chapter 11 bankruptcy proceedings involving numerous Florida properties[1] that later became the subject of the foreclosure proceedings underlying this action. Those proceedings culminated in confirmed reorganization plans

[1] Every property that Mr. Aberman identifies is in Florida, and the foreclosure proceedings, bankruptcy-related events, and alleged servicing conduct also

appear to have occurred there. Neither party addresses why venue is proper in this District, and the Servicers have not moved to dismiss or transfer on that basis. I therefore express no view on the issue.

and bankruptcy discharges, which Mr. Aberman contends eliminated or otherwise affected the Servicers' ability to enforce the mortgage obligations. Notwithstanding those bankruptcy proceedings, the Servicers continued servicing the loans and pursued foreclosure proceedings against numerous properties.

The Servicers initiated approximately 33 foreclosure proceedings, obtained foreclosure judgments in many of those cases, and completed foreclosure sales on several properties. According to Mr. Aberman, the Servicers lacked authority to pursue those foreclosure proceedings but nevertheless represented to the Florida courts that they possessed the right to foreclose, filed foreclosure complaints and related collection papers, obtained foreclosure judgments, and collected foreclosure-sale proceeds.

Based on those allegations, Mr. Aberman filed this action asserting three claims under RESPA (Counts I-III), one claim under the FDCPA (Count IV), and one claim for declaratory relief (Count V). Mr. Aberman alleges that the Servicers violated RESPA by failing to provide servicing-transfer notices; failing to respond adequately to qualified written requests, notices of error, and requests for information; and improperly obtaining force-placed insurance. According to Mr. Aberman, his correspondence sought, among other things, information regarding servicing transfers, loan balances, ownership of the mortgage notes, insurance coverage, and the Servicers' authority to enforce the mortgage obligations. Mr. Aberman also alleges that the Servicers violated the FDCPA by pursuing foreclosure after his

bankruptcy discharges, falsely representing that they possessed the

authority to enforce the mortgage obligations, filing foreclosure complaints and other collection communications based on that allegedly false premise, obtaining foreclosure judgments, and collecting foreclosure-sale proceeds to which they allegedly were not entitled. He seeks damages including lost equity, foreclosure-sale proceeds, lost rental income, litigation expenses, and other losses allegedly resulting from the Servicers' conduct.

The Servicers moved to dismiss the Amended Complaint ("AC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After reviewing the Motion, I directed the Parties to submit supplemental memoranda addressing whether the *Rooker-Feldman* doctrine deprives me of subject matter jurisdiction over some or all of Mr. Aberman's claims. Both sides did so, and Mr. Aberman asked for and received leave to file a response. The Servicers have asked for leave to reply on the issue. The Servicers' Motion to dismiss and for leave to file a reply are both now ripe.

## II. LEGAL STANDARD

If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have "an independent obligation to determine whether subject-matter jurisdiction exist[s]." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019). Parties may raise the issue of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

A court may treat a motion under Rule 12(b)(1) "as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). For a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)[.]" *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Where, as here, a movant files a motion to dismiss before it files any answer to the Complaint or otherwise presents competing facts, its motion is "by definition, a facial attack." *Id.*

Under Rule 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether

they plausibly give rise to an entitlement to relief." *Id.* The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790. In considering a motion to dismiss, a court may also take judicial notice of matters of public record, such as state court proceedings. *See Hartig Drug Co., Inc. v. Senju Pharm. Co., Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016). Courts must construe *pro se* complaints liberally. *See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011).* In doing so, however, courts "may not rewrite a plaintiff's allegations." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 309 (3d Cir. 2003).

## III. ANALYSIS

### A. *Rooker-Feldman*

Federal courts are not appellate courts for disappointed state court litigants. The *Rooker-Feldman* doctrine precludes federal courts from entertaining "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is rooted in the principle that the jurisdiction to reverse or modify a state court judgment is exclusively within the authority of the United States Supreme Court. *Id.* at 283. Thus, the doctrine bars a claim that was "actually litigated in a state court prior to the filing of the federal action" or is "inextricably intertwined with the state adjudication." *In*

*re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). A federal claim is

"inextricably intertwined" with an issue adjudicated by a state court when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009).

The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state

court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021) (quotation omitted). Additionally, the United States Supreme Court recently held that the *Rooker-Feldman* doctrine applies to "federal cases in which plaintiffs seek review of state-court judgments, regardless of whether those judgments are final trial-court judgments or those of a State's highest court." *See T T.M.*

*v. University Maryland Medical System Corp.*, 608 U.S. ___, 146 S. Ct. 1739, 1752 (2026). It further held that the doctrine applies even "when the state-judgment at issue is subject to further review in state appellate proceedings." *Id.* at 1744.

### 1. RESPA claims — Counts I-III

The *Rooker-Feldman* doctrine does not deprive me of jurisdiction Mr. Aberman's RESPA claims because those claims arise from duties that federal law imposes on mortgage servicers, not from injuries that the state-court

foreclosure judgments caused. RESPA regulates the servicing of mortgage loans by requiring servicers, among other

things, to provide borrowers with servicing-transfer notices, respond to qualified written requests, notices of error, and requests for information, and comply with procedures governing force-placed insurance. *See* 12 U.S.C. § 2605; 12 C.F.R. §§ 1024.33, 1024.35-.37. Mr. Aberman alleges that the Servicers violated each of those statutory obligations during the servicing of his mortgage loans.

The first and third *Rooker-Feldman* factors point in the Servicers' favor, at least with respect to some of the mortgage loans. Mr. Aberman lost several foreclosure actions in Florida state court before filing this action, and those judgments therefore satisfy the doctrine's procedural requirements. But those factors do not resolve the jurisdictional question. The dispositive inquiry is whether those foreclosure judgments caused the injuries underlying the RESPA claims and whether granting relief would require me to review or reject those judgments. They would not.

Mr. Aberman alleges that the Servicers failed to provide required servicing-transfer notices, failed to respond adequately to qualified written requests, notices of error, and requests for information, and violated RESPA's requirements governing force-placed insurance. Those claims arise from duties that federal law imposes on mortgage servicers, not from the foreclosure judgments themselves. The relevant question is not whether the alleged statutory violations occurred against the backdrop of foreclosure litigation. Rather, it is whether the foreclosure judgments, on one hand, or the Servicers' alleged failure to comply with RESPA, on the other hand, produced the injuries for which Mr.

Aberman seeks relief. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166-67 (3d Cir. 2010). Counts I-III concern the latter because the alleged injuries flow, if at all, from the Servicers' purported failure to satisfy independent federal duties governing mortgage servicing. *See Alfaro v. Wells Fargo Bank, N.A.*, No. 16-7950, 2017 WL 4969334, at *3 (D.N.J. Nov. 1, 2017). Thus, Mr. Aberman's allegations do not satisfy the second *Rooker-Feldman* factor.

The fourth factor also weighs against applying *Rooker-Feldman*. Adjudicating

whether the Servicers complied with RESPA would not require me to determine whether any Florida court erred in entering a foreclosure judgment or authorizing a foreclosure sale. A mortgage servicer can violate RESPA's servicing obligations regardless of whether it prevails in a foreclosure action. Thus, a finding that the Servicers engaged in the conduct that Mr. Aberman alleges would establish only that the Servicers failed to comply with independent federal obligations. It would not invalidate, modify, or undermine any foreclosure judgment. Courts have recognized that RESPA claims based on a servicer's alleged failure to satisfy its statutory servicing obligations may fall outside the *Rooker-Feldman* doctrine because they arise from duties independent of the foreclosure judgment. *See, e.g., Siljee v. Atl. Stewardship Bank*, No. 15-1762, 2016 WL 2770806, at *5 (D.N.J. May 12, 2016); *Vazquez Rodriguez v. Wells Fargo Bank, N.A.*, No. 18-7959, 2019 WL 1529846, at *3 (D.N.J. Apr. 9, 2019).

The Servicers argue that the RESPA claims nevertheless amount to an attack on the foreclosure judgments because the AC repeatedly alleges that the Servicers lacked authority to foreclose. But factual overlap is not enough to trigger *Rooker-Feldman*. The doctrine asks whether the plaintiff seeks relief from injuries that the state-court judgment caused, not whether the federal claims arise from the same general events. *See Exxon Mobil Corp.*, 544 U.S. at 293. Although the foreclosure proceedings provide the factual backdrop for the RESPA claims, the legal duties that Mr. Aberman invokes arise under RESPA, not under the foreclosure judgments.

**2. FDCPA claims — Count IV**

Unlike the RESPA claims, the FDCPA claim satisfies all four *Rooker-Feldman* factors. Mr. Aberman alleges that the Servicers violated the FDCPA by engaging in false, deceptive, and misleading debt-collection practices. But he does not plead a separate FDCPA claim arising from each foreclosure proceeding. Instead, he alleges a single course of conduct spanning more than 30 foreclosure actions. Viewed that way, the first and third *Rooker-Feldman* factors are satisfied. Count IV necessarily rests, at least in part, on foreclosure judgments entered before Mr. Aberman commenced this action. The existence of other foreclosure proceedings that (a) remained pending, (b) resulted in judgments after this action began, or (c) were subject to appeal does not change that conclusion because Count IV is not pleaded on a foreclosure-by-foreclosure or property-by-property basis. *See T.M.*, 146 S. Ct. at 1749-.

The second factor is also satisfied because the foreclosure judgments themselves caused the injuries underlying the FDCPA claim. In answering that question, I look beyond the label Mr. Aberman places on his claim to determine whether the state-court judgments produced the alleged injuries or merely "ratified, acquiesced in, or left unpunished" the Servicers' conduct. *Great W. Mining*, 615 F.3d at 167. Although Mr. Aberman characterizes the claim as one arising under the FDCPA and challenging the Servicers' debt-collection practices, the theory underlying that claim depends on the proposition that the Servicers lacked authority to foreclose after his bankruptcy discharges. He alleges that the Servicers falsely represented that authority to the Florida courts, wrongfully obtained foreclosure judgments, and improperly received foreclosure-sale proceeds. The damages he seeks—including lost equity, foreclosure-sale proceeds, litigation expenses incurred defending the foreclosure actions, and related losses—flow from those foreclosure judgments and the sales that they authorized. Those injuries did not arise just because the Servicers attempted to collect debts. They arose because the Florida courts entered judgments permitting the Servicers to do so.

The fourth factor leads to the same result. Granting Mr. Aberman relief would require me to conclude that the Servicers lacked authority to foreclose and that the Florida courts therefore erred in entering the foreclosure judgments. But "[a] mortgage foreclosure ... depends 'upon the existence of a valid mortgage.'" *Laychock v. Wells Fargo Home Mortg.*, No. 07-4478, 2008 WL 2890962, at *3 (E.D. Pa. July 23, 2008) (citation

omitted). Mr. Aberman cannot avoid *Rooker-Feldman* by recasting what is, in substance, a challenge to the Servicers' right to foreclose as an FDCPA claim. *See Hua v. U.S. Bank Nat'l Ass'n*, No. 14-6767, 2015 WL 1071606, at *3 (E.D. Pa. Mar. 11, 2015). If I concluded that the Servicers' foreclosure complaints and related representations were false because they lacked authority to foreclose, I would be concluding that the Florida courts erred in entering the foreclosure judgments that recognized that authority. That is precisely the type of *de facto* appellate review that *Rooker-Feldman* prohibits. *See Stephens v. Kenney*, No. 13-4483, 2014 WL 4744550, at *3 (E.D. Pa. Sept. 24, 2014); *Laychock*, 2008 WL 2890962, at *4.

**3. Declaratory relief — Count V**

Count V fares no better. Although Mr. Aberman frames it as a request for declaratory and injunctive relief, the substance of the claim mirrors his claim under the FDCPA. He asks me to declare that the Servicers lacked authority to pursue the foreclosure proceedings following his bankruptcy discharges and the confirmation of his Chapter 11 plans and that their foreclosure activities therefore violated federal law. He also seeks to enjoin the Servicers from distributing foreclosure-sale proceeds and pursuing additional foreclosure activity.

That requested relief falls within the scope of the *Rooker-Feldman* factors for the same reasons as the FDCPA claim. Mr. Aberman seeks relief from injuries arising out of foreclosure judgments entered before this action commenced, and the declaration that

he requests would require me to conclude that Florida courts should not have entered those judgments. Likewise, an injunction preventing the distribution of foreclosure-sale proceeds would necessarily interfere with the rights that those judgments established. Mortgage foreclosure depends on a judicial determination that the plaintiff possesses the right to enforce the mortgage. *See Laychock*, 2008 WL 2890962, at *3. I therefore cannot grant the relief that Mr. Aberman seeks without effectively reviewing and rejecting the Florida courts' judgments.

Mr. Aberman's request for declaratory and injunctive relief does not alter that conclusion. *Rooker-Feldman* turns on the substance of the relief sought, not the label attached to it. Although Mr. Aberman characterizes Count V as seeking prospective relief concerning the Servicers' future servicing and collection activities, the declaration that he requests rests on the premise that the Servicers lacked authority to prosecute the foreclosure proceedings that culminated in the Florida foreclosure judgments. I cannot issue that declaration without determining that those courts erred. Because Count V seeks precisely the type of de facto appellate review that *Rooker-Feldman* forbids, I lack subject matter jurisdiction over that claim.

**B. RESPA Claims**

Even though the *Rooker-Feldman* doctrine does not bar the RESPA claims in Counts I-III, those counts do not state plausible claims. Congress enacted RESPA to regulate the servicing of residential mortgage loans and to ensure that borrowers receive

required information about the servicing of those loans. *See* 12 U.S.C. § 2601(a); *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010). But RESPA does not create liability whenever a servicer fails to satisfy one of its procedural obligations. To state a claim under Section 2605, a plaintiff must plausibly allege both a statutory violation and either actual damages that the violation caused or a pattern or practice of noncompliance sufficient to support statutory damages. *See* 12 U.S.C. § 2605(f); *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016). A complaint that alleges only a technical violation of RESPA, without plausibly alleging resulting damages, fails to state a claim. *See id.* at 785; *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006).

Mr. Aberman's RESPA claims fall short for both reasons. The AC does not plausibly allege statutory violations, and it does not plausibly allege that any RESPA violation caused recoverable damages.

**1. Count I —failure to provide servicing transfer notices**

Count I alleges that the Servicers violated 12 U.S.C. § 2605(b) and (c) and 12 C.F.R. § 1024.33 by failing to provide required servicing-transfer notices. The AC, however, contains little more than the conclusory assertion that the Servicers failed to provide those notices. It does not identify which servicing transfer triggered RESPA's notice requirements, which Servicer failed to provide notice, when the notice should have been provided, or how the notices that the Servicers furnished failed to comply with the statute or regulation. Without factual allegations identifying the servicing transfers at

issue and

the way the Servicers allegedly violated the statutory notice requirements, Count I does not plausibly allege a RESPA violation.

The damages allegations fare no better. Mr. Aberman seeks damages for lost rental income, lost equity, foreclosure losses, litigation expenses, and emotional distress, but he does not plausibly allege that those injuries resulted from any failure to provide servicing-transfer notices. At most, the AC alleges that the purported notice violations occurred during the same period as the foreclosure proceedings. Temporal overlap is not causation. *Giordano*, 160 F. Supp.3d at 785. Nor does the conclusory allegation that the Servicers engaged in a "pattern or practice" of violating RESPA plausibly support statutory damages. Count I therefore fails to state a claim.

**2. Count II — failure to respond to qualified written requests, notices of error, and requests for information**

Count II alleges that the Servicers violated 12 U.S.C. § 2605(e) and (k), together with 12 C.F.R. §§ 1024.35 and 1024.36, because they allegedly failed to respond adequately to qualified written requests, notices of error, and requests for information. The problem is that many of the requests identified in the AC do not concern mortgage servicing at all. Instead, they seek information regarding the Servicers' authority to foreclose following Mr. Aberman's bankruptcy proceedings, ownership of the promissory notes, and the Servicers' right to enforce the mortgage obligations. RESPA does not provide borrowers with a mechanism to litigate disputes concerning the validity of the debt, ownership of

the note, or a lender's authority to foreclose. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012).

Even as to requests that arguably fall within RESPA, the AC never explains how the Servicers' responses violated the statute. Mr. Aberman alleges only that the responses were "inadequate," without identifying what information RESPA required the Servicers to provide, what they omitted, or how any particular response failed to comply with RESPA. Those allegations amount to legal conclusions rather than plausible factual allegations.

Nor does Count II plausibly allege recoverable damages. The injuries that Mr. Aberman identifies—lost equity, foreclosure-sale proceeds, litigation expenses, lost rental income, and similar losses—flow from the foreclosure proceedings, not from any allegedly deficient response to his correspondence. And, again, the AC pleads no facts supporting its conclusory allegation that the Servicers engaged in a pattern or practice of violating Section 2605. Count II therefore fails as well.

**3. Count III — force-placed insurance**

Count III alleges that the Servicers violated 12 C.F.R. § 1024.37 by obtaining force-placed insurance. The regulation prohibits a servicer from charging a borrower for force-placed insurance unless the borrower has failed to maintain required hazard insurance and the servicer first provides specified notices. *See* 12 C.F.R. § 1024.37. The AC does not plausibly allege those elements. It identifies no particular property on which a Servicer obtained force-placed insurance, no Servicers responsible for obtaining it, no

allegation

that Mr. Aberman maintained hazard insurance at the relevant time, and no facts explaining which notice requirements the Servicers failed to satisfy. Instead, Count III just asserts that the Servicers violated the regulation.

The damages allegations suffer from the same defect as Counts I and II. Although Mr. Aberman seeks compensation for force-placed insurance premiums and related losses, he does not plausibly allege that those damages resulted from any violation of Section 1024.37 rather than from the underlying defaults, insurance disputes, or foreclosure proceedings. Nor does he plead facts supporting statutory damages based on a pattern or practice of noncompliance. Count III therefore fails to state a claim.

## IV. CONCLUSION

Mr. Aberman has not stated a viable federal claim. Counts IV and V seek relief from injuries caused by the Florida foreclosure judgments and therefore are barred by the *Rooker-Feldman* doctrine. Although the *Rooker-Feldman* doctrine does not bar the RESPA claims in Counts I-III, Mr. Aberman has not plausibly alleged violations of RESPA or recoverable damages. I will therefore grant the Servicers' Motion to dismiss the Amended Complaint. Mr. Aberman cannot seek leave to amend Counts IV and V. If there are facts that he can plausibly allege to cure the defects with Counts I-III, he may seek leave to do so. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

August 10, 2026

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JACK ABERMAN**<br>*Plaintiff,*<br>v.<br>**NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING et al.,**<br>*Defendants.* | **Case No. 2:26-cv-00918-JDW** |

**ORDER**

**AND NOW**, this 10th day of August 2026, upon consideration of Defendants' Motion To Dismiss Plaintiff's Complaint (ECF No. 30), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED** that if Mr. Aberman seeks to file a Second Amended Complaint, he may file a motion for leave to do so on or before September 11, 2026. Any such motion must attach the proposed Second Amended Complaint. If Mr. Aberman fails to file a proposed Second Amended Complaint, then I will assume that he intends to stand on his Amended Complaint, and I will enter an Order dismissing Counts I-III with prejudice and closing the case. For the reasons given in the accompanying Memorandum, Mr. Aberman may not seek leave to amend as to Counts IV and V of the Amended Complaint.

It is **FURTHER ORDERED** that upon consideration of Defendants' Motion For Leave To File A Reply To Plaintiff's Short Response To Defendants' Rooker-Feldman Memorandum (ECF No. 41), it is **ORDERED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's Emergency Motion For Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue (ECF No. 2) is **DENIED AS MOOT**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

# EXHIBIT 7

Letter of Ronald V. Santora, Esq., July 22, 2026 (Doc. No. 50, Ex. A)

Gmail Operations Manager <flrealestatemgt@gmail.com>

# Re: Following up on the July 15 hearing — trying to understand what happened

4 messages

**flrealestatemgt** <flrealestatemgt@gmail.com> Tue, Jul 21, 2026 at 8:42 PM
To: "rsantora bressetsantora.com" <rsantora@bressetsantora.com>, Stephen Bresset <sgbresset@bressetsantora.com>
Bcc: FLREALESTATEMGT@gmail.com

Hello Ron and Steve,
I hope you're both doing well. I'm writing to try to understand what happened with the July 15 hearing in the Pennsylvania matter (Misc. Pro. No. 26-3002), because the order that came out of it caught me off guard and I want to get the full picture before I do anything.
Here is what I'm seeing on the docket. After you entered your appearance for me (Doc. 28), you filed the Nunc Pro Tunc motion to reschedule the status conference (Doc. 33). The Clerk flagged that motion twice — once because no notice of motion had been filed (Doc. 37), and once because the notice was missing the hearing date and time (Doc. 38) — and it was then set for a hearing on July 15, 2026 at 12:30 p.m. in Courtroom #4 (Doc. 39).
Then, on July 16, Judge Chan entered an order (Doc. 44) that did more than deny the motion. It found that "the Debtor" failed to appear at the July 15 hearing, and on that basis it enjoined me from filing anything further about the foreclosures without first getting the Court's permission — essentially trying to bar me from the court for not showing up that one time.
So I need to ask you both directly, and I just need to know: did either you or Steve appear at the July 15 hearing — by Zoom or telephone — to argue the motion? I'm not trying to point fingers. I genuinely don't know what happened, and I need to understand it so we can figure out the right way forward. If there was any mix-up with the Court about the date or the scheduling, I'd want to know that too.
There is only a short window to respond to that order, so I would really appreciate hearing from you as soon as you can. Once I understand where things stand, we can talk about how to fix it.
Thank you both,
Jack Aberman
386-761-1992 — flrealestatemgt@gmail.com

On Jul 21, 2026, at 12:36 PM, rsantora bressetsantora.com <rsantora@bressetsantora.com> wrote:

Jack,
The ED bankruptcy court denied the motion to reschedule the status conference. In all honesty, there is a real issue of the jurisdiction of the court to issue a contempt order of another bk court.
However, we believe you may have a very valid 1983 action for wrongful deprivation of property. We are researching that now. However, we need to review possible collateral estoppel and related issues; so please make sure we have copies of any and all responses that you filed to any of the foreclosure complaints, along with copies of any and all filings you submitted in the MDFL bankruptcy court in an attempt to enforce the plan,etc. Thanks.

Ronald V. Santora, Esq.
Bresset & Santora, LLC
1188 Wyoming Avenue
Forty Fort, PA 18704
(570) 287-3660
Fax (570) 287-3666

---

**From:** flrealestatemgt <flrealestatemgt@gmail.com>
**Sent:** Monday, July 20, 2026 2:07 PM
**To:** rsantora bressetsantora.com <rsantora@bressetsantora.com>; Stephen Bresset <sgbresset@bressetsantora.com>

**Cc:** nicole bressetsantora.com <nicole@bressetsantora.com>
**Subject:** Re: Follow-up: Bankruptcy Court Response Review

Hello Ron and Steve
Sorry for the confusion i don't want to miss an opportunity to file the opposition response i sent to you with case law and there is a second Opposition filed as well i want to send you the case law and fact to look it over for the response to that one too. We need to get the case open and allowed to move by chief chan. Please let me know if these is a better way to send you emails with documents to help with cases i dont want you to wait on my I'm on it HAha.
Jack
386-761-1992

On Jul 20, 2026, at 1:05 PM, rsantora bressetsantora.com <rsantora@bressetsantora.com> wrote:

Atty Bresset and I are reviewing options and will advise

Get Outlook for iOS

---

**From:** MBMG Assistant <MBMGAssistant@pm.me>
**Sent:** Monday, 20 July 2026 12:54:39
**To:** rsantora bressetsantora.com <rsantora@bressetsantora.com>; Stephen Bresset <sgbresset@bressetsantora.com>; nicole bressetsantora.com <nicole@bressetsantora.com>
**Cc:** flrealestatemgt@gmail.com <flrealestatemgt@gmail.com>
**Subject:** Re: Fw: Follow-up: Bankruptcy Court Response Review

Mr. Santora,

To clarify:

- On Thursday, you sent a confirmation stating "received."
- On Friday, we sent a follow-up email specifically inquiring about the **status** of our upcoming filings, which remained unanswered.
- Regarding our phone calls, we have indeed been calling your direct number for weeks without an answer, including today when we called again and received no response.

Our records and timeline are accurate. We kindly request an update on the actual status of our filings at your earliest convenience so we can proceed accordingly.

On Monday, July 20th, 2026 at 12:47 PM, rsantora bressetsantora.com <rsantora@bressetsantora.com> wrote:

I replied to you last Thursday. See below

Get your facts straight.

Get Outlook for iOS

---

**From:** rsantora bressetsantora.com <rsantora@bressetsantora.com>
**Sent:** Thursday, July 16, 2026 1:24 PM
**To:** MBMG Assistant <MBMGAssistant@pm.me>
**Subject:** Re: Follow-up: Bankruptcy Court Response Review

Yes. Received. Thank you

Ronald V. Santora, Esq.
Bresset & Santora, LLC
1188 Wyoming Avenue
Forty Fort, PA 18704
(570) 287-3660
Fax (570) 287-3666

---

**From:** MBMG Assistant <MBMGAssistant@pm.me>
**Sent:** Thursday, July 16, 2026 1:23 PM
**To:** rsantora bressetsantora.com <rsantora@bressetsantora.com>
**Subject:** Re: Follow-up: Bankruptcy Court Response Review

Jack just recently resent you some documents.

Can you confirm you received them?

Maria

On Thursday, July 16th, 2026 at 11:48 AM, rsantora bressetsantora.com <rsantora@bressetsantora.com> wrote:

> Got them. thanks
>
> Ronald V. Santora, Esq.
> Bresset & Santora, LLC
> 1188 Wyoming Avenue
> Forty Fort, PA 18704
> (570) 287-3660
> Fax (570) 287-3666
>
> ---
>
> **From:** MBMG Assistant <MBMGAssistant@pm.me>
> **Sent:** Thursday, July 16, 2026 11:47 AM
> **To:** rsantora bressetsantora.com <rsantora@bressetsantora.com>
> **Subject:** Re: Follow-up: Bankruptcy Court Response Review
>
> Please check your Spam folder or let us know if you need us to resend you the document. We need to file something as soon as possible.
>
> On Thursday, July 16th, 2026 at 11:00 AM, rsantora bressetsantora.com <rsantora@bressetsantora.com> wrote:
>
>> What date did you send it. I don't see it.
>>
>> Ronald V. Santora, Esq.
>> Bresset & Santora, LLC
>> 1188 Wyoming Avenue
>> Forty Fort, PA 18704
>> (570) 287-3660
>> Fax (570) 287-3666
>>
>> ---

**From:** MBMG Assistant
<MBMGAssistant@pm.me>
**Sent:** Thursday, July 16, 2026 9:33 AM
**To:** rsantora bressetsantora.com
<rsantora@bressetsantora.com>
**Subject:** Follow-up: Bankruptcy Court Response Review

Dear Mr. Bressett and Mr. Santora,
Good day.
I hope this email finds you well. I am reaching out to follow up on the "Bankruptcy Court Response" email sent previously. I would like to check if you have received it and to see if you require any additional information or further documentation from our end to assist with your review.
Thank you for your time, and I look forward to your response.
Best regards,
**Maria**
Assistant to Jack

---

**rsantora bressetsantora.com** <rsantora@bressetsantora.com> Wed, Jul 22, 2026 at 7:16 AM
To: firealestatemgt <firealestatemgt@gmail.com>, Stephen Bresset <sgbresset@bressetsantora.com>

GM Jack.

I think I figured out what happened.
When the Motion to reinstate the conference was filed, we thereafter received a notice that we needed to submit a proposed notice. We thereafter submitted a proposed notice. We didnt get any direction after that; however, the clerk and/or court entered the notice, inserted the date, and we simply missed it. That's on us.

However, quite frankly, even if we were aware of the date in time not sure what we would have done; as we have said in our previous emails, our research indicates that the authority to enforce the plan/discharge rests with the BK court who issued it; That is why we asked for copies of any and all submissions you already filed in MDFL so we can see exactly what has already been raised and determine if we have any collateral estoppel or res judicata issues. In addition however, and perhaps most importantly, we are working on a proposed 1983 complaint to file in Federal District Court against the foreclosing creditors. We believe that is the best way to pursue this.

Ronald V. Santora, Esq.
Bresset & Santora, LLC
1188 Wyoming Avenue
Forty Fort, PA 18704
(570) 287-3660
Fax (570) 287-3666

---

**From:** flrealestatemgt <flrealestatemgt@gmail.com>
**Sent:** Tuesday, July 21, 2026 8:42 PM
**To:** rsantora bressetsantora.com <rsantora@bressetsantora.com>; Stephen Bresset <sgbresset@bressetsantora.com>
**Subject:** Re: Following up on the July 15 hearing — trying to understand what happened

[Quoted text hidden]

---

**Operations Manager** <flrealestatemgt@gmail.com> Wed, Jul 22, 2026 at 10:03 AM
To: Maria G <flrealestateasst.mariaG@gmail.com>, Operations "Fl Real estate management" Manager <flrealestatemgt@gmail.com>

look at this the yellow are excuses and the green i need you to pull specific docs for me he F up our case i will call you on teams to explain what i need you to pull for him im bummed judge is mad at me know i have a denial order she made soe hrd comments towards me
[Quoted text hidden]

---

**Operations Manager** <flrealestatemgt@gmail.com> Wed, Jul 22, 2026 at 11:10 AM
To: "rsantora bressetsantora.com" <rsantora@bressetsantora.com>, Stephen Bresset <sgbresset@bressetsantora.com>
Cc: Operations "Fl Real estate management" Manager <flrealestatemgt@gmail.com>

**Please see EDPA DISTRICT COURT FULL DOCKET AND CASE NUMBER AND 2 DOCUMENT STATUS**

EDPA FULL DOCKET AND CASE NUMBER-7-22...

EDPA-MEMARANDUM-BY JA-PROSE.pdf

EDPA-RESPA CLAIM ORDER FOR MEMARAND...

[Quoted text hidden]

# EXHIBIT 8

---

Docket Report (Sept. 10, 2026), History (Sept. 14, 2026), and Party List,
Misc. Pro. No. 26-3002 (AMC)

# U.S. Bankruptcy Court
# Eastern District of Pennsylvania (Philadelphia)
# Miscellaneous Proceeding #: 26-03002-amc

*Assigned to:* Chief Judge Ashely M. Chan

*Date Filed:* 04/06/26

***In re:***

-----------------------

**In the Matter of the Registration of Discharge Orders**

| Filing Date | # | Docket Text |
|---|---|---|
| 04/06/2026 | 1<br>(14 pgs; 3 docs) | Miscellaneous Proceeding Filed by In the Matter of the Registration of Discharge Orders . (Attachments: # 1 Cover letters # 2 Motion to Register Discharge Orders) (MK) (Entered: 04/14/2026) |
| 04/06/2026 | 2<br>(12 pgs) | Verified Adversary Complaint to Enforce Discharge Injunction and For Damages Filed by Jack Aberman, Pro Se. (To be treated as motion)(MK) (Entered: 04/14/2026) |
| 04/06/2026 | 3<br>(5 pgs) | Motion To Retain Jurisdiction and Preemptive Opposition To Transfer Under 28 U.S.C. 1412 Filed by Jack Aberman Represented by Self(Counsel). (MK) (Entered: 04/14/2026) |
| 04/06/2026 | 4<br>(3 pgs) | Motion For Leave To Proceed Pro Se As Individual Debtor and Declaration of Individual Standing Filed by Jack Aberman Represented by Self(Counsel). (MK) (Entered: 04/14/2026) |
| 04/06/2026 | 5<br>(3 pgs) | Motion For Leave To File Electronically and For Remote Appearance By Video/Telephone Filed by Jack Aberman Represented by Self(Counsel). (MK) (Entered: 04/14/2026) |
| 04/15/2026 | 6<br>(1 pg) | Status Hearing. It is hereby Ordered that a status hearing on the above referenced matters is scheduled for April 29, 2026 @ 12:30pm via Zoom. The Court hereby directs the Debtor to (i) properly serve this Order and the above-referenced documents on all parties in interest and (ii) mail to the Court a certificate of service regarding same. re:1, 2, 3, 4, 5. (AS) (Entered: 04/15/2026) |
| | 7<br>(1 pg) | Clerk's Certificate of Mailing. Sent to Jack Aberman 428 N. Peninsula Drive, Daytona Beach, FL 32118. (related document(s)6). (AS)Modified on 4/17/2026 (AS). (Entered: |

| | | |
|---|---|---|
| 04/15/2026 | | 04/15/2026) |
| 04/17/2026 | 8 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 6)). No. of Notices: 1. Notice Date 04/17/2026. (Admin.) (Entered: 04/19/2026) |
| 04/17/2026 | 9 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 7)). No. of Notices: 1. Notice Date 04/17/2026. (Admin.) (Entered: 04/19/2026) |
| 04/22/2026 | 10 (11 pgs) | Debtor's Expedited Motion For Short Continuance of April 29,2026 Status Hearing Filed by Jack Aberman Represented by Self(Counsel) (related document(s)6) . (MK) (Entered: 04/22/2026) |
| 04/22/2026 | 11 (2 pgs) | Order Scheduling Hearing Debtor's Expedited Motion For Short Continuance of April 29,2026 Status Hearing Filed by Jack Aberman . The Status Hearing is continued to 5/27/2026 at 12:30 PM at via zoom. Debtor shall complete service of the Status Hearing Order [Doc. No. 6] and the related motions [Doc. Nos. 2, 3, 4, and 5] on all parties in interest and file a certificate of service with the Court no later than fourteen (14) days before the continued Status Hearing date re:10 (MK) (Entered: 04/22/2026) |
| 04/22/2026 | 12 (2 pgs) | Court's Certificate of Service to Jack Aberman via U.S. Postal Service at 428 N. Peninsula Drive Daytona Beach, FL 32118 of Order Granting Debtor's Expedited Motion for Short Continuance of Status Hearing. (related document(s)11). (MK) (Entered: 04/22/2026) |
| 04/24/2026 | 13 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 11)). No. of Notices: 1. Notice Date 04/24/2026. (Admin.) (Entered: 04/25/2026) |
| 04/29/2026 | 14 | Hearing Continued on 4 Generic Motion Filed by Jack Aberman. Hearing scheduled 05/27/2026 at 12:30 PM at Courtroom #4. (PB) (Entered: 04/30/2026) |
| 04/29/2026 | 15 | Hearing Continued on 5 Generic Motion Filed by Jack Aberman. Hearing scheduled 05/27/2026 at 12:30 PM at Courtroom #4. (PB) (Entered: 04/30/2026) |
| 04/29/2026 | 16 | Hearing Continued on 3 Generic Motion Filed by Jack Aberman. Hearing scheduled 05/27/2026 at 12:30 PM at Courtroom #4. (PB) (Entered: 04/30/2026) |

| | | |
|---|---|---|
| 04/29/2026 | 17 | Hearing Continued on 1 Miscellaneous Proceeding Filed by In the Matter of the Registration of Discharge Orders. Hearing scheduled 05/27/2026 at 12:30 PM at Courtroom #4. (PB) (Entered: 04/30/2026) |
| 05/08/2026 | 18 (49 pgs) | Certificate of Service of Notice of Registration of Discharge Orders, Verified Complaint for declaratory Judgment, Summons, Order granting short continuance of Status Hearing Filed by Jack Aberman (related document(s)11, 1, 2). (MK) (Entered: 05/11/2026) |
| 05/19/2026 | 19 (2 pgs) | Notice of Appearance and Request for Notice by ALEXANDRA D. ROGIN Filed by ALEXANDRA D. ROGIN on behalf of Select Portfolio Servicing, Inc.. (ROGIN, ALEXANDRA) (Entered: 05/19/2026) |
| 05/20/2026 | 20 (36 pgs) | Document in re: U.S. Portal Service Certified Mail Receipts Filed by Jack Aberman . (CW) (Entered: 05/20/2026) |
| 05/20/2026 | 21 (34 pgs; 5 docs) | Response to Miscellaneous Proceeding filed by In re: In the Matter of the Registration of Discharge Orders, Document filed by In re: In the Matter of the Registration of Discharge Orders, Generic Motion filed by Jack Aberman, Scheduling Hearing Filed by Select Portfolio Servicing, Inc. (related document(s)3, 2, 11, 1). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order) (ROGIN, ALEXANDRA) (Entered: 05/20/2026) |
| 05/20/2026 | 22 (342 pgs; 11 docs) | Objection to Document filed by In re: In the Matter of the Registration of Discharge Orders, Generic Motion filed by Jack Aberman, Generic Motion filed by Jack Aberman Filed by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER (related document(s)5, 3, 2). (Attachments: # 1 Exhibit A - BNY Brief # 2 Exhibit B - joint plan+order # 3 Exhibit C - 2020 stipulation # 4 Exhibit D - 2020 stipulation # 5 Exhibit E - Gea plan confirmation order # 6 Exhibit F - GEA final decree # 7 Exhibit G - Florida Emergency Motion re 101 Carolyn # 8 Exhibit H - 11th circuit mandamus petition # 9 Exhibit I - 11th circuit denial # 10 Supplement Certification of Service) (FALK, TURNER) (Entered: 05/20/2026) |
| 05/26/2026 | 23 (3 pgs) | Notice of Appearance and Request for Notice *by Evan T. Miller* by TURNER N. FALK Filed by TURNER N. FALK on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. (FALK, TURNER) (Entered: 05/26/2026) |
| | 24 | Response to Miscellaneous Proceeding filed by In re: In the |

| | | |
|---|---|---|
| 05/26/2026 | (5 pgs) | Matter of the Registration of Discharge Orders, Document filed by In re: In the Matter of the Registration of Discharge Orders Filed by Robertson, Anschutz, Schneid, Crane & Partners, PLLC (related document(s)2, 1). (KATZ, JORDAN) (Entered: 05/26/2026) |
| 05/26/2026 | 26 (71 pgs) | Movant Jack Aberman's Opposition to Objection filed by Interested Party NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and Memorandum of Law in Support of docket entries 2, 3, 4 and 5 and a certificate of service Filed by Jack Aberman (related document(s)22). (KB) (Entered: 05/27/2026) |
| 05/26/2026 | 27 (10 pgs) | Declaration of Movant Jack Aberman's Opposition to Objection filed by Interested Party NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and Memorandum of Law in Support of docket entries 2, 3, 4 and 5 and a certificate of service Filed by Jack Aberman (related document(s)26). (KB) (Entered: 05/27/2026) |
| 05/27/2026 | 25 (3 pgs) | Motion to Dismiss Adversary Proceeding Filed by Ocwen Loan Servicing LLC, PHH MORTGAGE CORPORATION Represented by GREGORY T. STURGES (Counsel). (STURGES, GREGORY) (Entered: 05/27/2026) |
| 05/27/2026 | 29 | Hearing Held on 4 Generic Motion Filed by Jack Aberman. Order entered denying motion. (PB) (Entered: 05/28/2026) |
| 05/27/2026 | 30 | Hearing Held on 5 Generic Motion Filed by Jack Aberman. Order entered denying motion. (PB) (Entered: 05/28/2026) |
| 05/27/2026 | 31 | Hearing Held on 3 Generic Motion Filed by Jack Aberman. Order entered denying motion. (PB) (Entered: 05/28/2026) |
| 05/27/2026 | 32 | Hearing Held on 1 Miscellaneous Proceeding Filed by In the Matter of the Registration of Discharge Orders. Order entered denying motion. (PB) (Entered: 05/28/2026) |
| 05/28/2026 | 28 (1 pg) | Notice of Appearance and Request for Notice by STEPHEN G. BRESSET Filed by STEPHEN G. BRESSET on behalf of Jack Aberman. (BRESSET, STEPHEN) (Entered: 05/28/2026) |
| | 33 (3 pgs; 2 docs) | Motion *Nunc Pro Tunc Motion to Reschedule Status Conference* Filed by Jack Aberman Represented by STEPHEN G. BRESSET (Counsel). (Attachments: # 1 Proposed Order) (BRESSET, STEPHEN) (Entered: |

| | | |
|---|---|---|
| 05/28/2026 | | 05/28/2026) |
| 05/28/2026 | 34<br>(1 pg) | Order Denying Verified Adversary Complaint to Enforce Discharge Injunction and For Damages, Denying Motion o Retain Jurisdiction and Preemptive Opposition To Transfer Under 28 U.S.C. 1412 (Related Doc # 3), Denying Motion For Leave To Proceed Pro Se As Individual Debtor and Declaration of Individual Standing(Related Doc # 4), Denying Motion For Leave To File Electronically and For Remote Appearance By Video/Telephone Filed by Jack Aberman (Related Doc # 5) (KB) (Entered: 05/28/2026) |
| 05/29/2026 | 35<br>(31 pgs) | Opposition to Response and Memorandum of Law filed by Defendant Select Portfolio Servicing, Inc. Filed by Jack Aberman (related document(s)21). (KB) (Entered: 05/29/2026) |
| 05/30/2026 | 36<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 34)). No. of Notices: 2. Notice Date 05/30/2026. (Admin.) (Entered: 05/31/2026) |
| 06/08/2026 | 37<br>(1 pg) | Notice of Inaccurate Filing. In Re: 33 Motion *Nunc Pro Tunc Motion to Reschedule Status Conference* Filed by Jack Aberman Represented by STEPHEN G. BRESSET (Counsel). (Attachments: # 1 Proposed Order) (related document(s)33). *No Notice of Motion has been filed.* Corrected Document due by 6/22/2026. (KB) (Entered: 06/08/2026) |
| 06/22/2026 | 38<br>(3 pgs; 2 docs) | **Incorrect Entry - Re-docketed at #39 to include date and time of hearing** Notice of (related document(s): 33 Motion *Nunc Pro Tunc Motion to Reschedule Status Conference*) Filed by Jack Aberman. (Attachments: # 1 Proposed Order) (BRESSET, STEPHEN) Modified on 6/23/2026 (KB). (Entered: 06/22/2026) |
| 06/22/2026 | 39<br>(3 pgs) | Notice of (related document(s): 33 Motion Nunc Pro Tunc Motion to Reschedule Status Conference Filed by Jack Aberman Represented by STEPHEN G. BRESSET . Hearing scheduled 7/15/2026 at 12:30 PM at Courtroom #4. (KB) *Re-docket of #38 to include time and date of hearing.* (Entered: 06/23/2026) |
| | 40<br>(11 pgs; 2 docs) | Memorandum in Opposition to *Nunc Pro Tunc Motion to Reschedule Status Conference* Filed by ALEXANDRA D. ROGIN on behalf of Select Portfolio Servicing, Inc. (related document(s)33). (Attachments: # 1 Exhibit A) (ROGIN, |

| | | |
|---|---|---|
| 07/06/2026 | | ALEXANDRA) (Entered: 07/06/2026) |
| 07/07/2026 | 41 (11 pgs) | Opposition Response to Generic Motion filed by Jack Aberman *to Reschedule Status Conf.* Filed by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER (related document(s)33). (FALK, TURNER) (Entered: 07/07/2026) |
| 07/14/2026 | 42 (2 pgs) | Application / *Joinder* Filed by Ocwen Loan Servicing LLC, PHH MORTGAGE CORPORATION Represented by GREGORY T. STURGES (Counsel). (STURGES, GREGORY) (Entered: 07/14/2026) |
| 07/15/2026 | 43 | Hearing Held on 33 Generic Motion Filed by Jack Aberman. Order to be entered. (PB)Modified on 7/16/2026 (PB). (Entered: 07/16/2026) |
| 07/16/2026 | 44 (2 pgs) | Order that the court shall exercise its inherent authority under sec 105(a) and hereby Order that debtor is enjoined from filing any further proceedings, pleadings, or documents of any kind alleging that a foreclosure on the Properties is void, without first seeking leave of Court, due to Debtor's apparent bad faith in continuing to request hearings on numerous filings and repeatedly not appearing, thereby wasting time and resources of the opposing parties and this Court. (KB) (Entered: 07/16/2026) |
| 07/18/2026 | 45 (4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 44)). No. of Notices: 2. Notice Date 07/18/2026. (Admin.) (Entered: 07/19/2026) |
| 08/03/2026 | 46 (9 pgs) | Motion Under Fed.R.Bankr.P.9023 and 9024 For Reconsideration and Vacatur of the July 16, 2026 and For Relief From The May 28, 2026 Order Filed by Jack Aberman Represented by Self(Counsel) (related document(s)44, 34) . (MK) (Entered: 08/03/2026) |
| 08/03/2026 | 47 (2 pgs) | Certificate of Service Filed by Jack Aberman (related document(s)46). (MK) (Entered: 08/03/2026) |
| 08/03/2026 | 48 (6 pgs; 2 docs) | Debtor's Application for Electronic Filing and Electronic Noticing Privileges Pending Disposition of Debtor's Motion Under Rules 9023 & 9024 Filed by Jack Aberman Represented by Self(Counsel). . (Attachments: # 1 Proposed Order) (MK) (Entered: 08/03/2026) |
| | 49 | Certificate of Service Filed by Jack Aberman (related |

| | | |
|---|---|---|
| 08/03/2026 | (1 pg) | document(s)48). (MK) (Entered: 08/03/2026) |
| 08/03/2026 | 50 (5 pgs) | Exhibit A Filed by Jack Aberman . (MK) (Entered: 08/03/2026) |
| 08/03/2026 | 51 (4 pgs) | Exhibit B Filed by Jack Aberman . (MK) (Entered: 08/03/2026) |
| 08/05/2026 | 52 (1 pg) | Notice to Take Action re: Motion to Reconsider filed by Jack Aberman, Generic Motion filed by Jack Aberman (related document(s)46, 48). Notice of Motion Needed. Documents due by: 8/19/2026. (AC) (Entered: 08/05/2026) |
| | 53 (1 pg) | Courts Certificate of Mailing Re: Notice to Take Action. The following Party(s) have been notified: Debtor - via Regular mail through the BNC Jack Aberman - via Regular mail |
| 08/05/2026 | | through the BNC at 428 N. Peninsula Drive Daytona Beach, FL 32118. (related document(s)52). (AC) (Entered: 08/05/2026) |
| 08/07/2026 | 54 (3 pgs) | BNC Certificate of Mailing - Notice to Take Action on Missing Documents. Number of Notices Mailed: (related document(s) (Related Doc # 52)). No. of Notices: 1. Notice Date 08/07/2026. (Admin.) (Entered: 08/08/2026) |
| 08/07/2026 | 55 (3 pgs) | BNC Certificate of Mailing -Court's Certificate of Mailing or Service. Number of Notices Mailed: (related document(s) (Related Doc # 53)). No. of Notices: 2. Notice Date 08/07/2026. (Admin.) (Entered: 08/08/2026) |
| 08/24/2026 | 56 (1 pg) | Notice of (related document(s): 46 Motion Under Fed.R.Bankr.P.9023 and 9024 For Reconsideration and Vacatur of the July 16, 2026 and For Relief From The May 28, 2026 Order Filed by Jack Aberman) Filed by Jack Aberman . Hearing scheduled 9/9/2026 at 12:30 PM at Courtroom #4. (KB) (Entered: 08/24/2026) |
| 08/24/2026 | 57 (1 pg) | Proposed Order Re: Motion Under Fed.R.Bankr.P.9023 and 9024 For Reconsideration and Vacatur of the July 16, 2026 and For Relief From The May 28, 2026 Order Filed by Jack Aberman Filed by Jack Aberman (related document(s)46). (KB) (Entered: 08/24/2026) |
| | 58 (1 pg) | Notice of Motion, Response Deadline, and Hearing Date Filed by Jack Aberman, Re: Motion to Discharge Counsel of Record....(Motion has not been filed with court) . Hearing scheduled 9/9/2026 at 12:30 PM at Courtroom #4. (KB) |

| | | |
|---|---|---|
| 08/24/2026 | | (Entered: 08/24/2026) |
| 08/24/2026 | 59<br>(1 pg) | Proposed Order Re: Motion to Discharge Counsel of Record....(Motion has not been filed with court) Filed by Jack Aberman (related document(s)58). (KB) (Entered: 08/24/2026) |
| 08/24/2026 | 60<br>(5 pgs; 2 docs) | Motion to Extend time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B) Filed by Jack Aberman Represented by Self(Counsel). (Attachments: # 1 Proposed Order) (KB) (Entered: 08/24/2026) |
| 08/24/2026 | 61<br>(1 pg) | Notice of (related document(s): 60 Motion to Extend time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B)) Filed by Jack Aberman . Hearing scheduled 9/9/2026 at 12:30 PM at Courtroom #4. (KB) (Entered: 08/24/2026) |
| 08/24/2026 | 62<br>(4 pgs) | Letter with attached Exhibits to the court, re: previous and new filings and court mailings Filed by Jack Aberman . (KB) (Entered: 08/24/2026) |
| 08/24/2026 | 63<br>(1 pg) | Certificate of Service of all 8/24 filings (proposed orders, notices and Motion) Filed by Jack Aberman (related document(s)57, 60, 62, 56, 61, 59, 58). (KB) (Entered: 08/24/2026) |
| 09/01/2026 | 64<br>(14 pgs) | Response to Motion to Reconsider filed by Jack Aberman Filed by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER (related document(s)46). (FALK, TURNER) (Entered: 09/01/2026) |
| 09/03/2026 | 65<br>(3 pgs) | Joinder to *NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S Response to Motion to Reconsider* Filed by ALEXANDRA D. ROGIN on behalf of Select Portfolio Servicing, Inc. (related document(s)64). (ROGIN, ALEXANDRA) (Entered: 09/03/2026) |
| 09/09/2026 | 66<br>(2 pgs) | Notice of Appearance and Request for Notice by LUCY GEORGIA SUMNER Filed by LUCY GEORGIA SUMNER on behalf of Ocwen Loan Servicing LLC, PHH MORTGAGE CORPORATION. (SUMNER, LUCY) (Entered: 09/09/2026) |

# PACER Service Center

## Transaction Receipt

09/10/2026 13:28:30

| | | | |
|---|---|---|---|
| **PACER Login:** | SAMSON2010 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 26-03002-amc Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**26-03002-amc** In the Matter of the Registration of Discharge Ord
**Case type:** mp **Chief Judge:** Ashely M. Chan
**Date filed:** 04/06/2026 **Date of last filing:** 09/13/2026

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 72 | *Filed:* 09/13/2026<br>*Entered:* 09/14/2026 | BNC Certificate of Mailing - PDF Document |
| 73 | *Filed:* 09/13/2026<br>*Entered:* 09/14/2026 | BNC Certificate of Mailing - PDF Document |
| 70 | *Filed & Entered:* 09/11/2026 | Order on Motion To Reconsider |
| 71 | *Filed & Entered:* 09/11/2026 | Order on Motion to Extend / Shorten Time |
| 66 | *Filed & Entered:* 09/09/2026 | Notice of Appearance |
| 67 | *Filed:* 09/09/2026<br>*Entered:* 09/10/2026 | CHAP - Hearing Held (Bk) |
| 68 | *Filed:* 09/09/2026<br>*Entered:* 09/11/2026 | CHAP - Hearing Held (Bk) |
| 69 | *Filed:* 09/09/2026<br>*Entered:* 09/11/2026 | CHAP - Hearing Held (Bk) |
| 65 | *Filed & Entered:* 09/03/2026 | Joinder |
| 64 | *Filed & Entered:* 09/01/2026 | Response |
| 56 | *Filed & Entered:* 08/24/2026 | Notice of Motion |
| 57 | *Filed & Entered:* 08/24/2026 | Proposed Order |
| 58 | *Filed & Entered:* 08/24/2026 | Notice of Motion |
| 59 | *Filed & Entered:* 08/24/2026 | Proposed Order |
| 60 | *Filed & Entered:* 08/24/2026<br>*Terminated:* 09/11/2026 | Motion to Extend / Shorten Time |
| 61 | *Filed & Entered:* 08/24/2026 | Notice of Motion |
| 62 | *Filed & Entered:* 08/24/2026 | Document |
| 63 | *Filed & Entered:* 08/24/2026 | Certificate of Service |
| 54 | *Filed:* 08/07/2026<br>*Entered:* 08/08/2026 | BNC Certificate of Mailing - Notice to Take Action on Missing Documents |
| 55 | *Filed:* 08/07/2026<br>*Entered:* 08/08/2026 | BNC Certificate of Mailing -Court's Certificate of Mailing or Service |
| 52 | *Filed & Entered:* 08/05/2026 | Notice to Take Action |
| 53 | *Filed & Entered:* 08/05/2026 | Court's Certificate of Mailing or Service |
| 46 | *Filed & Entered:* 08/03/2026<br>*Terminated:* 09/11/2026 | Motion to Reconsider |
| 47 | *Filed & Entered:* 08/03/2026 | Certificate of Service |
| 48 | *Filed & Entered:* 08/03/2026 | Generic Motion |
| 49 | *Filed & Entered:* 08/03/2026 | Certificate of Service |
| 50 | *Filed & Entered:* 08/03/2026 | Exhibit |

| | | |
|---|---|---|
| 51 | *Filed & Entered:* 08/03/2026 | Exhibit |
| 45 | *Filed:* 07/18/2026<br>*Entered:* 07/19/2026 | BNC Certificate of Mailing - PDF Document |
| 44 | *Filed & Entered:* 07/16/2026 | Order (Generic) |
| 43 | *Filed:* 07/15/2026<br>*Entered:* 07/16/2026 | CHAP - Hearing Held (Bk) |
| 42 | *Filed & Entered:* 07/14/2026 | Generic Application |
| 41 | *Filed & Entered:* 07/07/2026 | Response |
| 40 | *Filed & Entered:* 07/06/2026 | Memorandum in Opposition |
| 38 | *Filed & Entered:* 06/22/2026 | Notice of Motion |
| 39 | *Filed:* 06/22/2026<br>*Entered:* 06/23/2026 | Notice of Motion |
| 37 | *Filed & Entered:* 06/08/2026 | Notice of Inaccurate Filing (ap) |
| 36 | *Filed:* 05/30/2026<br>*Entered:* 05/31/2026 | BNC Certificate of Mailing - PDF Document |
| 35 | *Filed & Entered:* 05/29/2026 | Objection |
| 28 | *Filed & Entered:* 05/28/2026 | Notice of Appearance |
| 33 | *Filed & Entered:* 05/28/2026 | Generic Motion |
| 34 | *Filed & Entered:* 05/28/2026 | Order on Generic Motion |
| 34 | *Filed & Entered:* 05/28/2026 | Order on Generic Motion |
| 34 | *Filed & Entered:* 05/28/2026 | Order on Generic Motion |
| 25 | *Filed & Entered:* 05/27/2026 | Motion to Dismiss Adversary Proceeding |
| 29 | *Filed:* 05/27/2026<br>*Entered:* 05/28/2026 | CHAP - Hearing Held (Bk) |
| 30 | *Filed:* 05/27/2026<br>*Entered:* 05/28/2026 | CHAP - Hearing Held (Bk) |
| 31 | *Filed:* 05/27/2026<br>*Entered:* 05/28/2026 | CHAP - Hearing Held (Bk) |
| 32 | *Filed:* 05/27/2026<br>*Entered:* 05/28/2026 | CHAP - Hearing Held (Bk) |
| 23 | *Filed & Entered:* 05/26/2026 | Notice of Appearance |
| 24 | *Filed & Entered:* 05/26/2026 | Response |
| 26 | *Filed:* 05/26/2026<br>*Entered:* 05/27/2026 | Response |
| 27 | *Filed:* 05/26/2026<br>*Entered:* 05/27/2026 | Declaration |
| 20 | *Filed & Entered:* 05/20/2026 | Document |
| 21 | *Filed & Entered:* 05/20/2026 | Response |
| 22 | *Filed & Entered:* 05/20/2026 | Objection |
| 19 | *Filed & Entered:* 05/19/2026 | Notice of Appearance |
| 18 | *Filed:* 05/08/2026<br>*Entered:* 05/11/2026 | Certificate of Service |

| | | |
|---|---|---|
| 14 | *Filed:* 04/29/2026<br>*Entered:* 04/30/2026 | CHAP - Hearing Continued (Bk) |
| 15 | *Filed:* 04/29/2026<br>*Entered:* 04/30/2026 | CHAP - Hearing Continued (Bk) |
| 16 | *Filed:* 04/29/2026<br>*Entered:* 04/30/2026 | CHAP - Hearing Continued (Bk) |
| 17 | *Filed:* 04/29/2026<br>*Entered:* 04/30/2026 | CHAP - Hearing Continued (Bk) |
| 13 | *Filed:* 04/24/2026<br>*Entered:* 04/25/2026 | BNC Certificate of Mailing - PDF Document |
| 10 | *Filed & Entered:* 04/22/2026 | Motion to Expedite Hearing |
| 11 | *Filed & Entered:* 04/22/2026 | Scheduling Hearing |
| 12 | *Filed & Entered:* 04/22/2026 | Document |
| 8 | *Filed:* 04/17/2026<br>*Entered:* 04/19/2026 | BNC Certificate of Mailing - PDF Document |
| 9 | *Filed:* 04/17/2026<br>*Entered:* 04/19/2026 | BNC Certificate of Mailing - PDF Document |
| 6 | *Filed & Entered:* 04/15/2026 | Scheduling Hearing |
| 7 | *Filed & Entered:* 04/15/2026 | Attach PDF Document |
| 1 | *Filed:* 04/06/2026<br>*Entered:* 04/14/2026 | Miscellaneous Proceeding |
| 2 | *Filed:* 04/06/2026<br>*Entered:* 04/14/2026 | Document |
| 3 | *Filed:* 04/06/2026<br>*Entered:* 04/14/2026<br>*Terminated:* 05/28/2026 | Generic Motion |
| 4 | *Filed:* 04/06/2026<br>*Entered:* 04/14/2026<br>*Terminated:* 05/28/2026 | Generic Motion |
| 5 | *Filed:* 04/06/2026<br>*Entered:* 04/14/2026<br>*Terminated:* 05/28/2026 | Generic Motion |

## PACER Service Center

### Transaction Receipt

09/14/2026 14:40:47

| | | | |
|---|---|---|---|
| **PACER Login:** | SAMSON2010 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 26-03002-amc Type: History |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**26-03002-amc** In the Matter of the Registration of Discharge Ord
**Case type:** mp **Chief Judge:** Ashely M. Chan
**Date filed:** 04/06/2026 **Date of last filing:** 09/09/2026

# Parties

| | | |
|---|---|---|
| **Jack Aberman**<br>428 N. Peninsula Drive<br>Daytona Beach, FL 32118<br>*Added: 04/14/2026*<br>*()* | represented by | **STEPHEN G. BRESSET**<br>Bresset & Santora, LLC<br>812 Court Street<br>Honesdale, PA 18431<br>570-253-5953<br>570-253-2926 (fax)<br>sbresset@bressetsantora.com<br>*Assigned: 05/28/26* |
| **In the Matter of the Registration of Discharge Orders**<br>*Added: 04/14/2026*<br>*(In re:)* | | |
| **NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**<br>*Added: 05/20/2026*<br>*(Interested Party)* | represented by | **TURNER N. FALK**<br>Saul Ewing LLP<br>1735 Market Street<br>34th Floor<br>Philadelphia, PA 19103<br>215-972-8415<br>turner.falk@saul.com<br>*Assigned: 05/20/26*<br><br>**EVAN THOMAS MILLER**<br>Saul Ewing LLP<br>1201 N. Market Street, Suite 2300<br>P. O. Box 1266<br>Wilmington, DE 19899<br>302-421-6864<br>evan.miller@saul.com<br>*Assigned: 05/27/26*<br>*LEAD ATTORNEY* |
| **Ocwen Loan Servicing LLC**<br>*Added: 05/27/2026*<br>*(Interested Party)* | represented by | **GREGORY T. STURGES**<br>Greenberg Traurig, P.A<br>1717 Arch Street<br>Suite 400<br>Philadelphia, PA 19103<br>215-988-7820<br>215-988-7801 (fax) |

sturgesg@gtlaw.com
*Assigned: 05/27/26*

**LUCY GEORGIA SUMNER**
Greenberg Traurig, P.A
1717 Arch St
Suite 400
Philadelphia, PA 19103
215-988-7808
lucy.sumner@gtlaw.com
*Assigned: 09/09/26*

| | | |
|---|---|---|
| **PHH MORTGAGE CORPORATION**<br>*Added: 05/27/2026*<br>*(Interested Party)* | represented by | **GREGORY T. STURGES**<br>Greenberg Traurig, P.A<br>1717 Arch Street<br>Suite 400<br>Philadelphia, PA 19103<br>215-988-7820<br>215-988-7801 (fax)<br>sturgesg@gtlaw.com<br>*Assigned: 05/27/26*<br><br>**LUCY GEORGIA SUMNER**<br>Greenberg Traurig, P.A<br>1717 Arch St<br>Suite 400<br>Philadelphia, PA 19103<br>215-988-7808<br>lucy.sumner@gtlaw.com<br>*Assigned: 09/09/26* |
| **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>*Added: 05/26/2026*<br>*(Respondent)* | represented by | **JORDAN MATTHEW KATZ**<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>13010 Morris Rd.<br>Suite 450<br>Alpharetta, GA 30004<br>215-385-6789<br>jkatz@raslg.com<br>*Assigned: 05/26/26* |
| **Select Portfolio Servicing, Inc.**<br>*Added: 05/19/2026*<br>*(Respondent)* | represented by | **ALEXANDRA D. ROGIN**<br>Eckert Seamans Cherin & Mellott<br>50 S. 16th Street<br>22nd Floor<br>Philadelphia, PA 19102<br>215 851 8401<br>arogin@eckertseamans.com<br>*Assigned: 05/19/26* |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/10/2026 13:18:35 | | | |
| **PACER Login:** | SAMSON2010 | **Client Code:** | |
| **Description:** | Party List | **Search Criteria:** | 26-03002-amc |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT 9

Nationstar Response, Doc. No. 41 (July 7, 2026); Nationstar Response in Opposition, Doc. No. 64 (Sept. 1, 2026); and SPS Joinder, Doc. No. 65 (Sept. 3, 2026)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of Registration of Discharge Orders | ) | Miscellaneous Proceeding |
| | ) | |
| | ) | No. 26-3002 (AMC) |
| JACK ABERMAN, | ) | |
| | ) | Chief Judge Ashely M. Chan |
| Debtor/Movant | ) | |

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S RESPONSE IN OPPOSITION TO NUNC PRO TUNC MOTION TO RESCHEDULE STATUS CONFERENCE [D.I. 33]**

Nationstar Mortgage LLC d/b/a Mr. Cooper ("**Nationstar**"),[1] by and through undersigned counsel, files this response in opposition to the *Nunc Pro Tunc Motion to Reschedule Status Conference* [D.I. 33] (the "**Status Conference Motion**") filed by Jack Aberman, and states as follows:

**PRELIMINARY STATEMENT[2]**

1. Mr. Aberman failed to attend the Hearing regarding the very Pleadings he filed to initiate this case. He did so with no notice to the Court, let alone any other attendees, and the only post hac excuse he has offered is that he failed to properly calendar it. Given his Court-ordered obligation to provide notice of the Hearing—which he presumably complied with—his excuse is simply implausible. The Status Conference Motion should be denied and the door should remain closed on this particular chapter of his multi-court litigation.

2. As previously set forth in the Nationstar Response, Mr. Aberman is a vexatious litigant, engaged in a years-long campaign of frivolous litigation against various secured mortgage creditors seeking foreclosures on the properties held by GEA Seaside Investments, Inc.

[1] Effective February 2, 2026, Rocket Mortgage, LLC is the successor by merger to Nationstar Mortgage LLC d/b/a Mr. Cooper.

[2] Capitalized terms in the Preliminary Statement have the same meaning as elsewhere in this Response.

(**"GEA Seaside"**), Mr. Aberman's company and a former Florida debtor in its own right. Per his own pleadings, Mr. Aberman filed numerous actions in state, district and bankruptcy courts seeking to enjoin these foreclosures, and lost them all.

3. After Mr. Aberman failed to attend the May 27th Hearing, this Court properly denied all Pleadings, and no new substantive motions of any kind have been filed since then. The Status Conference Motion is thus inherently moot because it seeks a status conference when there are no pending motions.

4. It follows that Mr. Aberman cannot obtain any of the relief he desires in this case without seeking reconsideration of the denied Pleadings. The Status Conference Motion specifically pleads facts showing that reconsideration is not appropriate here. There is no change in controlling law, and Mr. Aberman asserts none. There is no new evidence.

5. There was likewise no excusable neglect. To repeat, Mr. Aberman specifically failed to appear for a hearing he requested. Any assertion of mistake is further belied by his own contemporaneous conduct in other courts—namely, Mr. Aberman was also expected to appear before the Seventh Judicial Circuit Court (Volusia County) of Florida (**"Florida State Court"**) on May 28, 2026, when his *Motions for Separate Evidentiary Hearing on Attorney Violations, Discharge Injunction Enforcement, Sanctions Under Fla. Stat. 57.105, and Criminal Referrals, as well as an Emergency Motion to Reconsider, Vacate Void Sale, Cancel Certificate of Title, and Memorandum of Law* were being heard.[3] According to the case's public docket, however, he simply failed to attend, and a ruling was entered accordingly. This conduct—*the very day after the Hearing before this Court*— demonstrates the pattern of wasted time and abuse of the

[3] *See* Florida State Court Case No. 2024-12045.

judicial process that Nationstar has previously brought to this Court's attention,[4] and certainly undermines any plausible claims of excusable neglect.

6. At bottom, Mr. Aberman has no pending request for any relief, and cannot make any successful request for relief from this Court. The Status Conference Motion will merely waste more of the parties' time (including the Court), drag out this already concluded matter, and cause Nationstar to incur further unnecessary costs, to its great prejudice. It must be denied.

## BACKGROUND

7. On April 6, 2026, Mr. Aberman filed the *Verified Adversary Complaint to Enforce Discharge Injunction and for Damages* [D.I. 2] (the "**Discharge Enforcement Complaint**")[5], the *Motion to Retain Jurisdiction and Preemptive Opposition to Transfer Under 28 U.S.C. § 1412* [D.I. 3] (the "**Jurisdiction Motion**"), the *Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing* [D.I. 4] (the "**Pro Se Motion**") and the *Motion for Leave to File Electronically and for Remote Appearance by Video/Telephone* [D.I. 5] (the "**Remote Appearance Motion**", together with the Discharge Enforcement Complaint, the Pro Se Motion, and the Jurisdiction Motion, the "**Pleadings**").

8. On April 15, 2026, this Court issued an order setting a status hearing ("**Hearing**") for April 29, 2026, and directed Mr. Aberman to serve the order on all parties. *See* D.I. 6.

9. On April 22, 2026, Mr. Aberman moved for a continuance of the Hearing. *See* D.I. 10. The Court granted this continuance on the same day, entering an order setting the Hearing for June 27, 2026 and directing Mr. Aberman to serve all parties with the Pleadings and

---

[4] *See* Nationstar Response, defined *infra*. D.I. 22.

[5] Notwithstanding its characterization as a "Complaint," the docket of this proceeding indicates the Discharge Enforcement Complaint is being treated as a motion. *See* Docket Text, D.I. 11 ("Debtor shall complete service of the Status Hearing Order [Doc. No. 6] and the related ***motions*** [Doc. Nos. 2, 3, 4, and 5]") (emphasis added).

the second order. *See* D.I. 11. It is unclear whether Mr. Aberman ever did so, as no certification of service of this second order appears on the docket.

10. On May 20, 2026, Nationstar filed *Nationstar Mortgage LLC D/B/A Mr. Cooper's Initial Omnibus Response in Opposition to Debtors' Verified Adversary Complaint to Enforce Discharge Injunction and for Damages [D.I. 2]; Motion to Retain Jurisdiction and Preeptive Opposition to Transfer Under 28 U.S.C. § 1412 [D.I. 3]; Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing [D.I. 4] and Motion for Leave to File Electronically and for Remote Appearance by Video/Telephone [D.I. 5]* [D.I. 22] (the "**Nationstar Response**"), opposing all relief in the Pleadings on substantive grounds.[6]

11. Nationstar's counsel attended the May 27, 2026 Hearing, as did a number of other parties in interest. Without any explanation or notice to any party in interest, Mr. Aberman did not appear, so this Court denied all of his Pleadings. An order to that effect was entered on May 28, 2026. *See* D.I. 34.

12. On May 28, 2026, after the conclusion of the Hearing, counsel for Mr. Aberman filed the Status Conference Motion. The original Status Conference Motion did not include a notice, hearing date or certification of service. Mr. Aberman waited twenty-five days, then noticed the Status Conference Motion for July 15, 2026. No certification of service is yet on file for the motion or associated notice.

13. Nationstar responds in opposition to the Status Conference Motion, which must be denied because there are no pending motions for relief, and this Court cannot grant effective relief even if a motion for reconsideration is properly made.

---

[6] Bank of New York Mellon Trust Company, N.A. ("**BNY**") and U.S. Bank National Association ("**USB**", and together with BNY, the "**Trustees**"), solely in their capacities as trustees for certain mortgage-backed security trusts, are beneficiaries of certain mortgages in favor of the trusts. Nationstar is the servicer of those mortgages. Mr. Aberman does not clearly identify which mortgages or properties are implicated in this matter.

## ARGUMENT

### A. The Status Conference Motion Seeks a Status About Nothing

14. A status conference is an opportunity for parties to a case to discuss future case events, to address scheduling, discovery and other logistics. The entire purpose of a status conference is to deal with pending matters in an open case. Indeed, the Hearing, as originally set on April 15th, was to address the Pleadings. Yet the Pleadings have already been resolved, and the only pending motion before this Court is the Status Conference Motion itself.

15. Said differently, the Discharge Enforcement Complaint asserts alleged claims for violation of a bankruptcy discharge injunction, contempt of that same injunction, a declaratory judgment finding that sales violating the injunction are void, RICO claims based on a conspiracy to violate the injunction, quiet title based on foreclosures in violation of the injunction, and conversion based on wrongful foreclosures in violation of the injunction. Every claim raised in the Discharge Enforcement Complaint relies on the argument that a foreclosure on Mr. Aberman's real properties violates the discharge injunction. The other Pleadings seek mere procedural relief.

16. It follows, then, that Mr. Aberman cannot obtain any form of effective relief from this Court unless he is able to pursue the claims and arguments in the Discharge Enforcement Complaint. As noted above, the Discharge Enforcement Complaint was denied by this Court's May 28, 2026 order, which is now final and unappealable. The Status Conference Motion thus seeks a hearing that can only be about an as-of-yet unfiled motion. Such a hearing cannot accomplish any useful goal aside from prolonging proceedings and causing delay, so the motion must be denied as moot for that reason alone.

**B. A Status Conference Is Unnecessary Because Mr. Aberman Cannot Obtain Effective Relief**

17. For the reasons set forth in the Nationstar Response (which is incorporated in full) and those that follow, a status conference is a waste of all parties' time and resources. As an initial matter, the relief sought in the Pleadings is hopelessly and impermissibly duplicative of relief Mr. Aberman already seeks (and has sought) in several other courts. Regardless, the only valid means to revive the Pleadings at this point is via reconsideration. For the reasons set forth *infra*, reconsideration is inappropriate.

18. Per Fed. R. Civ. P. 60, applicable pursuant to Fed. R. Bankr. P. 9024,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In the context of reconsideration, "mistake" and "inadvertence" mean a legal or factual mistake made by the Court. *See In re Bryan Rd., LLC*, 389 B.R. 297, 300 (Bankr. S.D. Fla. 2008). Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (analyzing "excusable neglect" concept under Fed. R. Bankr. P. 9006). Whether neglect is excusable is an equitable determination that should be made after consideration of all relevant factors including "(1) 'the danger of prejudice [to the non-moving party]'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the

reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *In re DeMartino*, 484 B.R. 550, 556 (Bankr. E.D.N.Y. 2012), *aff'd*, 2014 WL 1572580 (E.D.N.Y. Apr. 17, 2014) (applying *Pioneer* to Fed. R. Civ. P. 60 reconsideration analysis) *quoting Pioneer*, 507 U.S. at 388.

19. Certain kinds of neglect are presumptively not excusable. When a failure to appear at a pretrial conference due to a calendaring error resulted in a default judgment against a debtor, the court held that "an error in Defendant's counsel's scheduling and calendaring process" was not excusable neglect. *In re Cavendish*, 608 B.R. 802, 804 (Bankr. E.D. Mich. 2019) (denying reconsideration of order entered because of debtor's failure to appear due to calendaring error).

20. In another case, a litigious pro se party failed to appear for a scheduling conference, and the court entered judgment against him. The pro se plaintiff alleged that an injury to his leg prevented him for getting his mail, so he did not learn of the scheduled date. That court denied the pro se plaintiff's reconsideration motion, finding there was no excusable neglect:

> The fact that Flaherty has commenced more than 20 actions in the Eastern District over the past 15 years, reveals that Flaherty is no stranger to the Court and its rules. The fact that Flaherty failed to appear for two court conferences of which he had adequate notice demonstrates a blatant disrespect to the Court and to his adversaries. The Court finds that the defendants were forced to incur unnecessary time and expense for the two court appearances at issue. Moreover, Flaherty has failed to offer a convincing explanation or exceptional circumstances which warrant relief from the dismissal of this action. Because the circumstances of this case do not present grounds justifying relief, the Court need not examine the merits of Flaherty's claims.

*Flaherty v. Hackeling*, 221 F.R.D. 383, 387 (E.D.N.Y. 2004).

21. In the present case, there is obviously no pending motion for reconsideration. Yet the existing facts show that such a motion would be meritless, so a status conference to discuss

future case events would not aid any party or the Court. First, there can be no "newly discovered evidence," since the Status Conference Motion was filed the day after the original Hearing that Mr. Aberman failed to attend. There is – quite literally – no time for new facts to have been discovered.

22. Second, there is no fraud by any party opposing Mr. Aberman. By his own admission in the Status Conference Motion, Mr. Aberman simply failed to appear, and this led to the entry of the order denying his Pleadings. No party deceived him—indeed, Mr. Aberman *did the exact same thing in the Florida State Court the very next day.*

23. Third, the order denying the Pleadings is not void, and has not been satisfied, released or discharged.

24. Thus, the only potential ground for reconsideration is Mr. Aberman's "mistake, inadvertence, surprise, or excusable neglect."[7] The Court made no legal or factual mistake in denying the Pleadings, because it is beyond dispute that Mr. Aberman, the movant, inexplicably failed to appear for a hearing on his own Pleadings.

25. The facts laid out in the Status Conference Motion are strikingly similar to those in *Flaherty* and *Cavendish*. In this case, as in those cases, Mr. Aberman failed to appear in a proceeding where he was the party requesting relief. He had notice of the Hearing date, because he himself requested that hearing. He was under court order to serve notice of the Hearing date upon all parties, so he has no reasonable excuse to overlook same. *Cavendish* demonstrates that a calendaring failure is not excusable neglect. It likewise bears repeating he failed to appear for a scheduled hearing in Florida State Court the very next day.

[7] The catch-all provision of Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)." *United States v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala.* 920 F.2d 788, 791 (11th Cir. 1991).

26. In addition to the lack of excusable neglect in attending the status conference, Mr. Aberman cannot offer a good faith reason for his delay in seeking reconsideration. It is now over five weeks since his Pleadings were denied and he has not even requested reconsideration yet. This delay has caused material prejudice to Nationstar, as counsel has been forced to monitor this proceeding and respond to the instant Status Conference Motion, incurring costs to prevent Mr. Aberman from recommencing his frivolous litigation.

27. To be clear, the underlying litigation itself is clearly frivolous, as already extensively set forth in the Nationstar Response. In short, Mr. Aberman's entire argument relies on the false assumption that the applicable mortgages and their associated liens were discharged or satisfied in prior bankruptcy proceedings, and that this Court has any jurisdiction, authority, or interest in upending foreclosure proceedings occurring in the Florida State Court. He seeks simultaneous, identical relief in multiple different courts, including the U.S. District Court for the District of Delaware.[8] Even if one could look past the patent procedural deficiencies in Mr. Aberman's pleadings, their substance dooms them.

28. The Status Conference Motion can only function as a delaying tactic, leading towards an eventual substantive request that must satisfy the standard for reconsideration. Because the facts already known to the Court show reconsideration is inappropriate, and because the underlying substantive request is also meritless, the Status Conference Motion must be denied.

[8] As recently as June 27, 2026, Mr. Aberman filed a motion to seeking permission to file an amended complaint (*see* Case No. 26-269-JLH-CJB, D.I. 54), which motion was itself filed following multiple defendants' motions to dismiss. *See* Case No. 26-269-JLH-CJB, D.I. 30, 47, 50.

## JOINDER

29. To the extent not inconsistent with this Response, Nationstar joins in the objections to the Status Conference Motion filed by other parties, including *Defendant Select Portfolio Servicing Inc's Response in Opposition to Plaintiff's Nunc Pro Tunc Motion to Reschedule Status Conference* [D.I. 40].

## CONCLUSION

The Court must deny the Status Conference Motion, which is moot and cannot lead to any meritorious request for relief.

Dated: July 7, 2026

By: */s/ Turner N. Falk*

**SAUL EWING LLP**
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com

-and-

Evan T. Miller, Esq.
1201 N. Market St., Suite 2300
Wilmington, DE 19801
(302) 421-6800
Evan.miller@saul.com

*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of Registration of Discharge Orders | ) | Miscellaneous Proceeding |
| | ) | |
| | ) | No. 26-3002 (AMC) |
| JACK ABERMAN, | ) | |
| | ) | Chief Judge Ashely M. Chan |
| Debtor/Movant | ) | |

**CERTIFICATION OF SERVICE**

I, Turner N. Falk:, certify that on July 7, 2026, I did cause a true and correct copy of the documents described below to be served on all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- *Nationstar Mortgage LLC d/b/a Mr. Cooper's Response in Opposition to Nunc Pro Tunc Motion to Reschedule Status Conference [D.I. 33]*

Dated: July 7, 2026

By: */s/ Turner N. Falk*

**SAUL EWING LLP**
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com
*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of Registration of Discharge Orders | ) | Miscellaneous Proceeding |
| | ) | |
| | ) | No. 26-3002 (AMC) |
| JACK ABERMAN, | ) | |
| | ) | Chief Judge Ashely M. Chan |
| Debtor/Movant | ) | |

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION UNDER FED. R. BANKR. P. 9023 AND 9024 FOR RECONSIDERATION AND VACATUR OF THE JULY 16, 2026 ORDER AND FOR RELIEF FROM THE MAY 28, 2026 ORDER [D.I. 46]**

Nationstar Mortgage LLC d/b/a Mr. Cooper ("**Nationstar**"),[1] by and through undersigned counsel, files this response in opposition to the *Debtor's Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order and for Relief from the May 28, 2026 Order* [D.I. 46] (the "**Reconsideration Motion**") filed by Jack Aberman, and states as follows:

## PRELIMINARY STATEMENT[2]

1. Mr. Aberman failed to attend the Hearing regarding the very Pleadings he filed to initiate this case, and the hearing he requested seeking a status conference aimed at reviving those Pleadings. He did so with no notice to the Court, let alone any other attendees, and the only post hac excuse he has offered is that he failed to properly calendar these hearings, and hired counsel who made the exact same calendaring error.

2. The Court properly entered a Bar Order requiring Mr. Aberman to obtain leave of Court – to make some initial showing on the merits – before his substantive arguments could be

[1] Effective February 2, 2026, Rocket Mortgage, LLC is the successor by merger to Nationstar Mortgage LLC d/b/a Mr. Cooper.

[2] Capitalized terms in the Preliminary Statement have the same meaning as elsewhere in this Response.

considered. He now moves, via the Reconsideration Motion, to vacate the Bar Order so that he will no longer have to make any showing on the merits before he files further frivolous or vexatious pleadings.

3. As previously set forth in the Nationstar Responses, Mr. Aberman is a vexatious litigant, engaged in a years-long campaign of frivolous litigation against various secured mortgage creditors seeking foreclosures on the properties held by GEA Seaside Investments, Inc. ("**GEA Seaside**"), Mr. Aberman's company and a former Florida debtor in its own right. Per his own pleadings, Mr. Aberman filed numerous actions in state, district and bankruptcy courts seeking to enjoin these foreclosures, and lost them all. By now, it is beyond self-evident that the ongoing waste Mr. Aberman seeks to sow through his constant duplicative filings is not simply a byproduct, it is the entire point.

4. It follows that Mr. Aberman cannot obtain any of the relief he desires in this case without seeking reconsideration of the denied Pleadings. The Status Conference Motion specifically pled facts showing that reconsideration is not appropriate here, and the Reconsideration Motion adds new facts showing **inexcusable** neglect, not excusable neglect meriting reconsideration. There is no change in controlling law, and Mr. Aberman asserts none. There is no new evidence.

5. After Mr. Aberman failed to attend the May 27th Hearing, this Court properly denied all Pleadings, and no new substantive motions of any kind have been filed since then. Mr. Aberman and his counsel then failed to attend the July 15th hearing on their request for a status conference. This second failure to appear warranted the Court's entry of the Bar Order.

6. Any assertion of mistake is further belied by his own contemporaneous conduct in other courts — namely, Mr. Aberman was also expected to appear before the Seventh Judicial

Circuit Court (Volusia County) of Florida ("**Florida State Court**") on May 28, 2026, when his *Motions for Separate Evidentiary Hearing on Attorney Violations, Discharge Injunction Enforcement, Sanctions Under Fla. Stat. 57.105, and Criminal Referrals, as well as an Emergency Motion to Reconsider, Vacate Void Sale, Cancel Certificate of Title, and Memorandum of Law* were being heard. According to the case's public docket, however, he simply failed to attend, and a ruling was entered accordingly. This conduct — *the very day after the May hearing before this Court*— demonstrates the pattern of wasted time and abuse of the judicial process that Nationstar has previously brought to this Court's attention,[3] and certainly undermines any plausible claims of excusable neglect.[4]

7. At bottom, Mr. Aberman's pending request for substantive relief is – at most – a single sentence in the Reconsideration Motion alleging that Mr. Aberman's arguments in the Pleadings should be heard on the merits. This request falls far short of the showing necessary for reconsideration.

8. The Bar Order should not be lifted, as doing so will merely waste more of the parties' time (including the Court), drag out this already concluded matter, and cause Nationstar to incur further unnecessary costs, to its great prejudice. The Reconsideration Motion must be denied.

## BACKGROUND

3 *See* Nationstar Response, defined *infra*. D.I. 22.

4 The Court should be aware that Mr. Aberman continues his improper parallel path seeking duplicative relief in Florida State Court, among others, most recently filing in July 2026 a motion to disqualify Judge Dennis Craig, the judge overseeing the Florida state proceedings and who approved the various foreclosure proceedings Mr. Aberman contested and lost. Mr. Aberman's motion for recusal was denied on August 14, 2026.

9. On April 6, 2026, Mr. Aberman filed the *Verified Adversary Complaint to Enforce Discharge Injunction and for Damages* [D.I. 2] (the "**Discharge Enforcement Complaint**")[5], the *Motion to Retain Jurisdiction and Preemptive Opposition to Transfer Under 28 U.S.C. § 1412* [D.I. 3] (the "**Jurisdiction Motion**"), the *Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing* [D.I. 4] (the "**Pro Se Motion**") and the *Motion for Leave to File Electronically and for Remote Appearance by Video/Telephone* [D.I. 5] (the "**Remote Appearance Motion**", together with the Discharge Enforcement Complaint, the Pro Se Motion, and the Jurisdiction Motion, the "**Pleadings**").

10. On April 15, 2026, this Court issued an order setting a status hearing ("**Hearing**") for April 29, 2026, and directed Mr. Aberman to serve the order on all parties. *See* D.I. 6.

11. On April 22, 2026, Mr. Aberman moved for a continuance of the Hearing. *See* D.I. 10. The Court granted this continuance on the same day, entering an order setting the Hearing for June 27, 2026 and directing Mr. Aberman to serve all parties with the Pleadings and the second order. *See* D.I. 11. It is unclear whether Mr. Aberman ever did so, as no certification of service of this second order appears on the docket.

12. On May 20, 2026, Nationstar filed *Nationstar Mortgage LLC D/B/A Mr. Cooper's Initial Omnibus Response in Opposition to Debtors' Verified Adversary Complaint to Enforce Discharge Injunction and for Damages [D.I. 2]; Motion to Retain Jurisdiction and Preeptive Opposition to Transfer Under 28 U.S.C. § 1412 [D.I. 3]; Motion for Leave to Proceed Pro Se as Individual Debtor and Declaration of Individual Standing [D.I. 4] and Motion for Leave to File*

---

[5] Notwithstanding its characterization as a "Complaint," the docket of this proceeding indicates the Discharge Enforcement Complaint is being treated as a motion. *See* Docket Text, D.I. 11 ("Debtor shall complete service of the Status Hearing Order [Doc. No. 6] and the related ***motions*** [Doc. Nos. 2, 3, 4, and 5]") (emphasis added).

*Electronically and for Remote Appearance by Video/Telephone [D.I. 5]* [D.I. 22] (the "**Nationstar Pleading Response**"), opposing all relief in the Pleadings on substantive grounds.[6]

13. Nationstar's counsel attended the May 27, 2026 Hearing, as did a number of other parties in interest. Without any explanation or notice to any party in interest, Mr. Aberman did not appear, so this Court denied all of his Pleadings. An order to that effect was entered on May 28, 2026 (the "**May 28 Order**"). *See* D.I. 34.

14. On May 28, 2026, after the conclusion of the Hearing, counsel for Mr. Aberman filed the *Nunc Pro Tunc Motion to Reschedule Status Conference* [D.I. 33] (the "**Status Conference Motion**"). The original Status Conference Motion did not include a notice, hearing date or certification of service. Mr. Aberman waited twenty-five days, then noticed the Status Conference Motion for July 15, 2026.

15. Nationstar filed *Nationstar Mortgage LLC D/B/A Mr. Cooper's Response in Opposition to Nunc Pro Tunc Motion to Reschedule Status Conference [D.I. 33]* (collectively with the Nationstar Pleading Response, the "**Nationstar Responses**"), noting that Mr. Aberman had no pending request for substantive relief that could be the subject of a status conference, and that there was no excusable neglect meriting reconsideration even if a substantive request was made. The Nationstar Responses are incorporated by reference in their entirety.

16. Nationstar's counsel once again attended the July 15, 2026 Hearing, as did (once again) a number of other parties in interest. Without any explanation or notice to any party in interest, neither Mr. Aberman nor his counsel appeared, so this Court denied the Status

---

6 Bank of New York Mellon Trust Company, N.A. ("**BNY**") and U.S. Bank National Association ("**USB**", and together with BNY, the "**Trustees**"), solely in their capacities as trustees for certain mortgage-backed security trusts, are beneficiaries of certain mortgages in favor of the trusts. Nationstar is the servicer of those mortgages. Mr. Aberman does not clearly identify which mortgages or properties are implicated in this matter.

Conference Motion and entered an order that barred Mr. Aberman from further filings seeking to enforce the discharge injunction, absent leave of the Court (the "**Bar Order**"). *See* D.I. 44.

17. Nearly three weeks later — and again, with no notice by Mr. Aberman (either through counsel or individually) to any of the parties prejudiced by his serial non-attendance — on August 3, 2026, Mr. Aberman filed the pro se Reconsideration Motion, without a hearing date or notice.

18. On August 5, 2026, the Court entered a *Notice to Take Action* [D.I. 52] requiring Mr. Aberman to notice the Reconsideration Motion on or before August 19, 2026.

19. On August 24, 2026, Mr. Aberman, acting pro se, filed a notice for the Reconsideration Motion, as well as motions seeking to extend his time to appeal the Bar Order, and seeking to discharge his counsel.

20. Nationstar responds in opposition to the Reconsideration Motion, which must be denied because the Bar Order was properly entered, there are no pending or contemplated motions for substantive relief, and this Court cannot grant effective relief even if a motion for reconsideration as to the Pleadings is properly made.[7]

## ARGUMENT

### A. Mr. Aberman's Filings Were Noncompliant and Untimely

21. Per the Notice to Take Action, Mr. Aberman was required to notice the Reconsideration Motion for a hearing date before August 19, 2026. Mr. Aberman's own filings indicate that the notice and associated filings were signed on August 19, 2026 and then mailed, in paper form, to the Clerk of Court. These filings were not **filed** by August 19, and were

7 Nationstar notes that Mr. Aberman also filed motions to dismiss his counsel and extend the time period to appeal the entry of the Bar Order. Nationstar reserves all rights regarding these requests.

untimely. Usually, a technical fault, such as a delay in noticing a motion, does not necessarily merit denial of the motion.

22. However, this case is different: Mr. Aberman has repeatedly asked this Court to open a pathway for him to obtain immediate substantive relief, but does not actually request that substantive relief. Mr. Aberman and his counsel have now filed a series of deficient procedural motions, missed each and every Court-imposed deadline to correct these deficiencies, failed to certify service of the initial Pleadings for the hearing date Mr. Aberman requested, and failed to appear for hearings without reasonable excuse. As noted *supra*, the confusion and waste this causes appear to be the point.

23. Mr. Aberman now seeks to set aside the Bar Order, but does not propose any specific substantive relief he might pursue if it is set aside. The Court can now infer from Mr. Aberman's extensive filings before this Court that his main purpose is not to seek substantive relief in short order, it is to harass and delay. Because of Mr. Aberman's tactical abuse of process in this matter, the Court is well within its rights to deny the Reconsideration Motion as untimely or otherwise meritless, and in violation of the Notice to Take Action.

**B. Reconsideration of the Bar Order or May 28 Order is Not Warranted**

24. For the reasons set forth in the Nationstar Responses (incorporated in full) and those that follow, reconsideration of the Bar Order and/or the May 28 Order is a waste of all parties' time and resources, and not warranted by facts or law. As an initial matter, the relief sought in the Pleadings is hopelessly and impermissibly duplicative of relief Mr. Aberman already seeks (and has sought) in several other state and federal courts, which — as Nationstar

has long maintained— is in and of itself dispositive.[8] Regardless, reconsideration is inappropriate.

25. Per Fed. R. Civ. P. 60, applicable pursuant to Fed. R. Bankr. P. 9024,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In the context of reconsideration, "mistake" and "inadvertence" mean a legal or factual mistake made by the Court. *See In re Bryan Rd., LLC*, 389 B.R. 297, 300 (Bankr. S.D. Fla. 2008). Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (analyzing "excusable neglect" concept under Fed. R. Bankr. P. 9006). Whether neglect is excusable is an equitable determination that should be made after consideration of all relevant factors including "(1) 'the danger of prejudice [to the non-moving party]'; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *In re DeMartino*, 484 B.R. 550, 556 (Bankr. E.D.N.Y. 2012), *aff'd*, 2014 WL 1572580 (E.D.N.Y. Apr. 17, 2014) (applying *Pioneer* to Fed. R. Civ. P. 60 reconsideration analysis) *quoting Pioneer*, 507 U.S. at 388.

---

[8] *See* Note 4, *supra*.

26. Certain kinds of neglect are presumptively not excusable. When a failure to appear at a pretrial conference due to a calendaring error resulted in a default judgment against a debtor, the court held that "an error in Defendant's counsel's scheduling and calendaring process" was not excusable neglect. *In re Cavendish*, 608 B.R. 802, 804 (Bankr. E.D. Mich. 2019) (denying reconsideration of order entered because of debtor's failure to appear due to calendaring error).

27. In another case, a litigious pro se party failed to appear for a scheduling conference, and the court entered judgment against him. The pro se plaintiff alleged that an injury to his leg prevented him from getting his mail, so he did not learn of the scheduled date. That court denied the pro se plaintiff's reconsideration motion, finding there was no excusable neglect:

> The fact that Flaherty has commenced more than 20 actions in the Eastern District over the past 15 years, reveals that Flaherty is no stranger to the Court and its rules. The fact that Flaherty failed to appear for two court conferences of which he had adequate notice demonstrates a blatant disrespect to the Court and to his adversaries. The Court finds that the defendants were forced to incur unnecessary time and expense for the two court appearances at issue. Moreover, Flaherty has failed to offer a convincing explanation or exceptional circumstances which warrant relief from the dismissal of this action. Because the circumstances of this case do not present grounds justifying relief, the Court need not examine the merits of Flaherty's claims.

*Flaherty v. Hackeling*, 221 F.R.D. 383, 387 (E.D.N.Y. 2004).

28. The Reconsideration Motion is thus meritless on its face. First, there is no "newly discovered evidence," and the Reconsideration Motion does not assert any.

29. Second, there is no fraud by any party opposing Mr. Aberman. By his own admission, Mr. Aberman and his counsel simply failed to appear, and this led to the entry of the Bar Order. No party deceived Mr. Aberman or his counsel. Nationstar notes that it is curious that Mr. Aberman and his counsel both failed to appear for hearings they themselves noticed, and

both allegedly "mis-calendared" the date in exactly the same manner. Mr. Aberman is a consistent no-show at hearings he has requested, scheduled and noticed, before this Court or otherwise. This is his responsibility and the responsibility of his counsel; his failure to calendar does not merit any relief.

30. Third, the Bar Order and May 28 Order are not void, and have not been satisfied, released or discharged.

31. Thus, the only potential ground for reconsideration is Mr. Aberman's "mistake, inadvertence, surprise, or excusable neglect."[9] The Court made no legal or factual mistake in denying the Pleadings via the May 28 Order, because it is beyond dispute that Mr. Aberman, the movant, inexplicably failed to appear for a hearing on his own Pleadings. Similarly, the Bar Order was properly entered after Mr. Aberman and his counsel both missed the July 15th hearing without explanation.

32. The facts laid out in the Reconsideration Motion are strikingly similar to those in *Flaherty* and *Cavendish*. In this case, as in those cases, Mr. Aberman failed to appear in a proceeding where he was the party requesting relief. He had notice of the hearing date, because he himself requested that hearing. He was under court order to serve notice of the hearing date upon all parties, so he has no reasonable excuse to overlook same. *Cavendish* demonstrates that a calendaring failure is not excusable neglect, and that counsel's error should be imputed to their client.

33. In addition to the lack of excusable neglect in attending the status conference, Mr. Aberman cannot offer a good faith reason for his delay in seeking reconsideration. The

---

9 The catch-all provision of Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)." *United States v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala.* 920 F.2d 788, 791 (11th Cir. 1991).

Reconsideration Motion's cursory request for reconsideration of the May 28 Order was made nearly ten weeks after that order was entered, denying the Pleadings. This delay has caused material prejudice to Nationstar, as counsel has been forced to monitor this proceeding, respond to the Status Conference Motion and now the Reconsideration Motion, and attend two hearings in which Mr. Aberman completely failed to appear. While Mr. Aberman self-servingly dismisses all of this as non-prejudicial or even "cured," the reality is that the fees and costs being thrust upon Nationstar are anything but speculative.

34. Last, the moving party must set forth affirmative facts demonstrating that reconsideration is proper. Regarding Mr. Aberman's request to reconsider the May 28 Order, Mr. Aberman sets forth no facts at all. He merely asks that the order be vacated. Without any argument, facts or law in his favor, Mr. Aberman's request must fail.

35. To be clear, the underlying litigation itself is clearly frivolous, as already extensively set forth in the Nationstar Responses. In short, Mr. Aberman's entire argument relies on the false assumption that the applicable mortgages and their associated liens were discharged or satisfied in prior bankruptcy proceedings, and that this Court has any jurisdiction, authority, or interest in upending foreclosure proceedings occurring in the Florida State Court. He seeks simultaneous, identical relief in multiple different courts, including the U.S. District Courts for the District of Delaware and the Eastern District of Pennsylvania.[10] Even if one could look past the patent procedural deficiencies in Mr. Aberman's pleadings, their substance dooms them.

10 As recently as June 27, 2026, Mr. Aberman filed a motion to seeking permission to file an amended complaint in the District of Delaware (*see* Case No. 26-269-JLH-CJB, D.I. 54), which motion was itself filed following multiple defendants' motions to dismiss. *See* Case No. 26-269-JLH-CJB, D.I. 30, 47, 50. Meanwhile, on August 10, 2026, the Eastern District of Pennsylvania dismissed his complaint on *Rooker-Feldman* grounds, among others (*see* Case No. 2:26-cv-00918-JDW, D.I. 43, 44).

36. The Reconsideration Motion can only function as yet another delaying tactic. Because the facts already known to the Court show reconsideration is inappropriate, and because the underlying substantive request is also meritless, the Reconsideration Motion must be denied.

**C. The Reconsideration Motion Seeks Relief to Undermine the Court's Bar Order**

37. The Reconsideration Motion seeks to vacate the Bar Order. The purpose of the Bar Order is to ensure that Mr. Aberman presents his substantive requests for relief to the Court, up-front, seeking leave based on specific arguments and evidence on the merits.

38. While the Reconsideration Motion does indirectly suggest some form of substantive relief – reconsideration of the May 28 Order denying the Pleadings – this request is made in a single sentence without any facts or reasoning. Mr. Aberman's assertion that the Pleadings should be heard because they should be "determined on their merits" is woefully insufficient. For the reasons set forth above, there is no excusable neglect that merits reviving the Pleadings.

39. The Bar Order required Mr. Aberman to seek leave of Court before pursuing substantive relief. The Court must enforce the Bar Order, and require Mr. Aberman to actually make such a request, with factual and legal support, before he can be allowed to request a determination on the merits.

40. He has not done so, and the only other relief he seeks is to have the Bar Order lifted. As shown by his conduct in this case (and others), Mr. Aberman does not act like he wants his day in Court. Mr. Aberman is a classic serial filer and vexatious litigant, wasting the time and resources of the Court and all parties in interest while blithely handwaving away the real costs and impact that has on the parties he seeks relief against.

41. Mr. Aberman asserts that remotely appearing will "prevent any recurrence." Unfortunately, his conduct suggests otherwise. He and his counsel had every opportunity to attend the May and July hearings remotely, to no avail. This leaves aside the fact that Mr. Aberman himself chose to initiate proceedings in a court one thousand miles away, instead of the one overseeing the Florida Bankruptcy Cases barely an hour from his home. Any prejudice is of his own creation.

42. In sum, without a pending request for leave to seek substantive relief, reconsideration of the Bar Order merely opens the door to more waste and delay. The Reconsideration Motion must be denied.

**JOINDER**

43. To the extent not inconsistent with this Response, Nationstar joins in any objections to the Reconsideration Motion filed by other parties.

**CONCLUSION**

The Court must deny the Reconsideration Motion.

Dated: September 1, 2026

By: */s/ Turner N. Falk*
**SAUL EWING LLP**
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com

-and-

Evan T. Miller, Esq.
1201 N. Market St., Suite 2300
Wilmington, DE 19801
(302) 421-6800
Evan.miller@saul.com

*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In the Matter of Registration of Discharge Orders | ) Miscellaneous Proceeding |
| | ) |
| JACK ABERMAN, | ) No. 26-3002 (AMC) |
| | ) |
| | ) Chief Judge Ashely M. Chan |
| Debtor/Movant | ) |

**CERTIFICATION OF SERVICE**

I, Turner N. Falk:, certify that on September 1, 2026, I did cause a true and correct copy of the documents described below to be served on all parties registered with the Clerk to receive electronic notice via the CM/ECF system, and via first class mail upon Jack Aberman, 428 N. Peninsula Drive, Daytona Beach, FL 32118:

- *Nationstar Mortgage LLC d/b/a Mr. Cooper's Response in Opposition to Debtor's Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order and for Relief from the May 28, 2026 Order* [D.I. 46]

Dated: September 1, 2026

By: */s/ Turner N. Falk*
**SAUL EWING LLP**
Turner N. Falk, Esq.
1735 Market Street, 34th Floor
Philadelphia PA 19103
(215) 972-8415
turner.falk@saul.com
*Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACK ABERMAN,<br>Debtor,<br><br>v.<br><br>PHH MORTGAGE CORPORATION d/b/a NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, et al.<br>Defendants. | Case No. 2:26-MP-03002 AMC Hearing<br><br>Date: September 9, 2026 at 12:30 PM |

**DEFENDANT SELECT PORTFOLIO SERVICING INC.'S JOINDER TO NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION UNDER FED. R. BANKR. P. 9023 AND 9024 FOR RECONSIDERATION AND VACATUR OF THE JULY 16, 2026 ORDER AND FOR RELIEF FROM THE MAY 28, 2026 ORDER**

Defendant, Select Portfolio Servicing, Inc. ("SPS"), by and through its counsel, hereby joins in Nationstar Mortgage LLC d/b/a Mr. Cooper's Response in Opposition to Debtor's Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order and for Relief from the May 28, 2026 Order (the "Opposition").

1. SPS fully incorporates by reference the arguments set forth in the Opposition to Debtor's Motion.

2. SPS also incorporates by reference its own responses to Aberman's prior pleadings and motions and reiterates the frivolous and vexatious nature of Aberman's claims.[1] (D.I. 21; D.I. 40).

[1] In Aberman's own submission to the Court, he includes correspondence from his counsel acknowledging that "there is a real issue of the jurisdiction of the court to issue a contempt order of another bk court," and counsel were "not sure what we would have done [at the prior hearing]; as we have said in our previous emails, our research indicates that the authority to enforce the plan/discharge rests with the BK court who issued it." (D.I. 50 at 2, 5).

WHEREFORE, for the reasons set forth in the Opposition and its prior submissions, Defendant, Select Portfolio Servicing, Inc., respectfully requests that Aberman's requests to the Court be denied, with costs assessed Aberman for any future filings.

Respectfully submitted,

**Eckert Seamans Cherin & Mellott, LLC**

*<u>/s/ Alexandra D. Rogin</u>*
Alexandra D. Rogin, Esq. (No. 322018)
50 S. 16th St., 22nd Fl.
Philadelphia, PA 19102
Telephone: (215) 851-8400
Facsimile: (215) 851-8383
arogin@eckertseamans.com
*Counsel for Select Portfolio Servicing, Inc.*

Dated: September 1, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system on this day will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

*/s/ Alexandra D. Rogin*
Alexandra D. Rogin, Esq.

Dated: September 1, 2026

# EXHIBIT 10

Orders entered September 11, 2026, Doc. Nos. 70 and 71

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In the Matter of the Registration
of Discharge Orders

Misc. Pro. No. 26-3002 (AMC)

Chief Judge Ashely M. Chan

---

**ORDER**

AND NOW, upon consideration of the Debtor's Motion to Vacate, or in the Alternative to Alter or Amend, the Filing-Injunction Order [Doc. 44] Pursuant to Fed. R. Bankr. P. 9023 and 9024, and any responses thereto, and after notice and hearing, it is hereby ORDERED that:

1. The Motion is **DENIED** for the reasons stated on the record in open Court.

Date: Sept. 11, 2026

ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In the Matter of the Registration of Discharge Orders

Misc. Pro. No. 26-3002 (AMC)

Chief Judge Ashely M. Chan

---

**ORDER**

AND NOW, upon consideration of Debtor's Motion to Extend the Time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(l)(B), and any responses thereto, and the Court finding excusable neglect, it is hereby ORDERED that:

1. The Motion is **DENIED** for the reasons stated on the record in open Court.

Date: Sept. 11, 2026

ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE