Jack Aberman
428 N. Peninsula Drive
Daytona Beach, FL 32118
(407) 604-1457 | flrealestatemgt@gmail.com

August 19, 2026

**VIA OVERNIGHT DELIVERY**

Office of the Clerk
United States Bankruptcy Court, E.D. Pa.
Robert N.C. Nix Federal Building
900 Market Street, Suite 400
Philadelphia, PA 19107

**Re: Misc. Pro. No. 26-3002 (AMC) — Response to Notice to Take Action [Doc. 52] and Motion for Filing**

Dear Clerk of Court:

In response to the Notice to Take Action dated August 5, 2026 [Doc. 52], which identified a missing Notice of Motion for the motions at Doc. 46 and Doc. 48, I enclose for filing: (1) Notice of Motion, Response Deadline, and Hearing Date for the Motion at Doc. 46; and (2) Notice of Motion, Response Deadline, and Hearing Date for the Motion at Doc. 48, each with a Proposed Order. The hearing date of Wednesday, September 9, 2026 at 12:30 p.m. was selected from Chief Judge Chan's published calendar of available hearing dates in accordance with L.B.R. 5070-1(a). As a pro se filer without CM/ECF access, I have no electronic means of reserving a hearing date; September 9, 2026 is shown as available on the Court's website, and if the Court prefers a different date or time, I respectfully ask that the Clerk's office or chambers issue notice of the reset date, and I will appear as directed, in person or by Zoom audio.

I also enclose for filing: (3) Debtor's Motion to Extend the Time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B), with its Notice of Motion and Proposed Order, timely submitted within the twenty-one-day period of Rule 8002(d)(1)(B); and (4) a consolidated Certificate of Service reflecting service of all enclosed documents on all counsel of record and the United States Trustee by first-class mail and email on August 19, 2026.

One point respectfully requires the record's attention. Although the Notice to Take Action is dated August 5, 2026, the enclosed copy of its mailing envelope shows a postage meter date of August 11, 2026 and a postmark of August 12, 2026. The Notice reached me in Florida by first-class mail on August 19, 2026 — the response deadline stated on its face. I prepared and dispatched this complete response by overnight delivery the same day I received the Notice. I respectfully ask that the enclosed documents be accepted for filing, matched to Docs. 46 and 48, and deemed timely in light of the mailing history shown on the enclosed envelope. Please contact me at the number or email above if anything further is required.

Respectfully,

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se

Enclosures (8, including copy of Doc. 52 mailing envelope)

FILED
SEP 24 2026
CLERK OF COURT
BY [signature] DEP. CLERK

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |

## NOTICE OF MOTION, RESPONSE DEADLINE, AND HEARING DATE

Jack Aberman, the Debtor, pro se, has filed the Motion to Discharge Counsel of Record and for Leave to Proceed Pro Se (the "Motion") with the United States Bankruptcy Court for the Eastern District of Pennsylvania.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)

1. If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then on or before September 2, 2026, you or your attorney must file with the Clerk an answer explaining your position at: Office of the Clerk, United States Bankruptcy Court, Robert N.C. Nix Federal Building, 900 Market Street, Suite 400, Philadelphia, PA 19107, and serve a copy on the Debtor at the address below.

2. A hearing on the Motion is scheduled to be held before the Honorable Ashely M. Chan, Chief Judge, on Wednesday, September 9, 2026 at 12:30 p.m. in Courtroom #4, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107. The Debtor, appearing pro se and without CM/ECF access, has no electronic means of reserving a hearing date; the above date and time were selected from Chief Judge Chan's published calendar of available hearing dates pursuant to L.B.R. 5070-1(a). Should the Court direct a different date or time, the Debtor respectfully requests that notice issue to all parties, and the Debtor will appear as directed, in person or by Zoom audio.

3. If you or your attorney do not take the steps described above, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: August 19, 2026

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive, Daytona Beach, FL 32118
(407) 604-1457 | flrealestatemgt@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |
| | : | |

## ORDER

AND NOW, upon consideration of the Debtor's Motion to Vacate, or in the Alternative to Alter or Amend, the Filing-Injunction Order [Doc. 44] Pursuant to Fed. R. Bankr. P. 9023 and 9024, and any responses thereto, and after notice and hearing, it is hereby ORDERED that:

1. The Motion is GRANTED.
2. The Order entered July 16, 2026 [Doc. 44] is VACATED.
3. The Debtor is permitted to proceed pro se in this proceeding, and the Clerk shall direct all future notices to the Debtor at the address of record.

ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |

## ORDER

AND NOW, upon consideration of the Debtor's Motion to Discharge Counsel of Record and for Leave to Proceed Pro Se, and any responses thereto, it is hereby ORDERED that:

1. The Motion is GRANTED.
2. The appearance of Bresset & Santora, LLC [Doc. 28] is WITHDRAWN, and Bresset & Santora, LLC is discharged as counsel of record for the Debtor.
3. The Debtor may proceed pro se, and the Clerk shall direct all future notices to the Debtor at: 428 N. Peninsula Drive, Daytona Beach, FL 32118.

______________________________
ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |

**<u>DEBTOR'S MOTION TO EXTEND THE TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANKR. P. 8002(d)(1)(B)</u>**

Jack Aberman ("Debtor"), appearing individually and pro se, respectfully moves under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) for an order extending the time to file a notice of appeal from the Order entered July 16, 2026 [Doc. 44]. In support, Debtor states:

**I. TIMELINESS OF THIS MOTION.**

1. The Order at Doc. 44 was entered on July 16, 2026. The fourteen-day appeal period under Rule 8002(a)(1) expired on July 30, 2026. Rule 8002(d)(1)(B) permits this Court to extend the time to file a notice of appeal upon a motion filed "within 21 days after that time," upon a showing of excusable neglect. Twenty-one days after July 30, 2026 is August 20, 2026. This Motion is filed on or before that date and is therefore timely.

**II. BACKGROUND.**

2. On August 3, 2026, the Clerk docketed Debtor's Motion under Rules 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order [Doc. 46], together with a Certificate of Service [Doc. 47], a motion concerning counsel of record [Doc. 48], and supporting exhibits [Docs. 50, 51], including the July 22, 2026 written admission of Debtor's counsel of record, Bresset & Santora, LLC, that the non-appearance underlying the Order was counsel's own error: "the clerk and/or court entered the notice, inserted the date, and we simply missed it. That's on us."

3. Debtor, proceeding pro se from Florida, deposited those papers in the U.S. mail before the July 30, 2026 deadline; they were received and docketed by the Clerk on August 3, 2026. Debtor recognizes that, for a non-incarcerated litigant, filing occurs upon the Clerk's receipt, and that a post-deadline motion does not toll the appeal period under Rule 8002(b)(1). Debtor

therefore brings this Motion to preserve appellate review while Doc. 46 — which remains properly before the Court under Rule 9024, to which the fourteen-day limit does not apply — is pending.

### III. EXCUSABLE NEGLECT EXISTS UNDER PIONEER.

4. Excusable neglect is an equitable determination accounting for the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Every factor favors Debtor.

5. *Reason for the delay.* The delay is directly traceable to the default and subsequent inaction of Debtor's counsel of record. Counsel entered an appearance on May 28, 2026 [Doc. 28], failed to appear at the July 15, 2026 hearing on their own motion [Doc. 43], admitted that failure in writing on July 22, 2026 [Doc. 50, Ex. A], and took no corrective action of any kind in this Court. Debtor — a Florida resident without CM/ECF privileges, whose motion for leave to file electronically was denied for lack of prosecution [Docs. 5, 34] — was left to prepare and mail the corrective filings himself while still nominally represented, and did so promptly, mailing before the deadline. A party should not lose appellate review because of an error his attorney has admitted in writing was "on us." Cf. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132, 135 (3d Cir. 2019) (vacating sanction attributed to party where delay was caused by error not the party's own).

6. *Length of delay and impact.* The delay is days, not months, and this Motion is filed within the precise window Rule 8002(d)(1)(B) provides. No hearing will be displaced and no schedule disturbed.

7. *Prejudice.* None. The parties opposing Debtor's filings retain every defense. An extension merely preserves the status quo while the Court considers Doc. 46.

8. *Good faith.* Debtor acted in good faith throughout: he retained counsel to prosecute this matter properly, mailed his corrective papers before the deadline once counsel's default

came to light, and seeks by this Motion only to preserve — not exercise prematurely — his right of review. Because the time prescribed by Rule 8002 is mandatory and jurisdictional in this Circuit, *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011), this Motion is the only mechanism by which that right can be preserved, and its denial would extinguish appellate review of a sanction order based entirely on counsel's admitted error.

**IV. SCOPE OF RELIEF.**

9. Rule 8002(d)(3) provides that an extension of time "must not exceed 21 days after the time allowed by this rule, or 14 days after the order granting the motion to extend time is entered — whichever is later." Debtor accordingly requests the maximum extension the Rule permits: an extension of the time to file a notice of appeal from the July 16, 2026 Order [Doc. 44] to and including the date fourteen (14) days after entry of the Order granting this Motion. Debtor notes that if the Court grants Doc. 46 and vacates the July 16 Order, no appeal will be necessary and this Motion will be moot — an outcome Debtor would welcome.

10. Nothing in this Motion alleges that any foreclosure is void. It addresses only the preservation of appellate rights concerning Doc. 44 and therefore does not fall within the terms of the injunction; to the extent the Court deems leave required, Debtor respectfully requests it.

**V. CONCLUSION.**

WHEREFORE, Debtor respectfully requests that the Court extend the time to file a notice of appeal from the July 16, 2026 Order [Doc. 44] as set forth above, and grant such other relief as is just.

Dated: August 19, 2026

Respectfully submitted,

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive, Daytona Beach, FL 32118
(407) 604-1457 | flrealestatemgt@gmail.com

**CERTIFICATE OF SERVICE**

*Form 245* (3/23)–doc 52 – 46, 48

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>Debtor(s)<br><br>, et al.<br>Plaintiff<br><br>v.<br><br>Select Portfolio Servicing, Inc.<br>Defendant | ) | Case No.<br>Chapter<br><br><br>Adversary No. 26–03002–amc |

## Notice to Take Action

Re: Doc.# [46] Motion to Reconsider, [48] Generic Motion

The above pleading was filed in this office. Please be advised that the document(s) has (have) not been filed as required pursuant to the Federal Rules of Bankruptcy Procedure and/or the Local Rules of this court:

- ☐ Affidavit
- ☐ Certificate of Service
- ☐ Certification of no response
- ☐ Notice pursuant to Rule 9019
- ☐ Notice pursuant to Rule 2002
- ☐ Notice pursuant to Rule 3007.1
- ☐ Proof of Claim number not noted on objection pursuant to Rule 3007.1(a)
- ☐ Proposed Order
- ☐ Stipulation
- ☐ Certification of Default
- ☑ Other Notice of Motion

In order for this matter to proceed to disposition, please submit the above noted item(s) to this office on or before August 19, 2026. Otherwise, the matter will be referred to the Court.

Date: August 5, 2026

For The Court

Mohung Wong
Clerk of Court

# COPY OF NOTICE TO TAKE ACTION [DOC. 52]

# AND ITS MAILING ENVELOPE

(Referenced in the accompanying Cover Letter — Misc. Pro. No. 26-3002 (AMC))

*Notice dated August 5, 2026; postage meter dated August 11, 2026; postmarked August 12, 2026; received in Florida August 19, 2026.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |

## CERTIFICATE OF SERVICE

I, Jack Aberman, certify that on August 19, 2026, in response to the Clerk's Notice to Take Action dated August 5, 2026 [Doc. 52], I submitted to the Clerk and served true and correct copies of the following documents: (1) Notice of Motion, Response Deadline, and Hearing Date regarding Debtor's Motion at Doc. 46; (2) Notice of Motion, Response Deadline, and Hearing Date regarding Debtor's Motion at Doc. 48; (3) Proposed Orders for each; and (4) Debtor's Motion to Extend the Time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B), with its Notice of Motion and Proposed Order.

Service was made by first-class U.S. mail, postage prepaid, and by electronic mail, upon:

Alexandra D. Rogin, Esq., Eckert Seamans Cherin & Mellott, LLC, 50 S. 16th Street, 22nd Floor, Philadelphia, PA 19102 (arogin@eckertseamans.com) — Counsel for Select Portfolio Servicing, Inc.

Turner N. Falk, Esq. and Evan T. Miller, Esq., Saul Ewing LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103-7504 (turner.falk@saul.com; evan.miller@saul.com) — Counsel for Nationstar Mortgage LLC d/b/a Mr. Cooper

Gregory T. Sturges, Esq., Greenberg Traurig, LLP, 1717 Arch Street, Suite 400, Philadelphia, PA 19103 (sturgesg@gtlaw.com) — Counsel for Ocwen Loan Servicing LLC and PHH Mortgage Corporation

Jordan M. Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487 (jkatz@raslg.com) — Respondent

Office of the United States Trustee, Robert N.C. Nix Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107 (ustpregion03.ph.ecf@usdoj.gov)

Stephen G. Bresset, Esq., Bresset & Santora, LLC, 1188 Wyoming Avenue, Forty Fort, PA 18704 (sbresset@bressetsantora.com) — Counsel of record for Debtor

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive, Daytona Beach, FL 32118
(407) 604-1457 | flrealestatemgt@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |

## ORDER

AND NOW, upon consideration of Debtor's Motion to Extend the Time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B), and any responses thereto, and the Court finding excusable neglect, it is hereby ORDERED that:

1. The Motion is GRANTED.
2. Pursuant to Fed. R. Bankr. P. 8002(d)(3), the time within which Debtor may file a notice of appeal from the Order entered July 16, 2026 [Doc. 44] is EXTENDED to and including the date fourteen (14) days after entry of this Order.

ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of the Registration of Discharge Orders | : | Misc. Pro. No. 26-3002 (AMC) |
| | : | Chief Judge Ashely M. Chan |

**NOTICE OF MOTION, RESPONSE DEADLINE, AND HEARING DATE**

Jack Aberman, the Debtor, pro se, has filed the Debtor's Motion to Extend the Time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(d)(1)(B) (the "Motion").

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)

1. If you do not want the Court to grant the relief sought in the Motion, then on or before September 2, 2026, you or your attorney must file with the Clerk an answer explaining your position at: Office of the Clerk, United States Bankruptcy Court, Robert N.C. Nix Federal Building, 900 Market Street, Suite 400, Philadelphia, PA 19107, and serve a copy on the Debtor at the address below.

2. A hearing on the Motion is scheduled for Wednesday, September 9, 2026 at 12:30 p.m. in Courtroom #4, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107. The Debtor, appearing pro se and without CM/ECF access, has no electronic means of reserving a hearing date; the above date and time were selected from Chief Judge Chan's published calendar of available hearing dates pursuant to L.B.R. 5070-1(a). Should the Court direct a different date or time, the Debtor respectfully requests that notice issue to all parties, and the Debtor will appear as directed, in person or by Zoom audio.

3. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: August 19, 2026

Respectfully submitted,

/s/ Jack Aberman
Jack Aberman, Debtor, Pro Se
428 N. Peninsula Drive, Daytona Beach, FL 32118
(407) 604-1457 | flrealestatemgt@gmail.com

I certify that on August 19, 2026, a true and correct copy of the foregoing was served by first-class U.S. mail and/or electronic mail on: Alexandra D. Rogin, Esq., Eckert Seamans Cherin & Mellott, LLC, 50 S. 16th Street, 22nd Floor, Philadelphia, PA 19102, and by email to arogin@eckertseamans.com (Counsel for Select Portfolio Servicing, Inc.); Turner N. Falk, Esq. and Evan T. Miller, Esq., Saul Ewing LLP, 1735 Market Street, Suite 3400, Philadelphia, PA 19103-7504, and by email to turner.falk@saul.com and evan.miller@saul.com (Counsel for Nationstar Mortgage LLC); Gregory T. Sturges, Esq., Greenberg Traurig, LLP, 1717 Arch Street, Suite 400, Philadelphia, PA 19103, and by email to sturgesg@gtlaw.com (Counsel for Ocwen Loan Servicing LLC and PHH Mortgage Corporation); Jordan M. Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487, and by email to jkatz@raslg.com; Office of the United States Trustee, 900 Market Street, Suite 320, Philadelphia, PA 19107; and Bresset & Santora, LLC, 1188 Wyoming Avenue, Forty Fort, PA 18704.

/s/ Jack Aberman
Jack Aberman, Pro Se

OFFICE OF THE CLERK
UNITED STATES BANKRUPTCY COURT
900 MARKET STREET, SUITE 400
PHILADELPHIA, PA 19107-4299

OFFICIAL BUSINESS

PHILADELPHIA PA 190

12 AUG 2026 PM

FIRST-CLASS

US POSTAGE PITNEY BOWES

$ 000.78⁰

AUG 11 2026

32118-403828