**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN THE MATTER OF THE REGISTRATION OF DISCHARGE ORDERS** | : | **Miscellaneous Pro. No. 26-03002-AMC** |

## ORDER

AND NOW, this 1st day of October 2026, upon consideration of the "Motion to Correct the Record and for Reconsideration of the Order Denying Docket No. 46" ("Second Reconsideration Motion") filed by Jack Aberman ("Mr. Aberman"), it is hereby ORDERED the Second Reconsideration Motion is GRANTED IN PART as follows and DENIED in all other respects[1]:

1. The order entered September 11, 2026 at ECF Docket No. 70 ("First Reconsideration Order") shall be amended to grant Mr. Aberman's "Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration and Vacatur of the July 16, 2026 Order and for Relief from the May 28, 2026 Order" [ECF Dkt. No. 46] ("First Reconsideration Motion") in part

[1] Mr. Aberman's Second Reconsideration Motion includes many requests to "correct" various aspects of the record. To address these briefly: (1) Mr. Aberman already stated his position on the record at the September 9, 2026 hearing that he disputes missing any hearings in other federal courts, and in any event, the Court's September 11, 2026 order entered at ECF Docket No. 70 was not based upon any failure to appear before other courts; (2) the record already reflects that Mr. Aberman's certificate of service of his Miscellaneous Pleadings [ECF Dkt. Nos. 2, 3, 4, 5] and the order continuing the status conference date to May 27, 2026 [ECF Dkt. No. 11] is docketed at ECF Docket No. 18; (3) because the September 11, 2026 order entered at ECF Docket No. 70 was not based on the timeliness of Mr. Aberman's compliance with the Clerk's Notice to Take Action [ECF Dkt. No. 52] for his "Motion Under Fed. R. Bankr. P. 9023 and 9024 for Reconsideration" [ECF Dkt. No. 46], there is no basis or need to take any action respecting the timeline with which he cured any defects; (4) Mr. Aberman had already docketed and the Court had already considered the email from his counsel dated July 22, 2026 explaining that counsel missed the date for the hearing scheduled for July 15, 2026 due to counsel's own error [ECF Dkt. No. 50 Ex. A]; (5) it would have made no difference to the Court had it known that Mr. Aberman had served a pre-hearing memorandum on the respondents without obtaining leave of court the day before the September 9, 2026 hearing; (6) Mr. Aberman still has not attached or filed an actual motion to discharge his counsel; and (7) this Court only grants e-filing and notice privileges to pro se parties under extraordinary circumstances, which Mr. Aberman has not demonstrated.

solely to permit vacatur of the July 16, 2026 order barring Mr. Aberman from future filings in this Court ("Bar Order") [ECF Dkt. No. 44].

2. The Bar Order is hereby VACATED.

3. The order entered September 11, 2026 at ECF Docket No. 71 shall be amended to remove the reference to "excusable neglect."

Honorable Ashely M. Chan
United States Bankruptcy Judge